UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SAM L. CLEMMONS
548 Saint Charles PL
Brookhaven, MS 39601

CIVIL ACTION NO:

V

AMERICAN POSTAL WORKERS UNION, AFL
**Attn: Keith Robinson, John Hall,
Sr.& Samuel Anderson, President**
UNITED STATES POSTAL SERVICE
U.S. MERIT SYSTEM PROTECTION BOARD
2118 SOUTH MICHIGAN AVENUE
CHICAGO, IL 60616
Phone: 312-983-8607

CASE NUMBER   1:06CV00115

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 01/18/2006

JURY ACTION

Comes Sam L. Clemmons, a career postal employee with a pending career advancement promotion underway was mysteriously terminated without just causes for going outside on three incidents while on breaks and lunch hours to get fresh air according to doctor's orders and to protect a medical condition at the time of removal. Supervisors, and managers approved all incidents, the plaintiff had no prior incidents in the plaintiff's employment record folder.

This was the plaintiff first incident while paying union dues during his tenure of employment. See Labor Management Relation Acts, 1947, § 301, 29 U.S.C.A. § 185.

The plaintiff file this complaint against such United State Government Agency in the United States District Court for the District of Columbia for damages and violations of various employment laws, rules and federal government regulations resulting into personal injuries. See Federal Regulation Manual: *Board of Regulation at 5 C.F.R. 1201.22 (b) (1994)*

Upon officially being removed the plaintiff was wrongfully given information to appeal his removal or termination to the U.S. Merit Systems Protection Board who **never** had jurisdiction to hear such removal or to confirm termination as justifiable and deny or grant such plaintiff a hearing on the record to further advised the postal service that such Merit System Protection Board lacked jurisdiction to administrative the law or career of the plaintiff when the plaintiff had a collective bargaining agreement pending by the United States Postal 's Union at the time documents were submitted to the U.S. Merit System Protection Board. (See case law: <u>Charles V. Bowen v. United States Postal Service</u>, and <u>Beale, The Jurisdiction of a Sovereign State, 36 Harv.L.Rev. 241 (1923)</u>)

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

1  This removal or termination was not based on bad behavior,
2  drugs, alcohol use, lacks of performance nor attendance
3  problems. This removal was based on good behavior. The United
4  States Postal Service has all records to confirm such behavior.

6
7  The United States Merit System Protection Board assigned a
   hearing date without establishing jurisdiction and when the
8  plaintiff was still working on his job. The Board held such mock
9  or fraudulent hearing at the room or facilities of the Merit
10 System Protection Board which is a violation of the United State
11 Statue 5 C.F.R. § 1201.114(i) and case law: _Felton v. Hodges,_
12 _Section 1983, United States of Appeals, Fifth Circuit, 1967. 374_
13 _F.2d 337. Civil Action for Deprivation of Rights and U.S.C.A §_
14 _1983 (1981)._
15

17 While holding this wrongful hearing or administrative
18 actions the Board's Superior Official (Scott D. Cooper) forced,
19 setup and assigned fraudulent resignation papers without just
20 cause, reasons for this action were to force or administer the
21 plaintiff to resign and keep the plaintiff's argument or
22 rebuttal off the record.
23

25 The plaintiff argues that if such same documents were given
   or administrated to the plaintiff at a McDonald Corporation for

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

signature under a McDonald's Corporation letterhead and if the McDonald Corporation's refuse to show or prove jurisdiction in such matter and such staff turns in such fraudulent paperwork into the United States Postal Service such paper work should not have any merit to the facts of issues at question as it appears in this argument that such Board did not jurisdiction as well as the McDonald Corporation to submit or administrate anything on the plaintiff. One cannot force him or herself to have jurisdiction in matters not within their boundaries of the law.

