UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SAMUEL L. CLEMMONS,            )
                               )
        Plaintiff,             )
                               )
     v.                        )   Civil Action No. 1:06cv00115 (RCL)
                               )
AMERICAN POSTAL WORKERS UNION, )
AFL-CIO, ET. AL.               )
                               )
        Defendants.            )
                               )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION OF THE AMERICAN POSTAL WORKERS
UNION, AFL-CIO TO VACATE ENTRY OF DEFAULT**

**I. INTRODUCTION**

This is an action by pro se Plaintiff Samuel L. Clemmons against the American Postal Workers Union, AFL-CIO ("the APWU" or "the National"), the United States Postal Service ("the USPS" or "Postal Service"), and the United States Merit Systems Protection Board ("MSPB"). Mr. Clemmons alleges that he was wrongfully terminated from his employment with the Postal Service without just cause for taking three breaks to get fresh air. See Plaintiff's Complaint page 1, at unnumbered ¶1. He is suing the APWU for failing to represent him at the hearing on his termination before the MSPB. See Plaintiff's Complaint page 2, unnumbered ¶2. As such, Mr. Clemmons is asserting a hybrid breach of contract/breach of duty of fair representation claim.[1]

---

[1]   Vaca v. Sipes, 386 U.S. 171, 185-86 (1967)(A hybrid breach of contract/breach of the duty of fair representation suit combines a statutory breach of contract claim against the employer with a judicially created breach of the duty of fair representation claim against the

By Order dated March 3, 2006, the Clerk of the Court entered default against the APWU for failure to respond to the complaint. However, the APWU could not respond to the complaint because it has never been served with the complaint. See Declaration of Terry Stapleton, herein after "Stapleton Dec." at ¶6, attached as Exhibit 1. Accordingly, the APWU respectfully requests that the entry of default be set aside for good cause. The APWU's failure to answer Mr. Clemmons' complaint was not wilful, it was because the APWU was never served. Furthermore, setting aside the entry of default will not prejudice Mr. Clemmons and the APWU presents meritorious defenses to Mr. Clemmons' claims. See Jackson v. Beech, 636 F.2d 831,836 (D.C.Cir. 1980).

It has since been learned by the APWU that Mr. Clemmons sent, via Express Mail, a copy of the summons and complaint to Sam Anderson, the President of the Chicago Local of the APWU and Keith Robinson, former Director of Industrial Relations of the Chicago Local. See Declaration of Samuel Anderson, hereinafter "Anderson Dec.", at ¶¶ 3-4, attached as Exhibit 2. First, service of process cannot be effectuated by Express Mail. See Fed.R.Civ.P. 4. In any case, service on officers of an autonomous local union does not effectuate service on the national or international union with which it is affiliated. See Gray v. Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers, 416 F.2d 313 (6th Cir. 1969); Morgan Drive Away, Inc. v. Int'l Broth. of Teamsters, Chauffers, Warehousement & Helpers of America, 268 F.2d 871 (7th Cir. 1959); Wentz v. Intern. Broth. Of Elec. Workers, 578 F.2d 1271, 1272 (8th Cir.), cert. denied, 439 U.S. 983 (1978); Ross v. Runyon, 156 F.R.D. 150, 153 (S.D. Tex. 1994); Mathis v. Boeing Co., 117 F.R.D. 167, 169 (W.D. Wash. 1987); Bacino v. American Federation of Musicians, 407 F.Supp. 548, 552-554 (N.D.Ill. 1976). The APWU is a national union with over 1,300 affiliated local unions nationwide. Pursuant to Article

---

union.)

16 of the APWU Constitution, each local is a fully autonomous union with its own bylaws and officers. See Stapleton Dec. at ¶2. The Chicago Local is an autonomous labor organization separate and distinct from the APWU with which it is affiliated. See Anderson Dec. at ¶ 2. As such, local officers Mr. Anderson and Mr. Robinson of the Chicago Local are not authorized to accept service on behalf of the APWU. See Stapleton Dec. at ¶3-4. Personal jurisdiction is a necessary prerequisite for an entry of default and as the APWU has not been served in this action, the Court must set aside the entry of default against Defendant APWU. See Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C.Cir.1987); United States v. 51 Pieces of Real Prop., 17 F.3d 1306, 1309 (10th Cir.1994). Moreover, Mr. Clemmons will not be prejudiced by setting aside the entry of default and proceeding with this case on its merits and the APWU has meritorious defenses to Mr. Clemmons' allegations. Thus, the APWU meets the test for showing good cause, and this Court should vacate the entry of default against the APWU.

