UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL L. CLEMMONS, )
 )
Plaintiff, )
 )
v. ) Civil Action No. 1:06cv00115 (RCL)
 )
AMERICAN POSTAL WORKERS UNION, )
AFL-CIO, ET. AL. )
 )
Defendants. )
 )
 )

## DECLARATION OF SAMUEL ANDERSON

I, Samuel ("Sam") Anderson, in lieu of an affidavit as permitted by 28 U.S.C. Section 1746, declare as follows:

1. I am the President of the Chicago Local, of the American Postal Workers Union, AFL-CIO ("Chicago Local"), a position I have held since May 2005. My duties as Local President include overseeing the governance of the Local and overseeing the processing of grievances on behalf of Local members over violations of the Collective Bargaining Agreement (hereinafter "the National Agreement") between the United States Postal Service (hereinafter "the Postal Service" or "USPS") and the American Postal Workers Union, AFL-CIO (hereinafter "the APWU" or "the National").

2. The Chicago Local is a local chartered by the APWU pursuant to Article 16 of the APWU

-1-

EXHIBIT 2

Constitution. It is an autonomous unincorporated labor organization with its own constitution, bylaws and officers. It is separate and distinct from the APWU with which it is affiliated. The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. A copy of Article 16 of the APWU Constitution, as amended August 27, 2004, is attached hereto as Exhibit A.

3. On February 9, 2006, I received via express mail a copy of the Plaintiff's complaint and a summons addressed to the "American Postal Workers Union, AFL".

4. Keith Robinson, the former director of Industrial Relations for the Chicago Local also received a copy of the Plaintiff's complaint on or about February 9, 2006.

5. Neither I nor Mr. Robinson are officers of the National.

6. Neither I nor Mr. Robinson are authorized to accept service on behalf of the National.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2006.

Sam Anderson

# CONSTITUTION AND BYLAWS

# OF THE

# AMERICAN POSTAL WORKERS UNION, AFL-CIO



## AS AMENDED AUGUST 27, 2004



EXHIBIT A

by the National Executive Board to the National convention.

(d) From the disciplinary action of the President (1) to the National Executive Board, and (2) to the National convention.

(e) In acting as an appeal board, the National Executive Board may appoint one (1) or more National Union Officer(s), who shall be impartial, to act for it for the purpose of reviewing any appeal, in which case the member so named shall make recommendation to the National Executive Board concerning the disposition of the appeal, and it shall determine for itself what final disposition shall be made of the appeal.

(f) Appeals shall be taken within a reasonable time not to exceed thirty (30) days from the date that notice of disposition of the charges or disposition of any intermediate appeal is received; provided, however, that the appellate body may, in its discretion, extend such time for appeal if circumstances so warrant. Appeals shall be in writing and shall state the basis of the appeal. The appellant shall be permitted to present such appeal in person before any appellate tribunal, provided, however that in the case of an appeal to a National convention, such personal appeal shall be limited to appearance before the Convention Committee established to deal with appeals unless such appeals committee or the convention itself determines to permit a personal appearance before the National convention.

(g) Individuals, or subordinate bodies against whom disciplinary action has been taken shall be obliged to exhaust all remedies provided for in this Article and in the Constitution before resorting to a court of law or other tribunal.

## ARTICLE 16

*Fiscal Year, Revenues, and Charters*

SEC. 1. The fiscal year of this Organization shall begin January 1 and end December 31.

SEC. 2. REVENUES. (a) The revenues of this Union shall

be derived from a per capita tax of **Seven Dollars and Forty-Eight Cents ($7.48)** per member, bi-weekly, to be paid upon the full paid up membership of all affiliated local unions and members-at-large (said sum to include subscription to the official organ) of which Twenty Cents (20¢) per member, per month is to be returned to the member's respective state organization, with a minimum of Five Thousand Dollars ($5,000) per year to each state organization. Fifteen Cents (15¢) of the per capita tax will be deposited in a contingency fund. The national per capita tax and local dues shall be increased when each negotiated salary increase takes effect by the following formula by deducting three percent (3%) of each negotiated salary increase based on level 5, step K, eight-tenths percent (0.8%) for the APWU General Fund, seven-tenths percent (0.7%) for the APWU Organizing Fund, and one and one-half percent (1.5%) for the local. The formula set forth above in the future will apply to members-at-large with the one and one-half percent (1.5%) Local rebate being sent to the respective state organization.

On January 1, 2005 the percentages above will be amended to: nine-tenths percent (0.9%) for the General Fund; two-tenths percent (0.2%) for the APWU Organizing Fund; and one and nine-tenths percent (1.9%) for the local and state organizations.

(b) When a regional organization is formed in lieu of a state organization, it shall receive Fifteen Cents (15¢) per member, per month for each member from within the respective states. The regional organization shall receive a minimum of Fifteen Hundred Dollars ($1,500) per year for each state.

(c) The APWU shall remit Three and One-Half Cents (3½¢) per month, per union member to our National Auxiliary. Said sum to be derived from our national per capita tax.

(d) A member of the National Executive Board of the APWU will act as a liaison officer between the parent body and the Auxiliary.

(e) The APWU shall remit Five Cents (5¢) of the national

per capita tax, per month per member to the Postal Press Association.

(f) That a Disaster/**Hardship** Fund be established; that Three Hundred Thousand Dollars ($300,000) of the funds in the Contingency Fund be set aside **into a 501(c) non-profit organization fund** to be used as the Disaster/**Hardship** Fund; and that such Disaster/**Hardship** Fund is to be expended in the event of natural disaster, **catastrophic medical condition, or other catastrophic event** as determined by the National Executive Board upon the recommendation of the President.

