UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
      PLAINTIFF, PRO SE

vs.

AMERICAN POSTAL WORKERS
UNION, AFL
      DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)

CASE NUMBER: 1:06CV00115

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: EMPLOYMENT
      DISCRIMINATION
DATE STAMP: 01/18/2006

**April 8, 2006**

## MOTION TO SUSTAIN JUDGEMENT BY DEFAULT AND MOTION TO ENTER

## DISCOVERY

Comes Sam L. Clemmons, Plaintiff Pro Se, file this MOTION in the District Court for the District of Columbia after receiving the Defendant's request MOTION to remove default judgement by regular mail on April 8, 2006 against the American Postal Worker Union, AFL. The Plaintiff in this MOTION before the courts is requesting to sustain such judgement in default against such Defendant for the following reasons and they are as follow:

1. The Defendant has failed to justify accurate, true and correct reasons for such removal.

2. The Defendant express in such court's submission that the Defendant was not served and was not properly served

RECEIVED

APR 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1    When the Defendant was properly served by a much higher

2    class of service by means of Express certified mail

3    delivery service expressing "urgency" with a return of

4    receipt showing proper service to the business of the

5    American Postal Worker Unions staff and office. It is the

6    Defendant's responsibility to proper channel such service

7    to whatever headquarters there may be. The American

8    Postal Worker Union Headquarters did receive such summons

9    and complaint through the channels of its employees by

10    way of regular mail or express mail. Regardless, how the

11    American Postal Worker Union Headquarter received such

12    information they received it and was properly served. If

13    such employees by the name of Samuel Anderson, John Hall,

14    Sr. or Keith Robinson failed to delivery such summons and

15    complaint in a timely manner then the default judgement

16    is justified and should not be removed due to the

17    American Postal Worker Union Headquarters' fraudulent

18    claims.

19   3. The Defendants failed to mention in their rebuttal to the

20    courts that the Plaintiff paid union dues regularly each

21    month and is fully entitled to all benefits of the union

22    including proper representation during such removal or

23    termination of employment (See attached Exhibit 13).

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

4. The Defendants have failed to produce to the courts one

hard copy of facts or evidence to show any attempts to

represented the Plaintiff during any course of the

collective bargaining agreement process, rebuttal or

appeal process to maintain the Plaintiff's position

within the United States Postal Service.

5. The Defendants have failed to explain to the courts why

wasn't the Plaintiff entitled to union representation

when the Plaintiff was a union-paying member? See

attached Exhibit 2 (pay stubs).


Due to these failure stated above by the APWU, the

Plaintiff truly feels if such judgement by default is not

sustained it will continue to be for a waste cause. The Union

and its representatives had well over enough time to response

and state their arguments before the courts.

## II

For the record, the Union and it employees were fully

advised and warned that such actions were coming some time ago

by via fax to Union President Samuel Anderson and John Hall, Sr.

on May 26, 2005 through the Defendants fax line of 312-842-4261

at 15:52, 16:32, 16:34. This fax log sheet will be provided to

the Defendant for their records to support the court decision to

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

4

deny such Defendant's request to remove the default judgement

(See attached Exhibit 1).

## III

During the period of May 12, 2005 – August 2005, The United States Office of Personnel Management, The Clerk of the Board at the Merit System Protection Board, The Office of Inspector General, Members of Congress, The United States Senate, The United States Attorney General Office, The United States Postal Service (Victor M. Reyes & Barbara Singleton) and the Office of Special Counsel (case # MA 051967) all have received the Plaintiff's information through via Fed Ex Express Service with tracking numbers as follows: 8457 1449 0653, 8511 4370 9120, 8511 4370 9108, 8511 4370 9119, 8457 1449 0664, 8375 6325 7609, 8375 6325 7594, 8449 8875 6793, and 8449 8875 6819. Please go to Fed Ex.com for delivery confirmation.

Through the above sources and outlets alone, the Defendants have had well over enough time to consult, assist and response to the Plaintiff in many ways. The Defendant continued to ignore and failed to response, causing an enormous amount of funds, time, energy and efforts to be exhausted by the listed persons or agencies stated above. Due to the defendant's negligence actions in failing to proper represent caused this upon self resulting in breach of contract to justify this judgement by default.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

5

## IV

The Defendants were served properly through it's own service by the United States Postal Service by hand certified mail delivery.

The Defendants had well over enough time to response to the courts' summons. Therefore, the default summary judgement should remain and the Defendant should have 20 days to render judgement amount in the form of a check through the courts to show the courts that such court order as been honored to bring this matter before the courts to a complete close.

