*[Handwritten note at top: "ANYTHING BEYOND THIS POINT DUE TO ALL THE ERRORS IN RELATION TO THE CASE LAWS AND LABORS LAWS FOR THIS MATTER TO BECOME FINAL IT NEEDS TO BE HEARD AND ADM. IN A COURT OF LAW - WHERE ARE THE APPELLANT UNION REPS SUCH AS THE MAIL HANDLER UNION THE MAIL PROCESSING UNION"]*

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**CHICAGO REGIONAL OFFICE**

| | |
|---|---|
| SAMUEL L. CLEMMONS, Appellant, | DOCKET NUMBER CH-0752-99-0118-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, Agency | DATE: December 22, 1998 |

## Agency Response

The Agency through its representative hereby responds to the order of December 4, 1998. All documents submitted in the Agency Response File are certified as being true copies.

The appellant did not file a formal complaint of discrimination in this matter.

The Agency submits that the Appellant's appeal, in the form of a letter dated October 27, 1998, is not within the Merit Systems Protection Board's jurisdiction. The Appellant was hired by the Postal Service on December 6, 1997, as a Part-Time Regular Mailhandler. The Appellant requested a change of craft to the position of Mail Processor, PTF. His request was approved, and he was reassigned/CAO to the position of Mail Processor, PTF at the Irving Park Road Facility effective September 26, 1998.

U. S. Postal Inspectors received information concerning timekeeping irregularities associated with the Irving Park Road Processing and Distribution Center.

Beginning June 29, 1998, U. S. Postal Inspectors began observations, video surveillance of the employee entrance, video surveillance of timecard transactor and reviewing timekeeping and access control records. On approximately July 14, 1998, Postal Inspectors began focusing on the appellant and conducted an investigation concerning his conduct during this period. The results of this investigation was reported to the Plant Manager.

*[Handwritten: "ADMISSABLE (J)"]*

2

By notice dated September 16, 1998, you were issued a Notice of Removal. The notice charged him with Unacceptable Conduct; and outlined the information contained in the Postal Inspector's investigation, which revealed that on at least three (3) occasions between July 14, 1998 and July 23, 1998, the Appellant had been out of the facility while on the clock a total of four (4) hours and eighteen (18) minutes. The Notice of Removal dated September 16, 1998, was rescinded by notice dated September 25, 1998. Thereafter, a Notice of Removal dated September 25, 1998, were re-issued to the appellant. The Notice of Removal dated September 25, 1998, was amended by Notice dated October 1, 1998. The Appellant was issued a Notice of Proposed Removal dated October 1, 1998.

By notice dated October 27, 1998, Appellant was issued a decision to remove him effective October 30, 1998. The notice gave the Appellant his right to appeal the decision to the Merit Systems Protection Board. Thereafter, the Appellant, by letter dated October 30, 1998, acknowledged receipt of the Letter of Decision and the information concerning the Merit Systems Protection Board. This notice also gave him his appeal rights to the Merit Systems Protection Board. However, the Appellant failed to file his appeal to the MSPB until December 3, 1998, which is well beyond the 30-day time limit.

Consequently, Appellant did not have the required one year of current-continuous service in a same or similar position when these actions were taken on September 25, 1998. **See White v. USPS, 34 MSPR 687 (1987).** Also, the Agency submits that the appellant's appeal to the board is untimely filed.

If the Postal Service employee is not a preference eligible, there is no appeal to the MSPB. Executive Order 11787 does not grant a Board appeal right to an individual who does not have that status.

The Board's regulations at 5 C. F. R. 1201.22 (b) (1994) require appeals to be filed within thirty (30) days of the effective date of an adverse action.. An untimely filing may be excused only if the appellant provides a reasonable excuse for the delay. **See Alonzo v. Dept. of the Air Force, 4 M.S.P. R.** There is nothing submitted in the appellant's record that would demonstrate that the appellant was so incapacitated that she could not prepare or mail her appeal or direct a third party to do so on her behalf. **See Juchert v. USPS, 2 MSPR 104, 2 MSPB 271 (1980).**



3

### 3. CONCLUSION

The Agency submits that as a non-preference eligible employee in the Postal Service, the Appellant does not have right of appeal to the Merit Systems Protection Board under Chapter 75 procedures. Such right is afforded only to preference eligible employees of the Postal Service.



The agency further submit this appeal is not within the jurisdiction of the Board due to untimeliness. The Board permits an appeal to be filed within thirty (30) days of the effective date of the decision. The effective dated of the appellant's decision was October 30, 1998, he did not appeal to the Board until December 3, 1998.

The Agency submits that the Appellant's appeal is not within the Appellant jurisdiction of the Merit Systems Protection Board, and should be dismissed. We further submit that the removal of the appellant is for such cause to promote the efficiency of the service.

Barbara J. Singleton
Agency Representative
U. S. Postal Service

(L)

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
CHICAGO REGIONAL OFFICE

| | |
|---|---|
| SAMUEL L. CLEMMONS, Appellant<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, Agency | Docket Number<br>CH-0752-99-0118-I-1<br><br>Date:   January 26, 1999 |

### LACK OF JURISDICTION

The Agency contends that the MSPB lacks jurisdiction over this case. According to MSPB regulations, a Postal Service employee who is a preferenced eligible must have completed one year of current continuous employment in the same or similar position at the time an action is issued to have appeal rights before the MSPB. According to Wolff v. USPS, 37 MSPR 599 (1988), the agency action removing an employee commences with the issuance of the proposed notice, not when the agency issued its final decision. Because the proposal notice was issued prior to the employee having a year of continous service, the Board did not have jurisdiction over the employee's appeal. In McGinnis v. USPS, 49 MSPR 521 (1991), the Board also ruled that since the employee did not complete a year of continuous service until after the action was taken by the agency, the employee could not establish Board jurisdiction. In addition, MSPB case law states that jurisdiction may be raised at any time during the proceeding (Meyers v. Dept. of Army, 35 MSPR 417, 420 n.3 (1987).





In this case, the appellant, Samuel Clemmons, was issued a Notice of Removal dated September 25, 1998, which was amended by letter dated October 1, 1998 (received by employee on October 5, 1998). His effective date of employment with the Postal Service was December 7, 1997, therefore he did not have a year of service at the time he was issued his proposed removal action. The Agency contends that since Mr. Clemmons was issued his proposed removal notice two months prior to having a year of continuous service, he does not have a statutory right to appeal and therefore, the Board does not have jurisdiction over his case. The Agency requests the appeal be dismissed.

As requested by Judge Scott Cooper on January 25, 1998, the appellant's clock rings indicating his last day in a pay status was December 17, 1998, are attached.

Respectfully submitted,

*Cindy M. Wheeler*    ??
Cindy M. Wheeler
Sr. Labor Relations Specialist
433 W. Harrison St.
Chicago, IL 60607-9403
(312) 983-8632

