## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     PLAINTIFF | ) |
| | ) |
| v. | ) Case No.:1:06-cv-00115-RCL |
| | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| AFL, ET AL., | ) |
|     DEFENDANTS. | ) |
| | ) |

## MOTION TO DISMISS

Defendant, U.S. Merit Systems Protection Board (MSPB or Board), moves to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the Court lacks subject matter jurisdiction over the plaintiff's claims against the MSPB and the complaint fails to state a claim upon which relief can be granted. The grounds for this motion are set forth in the accompanying memorandum of points and authorities. A proposed order is attached.

Respectfully Submitted,

_____
ROSA M. KOPPEL
Deputy General Counsel
U.S. Merit Systems Protection Board
Office of the General Counsel
1615 M. Street, N.W.
Washington, D.C. 20419
Telephone: (202) 653-6772, ext. 1293
D.C. Bar No. 405779

## I IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|     PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) Case No.:1:06-cv-00115-RCL |
| | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| AFL, ET AL., | ) |
|     DEFENDANTS. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MERIT SYSTEMS
## PROTECTION BOARD'S MOTION TO DISMISS

Defendant, U.S. Merit Systems Protection Board (MSPB or Board)[1], submits this memorandum in support of the accompanying motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff was an employee of defendant United States Postal Service (USPS). Following the discovery of two unauthorized departures from work on July 14, 1998 and July 24, 1998, USPS removed plaintiff from his position as a

---

[1] MSPB has statutory independent litigating authority. Pursuant to 5 U.S.C. § 1204(i), except for Supreme Court litigation, "attorneys designated by the Chairman of the Board may appear for the Board, and represent the Board, in any civil action brought in connection with any function carried out by the Board pursuant to this title or as otherwise authorized by law."

mail handler.  <u>Clemmons v. United States Postal Service</u>, 232 F.3d 911 (Table) (Fed. Cir. 2000).[2]  The stated reason for plaintiff's removal was unacceptable conduct.

On February 4, 1999, after plaintiff filed an appeal with the MSPB, he entered into a settlement agreement with USPS. In exchange for the sum of $3,089 and recording his dismissal as a resignation, plaintiff agreed to withdraw his appeal to the Board.  Upon review of the settlement agreement, an administrative judge of the MSPB found it to be lawful and entered into freely by the parties.  Based on the existence of the settlement agreement, the administrative judge dismissed plaintiff's appeal.  Afterwards, plaintiff appealed the dismissal to the full Board which in a final order on August 5, 1999, dismissed that appeal because the matter had been settled pursuant to the settlement agreement.  Plaintiff appealed the MSPB's final order to the U.S. Court of Appeals for the Federal Circuit.  On April 7, 2000, the court affirmed the MSPB, finding that the MSPB had not abused its discretion when it concluded that the matter of plaintiff's removal was resolved by a valid settlement agreement.

---

[2] This is an unpublished and nonprecedential opinion of the U.S. Court of Appeals for the Federal Circuit that is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.  According to Rule 47.6(b) of the Rules of Practice for that court, a nonprecedential decision may not be employed or cited as precedent.  However, the rule states that it does not preclude "assertion of claim preclusion, issue preclusion, judicial estoppel, law of the case, or the like" based on the nonprecedential decision. MSPB is not citing the decision as precedent but, instead, only to provide background information and to assert res judicata or claim preclusion.

In the instant action, plaintiff seeks to relitigate his removal and the validity of the settlement agreement before this Court.  For this reason, the Court should dismiss the complaint.

## ARGUMENT

The Board's motion is brought under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, which address the Court's lack of jurisdiction over the subject matter and failure to state a claim upon which relief may be granted.

Under Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence. Pitney Bowes, Inc. v. U.S. Postal Service, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).   In reviewing a motion filed under Rule 12(b)(1), the court must accept as true all the factual allegations contained in the complaint.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). It is well established in the D.C. Circuit that a court may consider material outside of the pleadings in its effort to determine whether the court has jurisdiction over the case.  EEOC v. St. Francis Xavier Parochial School, 117 F.3d 621, 624-25 n.3 (D.C.Cir. 1997); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C.Cir. 1987).

A motion to dismiss pursuant to Rule 12(b)(6) tests whether a cognizable claim has been pleaded in the complaint. Covad Communications v. Bell Atlantic

Corp., 398 F.3d 666, 676 (2005). When evaluating a motion to dismiss brought pursuant to Rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Warren v. District of Columbia, 353 F.3d 36, 37 (D.C.Cir. 2004). Essentially, Rule 12(b)(6) allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

1. **This court lacks subject matter jurisdiction over plaintiff's claims because the CSRA provides the exclusive redress for adverse federal employment actions and thus precludes his claims relating to MSPB's adjudication of his appeal.**

Plaintiff's claims against the MSPB arise out of MSPB's adjudication of his appeal from USPS's decision to remove him from federal service. His appeal was considered by the MSPB and the U.S. Court of Appeals for the Federal Circuit under the Civil Service Reform Act of 1978 (CSRA), specifically, 5 U.S.C. §§ 7701 (appellate procedures of the MSPB) and 7703 (judicial review of MSPB decisions).

