UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-0115 (RCL) |
| | ) |
| AMERICAN POSTAL | ) |
| WORKERS UNION, et al | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Federal Defendant, the United States Postal Service, respectfully moves the Court, pursuant to Rules 8(a), 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all of Plaintiff's claims in this action on the grounds that Plaintiff has failed to set forth a short and plain statement of each of his claims, that the Court lacks subject-matter jurisdiction over Plaintiff's claims, and his claims fail to state a claim upon which relief can be granted. Alternatively, Defendant moves the Court for an order that the Plaintiff amend his Complaint to make a more definite statement of his claims. In support of this Motion, Defendant submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                    _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                    _____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
|       Plaintiff, | ) |
|       v. | ) Civ. Action No. 06-0115 (RCL) |
| AMERICAN POSTAL WORKERS UNION, et al | ) |
|       Defendants. | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Plaintiff Sam L. Clemmons's confusing and prolix Complaint consists of twelve pages without numbered paragraphs, which catalogs a variety of events, but never clearly identifies the specific claims being advanced in this lawsuit. Instead, the Complaint consists of vague, rambling and often repetitive assertions. Liberally construed, Plaintiff's Complaint appears to allege a broad spectrum of allegedly improper conduct by the Merit Systems Protection Board ("MSPB"), the American Postal Workers Union ("APWU"), and the United States Postal Service ("USPS"), ranging from a lack of jurisdiction of the MSPB to hear his appeals, insufficient representation by the APWU, and wrongful termination by the USPS. Because Plaintiff's Complaint is so difficult to understand and seems to raise claims for which the Court lacks subject-matter jurisdiction, the Complaint should be dismissed under Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**PROCEDURAL BACKGROUND**

On December 18, 1998, see <u>Clemmons v. USPS</u>, 1999 WL 33451367 (February 5, 1999) (attached hereto as Exhibit 1), "[f]ollowing the discovery of two unauthorized departures from work on July 14, 1998 and July 24, 1998, the United States Postal Service issued notice to and removed Clemmons from his position as a mail handler." <u>Clemmons v. United States Postal Service</u>, 232 F.3d 911 (Fed. Cir. 2000) (attached hereto as Exhibit 2). Plaintiff and the USPS entered into a settlement agreement on February 4, 1999. <u>See id.</u> "In exchange for the sum of $3,089 and recording his dismissal as a resignation, Clemmons agreed, *inter alia*, to withdraw his appeal from the board and to never again seek employment with the Postal Service." <u>Id.</u> Thereafter, "upon review of the settlement agreement, the administrative law judge found it to be lawful and entered into freely by both parties." <u>Id.</u> Plaintiff appealed the final order of the MSPB, "dismissing his case because the matter had been settled pursuant to an agreement." <u>Id.</u> On April 7, 2000, the United States Court of Appeals for the Federal Circuit affirmed. <u>Id.</u>

**LEGAL STANDARDS**

Defendant moves to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." <u>Thompson v. Capitol Police Board</u>, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is

2

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

     A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id. In connection with this rule, Defendant has submitted herewith materials from Plaintiff's case before the MSPB and the United States Court of Appeals for the Federal Circuit..

     Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal

conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Applying these standards demonstrates that Plaintiff's Complaint should be dismissed. Applying these standards demonstrates that all of Plaintiff's Complaint should be dismissed.

## ARGUMENT

By filing a Complaint in this Court, Plaintiff appears to be attempting to relitigate issues which have already been decided. As an initial matter, the complaint fails to meet the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Although the Court must review Plaintiff's complaint liberally, since complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se litigants must still comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires, inter alia, that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the minimum standard of Rule 8 is to give fair notice to defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of res judicata applies. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff's Complaint fails to comply with the requirements of Rule 8.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court lacks personal and subject matter jurisdiction over this case. "In reviewing a motion to dismiss for lack of

subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81. The Complaint does not explain what jurisdictional basis the Court has to award Plaintiff his requested relief. The relief Plaintiff requests on page 9 of the Complaint seems to seek money damages for his wrongful termination from the USPS. However, as noted above, Plaintiff entered into a settlement agreement with the Postal Service on February 4, 1999, wherein "for the sum of $3,089 and recording his dismissal as a resignation, Clemmons agreed to withdraw his appeal from the board [MSPB] and to never again seek employment with the Postal Service." Clemmons v. United States Postal Service, supra, 232 F.3d 911. The Complaint should be dismissed for lack of subject-matter jurisdiction.

