# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS              )
        PLAINTIFF, PRO SE    )
                    )
vs.                              )
                    )
                    )
AMERICAN POSTAL WORKERS          )
UNION,AFL, et al                 )
        DEFENDANTS           )
                    )
_____)

CASE NUMBER: 1:06CV00115

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: EMPLOYMENT
           DISCRIMINATION
DATE STAMP: 01/18/2006
**May 22, 2006**

## PLAINTIFF'S MOTION REQUEST NOT TO DISMISS BUT FOLLOWS WITH A CLEARER COMPLAINT AND MOTION REQUEST TO SUBPOENA DUCES TECUM. PENDING IF THE DEFENDANT RESPONSE WAS TIMELY FILED

Comes Sam L. Clemmons, Plaintiff Pro Se, file this MOTION, complaint and response in the United States District Court for the District of Columbia. The Plaintiff files this response after receiving the Defendant's MOTION requests to dismiss complaint by regular mail on May 22, 2006 by regular mail with a date stamp on May 8th, 2006 against the American Postal Worker Union, AFL, the Untied States Postal Service and the Merit System Protection Board.

This response will be withheld waiting the true court's acknowledgement through the electronic document stamp. Once the Plaintiff receives such notice of electronic filing. The Plaintiff wishes to surrender his motion request to the Defendant's counsel. Reason for such withdraw the Defendant

**RECEIVED**

MAY 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SAM CLEMMONS

Vs.
UNITED STATES POSTAL
SERVICE
DATE STAMP: 01/18/2006

maybe in default if the court received such response after May 8th, 2006.

The Plaintiff in this MOTION before the courts file this motion to deny such request to dismiss and to make such record clearer, sound and justifiable for reasons for relief in the United States District Court.

The Defendant's counsel claims that such initial complaint was vague, rambling, repetitive assertions, so difficult to understand, allegations are so disjointed, prolix, and opaque that for the most part for that reason the Plaintiff enter a clearer response and a clear complaint for the record.

In defense to the Defendant's counsel statements about the initial complaint the Plaintiff hereby state in a more clear form and fashion. **The Plaintiff's complaint and argument is concerning mistreatment, violation of federal rules and regulation, unnecessary harassment, unethical behavior conducted by all three agencies resulting in employment discrimination and violation of the Plaintiff's civil rights as a career veteran employee.**

The Defendant's counsel quoted in his or her response to the court fraudulent activity by the United States Postal Service and the Merit System Protection Board. This activity by both parties led to continuous fraudulent activity in the United States Court of Appeals for the Federal Circuit. In these

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States

1  submission the Plaintiff thought such channels would see the

2  fraudulent activity and rule according to the law when the MSPB

3  never had jurisdiction rights to accept such wrongful appeal or

4  administrated anything in relation to this wrongful removal or

5  termination from the Plaintiff's career position.

6

7      The Plaintiff addresses to the Defendant's counsel if such

8  Board did have jurisdiction then you must provide to the court

9  and myself (the Plaintiff) with preponderance of evidence to

10 support your position. The Plaintiff will provide such court

11 with preponderance of evidence to show the court or a jury that

12 such Board lacked jurisdiction according to Thompson v. Capitol

13 Police Board, 120 F. Supp. 2d 78, 81 (D.D.C.2000).

14     Once I (the Plaintiff) have proven and justified my rights

15 to file this complaint in the United States District Court for

16 the District of Columbia. In the end I (the Plaintiff) will

17 clearly state my claim which relief should be granted due to

18 these wrongful, but intentional actions conducted by all three

19 parties.

20     From the very beginning of this process, I (the Plaintiff)

21 too was confused, disoriented and thought the same as the

22 Defendant's counsel has so stated in his or her response to the

23 court.

24

25     I still wonder today, if I would have not acted or

responded at all to any of the unethical behavior problems by

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States

these employees? I wonder where would I be today? Probably in the same position I'm in today fighting to clear my name and my employment record and to remove such fraudulent case you have administrated against me.

I ask the Defendant's counsel, so, what was I supposed to have done? Nothing but let them do what they have already have done and not say anything about it. Is that right? Is that proper or is that according to the law not to say anything, but allow others to get away with mischief and other illegal activities against someone? What I am doing today in this court is proper and according to the law to seek full relief and justice from these wrongful federal employees.