On the date of these conflicts and violations which they occurred, the plaintiff's union representative, Mr. John Hall, Sr. and Keith Robinson failed to appear and confirmed collective bargaining grievances procedures in place in the United States Postal Service. The United States Postal Service was fully aware of the collective bargaining grievances procedures and the pending grievances process in placed. The Merit System Protection Board was fully informed prior to such fraudulent administrative date or procedures, but still wishes to force jurisdiction which is a violation of the law.

The plaintiff have in the record, documents signed by the United States Postal Service that such Merit System Protection Board lacked jurisdiction but the Merit System Protection Board

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

still forced itself to have jurisdiction to terminate the employment of the plaintiff for some apparent reason(s) (See *case law: IN RE CARMEN'S PETITION and <u>Felton v. Hodges</u>, United States of Appeals, Fifth Circuit, 1967. 374 F.2d 337.)*

The United States Merit System Protection Board was fully informed of this lack of jurisdiction by both the plaintiff and the United States Postal Service. The MSPB failed to administrated the rule and law making all entries against the plaintiff as fraudulent and intentionally.

Through various other attempts to correct the record with the last attempt administrated on May 12, 2005, The Merit System Protection Board was notified by certified mail delivery of fraudulent docket number: CH-0752-99-0118-I-1 and 99-3423 as fraud and the dockets should be recalled, reopen and reheard in a full hearing in the United State District Court for the District of Columbia. The Merit System Protection Board decline to honor requests showing elements of an intentionally act or crimes.

The plaintiff advised the Merit System Protection Board that just actions were not justified and they were not according to the law, due to lack of proper due process of law for the

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

plaintiff to express himself and to present such facts that were present, but was denied to be presented and evidence later was discovered after such closing of such fraudulent docket or record which give justification to reopen case matter of law in District Court for the District of Columbia.

All attempts were mail and sent through confirmed delivery to the United States Postal Service, The United States Postal Service Union Collective Bargaining agreement channels, The Clerk of the Board (U.S. Merit Protection Board), The U.S. Office of Special Counsel, the United States Attorney General' Office and the Office of the United States Inspector General's Office (*See copies of the attached documents to confirm*).

All agencies have failed to acknowledge these fraudulent actions and documents except for the Office of the United States Inspector General's Office. The Office of the United States Inspector General Office sent a communication advising they are looking into the matter of wrongdoing by the United States Postal Service and Union Representatives and the Merit System Protection Board, but has failed to confirm their finding as of this date of filing this complaint for reopening and correction to the record in the United State District Court of Columbia.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

The plaintiff wishes to exercise his rights to files this grievance in this civil action in the United States District Court of Columbia to review all the facts, evidence and rule on these fraudulent actions according to pervious case laws of <u>McGinnis v. USPS</u>, 49 MSPR 521 (1991); <u>Wolff v. USPS</u>, 37 MSPR 599 (1988); <u>Meyer v. Dept. of Army</u>, 35 MSPR, 420 n.3 (1987); <u>White v. USPS</u>, 34 MSPR 687 (1987); <u>Alonzo v. Depart. Of the Air Force</u>, 4 M.S.P.R., <u>Asberry v. United States Postal Service</u>, 692 F. 2d 1378, 1380 (Fed. Cir. 1982) (quoting <u>Callen v. Pennsylvania Railroad Co.</u>, 332 U.S. 625, 630 (1948); <u>United States Paperworkers International Union, AFL-CIO vs. Misco, Inc.</u>; <u>Charles V. Bowen v. United States Postal Service</u>; <u>Manuel VACA et al v. Niles SIPES</u>, Administrator for the estates of Benjamin Owens, Jr. Deceased as well as the Board of Regulation at 5 C.F.R. 1201.22 (b) (1994) concerning the places where all Board hearing or administrative procedures are to be administrated.