**II. STATEMENT OF FACTS**

Pro se Plaintiff Mr. Clemmons filed the instant action on January 18, 2006. He alleges that he was terminated from his employment with the Postal Service without just cause. See Plaintiff's Complaint page 1, at unnumbered ¶ 1. He alleges that he appealed the Postal Service's termination action to the United States Merit Systems Protection Board and that the MSPB held a "mock or fraudulent hearing", apparently upholding his termination from the Postal Service.[2] See Plaintiff's

---

[2] Under Article 16, Section 5 of the collective bargaining agreement ("cba"), preference eligible employees may upon their choosing appeal a suspension of more than fourteen days or a discharge to the Merit Systems Protection Board rather than through the grievance-arbitration procedure established under Article 15 of the cba .

3

Complaint page 2, unnumbered ¶2. Mr. Clemmons further alleges that John Hall and Keith Robinson of the Chicago Local failed to appear before the MSPB to represent his interests in the hearing on his termination. See Plaintiff's Complaint page 4, ¶ 2. As a result, he is suing the APWU based on the alleged failure of Keith Robinson and John Hall to represent him before the MSPB. Id.

On February 9, 2005, Sam Anderson, President of the Chicago Local, American Postal Service Workers Union, APWU ("the Chicago Local") received an Express Mail package containing a copy of the complaint and summons in the instant case. See Anderson Dec. at ¶3. Keith Robinson, former Director of Industrial Relations of the Chicago Local also received a complaint from Plaintiff Clemmons sent to him by Express Mail at or about the same time. Id. at ¶4.

The Chicago Local is chartered by the APWU National pursuant to Article 16 of the APWU Constitution. See Stapleton Dec. at ¶ 2. It is an autonomous unincorporated labor organization with its own bylaws and officers. Id. It is separate and distinct from the APWU with which it is affiliated. Id. The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. Id. Sam Anderson, President of the Chicago Local, is not an officer of the National. Mr. Anderson is not authorized to accept service of process on behalf of the National. Id. at ¶ 3. Keith Robinson, the former director of Industrial Relations for the Chicago Local has never been an officer of the National. Id. at ¶4. He is not authorized to accept service on behalf of the National Union. Id.

Exactly 21 days after he sent his complaint to the officers of the Chicago Local by Express Mail, Mr. Clemmons applied for entry of default on March 2, 2006. See Plaintiff's Letter of March 2, 2006 filed as Docket Entry #4. In his Affidavit of service filed on March 2, 2006, accompanying

his request for an entry of default against the APWU, Mr. Clemmons includes only an affidavit of service as to Samuel Anderson, President of the Chicago Local, and Keith Robinson, former Director of Industrial Relations for the Chicago Local.  See Plaintiff's Affidavits of service.  His affidavits of service include Express Mail receipts for Mr. Anderson and Mr. Robinson at the Chicago Local's office in Illinois and an Illinois address for Mr. Robinson. Id.  Mr. Clemmons does not include any evidence of service on the National at its headquarter offices in Washington, D.C. or upon any officer or agent of the National.  Id. In fact, to date, no officer or other individual authorized to accept service on behalf of the National has been served in this action. See Stapleton Dec. at ¶6.

**III. ARGUMENT**

A. The Legal Standard to be Applied by a Court in Deciding Whether to Set Aside an Entry of Default.

The ultimate inquiry in a court's decision whether to set aside an entry of default is whether the defendant shows "good cause" to set aside the default. Jackson v. Beech, 636 F.2d 831,836 (D.C.Cir. 1980); CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992).  Under Rule 55(c) of the Federal Rules of Civil Procedure, the factors to be examined are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.  See Jackson, 636 F.2d at 832; Whelan v. Abell,48 F.3d 1247, 1259 (D.C.Cir.1995).[3]  The district court should be fairly liberal in setting aside entries of default. "Since a resolution on the merits is preferable to a judgment by default, a court should liberally allow relief

---

[3]   Fed.R.Civ.P. 55(c) Setting Aside Default: For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

under this provision." Pulliam v. Pulliam, 478 F.2d 935, 936 (D.C.Cir. 1973); see also Jackson v. Beech, 636 F.2d at 835 ("Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing. Modern courts are also reluctant to enter and enforce judgments unwarranted by the facts. This may be why a court must hold a hearing on damages before entering a judgment on an unliquidated claim even against a defendant who has been totally unresponsive.")