(g) An APWU Organizing Fund shall be established to be used exclusively for Private Sector organizing.

(h) Monies earmarked, by Convention actions, for specific programs and staff in all departments must be used only in said programs and staff.

(i) Local Retiree Chapters chartered to be engaged in APWU Retirees Department Programs shall receive forty percent (40%) of the annual retiree per capita tax per retiree member of that local chapter. State Retiree Chapters will receive forty percent (40%) of the annual retiree per capita tax per retiree member of that State Retiree Chapter who does not belong to a Local Retiree Chapter. Ten (10) or more APWU Retirees Department members, residing within local or area local geographical jurisdiction, may form a Local Retiree Chapter.

**There will be an establishment of membership jurisdiction procedures which allows for a retired member residing outside the zip code representation jurisdiction of their home APWU Local from which they retired, the option of assigning their Local Retiree Chapter membership and forty percent (40%) annual dues rebate to their home Local Retiree Chapter.**

SEC. 3. ASSESSMENTS. Special assessments may be levied by the National Executive Board or by a national convention whenever it becomes absolutely necessary to carry on the work of the organization. A two-thirds (2/3) majority vote of the

43

National Executive Board or a majority vote of a national convention shall be required to approve the assessment before it shall be levied. Any assessments levied by the National Executive Board shall be effective only until the next regular national convention.

SEC. 4. Charters will be issued by the APWU National Secretary-Treasurer to locals, area locals, state and regional organizations and district councils, without cost to these subordinate units. No charter can be issued to a local of less than ten (10) members or to a state or regional organization other than as provided in Section 5 of this Article unless authorized by the National Executive Board.

There will be only one (1) local chartered within the same installation, and such local shall have representation on the local executive board from each division reflecting the local union's membership.

SEC. 5. LOCALS, AREA LOCALS, DISTRICT COUNCILS, STATE & REGIONAL ORGANIZATIONS. (a) LOCALS – Ten (10) or more members in the same postal installation may be chartered as a local.

(b) AREA LOCALS. The membership of a number of installations in a geographical area or within a sectional center or a combination of sectional centers may join together in a single local upon thirty (30) days notice by secret vote of the majority of the members voting from their respective locals and be issued a charter by the APWU. However, no member may become affiliated with any other local when there is a local union in the installation where he/she is employed.

(c) DISTRICT COUNCILS. Individual members or locals in a limited geographical area may join together for the purpose of carrying on joint activity. District Councils shall be chartered by the National Executive Board of the APWU. The District Councils shall be fully autonomous within the limitations of national, state and regional constitutions.

(d) STATE ORGANIZATIONS. Two (2) or more district

councils or five (5) or more locals within a state may establish a state organization which shall be autonomous within the limitations of the national constitution.

(e) REGIONAL ORGANIZATIONS. Five (5) or more locals from more than one (1) state may join together to form a Regional Organization.

SEC. 6. RESPONSIBILITY OF CHARTERED SUBORDINATE BODIES. (a) All chartered locals, area locals, state and regional organizations shall have a constitution and bylaws. In the absence of such constitution, this constitution shall apply to the extent applicable.

(b) A copy of each of these constitutions and bylaws must be on file at National Headquarters and shall not be in conflict with the National Constitution.

(c) Each chartered subordinate body shall be fully autonomous. Each subordinate local or area local is entitled to title and possession of local assets and funds to which it is entitled by law and by this Constitution except to the extent of its obligation to pay per capita tax to the APWU as provided in this Constitution. Where a subordinate local, or area local which is not in arrears as to per capita dues, terminates by a majority vote of the members voting by referendum, its affiliation with the APWU, the APWU shall have no claim to the funds and assets of the local, or area local. But nothing herein shall prohibit the immediate granting of a charter to a local or area local in the same installation or area local.

SEC. 7. The American Postal Workers Union shall have no claims to any funds or assets belonging to a local or area local, except that which is due it for per capita tax.

SEC. 8. DELINQUENT LOCALS. Any local or area local affiliated with APWU which fails to pay its per capita tax on or before the fifteenth (15th) day of the month or fails to pay an assessment within six (6) months, shall be declared delinquent and, if at the end of ninety (90) days following the due date it is still in arrears, the Secretary-Treasurer shall submit the facts

to the National Executive Board with his/her recommendation. Approval of the National Executive Board will be necessary to suspend the local. Any local remaining suspended for six (6) months, shall surrender its charter to the Secretary-Treasurer and forfeit all privileges in APWU. The same procedures shall apply for delinquent members-at-large.

SEC. 9. SUSPENDED LOCALS. A suspended local may be reinstated in this organization, upon payment of all arrearages; provided, however, that the National Executive Board shall, in exceptional cases, have the power to excuse such arrearages when circumstances warrant such action.

SEC. 10. AUDIT OF LOCAL ACCOUNTS. The Secretary-Treasurer shall have the authority to have the books of any local examined when a local is not remitting per capita tax on the membership to which the APWU is entitled.

SEC. 11. BONDS. Officers who are required to be bonded shall have the expense of such bond borne by the Union.

## ARTICLE 17
### Subordinate Bodies

SEC. 1. The following subordinate bodies: the Auxiliary and the Postal Press Association, shall include in their respective constitutions provisions which accord to their members, within their own organizations, all rights accorded to members of the National Union under the Members' Bill of Rights and Article 15, Sections 3 and 4, of the Constitution of the American Postal Workers Union, AFL-CIO, as amended, including the right to appeal to the highest governing body of the APWU subordinate body. In the absence of such provisions in any required constitution, then the rights and procedures guaranteed by the National Constitution shall be provided to members of the non-complying subordinate body.