## V

If the courts wishes to remove the summary judgement and allow the defendant to state it's case then such amount of award should be raised from **$300,000.00** to **1,000,000.00** (one million dollars). The Defendant must be obligated to sign the attached consent to proceed before a United States Magistrate Judge for all purpose and to be held liable for all court expense, travel expense, etc. This is only fair without causing prejudice. If the courts refuse to remove summary judgement by default then the Defendant (APWU) needs to pursue actions or a claim against the United States Postal Service, the United States Merit Protection Board and its members affiliates (John Hall, Sr., Keith Robinson and President Samuel Anderson) for their wrongful

1  actions they participated in this wrongful removal or

2  termination.

## PLAINTIFF'S REQUEST MOTION TO ENTER DISCOVERY

The Plaintiff hereby requests to enter these items of documentation into discovery to be use in the summary judgement and at the time of a jury trial if needed.

1. Exhibit #1: Three pages of proof of information sent via fax to the Defendant.

2. Exhibit # 2: ten pages of pay studs to show the courts and the jury the Plaintiff paid monthly / regular union members dues of $12.50 each month.

3. Exhibit # 3: Three pages of proof to show the courts and the jury the Plaintiff's stand and requesting union assistance and involvement. Consist of letter to the MSPB by fax, certificate of service, fax log sheet dated September 28, 1999.

4. Exhibit # 4: Three pages to show the courts and the jury of official union business as stated in the Plaintiff's initial complaint. See PS Form 7020 with Keith Robinson initials confirming union business and letter dated November 5, 1998 confirming Keith Robinson's involvement.

5. Exhibit # 5: Three pages to show the courts and the jury who is Agency (USPS) designated representative which is Barbara J. Singleton who is fully responsible for any submission throughout this wrongful process.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

6. <u>Exhibit # 6</u>: One page will show the courts and the jury the Plaintiff's communication to the MSPB requesting not to represent himself.

7. <u>Exhibit # 7</u>: Five pages will show the courts and the jury the United States Postal Service's response and argument toward this wrongful removal or termination as stated in the Plaintiff's initial complaint.

8. <u>Exhibit # 8</u>: two pages will show the courts and the jury the Plaintiff's attempt to cease this unnecessary harassment by submitting a money order in the amount of $50.00. Money order was paid to the United States Postal Service for such pay period of time they so alleged or claim the Plaintiff took or stole. This Money order was sent by certified mail delivery with an article number of <u>Z 495 116 933</u> to the Operation Manager by the name of William Oshab. The United State Postal Service accepted and receipt of money order on December 29, 1998.

9. <u>Exhibit # 9</u>: One page of proof of communication sent to the Defendant by way of certified mail with return receipt on the following days: September 4, 1998, to the United States Postal Service, Attn: Akinkyinka Akinyele with a tracking article number of <u>P 407 703 902</u>. November 2, 1998, communication sent to the United States Postal Service's Operation Manager, Attn: William Ochab with a article tracking number of <u>P 407 703 904</u>, signed on

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

8

1    November 3, 1998 by Miles Bess, Sr. On January 4, 1999, a

2    communication was sent to the United States Postal

3    Service's Equal Employment Opportunity to file an EEO

4    claim. This claim was denied. This communication was sent

5    by certified mail with return receipt with a tracking

6    article number of Z 430 865 849. It was delivered and

7    signed for on January 7th, 1999 by Ada Smith.

8    10.   Exhibit ten: Proof of communication from Senior

9    Training Specialist Frank T. Readus expressing interest

10    in career advance and arranging a meeting to support the

11    Plaintiff's initial complaint pending promotion to a

12    higher staff position within the United States Postal

13    Service.

14    11.   Exhibit eleven: Seven pages of proof of wrongful

15    submission mail to the Merit System Protection Board on

16    November 30, 1998 by certified mail delivery article

17    number P 407 703 898 and stamped received by the MSPB on

18    December 3, 1998. As stated in these documents, the

19    courts and the jury will see where the Plaintiff informed

20    such Board that the Plaintiff was still working. The

21    Plaintiff was under the union collective bargaining

22    agreement that established the lack of jurisdiction claim

23    and wrongful submission and that such actions

24    administrated upon the Plaintiff were not justified.