The CSRA is a comprehensive statutory scheme which governs the administrative and judicial review of adverse personnel actions against federal employees. United States v. Fausto, 484 U.S. 439, 443 (1988). Congress intended the CSRA to function as the exclusive avenue for review of agency

personnel actions.  Id. at 447-52.  A key purpose of the CSRA was "to replace the
haphazard arrangements for administrative and judicial review" of personnel
actions, review that often involved appeal of agency decisions "to the district
courts through … various forms of action …, including suits for mandamus,
injunction, and declaratory judgment."  Id. at 444 (citations omitted). Congress
created in the CSRA a remedial structure that "avoids an unnecessary layer of
judicial review in lower federal courts and [e]ncourages more consistent judicial
decisions …." Id. at 449 (citations omitted).

    Pursuant to the CSRA, plaintiff brought his claim to the MSPB and then
appealed to the Federal Circuit.  Now, six years after the Federal Circuit issued
its decision, plaintiff argues that this Court should hear his complaint because the
agency's action was based on gender and disability discrimination.  Complaint,
page 9, line 17- page 10, line 10.[3]  He asks this Court to permit him to file a
complaint with the Equal Employment Opportunity Commission (EEOC) against
defendants American Postal Workers Union (apparently, for its failure to assist
him with a grievance over his removal) and USPS. Id. at page 10, lines 7-10.
However, the CSRA precludes the Court from granting plaintiff's request.

    Assuming arguendo that plaintiff's appeal before the Board included the
discrimination claims, the CSRA provided him with an opportunity to file a

_____

[3] Plaintiff's complaint consists of numbered pages with numbered lines but has
unnumbered paragraphs. Accordingly, this memorandum refers to portions of the
complaint by page and line number.

complaint with the EEOC. Under 5 U.S.C. § 7702(a)(1), had plaintiff not opted

for settlement, MSPB would have issued a decision both on his removal and on

the discrimination claims.[4] Then, under section 7702(b)(1), plaintiff would have

had 30 days after MSPB's final order to file a petition with the EEOC and, after

the EEOC issued a decision or failed to do so within 180 days, he could have

filed a civil action in district court.  See 5 U.S.C. § 7702(e)(1)(C). In the

alternative, plaintiff could have gone directly to district court after the MSPB

issued a decision.  See 5 U.S.C. § 7702 (a)(3)(A). He would have had 30 days to

do so after receiving notice of the MSPB's final order. See 5 U.S.C. § 7703(b)(2).

Instead, plaintiff opted to appeal the MSPB's order to the Federal Circuit.  The

CSRA does not give him the option of filing the same claim, six years later, with

a different court in an attempt to obtain a more favorable outcome.

2. **Plaintiff's collateral attack on MSPB's decision is barred under the doctrine of res judicata.**

The doctrine of res judicata bars a claim when there has been a final

judgment on the merits in a prior suit involving the same parties or their privies

and the same cause of action. See I.A.M. v. Nat'l Pension Fund v. Indus. Gear

Mfg. Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983). The four factors that must exist

---

[4] The MSPB can hear a discrimination claim based on any one of the following statutes: (1) section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-16); (2) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 206(d)); (3) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. § 791); and (4) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 631 and 633a). See 5 U.S.C. § 7702(a)(1)(B).

for res judicata to apply are: (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits.  Polsby v. Thompson, 201 F.Supp.2d 45, 48 (D.D.C. 2002), citing Brannock Assocs, Inc. v. Capitol 801 Corp., 807 F. Supp. 127, 134 (D.D.C. 1992).  The purpose of res judicata is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation."  Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Plaintiff and defendant USPS both were parties to the litigation before the Federal Circuit in 2000.  Although MSPB was not named in the action before the Federal Circuit, its order was being litigated and it was being defended by the USPS. Therefore, for purposes of res judicata, USPS is in privity with the MSPB because they are agencies of the federal government and USPS had the authority to represent the MSPB's interests before the Federal Circuit. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940).  Therefore, the first factor for res judicata is present.

The Federal Circuit, a court of competent jurisdiction, rendered a final judgment on the merits of the MSPB's denial of plaintiff's petition to review the administrative judge's decision to dismiss plaintiff's appeal because of the settlement agreement.  Therefore, the second and third factors for res judicata are present.

The fourth factor, the same cause of action in both suits, is present as well. Plaintiff's complaint is squarely based upon a collateral attack against the MSPB's order.  Plaintiff contends that the MSPB "never had jurisdiction" over his complaint. Complaint at page 2, line 11; see also page 4, line 25; page 5, line 7.  Based on his view that the MSPB lacked jurisdiction over his appeal, an appeal that he himself brought before the MSPB, plaintiff characterizes the proceedings before the administrative judge as "fraudulent."  Complaint, at page 3, line 10; page 4, line 19; page 7, line 4. In addition, plaintiff suggests that the administrative judge "force[d] or administer[ed] the plaintiff to resign and keep the plaintiff's argument or rebuttal off the record." Id. at page 3, lines 20-22. Plaintiff could have raised any or all of these allegations before the full Board and the Federal Circuit. Res judicata bars him from relitigating this matter here.

**<u>CONCLUSION</u>**

For the reasons stated above, we respectfully request the Court to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

Respectfully Submitted,

_____
ROSA M. KOPPEL
Deputy General Counsel
U.S. Merit Systems Protection Board
Office of the General Counsel
1615 M. Street, N.W.
Washington, D.C.  20419
Telephone:  (202) 653-6772, ext. 1293
D.C. Bar No. 405779

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion to Dismiss of the U.S. Merit Systems Protection Board and Memorandum in Support were mailed to the following on this 8th day of May, 2006.

     Mr. Sam L. Clemmons
     548 Saint Charles Place
     Brookhaven, MS  39601



                    _____
                    ROSA M. KOPPEL