Additionally, the Complaint fails to state a claim upon which relief can be granted since Plaintiff's rambling allegations fail to identify sufficiently the laws that Defendant has allegedly violated[1] and the specific governmental actions Plaintiff is challenging. Fed.R.Civ..P. 12(b)(6). Plaintiff's allegations are so disjointed, prolix, and opaque that, for the most part, Defendant

---

[1] While Plaintiff's meandering 12-page Complaint does mention caselaw, it is unclear how the government violated any statutes.

cannot determine upon what basis Plaintiff seeks relief.

To the extent Plaintiff is asserting that he has a right to challenge in this Court, the exercise of jurisdiction of the MSPB and the Court of Appeals for the Federal Circuit, because of his rights under a collective-bargaining agreement, his argument is unsupported by relevant statutes. A United States district court does not have jurisdiction to review final orders from the MSPB because, with very few exceptions, the Federal Circuit's jurisdiction is **exclusive.** See 28 U.S.C. § 1295(a)(9)("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5.").[2]

Further, courts have long held that while the rights of eligible Postal Service employees to appeal to the MSPB are not foreclosed by the availability of parallel remedies under a union contract, see Bacashihua v. Merit Systems Protection Board, 811 F.2d 1498, 1502 (Fed. Cir. 1987), a collective bargaining agreement "may provide that once an appeal to the Board is initiated, the right to elect the grievance procedure is waived." Id. In this case, "the national agreement between the agency and the American Postal Workers Union, [Plaintiff's] bargaining representative, provides in Section 9 of Article 16, that if an employee appeals pursuant to procedures set forth in the Veterans Preference Act,[3] the employee waives access to any procedure under the collective agreement beyond step 3 of the grievance-arbitration procedure,"

---

[2] Pursuant to 5 U.S.C. § 7703(b)(2), a district court has jurisdiction to review final decisions of the MSPB only when a petitioner has alleged discrimination under the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, or the Fair Labor Standards Act of 1938. Since Plaintiff's Complaint is not based on any of these statutes, this Court lacks subject matter jurisdiction.

[3] According to Plaintiff's Complaint, he is "a 10 point veteran." See Complaint at 9.

Bacashihua, 811 F.2d at 1502, if an MSPB settlement agreement is reached.  See Agreement between USPS and AMPWU (attached hereto as Exhibit 1) at 16.9.  Since Plaintiff entered into a settlement agreement, there is simply no basis for the assertion that his collective bargaining rights deprived the MSBP of jurisdiction.

In the alternative, to the extent this Court has jurisdiction, and Defendant does not concede that it does, Plaintiff's challenge to MSPB's dismissal of his case is barred by res judicata.  The doctrine of *res judicata* does not allow him a second chance to relitigate these same claims.  See Apotex, Inc. v. Food & Drug Admin., 393 F.3d at 210, 217 (D.C. Cir. 2004) (Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts.  In pursuing this inquiry, the court will consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.)) (citations omitted); L-Tec Electronics, Corp. v. Cougar Electronic Org., 198 F.3d 85, 88 (2d Cir. 1999) (claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.); Wise v. Gluckman, 257 F. Supp. 2d 123, 128 (D.D.C. 2003) (holding that doctrine of claim preclusion dictates that prior final judgment against parties to a lawsuit bars any further claim based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.)).

As noted above, the United States Court of Appeals for the Federal Circuit already affirmed the MSPB's dismissal of Plaintiff's claim, finding that the "board did not abuse its discretion by concluding that the matter of [Plaintiff's] dismissal was resolved by a valid

7

settlement agreement, entered into voluntarily." Clemmons, 232 F.3d at 911.  The Court further noted that "where, as here, the board's findings are supported by substantial evidence on the record as a whole, its decision will be upheld." Id. (citation omitted).  Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) & (6).

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W. - Room E4112
Washington, D.C.  20530
(202) 307-0338

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **8th** day of **May**, 2006, a true and correct copy of the foregoing Motion to Dismiss or for More Definite Statement, along with the supporting papers and a proposed order, were served upon <u>pro se</u> Plaintiff, by first class United States mail, postage prepaid, to:

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

_____
KAREN L. MELNIK D.C. Bar #436452
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 06-0115 (RCL) |
| | ) | |
| AMERICAN POSTAL | ) | |
| WORKERS UNION, et al | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

UPON CONSIDERATION of the Defendant's Motion To Dismiss and Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss, it is this ____ day of _____, 2006, ORDERED that Defendant's motion should be and it hereby is granted; and it is, FURTHER ORDERED that Plaintiff's Complaint be and hereby is dismissed, with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Karen L. Melnik
Assistant United States Attorney
Judiciary Center Building, Rm. E4112
555 4th Street, N.W.
Washington, D.C.  20530

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601