The Defendant's counsel cannot provide the court with one copy of hard core copy of facts of anyone who submitted any documents or performed any actions on my behalf as an employee in this federal entity. According to your client's actions or write ups, I'm the bad guy for going outside on break or going to get a bite to eat along with everyone else. Did I commit a serious violation of the law? If I did why wasn't the others treated in the same manner as I was treated, especially, the non-veterans. Therefore, this court has merits to hear and rules base on all the submissions requested by both parties before the court.

Therefore, I (the Plaintiff) have given all three parties well over enough time to correct their wrongful actions, unethical issues and misusage of government funds to perform illegal activity such as you are about to reveal to the courts and maybe before a jury.

In the end results, the Defendant's counsel will see that I (the Plaintiff) did nothing wrong and I had no reasons what so ever to allegedly have resigned from my career position. Someone should have stepped in and conducted business according to the Plaintiff's union handbook and grievance procedures.

The Plaintiff request from the Defendant's counsel to produce one hard copy of a counseling statements justifying an attempt to correct any wrongdoing by the Plaintiff.

The only relief can be granted in this matter before the courts is full recovery of all my entitlements such as back pay, recovery from Employment Equal Opportunity discrimination damages, compel and complete removal of all derogatory entries in any court records that bears my name. As I have tried to explain in many pervious requests, requesting an employment transfer to another location and to be permanently removed or disassociated myself from this corrupt but unethical facility. These means for relief request will not be substantial enough to bring the Plaintiff whole again from these wrongful actions and conduct by all three agencies. Therefore, as mention in the last

portion of this complaint monetary damage relief and no loss in
grade and time will be substantial enough to start and seek
another career opportunity or position within the federal
government.

In order for the Plaintiff's claim to be proper and
accordance with Federal Rules of Civil Procedures the Plaintiff
must file a motion with this complaint and response to subpoena
duces tecum. (*See attached motion request*)

With the above clear statements in the paragraphs said for
the record and now the Defendant's counsel should have a clear
understanding for the purpose of this complaint and understand
the relief request sought.

The Plaintiff is requesting the courts to deny such request
submitted by the Defendant's counsel for the following reasons
and they are as follow:

1. The Defendants and the Defendant's counsel have failed to
   justify accurate, true and correct reasons for such
   removal of the Plaintiff from his federal position.

2. The Defendants and the Defendant's counsel have failed to
   explain to the courts and prove to the courts what
   justifications were given when such MSPB never had
   jurisdiction while the Plaintiff was undergoing a
   collective bargaining grievance procedures with the
   Plaintiff's union officials.

3. The Defendants and the Defendant's counsel have failed to explain whom exactly does the Defendant's counsel represent in this matter before the courts. Does the Defendant's counsel represent the MSPB or the Untied States Postal Service?

4. The Defendants and the Defendant's counsel have failed to admit any wrong doing to substantiate any claim upon which relief may be granted.

5. The Defendants and Defendant's counsel have failed to provide to the court with copies of an appeal form or application showing an exact date the Plaintiff was officially removed from his new promoted position as a mail processor and not a mail handler.

6. The Defendants and the Defendant's counsel have failed to produce to the courts one hard copy of facts or evidence to show the Plaintiff did not represent himself during such fraudulent process of the Merit System Protection Board.

7. The Defendants and the Defendant's counsel have failed to admit that such Plaintiff's submission to the MSPB was not legal, proper, and according to the standard policy and procedures of the Board; therefore, making such submission not justified, not legal and not correct according to 5 C.F.R. § 1201.

8. The Defendants and the Defendant's counsel have failed to explain to the courts why the Plaintiff's union representations were denied when the Plaintiff was a union-paying member? Pay stubs will be provided as Exhibits upon the Defendant's counsel understanding of this complaint and providing the court with the subpoena documents requested.

9. The Defendants and the Defendant's counsel have failed to provide to the courts with any documentation to support their actions or stance on this matter before the courts. As so claimed and stated in their documentation to the court that such documentation was well in order and according to the laws in which they states before the court and before other fraudulent submission during the year of 1999 to 2000. The Plaintiff is requesting the Defendant's counsel to provide such accurate information to the courts to defend their position.

10.   The Defendants and the Defendant's counsel have failed to explain to the courts where such fraudulent activity or hearing took place and what documentation in writing declaring the whereabouts according to 5 C.F.R. § 1201.