Upon a judge review of the case law quoted above and the jury hearing the testimonies you will see that the United States Postal Service's Union Representatives, Merit System Protection Board and United States Postal Service actions were not justified. You will see that the Merit System Protection Board is in violation of the law and the Postal Service's Union is Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

fully in breach contract in administrating the collective bargaining agreement in appealing the plaintiff's removal as unjustifiable and is a violation civil service law, rule or regulation of 5 U.S.C. §§ 1214 (a)(1)(A), 1216(a) and 2302 (b), and Labor Management Relation Acts, 1947, § 301, 29 U.S.C.A. § 185. which should have automatically called for a federal investigation of prohibited personnel practices by the Office of Special Counsel.

The Office of Special Counsel declined to get involved after thorough review of the facts and evidence *(See attached letter dated June 9th, 2005)*.

The plaintiff wishes to file a motion of discovery to place a request to the judge to order releasing of **any and all** supportive documents by the United States Postal Service's Union representatives to provide to the court any documents to support the Mailhandler or the Mail Processor Union's rebuttal that such breach of contract never occurred. Advise such union representatives to prepare to enter such discovery upon the court motion to enter discovery order under the Freedom of Information Act § 5 U.S.C.A. § 552.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

Therefore, the plaintiff seeks fair and justice according to the case laws given in this compliant and punitive damage recovery for all the wrongful actions administrated against the plaintiff and for the plaintiff to recover from all lost concerning employee benefits including all back pay entitlements as of this date of ruling according to the employee handbook amounting to approximately **$300,000.00** due to the lost of time, grade, prevention of career advancement and permanent removal of all negative information reported against the plaintiff to the United States Postal Service's Office of Personnel Management according to case law stated in this complaint (*See case law: Charles V. Bowen v. United States Postal Service, et al. No. 81-525; Vaca v. Sipes, 386 U.S. 171, 87 S.Ct.903,17 L.Ed.2d 842. Pp 593-599*).

In additional to the damages done, the plaintiff's complaint should be confirmed as a subject to discrimination was on the basis of gender and disability. The plaintiff is a 10 point veteran and should have been treated according to the law as one; therefore, making the plaintiff opposition to discriminatory practice in violation of all the laws, rule and regulations stated in this complaint as well as all applicable federal, state, local provision that can be inferred from the facts set forth herein. Disparate-treatment and Disparate-Impact

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

discrimination have been proven in this case matter before the courts. (See case Law: *Price Waterhouse v. Hopkins*, Supreme Court of the United States, 1989.490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268; *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499; and Case law: **Supreme Court of the United States, United States v. Georgia et al., Nos. 04-1203, 04-1236** ) The plaintiff wishes for the court to reserve the plaintiff rights to file and Equal Employer Opportunity Commission complaint against the union and the United States Postal Service after court's judgment.

Lack of Jurisdiction, breach of contact and failure to administrated Federal Regulation 1200 - 1209 are in question concerning all the defendants in this case.

All attempts to resolve this matter have been exhausted; therefore this complaint is necessary in the United States District Court for the District of Columbia. The burden of the proof now lies on the defendant to prove these *allegations* to be not truthful on the record. When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). The defendant must produce all written communication to show that the union's representatives represented the plaintiff Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

through all phases of the grievance process. I would advised the defendant to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trail is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

   Upon a judge and jury review, all will see that employer and agency's dishonesty acts are in question and one should apply case law of <u>McDonnell Douglas Corp. v. SCI Tech.</u>, Inc., 933 F.Supp. 822(E.D.Mo.1996, Rule 8 and 9(b), Fed. R.Civ.P.8(a); <u>Craighead v. E.F.Hutton & Co.,Inc</u>., 899 F.2d 485, 491 (6th Cir.1990); <u>[United States ex rel.] O'Keefe [v. McDonnell Douglas Corp.]</u>, 918 F.Supp. [1338,] 1345 [ (E.D.Mo.1966) ] upon entering a judgment.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

End of Complaint:

*Sam L. Clemmons*
C/o Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

CC:    www.usps.com to view confirmation of delivery

United States Attorney General;
    **Express Mail #: EQ 242463340 US**
U.S. Attorney;
    **Express Mail #: EQ 242463353 US**
Office of the United States Inspector General's Office,
    **Express Mail #: EQ 242463367 US**
United States Postal Service's Union;
    **Express Mail #: EQ 242463322 US**
United States Merit System Protection Board;
    **Express Mail #: EQ 242463322 US**
United States Postal Service
    **Express Mail #: EQ 242463322 US**
Mr. Keith Robinson, Union Representative;
    **Express Mail #: EQ 241268287 US**
Plaintiff's Requesting Attorney;
    **Express Mail #: EQ 242463336 US**
Records

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

SAM CLEMMONS V. AMERICAN POSTAL WORKERS UNION, AFL-CIO, UNITED STATES POSTAL SERVICE. U.S. MERIT SYSTEM PROTECTION BOARD INC

**Briefs and Other Related Documents**

Supreme Court of the United States
Charles V. BOWEN, Petitioner
v.
UNITED STATES POSTAL SERVICE et al.
No. 81-525.

Argued Oct. 6, 1982.
Decided Jan. 11, 1983.

Postal Service employee brought suit against Postal Service and union for damages arising out of his discharge. The United States District Court for the Western District of Virginia, Turk, Chief Judge, 470 F.Supp. 1127, ordered reinstatement, reimbursement for resulting loss of earnings and fringe benefits and assessed damages against both the postal service and the union. Appeal was taken. The Court of Appeals for the Fourth Circuit, 642 F.2d 79, affirmed, except for the award of damages against the union, holding that the employee's compensation was payable only by the Postal Service. Certiorari was granted. The Supreme Court, Justice Powell, held that where the district court's findings established that the employee's damages were caused initially by the Postal Service's unlawful discharge and were increased by the union's breach of its duty of fair representation, apportionment of the damages was required.

Reversed and remanded.

Justice White filed an opinion concurring in the judgment and dissenting in part, in which Justices Marshall and Blackmun joined and in part of which Justice Rehnquist joined.

Justice Rehnquist filed a dissenting opinion.

West Headnotes

**[1] Labor and Employment 231H ⚖ 1219(17)**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1219 Actions for Breach of Duty
               231Hk1219(17) k. Damages. Most Cited Cases
      (Formerly 232Ak778 Labor Relations)

**Labor and Employment 231H ⚖ 1329**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(E) Labor Contracts
         **231Hk1318** Actions for Breach
            231Hk1329 k. Damages. Most Cited Cases
      (Formerly 232Ak778 Labor Relations)

To interpret principle that, where employee proves that employer violated collective bargaining agreement and that union breached its duty of fair representation, liability is to be apportioned between employer and union according to damages caused by fault of each as requiring that employer be solely liable for damages resulting from wrongful discharge would treat relationship between employer and employee, created by

06 0115
FILED
JAN 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

collective bargaining agreement, as if it were simple contract of hire governed by traditional common-law principles and fail to recognize that collective bargaining agreement is much more than traditional common-law employment terminable at will but, rather, it is agreement creating relationships and interests under federal common law of labor policy. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[2] Labor and Employment 231H ⚷1219(17)**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1219 Actions for Breach of Duty
               231Hk1219(17) k. Damages. Most Cited Cases
   (Formerly 232Ak778, 232Ak768 Labor Relations)

**Labor and Employment 231H ⚷1329**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(E) Labor Contracts
         **231Hk1318** Actions for Breach
            231Hk1329 k. Damages. Most Cited Cases
   (Formerly 232Ak768 Labor Relations)

Of paramount importance in apportioning damages between employer and union after employee has been wrongfully discharged and union has breached its duty of fair representation, is right of employee, who has been injured both by employer's and union's breach, to be made whole. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[3] Labor and Employment 231H ⚷1219(17)**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1219 Actions for Breach of Duty
               231Hk1219(17) k. Damages. Most Cited Cases
   (Formerly 232Ak768 Labor Relations)