B. The Court Should Set Aside the Entry of Default Against the APWU because the APWU Has Not Been Served and Therefore its Failure to Respond Was Not Wilful.

This Court should set aside the entry of default against the APWU for good cause. The APWU failed to respond to Mr. Clemmons' complaint because it was never served. Mr. Clemmons, in his Application for Entry for Default and supporting Affidavit, admitted that the only persons he sent the complaint and summons to were Sam Anderson and Keith Robinson of the Chicago Local. See Plaintiff's Application for Entry for Default and supporting Affidavits. The Chicago Local is an autonomous unincorporated labor organization with its own bylaws and officers. See Stapleton Dec. at ¶2. It is separate and distinct from the APWU with which it is affiliated. Id. The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. Id. Thus, Sam Anderson and Keith Robinson are not officers or agents of the National and they are not authorized to accept service of process on behalf of the National. See Stapleton Dec. at ¶3. It is well-established that service on an autonomous local union does not effectuate service on the national or international union with which it is affiliated. Title 39 U.S.C. § 1208(e)(2004), specifies who must be served to effect service of process on the APWU. A postal union may be served by

serving "an officer or agent of a labor organization, in his capacity as such." 39 U.S.C. § 1208(e). Thus, courts have repeatedly held that delivering a copy of a summons and complaint to an officer of an autonomous local union is not sufficient to acquire personal jurisdiction over the national union with which it is affiliated. See Gray v. International Association of Heat & Frost Insulators & Asbestos Workers, 416 F.2d 313, 316 (6th Cir. 1969)(Service of process on an agent of the local is not sufficient to obtain service on the international.); Morgan Drive Away, Inc. v. Int'l Broth. of Teamsters, Chauffers, Warehousement & Helpers of America, 268 F.2d 871 (7th Cir. 1959)(same); Wentz v. Intern. Broth. Of Elec. Workers, 578 F.2d 1271, 1272 (8th Cir.), cert. denied, 439 U.S. 983 (1978); Ross v. Runyon, 156 F.R.D. 150, 153 (S.D. Tex. 1994)(Service of process on autonomous local union was not sufficient to acquire personal jurisdiction over national union with which local union was affiliated); Mathis v. Boeing Co., 117 F.R.D. 167, 169 (W.D. Wash. 1987); Bacino v. American Federation of Musicians, 407 F.Supp. 548, 552-554 (N.D.Ill. 1976). Thus, sending copies of the complaint and summons to officers of the Chicago Local by Express Mail does not effectuate service on the APWU National. Id. To date, the APWU has never been served. See Stapleton Dec. at ¶6. Thus, it had no obligation to respond to Clemmons' complaint. Accordingly, entry of default was improper and should be vacated.

Additionally, service by Express Mail does not effectuate service. Under Fed. R.Civ. P. 4(h), unless otherwise provided by federal law:

> service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner

> prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(I) thereof. (Fed. R.Civ. P. 4(h)).

Therefore, in order to effectuate service, Mr. Clemmons must either comply with the rules of the judicial district of the United States in the manner prescribed for individuals by subdivision Fed.R.Civ.P 4(e)(1) or by delivering a copy of the summons and complaint. Mr. Clemmons did not deliver a copy of the summons or complaint. Thus, under Rule 4(e)(1), he must effectuate service "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State...." Fed.R.Civ.P 4(e)(1). In order to effectuate service by mail in the courts of general jurisdiction of the District of Columbia, Mr. Clemmons must mail the summons, complaint and initial order via "registered or certified mail, return receipt requested." D.C. SUPER. CT. R. CIV. P. 4(c)(3). As Mr. Clemmons sent the complaint and summons via Express Mail, Mr. Clemmons did not comply with these requirements. Service may also be effected upon associations under Rule 4(c)(4) which requires service by "mailing a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgment conforming substantially to Form 1-A and a return envelope, postage prepaid, addressed to sender." D.C. SUPER. CT. R. CIV. P. 4(c)(4). Again, Mr. Clemmons did not comply with these requirements.