25

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

12.   Exhibit twelve: Five pages dated October 1, 1998 and
October 27, 1998, subject notice of removal and letter of
decision for UNACCEPTABLE CONDUCT given to the Plaintiff
by Michael K. Dlouhy, Supervisor, Distribution Operation.
Page 2 shows the address where the Plaintiff has served
the Defendants. Page 3 shows the pay administration
provided by Michael K. Dlouhy showing back pay
entitlement due to the Plaintiff. See section 436 this
will show the court and jury that such Plaintiff's claim
is truthful and has great merits.

13.   Exhibit thirteen: Six pages from the Plaintiff's Union
handbook that will show the court and the jury the
explanation of **Article 16** entitled Discipline Procedure.

14.   Exhibit fourteen: Five pages from the U.S. Merit
System Protection Board will show the courts and the jury
that this entire process was a fraudulent one from the
start. The MSPB board never had jurisdiction and no one
from the Union never fought, defend or explain to the
board on the Plaintiff behalf. The courts and the jury
can see that such union representative by the name of
John Hall, Sr. was at the same address were Mr. Hall and
Mr. Samuel Anderson were officially served by express
certified delivery with a tracking number of EQ 241268287
US on February 9, 2006. Thereby given such union and its
affiliates 20 days according to the court to submit a

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

response to the court and the Plaintiff. The addresses where such summons were served, the President of the Union Mr. Samuel Anderson had well over enough time to express mail such summons to the national headquarters for response.

15.  Exhibit fifteen: Six pages showing proof to support the Plaintiff's claim and statements for being removed, terminated for going outside on breaks, lunches to get fresh air as recommended by the Plaintiff's physician and approved by the Plaintiff's management.

16.  Exhibit sixteen: Six pages of support, warning notices and the Plaintiff's written communication to John Hall, Sr. who so claim was supporting and representing the Plaintiff during this wrongful process. These documents are for the courts and the jury to see that a Member of Congress warned these parties or subjects in this lawsuit and each of them had well over enough time to comply with the employment laws.

17.  Exhibit seventeen: One page of support from the Department of Employment Security informing the Defendants that such discharge was not justified.

18.  Exhibit eighteen: One page of support from the United States Postal Service showing a promotion or change in craft due to outstanding performance as of October 6, 1998 with an effective date of September 26, 1998. This

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

document will explain to the courts and jury that such removal, discharged or termination was not acceptable and to show that the Plaintiff was officially removed from his post as a Mailhandler and not a Mail Processor. At the time of the removal the Plaintiff had a collective bargaining agreement in place as a Mail Processor.

19.  Exhibit nineteen: Three pages from a certified federal investigation report taken by the Plaintiff's first line supervisor Mr. Thomas V. Abraham. This report will justify the Plaintiff's initial complaint as truthful, accurate and correct and justify the Plaintiff never had any problems relation to alcohol, drug, absent or any other abuse or corrective actions problems.

The Plaintiff rests and places this MOTION in the hands of the courts. After the court review the facts and the Plaintiff's defense, The Plaintiff feels the courts will make the proper and correct decision concerning the Defendant's request and the Plaintiff's request to deny the Defendant's request.

End of MOTION request:

**I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.**

Respectfully submitted,

Samuel L. Clemmons
Plaintiff, Pro Se

Attachments: Consent to Proceed before judge or jury trial
**Exhibits 1 - 19**

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SAM CLEMMONS** ) | |
| ) | |
| **Vs.** ) | |
| **AMERICAN POSTAL WORKERS** ) | Civil Action No. **06 0115** -ƘС L |
| **UNION, AFL-CIO** ) | |
| **DATE STAMP: 01/18/2006** ) | |
| ) | |
| Defendant(s) ) | |

## CONSENT TO PROCEED BEFORE
## A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of 28 U.S.C. § 636(c)(3), the parties to the above-captioned civil matter by and with the advice of their counsel hereby voluntarily waive their rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

_____        _10 APREC  2006_
Attorney for the Plaintiff(s)                        Date

_____        _____
Attorney for the Defendant(s)                        Date

NOTICE: The foregoing Consent by Counsel shall be accepted upon the understanding that all counsel have secured the consent of their respective clients to the Consent and Referral to a United States Magistrate Judge for all purposes.

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to a United Sates Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C.§ 636(c)(3) and the foregoing consent of the parties.

_____        _____
United States District Judge                        Date

NOTE:    RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
         TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE.

CO-942B
Rev 3/95
Rev 7/99

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

### NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

**WHAT IS THE PROCEDURE?**

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

**WHAT IS THE ADVANTAGE?**

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99