11.   The Defendant's counsels have failed to provide the courts with such records such as transcripts, etc to support the Defendant's argument to show the process were

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States

done legally and correctly according to Rule 8, 12(b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedures.

12. The Defendants and the Defendant's counsel have failed to provide corrected, and accurate information to the courts as expressed by the Defendants on page 3 paragraph #2.

13. The Defendants have failed to produce any documentation showing the courts or a jury legal and binding documentation by the Defendant's designated agency legal representative named **Barbara J. Singleton.** This person name should appear on **all** documentation to support the Defendant's fraudulent actions in this case matter before the courts of Clemmons v. The United States Postal Service. If the Defendants cannot provide such court with proof then such actions conducted during this period of time is FRAUD.

14. The Defendants have failed to provide to the courts or a jury with any documentation showing a motion request to change designated agency legal representative as so claim that the Plaintiff's advance back pay in the amount of $3,089.00 is the Plaintiff's amount request to settled this matter.

15. The Defendant's counsel has failed to explain the amount stated in his or her response totaling $3,089.00.

This amount was a portion of the back pay entitlement the Plaintiff was due as the Plaintiff was given specific but verbally instructions by his union representation (Mr. John Hall). Mr. Hall advised the Plaintiff to accept such amount as an advance until this matter has been proper and officially resolved before a court of competent jurisdiction. The Plaintiff express to the Defendants and the Defendant's counsel, we are now in a court of competent jurisdiction to administrative the laws properly but correctly as the MSPB has failed to do disqualifying such administrative judge from these procedures.

16.   The Defendant's counsel failed to provide the courts with any documentation of poof showing such settlement agreement bearing the name and signature of **Barbara J. Singleton. (***Making it legal and binding***).

17.   The Defendants or the Defendant's counsel has failed to understand and provide the court with the complete understanding of the Board's regulations at 5 C.F.R. 1201.22 (b)(1994).

Due to these failures stated above by the United States Postal Service. The Plaintiff expresses to the court and a jury that the MSPB never had jurisdiction. Therefore all jurisdictions rights rest on the shoulders of the United States

District Court for the District of Columbia. Now the Defendant's counsel argues that such court lack jurisdiction. If such is true then who does have jurisdiction rights after the Plaintiff proves to the courts the MSPB never had jurisdiction rights to ever to accept or administrate anything in relation to the problems of Clemmons v. the United States Postal Service. All fraudulent actions conducted by the USPS and the MSPB and pervious court's records and fraudulent information given to the United States Postal Service's Office of Personnel Management should be compel and permanently removed from the record due to FRAUD.

The court, judge, or jury should have the rights to review all the documents to support both parties' actions before to court.

## II

**ARGUMENT**

1. The Plaintiff add for the record and to this motion not to dismiss but add these documentation of proof to the court's records which will contradict the Defendant's arguments that the USPS too argue that the MSPB lack jurisdiction. (This will be placed in **Exhibit # 6**). Once the Defendant's counsel has provided the courts with the subpoena requests.

2. The Plaintiff have added to the record of the official removal notice by the United States Postal Service showing date stamp received by the MSPB on January 25, 1999. This document will show the court and a jury conflict in communication and improper removal notice and practice by the MSPB. The Plaintiff's application provided by the MSPB should too show dates stamped on February 25, 1999 to be accurate, correct and in accordance with the policy and procedures of the Board making any communication by the Board to be legitimate. Any communication earlier then such date is not appropriate and is not in accordance with the law. These documents should accompany all subpoena documents requests to support the Defendant's counsel statements or requests before the court.

3. The Plaintiff has added in the exhibits to the courts that pursuant to any claim by the Defendants that the Plaintiff's claim was **never** proper and accordance to the law. Therefore any wrongful submission to the MSPB and redundant paperwork submitted to the Federal Circuit is not justified and should have never been accepted to taint the law and interfere with the correct procedure process. Thereby dismissing such arguments totally and outright by the Defendant's counsel.

4. The Plaintiff have added proof to the record to discredit the Defendant's counsel possible arguments concerning any Equal Employment Opportunity Commission complaint being dismissed and such outcome of such submission by the Plaintiff. This evidence will be provided to the Defendant and the Defendant's counsel and will be added to the record in **Exhibit # 8** for the record.