**Labor and Employment 231H ⚷1329**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(E) Labor Contracts
         **231Hk1318** Actions for Breach
            231Hk1329 k. Damages. Most Cited Cases
   (Formerly 232Ak768 Labor Relations)

In apportioning damages after employer's wrongful discharge and union's breach of its duty of fair representation, even though both employer and union have caused damage suffered by employee, union is responsible for increase in damages caused by union's breach of its duty and, as between the two wrongdoers, union should bear its portion of damages. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[4] Labor and Employment 231H ⚿1208**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1208 k. In General. Most Cited Cases
      (Formerly 232Ak219 Labor Relations)

By seeking and acquiring exclusive right and power to speak for group of employees, union assumes correspondent duty to discharge that responsibility faithfully, a duty which it owes to the employees whom it represents and on which employer with whom it bargains may rely. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[5] Labor and Employment 231H ⚿1219(14)**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1219 Actions for Breach of Duty
               231Hk1219(14) k. Questions of Law and Fact. Most Cited Cases
      (Formerly 232Ak218.1, 232Ak218 Labor Relations)

When union, as exclusive agent of employee, waives arbitration or fails to seek review of adverse decision, employer should be in substantially the same position as if employee had had right to act on his own behalf and had done so. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

**[6] Labor and Employment 231H ⚿1219(17)**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(D) Bargaining Representatives
         231Hk1207 Duty to Act Impartially and Without Discrimination; Fair Representation
            231Hk1219 Actions for Breach of Duty
               231Hk1219(17) k. Damages. Most Cited Cases
      (Formerly 232Ak778 Labor Relations)

**Labor and Employment 231H ⚿1329**

231H Labor and Employment
   231HXII Labor Relations
      231HXII(E) Labor Contracts
         **231Hk1318** Actions for Breach
            231Hk1329 k. Damages. Most Cited Cases
      (Formerly 232Ak778 Labor Relations)

In absence of damages apportionment between employer and union where default of both parties contributes to employee's injury, incentives to comply with grievance procedure would be diminished and, to impose total liability solely on employer could well affect willingness of employers to agree to arbitration clauses as they are customarily written. Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

Mr. Samuel Clemmons
c/o Ms. Mary L. Lee
Paralegal Assistant
PO Box 28558
Atlanta, GA 30358

JUN 0 9 2005

Re: OSC File No. MA-05-1967

Dear Mr. Clemmons:

This letter acknowledges receipt of the complaint that you submitted to this Office against officials of the U.S. Postal Service. You allege that such officials committed prohibited personnel practices.

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule, or regulation 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). We have carefully reviewed your correspondence. Based on our evaluation of the information you submitted, we have made a determination to close our file in this matter for lack of jurisdiction.

Specifically, the provisions of Title 5, United States Code, with certain exceptions not applicable here, do not apply to employees of the U.S. Postal Service. 39 U.S.C. § 410. Therefore, as a postal service employee, we lack jurisdiction over your complainant. Thus, we have no authority to be of any assistance to you in this matter.

Should you wish to discuss this matter, please contact me at (202) 254-3600.

Sincerely,

J. Sandra Thomas
Complaints Examiner



OFFICE OF INSPECTOR GENERAL

HOTLINE

AUG 2 4 2005

August 24, 2005

Samuel L. Clemmons
P.O. Box 28558
Atlanta, GA 30358

Dear Mr. Clemmons:

We received your July 20th letter and accompanying documents asking for confirmation that your cases against the Merit Systems Protection Board and the United States Postal Service are being reviewed or investigated.

The Office of Inspector General is responsible for systemic investigations and audits of fraud, waste, and mismanagement in postal systems and operations. This office does not investigate individual complaints already in litigation against the Postal Service or other agencies. Therefore, I am forwarding your correspondence to the Postal Service Law Department for response.

Sincerely,

Carrie L. Fox
Director, Hotline

1735 N LYNN ST
ARLINGTON VA 22209-2020
(888) 877-7644
FAX: (703) 248-2259