Moreover, under Illinois law, service was not effectuated. Service upon a defendant in an action brought in the courts of general jurisdiction of Illinois require service on a voluntary unincorporated association "by leaving a copy of the process with any officer of the association personally or by leaving a copy of the process at the office of the association with an agent of the association....[and] by publication and mail in like manner and with like effect as individuals." Illinois Compiled Statutes Annotated, Chapter 735. Civil Procedure, Act 5, § 2-205.1. Thus, absent delivery and service by publication, Mr. Clemmons had to serve the Union in a manner and with like effect as individuals under Illinois law which he also failed to do.[4] Illinois Compiled Statutes Annotated, Chapter 735. Civil Procedure, Act 5, § 2-203, Service on individuals. Thus, not only did Mr. Clemmons not serve an officer or agent of the APWU, his service on the Chicago Local was defective. Under either the laws of the District of Columbia or Illinois, Mr. Clemmons has not served any union entity. See D.C. SUPER. CT. R. CIV. P. 4; Illinois Compiled Statutes

---

[4] § 2-203. Service on individuals:
(a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode, or (3) as provided in Section 1-2-9.2 of the Illinois Municipal Code with respect to violation of an ordinance governing parking or standing of vehicles in cities with a population over 500,000. The certificate of the officer or affidavit of the person that he or she has sent the copy in pursuance of this Section is evidence that he or she has done so.

Annotated, Chapter 735. Civil Procedure, Act 5, § 2-205.1.

Personal jurisdiction over a defendant is a prerequisite to an entry of default against it. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). As sending a copy of the summons and complaint to the Chicago Local by Express Mail does not effectuate service on the National, the Court does not have personal jurisdiction over the National to enter a default against it. "[S]ince service of process is the means by which a court asserts jurisdiction to adjudicate the rights of a party, it is uniformly held that a judgment is void where the requirements for effective service have not been satisfied." Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C.Cir.1987); see also United States v. 51 Pieces of Real Prop., 17 F.3d 1306, 1309 (10th Cir.1994)("[A] judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action.").

Accordingly, the Court should set aside the entry of default against the APWU because the APWU has not been served and therefore its failure to respond was not wilful. Moreover, the Court does not have personal jurisdiction over the APWU to enter default against it.

C. Setting Aside the Entry of Default Would Not Prejudice Mr. Clemmons.

Because Mr. Clemmons' case was filed less than two months ago, other than forcing him to try his allegations on their merits, there would be no prejudice to him by setting aside the entry of default. "That setting aside the default would delay forfeiture of the property if the [plaintiff] were to succeed at trial or would require the [plaintiff] to litigate the action is insufficient prejudice to require the default decree to stand." One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985).

Due to the short length of time that has passed between the filing of the complaint and this motion to set aside the entry of default, Mr. Clemmons cannot make any of the traditional arguments for prejudice such as disappearance of documents, death of witnesses, or loss of memory. Thus, because there is no reasonable prejudice argument, the Court should set aside the entry of default and deny default judgment.[5]

D. <u>The APWU Has Meritorious Defenses to the Claims in Mr. Clemmons' Complaint</u>.

Because the APWU has meritorious legal and factual defenses to the allegations in Mr. Clemmons' complaint, this Court should set aside the entry of default. <u>See</u> <u>Whelan v. Abell</u>, 48 F.3d 1247, 1259 (D.C.Cir.1995); <u>United States v. One Parcel of Real Property</u>, 763 F.2d 181, 183 (5th Cir. 1985).

**1. The APWU Has Not Been Served and the Court Does Not Have Personal Jurisdiction Over It**

As stated above, the National has never been served in this suit and thus it has 12(b)(5) grounds for dismissal of Mr. Clemmons' complaint.