5. The Plaintiff have added to the record to show proof to the record that the Plaintiff was not the acting official to represent himself at this time the Defendant's counsel may wish to add and state to the court. Plaintiff contests the MSPB never had jurisdiction to administrative anything on the Plaintiff therefore any actions conducted by the MSPB were fraudulent ones and such statements or instructions by the Defendant's counsel argues hold no merit.

6. The Defendant provided such reference material to consider but failed to consider such reference material when establishing jurisdiction. See the Plaintiff complete tabs of Exhibits and such documentation of proof will show the Defendant, the Defendant's counsel, courts, and a jury that the Plaintiff was working at the time such submission was entered by the MSPB giving such matter a fraudulent docket number. By law the MSPB cannot

place a docket on hold or alter any paperwork submitted to the Board. At the time of Plaintiff submitting this communication, it should have been denied and returned according to the law.

7. The Plaintiff was not removed as a mail handler. The Plaintiff was promoted to a higher craft and was working under such craft at the time of the Plaintiff's official removal from his post resulting in wrongful termination or removal of employment without any proper but legal resignation in place.

8. Due to the Plaintiff change in craft from a mail handler to a mail processor, the Agency (USPS) waived it rights to administrative any actions against the Plaintiff. Therefore, all actions administrated by the USPS are not legal, correct or accurate according to its own policies and procedures. Please provide the court with articles to state otherwise.

9. The Plaintiff will adds to the record fraudulent communication from the MSPB dated December 4, 1998 and December 14, 1998. These communications are called the Acknowledgement Order and Order and Notice of Hearing and Prehearing Conference with specific instructions as stated in the paragraphs ordering and giving specific but wrongful instructions to the parties involved. Such Board

failed to prove to either party with jurisdiction rights to act and administer anything in relation to this unlawful removal on December 18, 1998. These communications will or should justify to the Defendant's counsel and the courts illegal actions and activity conducted by the MSPB. These documents will prove lack of jurisdiction when the Plaintiff was still working at time these documents were administrated on his new assigned post. The Plaintiff was promoted to a mail processor position and not a mail handler (**This evidence for the record will be Exhibit # 10**) once the Defendant's counsel has honored the subpoena documents requests by the Plaintiff.

10.   The Plaintiff add to the record and informs the Defendant's counsel that according to the law one cannot force, trick, con, coerce, pressure or incognizance anyone into signing anything under prescribe medication from a certified but qualified physician. The Plaintiff can prove to the court that under such alleged claim or date this fraudulent activity took place, the Plaintiff was under the care of a medical physician and taking over the counter drugs or medication for a severed condition. Therefore, making this unethical activity and conduct performed by the Board to be VOID according to the law.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States

In closing, as the Defendants have so stated in their response to the courts that such claim should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The Plaintiff's claims against the MSPB arise out of MSPB's wrongful adjudication actions from USPS' decision to remove him from federal service. The Plaintiff has established grounds and proven that the Defendant and the Defendant's counsel have no proven set of facts to support their claim. Relief should be granted as requested below in the following paragraphs and exhibits tabs that will be provided to the court for a judge, jury to witness to the facts in accordance to the law after the Defendant's counsel has satisfied the subpoena of such documents request.

The Plaintiff add to the above paragraph that according to the standard summary judgement when considering a motion for summary judgment, it is known that the court must examine **all** evidence in the light most favorable to the Plaintiff (nonmoving party). The Defendant must produce all written communication to show that the union's representatives represented the Plaintiff to its fullest or the Plaintiff waiver all rights to union representation and that all the MSPB documentation were in accordance with the law through all phases of the grievance process. The Plaintiff would like to advised the Defendant to

consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case" In this case the nonmoving party (the Plaintiff) has expressed evidence and provided such evidence to support the Plaintiff's claim. (Please review all the Exhibits carefully that will be provided to the court after the Defendant's counsel has satisfied the motion to subpoena all USPS and MSPB documents). Therefore, case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

Upon a judge and jury review, all will see employer and agency's dishonesty acts are in question and one should apply case law of _McDonnell Douglas Corp. v. SCI Tech._, Inc., 933 F.Supp. 822(E.D.Mo.1996, Rule 8 and 9(b), Fed. R.Civ.P.8(a); _Craighead v. E.F.Hutton & Co.,Inc._, 899 F.2d 485, 491 (6th Cir.1990); [United States ex rel.] O'Keefe [v. McDonnell Douglas

<u>Corp.</u>, 918 F.Supp. [1338,] 1345 [(E.D.Mo.1966)] upon entering a judgment.