**2. Mr. Clemmons Has Not Stated a Claim Against the APWU**

Although the National is named as a defendant, Mr. Clemmons does not allege any actions by agents of the National. The only allegations in his complaint involve agents of the Chicago Local. It is well-settled law that national or international unions cannot be held liable for acts of local union officers. "The rule of law remains, however, that a union 'may only be held responsible for the authorized or ratified actions of its officers and agents.'" <u>Shimman v. Frank</u>, 625 F.2d 80, 95 (6th Cir.

---

[5] It does not seem by a review of the docket that the Plaintiff has moved for default judgment. However, if he has, default judgement is not warranted for the same reasons the APWU presents for setting aside of the entry of default.

1980)(citing, <u>North American Coal Co. v. U.M.W.</u>, 497 F.2d 459, 466-67 (6th Cir. 1974)). "The fact that an officer of the local union may have transgressed does not mean that the International is liable." <u>Id</u>.  There is no basis for holding a national or international union liable for conduct it did not authorize, participate in or ratify. <u>Id</u>. at 96, (citing, <u>Carbon Fuel Co. v. United Mine Workers</u>, 444 U.S. 212 (1979)); <u>see also</u>, <u>Berger v. Iron Workers Reinforced Rodmen Local 201</u>, 843 F.2d 1395, 1427 (D.C. 1988); <u>Alexander v. Local 496, Laborers' Intern. Union</u>, 177 F.3d 394, 409 (6th Cir. 1999). It is well settled that a principal-agent relationship may not be inferred solely from affiliation between an international union and a local union.  See <u>Coronado Coal Co. v. United Mine Workers</u>, 268 U.S. 295, 304-05 (1925); <u>Carbon Fuel Co. v. United Mine Workers</u>, 444 U.S. 212, 217 (1979)(affirming dismissal of LMRA claim against union where there was no evidence that the union "instigated, supported, ratified or encouraged" a work stoppage; specifically citing to agency principles embodied in §301). Thus, decisions made by autonomous local unions cannot be imputed to their national or international union when the national or international had no knowledge of the decisions and did not authorize, encourage or ratify them.  <u>Id</u>.; <u>see also</u> <u>Shimman</u>, 625 F.2d 95 at 97-99.

As the National cannot be held liable for the alleged acts of the Chicago Local's officers, even if Mr. Clemmons' very vague allegations were true, he has sued the wrong party.  Accordingly, the APWU has a meritorious defense against Mr. Clemmons and the entry of default should be set aside against the APWU.

    **3.**    **As the APWU Has No Obligation to Represent Mr. Clemmons Before the MSPB, Mr. Clemmons Cannot Sustain a Claim Against the APWU for a Breach of the Duty of Fair Representation for Failing to Do So**

Mr. Clemmons' is suing the APWU for allegedly failing to represent him at the hearing on his termination before the MSPB. See Plaintiff's Complaint page 2, unnumbered ¶2. The duty of fair representation is a federal obligation which has been judicially fashioned from national labor statutes. There is no explicit statutory requirement of fair representation. Rather, the duty of fair representation was judicially developed as a necessary corollary to the union's status as exclusive representative provided for by section 9(a) of the National Labor Relations Act ("NLRA"). 29 U.S.C. § 151 *et seq*. The NLRA's mandate that the majority representative be the "exclusive representative of all the employees" in the bargaining unit forms the basis upon which the federal common law of fair representation evolved. See, The Developing Labor Law, Volume II p. 1409 (Patrick Hardin, et al. eds., 3d ed. 1992). The breach of the duty of fair representation cause of action is based on a judicially created exception to the general rule that an employee is bound by the outcome of grievance or arbitration procedures contained in the negotiated contract between the employer and the union. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983)[6]; Vaca v. Sipes, 386 U.S. 171, 185-86 (1967).

Thus, the duty of fair representation is coextensive only with a Union's authority to act as exclusive representative to all the employees in the bargaining union. Vaca, 386 U.S. at 177; Kolinske v. Lubbers, 712 F.2d 471, 481 (D.C.Cir.1983). This duty does not extend any further than the Union's authority under § 9(a) of the NLRA, 29 U.S.C. § 159(a), to act as the exclusive representative of the bargaining unit. See Kolinske, 712 F.2d at 481; see also Freeman v. Local

---

[6]   While postal unions are covered by 39 U.S.C. §1208(b), instead of the provision covering private sector employees, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), the same principles that apply in private sector labor cases apply in postal cases. NALC v. USPS, 590 F.2d 1171 (D.C. Cir. 1978).