The Plaintiff will be providing the court with approximately 240 pages of facts to support the Plaintiff's claim. This is well over enough evidence to support Fed. R.Civ.P.8 (a). Such facts will be provided after receipt of the requested subpoena documents provided by the Defendant's counsel.

Due to this proven intentional action by the Defendants which has caused the Plaintiff a great deal of loss of income, emotional distress, career setbacks, anxiety, etc., therefore, making such Defendants to be fully liable for all the crimes and damages sought. This was intentional act to cause harm to the Plaintiff, an intentional act to ruin the Plaintiff's careers opportunities, an intentional act to cause hardships and due stress upon the Plaintiff and the Plaintiff's family, etc.

The Plaintiff did everything possible to prevent such lawsuit. The Plaintiff acted according to the law and the due process by not being insubordinate to anyone. The Plaintiff was "intentional" given the wrongful information while working there and to appeal his removal and the Plaintiff acted in accordance to the instructions given even though such instructions were wrongful with a malice intent to mislead the Plaintiff. As the Plaintiff stated before in this complaint the Plaintiff was

confused just has the Defendant's counsel so stated his lack of understanding to the United States Postal Service unethical actions.

Therefore, all mistakes or intentional act falls on the Defendant for any and all damages done by using the government funds and time to perform an illegal act.

Therefore, the award amount the Plaintiff is requesting will cover **all** punitive damages and denial of Equal Employment Opportunity Commission's claim. Resulting in more emotional distress, lost of career; tarnish of name, public embarrassment by illegally removing the Plaintiff from his post in the present of his peers as if the Plaintiff had done major harm to the effectiveness, efficient or service of the United States Postal Service. This should cover other scarifies the Plaintiff had to endure due to the Defendants' negligence acts.

The Plaintiff did not harm anyone whatsoever and the Plaintiff had no reason to resign due to what actions so allegedly claimed by the United States Postal Service.

The award the Plaintiff seeks is a generous amount for full recovery totaling **$300,000.00 x 2 = $600,000.00 after taxes plus time and grade served should be corrected with Office of Personnel Management** as if, this incident never happen. Since the actions of the United States Postal Service seems to appear to represent the actions of the United States Merit System

Protection Board. If such is not true the United States Merit System Protection Board stands alone as a independent federal government agency who is also now in default in this matter before the courts for failing to comply and response under a court order or instructions.

The Plaintiff rests and places this MOTION not to dismiss in the hands of the courts. After the court review the facts and the Plaintiff's defense, The Plaintiff feels the courts will make the proper and correct decision concerning the Defendant's requests and the Plaintiff's requests to deny the Defendant's requests.

The award amount should be surrendered to the Plaintiff through the courts 20 days after the courts or judge have validated wrongdoing by the Defendants and have so stated such in the summary judgement award.

End of MOTION request not to dismiss:

I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.

Respectfully submitted,

*Sam L. Clemmons*

Samuel L. Clemmons
Plaintiff, Pro Se

_____          _____
Signature of Notary                  Date Stamped of Notary

Attachments: Consent to Proceed before judge or jury trial
             **Exhibits 1 - 25, & Appendix I**



STATE OF MISSISSIPPI
COUNTY OF LINCOLN
PERSONALLY appeared before me, the undersigned authority at law in and for the jurisdiction aforesaid, Samuel Clemmons who, having been by me first duly sworn, stated on her/his oath that the matters and things stated in the above and foregoing Document are true and correct as therein stated. SWORN TO AND SUBSCRIBED BEFORE ME, on this the 23rd day of May, 2006.

Tillmon Bishop, Chancery Clerk
Notary Public
Commission Expires: 12-31-07    By: Rene Broot    D.C.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of May 2006 a copy of the foregoing has been served by first-class mail; and Express Mail to the following listed below.

### Express Mail

**Office of the Clerk**
UNITED STATES DISTRICT COURT
333 Constitution Ave, NW, Room 1225
Washington, DC 20001
**Fed Ex Express Delivery: 8573 0084 4787**

### **** Regular Mail Services

### Defendant's Attorney

Karen L. Melkik
Assistant United States Attorney
United States Attorney's Office
Civil Division
555  4th Street, N.W.
Washington, DC 20530

### Witness to the Records

Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

May 23, 2006
Date

_____
Sam L. Clemmons,
Plaintiff, Pro Se