Union No. 135, Chauffeurs, Teamsters, Warehousemen and Helpers, 746 F.2d 1316, 1320-21 (7th Cir.1984). "[I]f a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation." Freeman, 746 F.2d at 1321 (citing Dycus v. NLRB, 615 F.2d 820, 827 (9th Cir.1980); Kuhn v. National Ass'n of Letter Carriers, Branch 5, 528 F.2d 767, 770 (8th Cir.1976); International Brotherhood of Teamsters, Local No. 310 v. NLRB, 587 F.2d 1176, 1183 (D.C.Cir.1978)).

Under Article 16, Section 5 of the collective bargaining agreement, the Union has no obligation to represent an individual before the Merit Systems Protection Board ("MSPB"). See Exhibit A, Stapleton Dec. Preference eligible employees may upon their choosing appeal a suspension of more than fourteen days or a discharge directly to the Merit Systems Protection Board rather than through the grievance-arbitration procedure. Id. Under the grievance/arbitration procedure for the arbitration of grievances filed on behalf of an individual, the union is the exclusive representative of the individual. In contrast, under Article 16, an individual is free to select his or her own representative before the MSPB. As the APWU is not an individual employee's exclusive representative before the MSPB, it had no duty of fair representation to represent Mr. Clemmons in that forum. Freeman, 746 F.2d at 1320-21; Dycus, 615 F.2d at 827; Kuhn v. National Ass'n of Letter Carriers, Branch 5, 528 F.2d at 770; International Brotherhood of Teamsters, Local No. 310, 587 F.2d at 1183 (D.C.Cir.1978). Accordingly, Mr. Clemmons cannot allege a breach of a nonexistant duty.

Finally, even if the APWU had a duty to represent Mr. Clemmons, failure to appear at the MSPB hearing is not "arbitrary, discriminatory, or in bad faith" - necessary elements of a duty of fair representative claim. See Vaca v. Sipes, 386 U.S. 171 (1967). At most, it would be negligence which

is not a breach of the duty of fair representation. Vaca, 386 U.S. at 192-193; Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953).

As the APWU has multiple, meritorious defenses to Mr. Clemmons' complaint, this Court should vacate the entry of default and deny his Motion for Default Judgment.[7]

## IV. CONCLUSION

For the foregoing reasons, this Court should grant the APWU's Motion to Vacate the Entry of Default and allow the APWU to file a response to Mr. Clemmons' complaint.

Dated: March 17, 2006            Respectfully submitted,

                                 O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                          By:    /s/ Peter J. Leff
                                 Peter J. Leff DC Bar # 457476
                                 1300 L Street NW Suite 1200
                                 Washington, DC 20005-4126
                                 (202)898-1707/FAX(202)682-9276

                                 Attorneys for American Postal
                                 Workers Union, AFL-CIO

---

[7] The APWU may have an additional defense that Mr. Clemmons claims are time-barred. Although the Complaint is virtually devoid of dates, a Westlaw search has revealed a decision issued by the MSPB in Samuel L. Clemmons v. U.S. Postal Service, 83 M.S.P.R. 380, No. CH-0752-99-0118-I-1 on August 5, 1999. This decision denies Mr. Clemmons' claims but is not accompanied by an opinion. This decision has the same docket number as the MSPB case at issue that Mr. Clemmons references in his Complaint, unnumbered paragraph 12. As the unfavorable decision was issued in 1999, Mr. Clemmons claims are likely untimely pursuant to the six month statute of limitations for claims of a breach of the duty of fair representation. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983).

**Certificate of Service**

I hereby certify that I have this day caused the following people to be served by Electronic Case Filing and first-class mail postage pre-paid with a copy of the Foregoing Motion of the American Postal Workers Union, AFL-CIO to Vacate Entry of Default and Memorandum of Points and Authorities in Support Thereof, the Declarations of Terry Stapleton and Samuel Anderson and accompanying exhibits and the Proposed Order:

        Sam L. Clemmons
        548 Saint Charles Place
        Brookhaven, MS 39601
        (866) 409-7758

Dated: March 17, 2006                      _____/s/ Peter J. Leff_____