## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS      )
       PLAINTIFF, PRO SE   )
                       )
vs.                    )
                       )
AMERICAN POSTAL WORKERS  )
UNION, AFL              )
       DEFENDANTS      )
                       )
_____)

CASE NUMBER: 1:06CV00115

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: EMPLOYMENT
       DISCRIMINATION
DATE STAMP: 01/18/2006

**May 18, 2006**

## ADDENDUM TO MOTION REQUEST FOR SUMMARY JUDGEMENT AND MOTION REQUEST TO SUBPOENA DUCES TECUM

Comes Sam L. Clemmons, Plaintiff Pro Se, file this addendum to the initial MOTION in the United States District Court for the District of Columbia requesting the courts to subpoena the government records under the Freedom of Information Act (FOIA) from the United States Postal Service.

Records sought are: (1) All **twelve months** of records keeping showing all clock punches, and all time card's clock rings that will show activity of the Plaintiff. (2) Provide the court with hard copy of record keeping of all employees listed and was involved with the same violation as the Plaintiff and the Final disposition of each employee. This removal and actions by the Defendant is in relation to stealing time and being absence outside the building. The court will see the Plaintiff was not the only one accused, removed under the Defendant's claim.

RECEIVED

MAY 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**SAM CLEMMONS**

**Vs.**
**UNITED STATES MERIT SYSTEM**
**PROTECTION BOARD**
**DATE STAMP: 01/18/2006**

These records will show and reveal to the courts the Plaintiff's whereabouts at all times in such government facility of the United States Postal Service during the twelve months the Plaintiff worked at such facility. The Plaintiff is requesting from the court and the Defendants to place specific emphasis on the month of May 1998.

These records are needed to provide confirmed proof to the courts that such Defendant's actions were not appropriate an according to the law. It will validate <u>perjury under</u> oath by one of the postal worker employees under a fraudulent declaration statement before the Board.

Once the Defendants have provided such government's records such records will be added to the Appendix section of the Exhibits along with additional documents to support the Plaintiff's fraud claim and illegal activity within the United States Postal Service and the Merit System Protection Board.

These documents will end such arguments and confirmed such activity by both (MSPB & USPS) as FRAUD.

If the Defendants wish not to comply with this MOTION request then the Plaintiff will provide the courts with documents to support this request after **30 days** giving the Defendants enough time to comply with this MOTION request.

The Plaintiff rests and ends this MOTION REQUEST TO
SUBPOENA DUCES TECUM.

Respectfully submitted,

Samuel L. Clemmons
Plaintiff, Pro Se

**ATTACHEMENTS:**

- Plaintiff's Sworn MOTION requests for summary judgement and
  judgement by Default.

- Plaintiff's MOTION request to Enter Discovery

*Sam L. Clemmons, Jr.*
*548 Saint Charles Place*
*Brookhaven, MS 39601*

May 19, 2006

United States District Court
For The District of Columbia
**Attn: Office of the Clerk**
333 Constitution Ave., N.W.,
Room 1225
Washington, DC 2001

<u>Re: Case # 1:06CV00115</u>

Dear Office of the Clerk:

I am providing you with my response to the Defendant's motion request to dismiss subject case number as stated in the reference section of this letter before the court.

I am requesting to enter all the exhibits at a later date due. The court should have the exhibits for the records no later than May 24, 2006.

You should be receiving a copy of this Motion and letter request with a date stamp of May 20, 2006. If for some reason you received this communication by Fed Ex Express Service accept the regular mail date as a timely reply.

The Defendant's counsel will be advised the same.

Sincerely,

Sam L. Clemmons
Plaintiff Pro Se

CC:  Attorney Rosa M. Koppel
      Records

Attachment: Motion Request for Summary Judgement
              Plaintiff's Motion Request to Enter Discovery

*Sam L. Clemmons, Jr.*
*548 Saint Charles Place*
*Brookhaven, MS 39601*

May 19, 2006

United States District Court
For The District of Columbia
**Attn: Office of the Clerk**
333 Constitution Ave., N.W.,
Room 1225
Washington, DC 2001

<u>**Re: Motion Request Personal Leave of Absence**</u>

Dear Office of the Clerk:

I am providing you with a personal request for the all the cases pending in the United States District Court.

As of May 25, 2006, I will be away on personal leave. I will be returning on June 6th, 2006. Please accept this request, as I will be away from monitoring personal business I have pending in such court.

If for some reason a Defendant submit a request for dismissal during this period, please advise such Defendant that I am away and that the court has granted me such personal leave until my return date.

I would greatly appreciate your assistance in honoring and acknowledging my request before the court.

Respectfully submitted,

Sam L. Clemmons
Plaintiff Pro Se

CC: Records

Attachment: Motions Request
            Defaults acknowledgements

# UNITED STATES DISTRICT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 Saint Charles PL
Brookhaven, MS 39601

CIVIL ACTION NO:    CASE NUMBER: 1:06CV00115

V                   JUDGE: ROYCE C. LAMBERTH
                    DECK TYPE: EMPLOYMENT
                    DISCRIMINATION
                    DATE STAMP: 01/18/2006

USPS MAIL PROCESSOR'S UNION STEWART
**Attn: John Hall, Sr., Keith Robinson &**
**Samuel Anderson, President**
AMERICAN POSTAL WORKERS UNION, AFL-CIO
U.S. MERIT SYSTEM PROTECTION BOARD
2118 SOUTH MICHIGAN AVENUE
CHICAGO, IL 60616
Phone: 312-983-8607

## AFFIDAVIT OF SERVICE

I, _SAM CLEMMONS_____, hereby declare
that on the ___8TH___ of ___MARCH_____ 20_06_____, I mailed
a copy of the summons and complaint, certified mail return receipt
requested, to _U.S. MERIT SYSTEM PROTECTED_ (the defendant &
defendant's attorney). Attached hereto is the green card acknowledging

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature X _Muuriirrie A_  ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)   C. Date of Delivery _MUEERON AL_  -3/9/06 |
| 1. Article Addressed to: _U.S. MERIT SYSTEM PROTECTI_ _BOARD_ _ATTN: CLERK OF THE BOARD_ _1615 M. STREET, N.W._ _WASHINGTON, DC 20419_ | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| | 3. Service Type ☐ Certified Mail  ☒ Express Mail ☐ Registered  ☐ Return Receipt for Merchandise ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) ED973870753US  US | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540   d States |

Postal Service and The Merit System Protection Board.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MR. SAM L. CLEMMONS<br>    PLAINTIFF, PRO SE | )    CIVIL ACTION NO: |
| | ) |
| vs. | ) |
| | ) |
| AMERICAN POSTAL WORKERS<br>UNION,AFL | )    **May 18, 2006** |
|      DEFENDANTS | ) |
| | ) |
|   | ) |

## 1st MOTION REQUEST NOT TO DISMISS BUT MOTION REQUEST FOR SUMMARY JUDGEMENT BY DEFAULT AGAINST THE USPS AND THE MSPB
## 2nd MOTION REQUEST TO ENTER DISCOVERY

Comes Sam L. Clemmons, Plaintiff Pro Se, file this MOTION in the District Court for the District of Columbia after receiving the Defendant's request MOTION to dismiss complaint by regular mail on May 18, 2006 and the court's electronic document stamped May 11, 2006 which was received through U.S. Mail on May 19, 2006 against the American Postal Worker Union, AFL.

The Plaintiff in this MOTION before the courts file this motion to deny such request to dismiss even though the Defendant should be in default. The Defendant was served properly through first class certified mail on March 9, 2006. The Plaintiff's certified tracking number as being **ED 973870753 US** and the Defendant submitting an untimely response to the courts on May 11, 2005 which is outside of the **60 days** window allowed to

dispute such complaint filed by the Plaintiff. The Plaintiff is requesting the courts to deny such request submitted by the Defendant for the following reasons and they are as follow:

1. The Defendants and the Defendant's counsel have failed to justify accurate, true and correct reasons for such removal of the Plaintiff from his federal position.

2. The Defendants and the Defendant's counsel have failed to explain to the courts and prove to the courts what justifications were given when such MSPB never had jurisdiction while the Plaintiff was undergoing a collective bargaining grievance procedures with the Plaintiff's union officials.

3. The Defendants and the Defendant's counsel have failed to explain whom exactly does the Defendant's counsel represent in this matter before the courts. Does the Defendant's counsel represent the MSPB or the Untied States Postal Service? As so the Defendant expresses on page # 8, paragraph # 2.

4. The Defendants and the Defendant's counsel have failed to admit any wrong doing to substantiate any claim upon which relief may be granted.

5. The Defendants and Defendant's counsel have failed to provide to the court with copies of an appeal form or application showing an exact date the Plaintiff was

officially removed from his new promoted position as a
mail processor and not a mail handler.

6. The Defendants and the Defendant's counsel have failed to
produce to the courts one hard copy of facts or evidence
to show the Plaintiff did not represent himself during
such fraudulent process of the Merit System Protection
Board.

7. The Defendants and the Defendant's counsel have failed to
admit that such Plaintiff's submission to the MSPB was
not legal, proper, and according to the standard policy
and procedures of the Board; therefore, making such
submission not justified, not legal and not correct
according to 5 C.F.R. § 1201.

8. The Defendants and the Defendant's counsel have failed to
explain to the courts why the Plaintiff's union
representations were denied when the Plaintiff was a
union-paying member? See attached Exhibit 2 (pay stubs).

9. The Defendants and the Defendant's counsel have failed to
provide to the courts with any documentation to support
their actions or stance on this matter before the courts.
As so claimed and stated in their documentation to the
court that such documentation was well in order before
other fraudulent submission during the year of 1999 to
2000.

4

10.   The Defendants and the Defendant's counsel have failed
to explain to the courts where such fraudulent hearing
took place and failed to provide the courts with such
records such as transcripts, etc to support the
Defendant's argument to show the process were done
legally and correctly.

11.   The Defendants and the Defendant's counsel have failed
to provide correct, and accurate information to the
courts as expressed by the Defendants on page 3 paragraph
#2 which states "on February 4, 1999 after plaintiff
filed an appeal with the MSPB, he entered into a
settlement agreement with USPS". This statement is not
true, accurate nor correct. The Plaintiff cannot enter
into an appeal when such board does not have
jurisdiction. The Defendants have failed to produce any
documentation showing the courts or a jury legal and
binding documentation by the Defendant's designated
agency legal representative named **Barbara J. Singleton.**
This person name should appear on **all** documentation to
support the Defendant's fraudulent actions in this case
matter before the courts of Clemmons v. The United States
Postal Service.  If the Defendants cannot provide such
court with proof then such actions conducted during this
period of time is FRAUD.

12.   The Defendants have failed to provide to the courts or a jury with any documentation showing a motion request to change designated agency legal representative as so claim that the Plaintiff's advance back pay in the amount of $3,089.00 is the Plaintiff's amount request to settled this matter.

13.   The Defendant's counsel failed to explain the amount stated in her response totaling $3,089.00. This amount was a portion of the back pay entitlement the Plaintiff was due as the Plaintiff was given specific but verbally instructions by his union representation (Mr. John Hall). Mr. Hall advised the Plaintiff to accept such amount as an advance until this matter has been proper and officially resolved before a court of competent jurisdiction.

14.   The Defendant's counsel failed to provide the courts with documentation of poof showing such settlement agreement bearing the name and signature of **Barbara J. Singleton.** Making it legal and binding.

15.   The Defendants or the Defendant's counsel failed to understand and provide the court with the complete understanding of the Board's regulations at 5 C.F.R. 1201.22 (b)(1994).

Due to these failures stated above by the MSPB. The Plaintiff expresses to the court and a jury that the MSPB <u>never</u> had jurisdiction. Therefore all jurisdictions rights rest on the shoulders of the United States District Court for the District of Columbia. All fraudulent actions conducted by the USPS and the MSPB and pervious court's records and fraudulent information given to the United States Postal Service's Office of Personnel Management should be compel and permanently removed from the record due to FRAUD.

**II**

## ARGUMENT

1. The Plaintiff add for the record and to this motion not to dismiss but add these documentation of proof to the court which will contradict the Defendant's argument that the USPS too argue that the MSPB lack jurisdiction. (See attached **Exhibit # 6**).

2. The Plaintiff have added to the record of the official removal notice by the United States Postal Service showing date stamp received by the MSPB on January 25, 1999. This document will show the court and a jury conflict in communication and improper removal notice and practice by the MSPB. The Plaintiff's application provided by the MSPB should too show dates stamped on February 24, 1999 to be accurate and in accordance with

the policy and procedures of the Board making any
communication by the Board to be legitimate, accurate and
correct. Any communication earlier then such date is not
appropriate and is not in accordance with the law.

3. The Plaintiff have added in the exhibits to the courts
that pursuant to the CSRA claim by the Defendants that
the Plaintiff's claim was **never** proper and accordance to
the law. Therefore any wrongful submission to the MSPB
and redundant paperwork submitted to the Federal Circuit
is not justified and should never have been accepted to
taint the law and interfere with the correct procedure
process. Thereby dismissing such arguments totally and
outright by the Defendant's counsel.

4. The Plaintiff have added proof to the record to discredit
the Defendant's counsel arguments concerning Equal
Employment Opportunity Commission complaint and such
outcome of such submission by the Plaintiff please review
the dates on such envelope, application and
correspondence from the EEOC's office (**See Exhibit # 8**).

5. The Plaintiff have added to the record to show proof to
the record that the Plaintiff was not the acting official
to represent himself at this time the Defendant wish to
add and state to the court. Such allegations that the
Plaintiff could have gone directly to district court

after the MSPB issued a decision. The MSPB never had jurisdiction to be involved or get involved in the administrative process of the Plaintiff's illegal removal. The Defendants continues to states that the Plaintiff would have had 30 days to do so after receiving notice of the MSPB's final order. Once again the Plaintiff contests the MSPB <u>never</u> had jurisdiction to administrative anything on the Plaintiff therefore any actions conducted by the MSPB were fraudulent ones and such statements or instructions by the Defendant's counsel argues hold no merit.

6. The Defendant provide such reference material to consider such as 5 U.S.C. § 7702(a)(1), 7702(b)(1), (e)(1)(C), (a)(3)(A) and 5 U.S.C. § 7703(b)(2), but failed to consider such reference material when establishing jurisdiction. See the Plaintiff complete tabs of Exhibits and such documentation of proof will show the Defendant, the Defendant's counsel, courts, and a jury that the Plaintiff was working at the time such submission was entered by the MSPB giving such matter a fraudulent docket number. The Plaintiff was not removed as a mail handler as stated on page 2 and 3. The Plaintiff was promoted to a higher craft and was working under such craft at the time of the Plaintiff's official removal

from his post resulting in wrongful termination or
removal of employment without a proper but legal
resignation in place.

7. The Plaintiff adds to the record fraudulent communication
from the MSPB dated December 4, 1998. This communication
is called the Acknowledgement order with specific
instructions as stated in the paragraphs ordering and
giving instruction to the parties involved when such
Board failed to prove to either party jurisdiction rights
to act and administrative anything in relation to this
unlawful removal. This communication should justify to
the Defendant's counsel and the courts illegal actions
conducted by the MSPB proven lack of jurisdiction when
the Plaintiff was still working at his assigned new post
after promoting as a mail processor and not a mail
handler (**See Exhibit # 10**).

In closing, as the Defendants have so stated in their
response to the courts that such claim should not be dismissed
unless it appears beyond doubt that the Plaintiff can prove no
set of facts in support of his claim that would entitle him to
relief. The Plaintiff's claims against the MSPB arise out of
MSPB's wrongful adjudication actions from USPS' decision to
remove him from federal service. The Plaintiff has established
grounds and proven that the Defendant and the Defendant's

counsel have no proven set of facts to support their claim and relief should be granted as requested below in the following paragraphs and exhibits tabs provided to the court for a judge, jury to witness to the facts in accordance to the law.

The Plaintiff add to the above paragraph that according to the standard summary judgement when considering a motion for summary judgment, it is known that the court must examine **all** evidence in the light most favorable to the Plaintiff (nonmoving party). The Defendant must produce all written communication to show that the union's representatives represented the Plaintiff to its fullest and that all the MSPB documentation were in accordance with the law through all phases of the grievance process. The Plaintiff would like to advised the Defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case" In this case the nonmoving party (the Plaintiff) has expressed evidence and provided such evidence to support the Plaintiff's

claim (Please review all the Exhibits carefully); therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

Upon a judge and jury review, all will see that employer and agency's dishonesty acts are in question and one should apply case law of *McDonnell Douglas Corp. v. SCI Tech.*, Inc., 933 F.Supp. 822(E.D.Mo.1996, Rule 8 and 9(b), Fed. R.Civ.P.8(a); *Craighead v. E.F.Hutton & Co.,Inc.*, 899 F.2d 485, 491 (6th Cir.1990); [United States ex rel.] O'Keefe [v. McDonnell Douglas Corp.],918 F.Supp. [1338,] 1345 [(E.D.Mo.1966)] upon entering a judgment.

Due to this proven intentional action by the Defendants which has caused the Plaintiff a great deal of loss of income, emotional distress, career setbacks, anxiety, etc., therefore, making such Defendants to be fully liable for all the crimes and damages sought. This was intentional act to cause harm to the Plaintiff, an intentional act to ruin the Plaintiff's careers opportunities, an intentional act to cause hardships and due stress upon the Plaintiff and the Plaintiff's family, etc. The Plaintiff did everything possible to prevent such lawsuit. The Plaintiff acted according to the law and the due process by not being insubordinate to anyone. The Plaintiff was intentional given the wrongful information to appeal his removal and the

1  Plaintiff acted in accordance to the instructions given even

2  though such instructions were wrongful with a malice intent to

3  mislead the Plaintiff. Therefore, all mistakes or intentional

4  act falls on the Defendant for any and all damages done by using

5  the government funds and time to perform an illegal act.

6       Therefore, the award amount the Plaintiff is requesting

7  will cover **all** punitive damages and denial of Equal Employment

8  Opportunity Commission claim resulting in more emotional

9  distress, lost of career; tarnish of name, public embarrassment

10 by illegally removing the Plaintiff from his post in the present

11 of his peers as if the Plaintiff had done major harm to the

12 effectiveness, efficient or service of the United States Postal

13 Service. This should cover other scarifies the Plaintiff had to

14 endure due to the Defendants' negligence acts.

15      The award the Plaintiff seeks is a generous amount for full

16 recovery totaling **$300,000.00 x 2 = $600,000.00 after taxes plus**

17 **time and grade served should be corrected with Office of**

18 **Personnel Management**. Since the actions of the MSPB seems to

19 appear to represent the actions of the United States Postal

20 Service. If such is not true the United States Postal Service

21 stand alone as a independent federal government agency who is

22 also now in default in this matter before the courts for failing

23 to comply and response under a court order or instructions.

24

25

The Plaintiff rests and places this MOTION not to dismiss in the hands of the courts. After the court review the facts and the Plaintiff's defense, The Plaintiff feels the courts will make the proper and correct decision concerning the Defendant's request and the Plaintiff's request to deny the Defendant's request.

The award amount should be surrendered to the Plaintiff through the courts <u>20 days</u> after the courts or judge have validated wrongdoing by the Defendants and have so stated such in the summary judgement award.

End of MOTION request not to dismiss:

**I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.**

Respectfully submitted,

Samuel L. Clemmons
Plaintiff, Pro Se

Signature of Notary

May 22, 2006
Date Stamped of Notary

my comm expires - 12·31·07

Attachments: Consent to Proceed before judge or jury trial
**Exhibits 1 - 25**

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MR. SAM L. CLEMMONS )    CIVIL ACTION NO:
        PLAINTIFF, PRO SE )
                          )
vs.                       )
                          )
AMERICAN POSTAL WORKERS   )    **May 18, 2006**
UNION,AFL                 )
        DEFENDANTS        )
                          )
                          )

## ADDENDUM TO MOTION REQUEST FOR SUMMARY JUDGEMENT AND MOTION

## REQUEST TO SUBPOENA DUCES TECUM

Comes Sam L. Clemmons, Plaintiff Pro Se, file this addendum to the initial MOTION in the United States District Court for the District of Columbia requesting the courts to subpoena the government records under the Freedom of Information Act (FOIA) from the United States Postal Service concerning all **twelve months** of records keeping, all clock punches, and all time card's clock rings. This removal and actions by the Defendant is in relation to stealing time and being absence outside the building.

These records will show and reveal to the courts the Plaintiff's whereabouts at all times in such government facility of the United States Postal Service during the twelve months the Plaintiff worked at such facility. The Plaintiff is requesting from the court and the Defendants to place specific emphasis on the month of May 1998.

These records are needed to provide confirmed proof to the courts that such Defendant's actions were not appropriate an according to the law. It will validate perjury under oath by one of the postal worker employees under a fraudulent declaration statement before the Board.

Once the Defendants have provided such government's records such records will be added to the Appendix section of the Exhibit along with additional documents to support the Plaintiff's fraud claim and illegal activity within the United States Postal Service and the Merit System Protection Board.

These documents will end such arguments and confirmed such activity by both (MSPB & USPS) as FRAUD.

If the Defendants wish not to comply with this MOTION request then the Plaintiff will provide the courts with documents to support this request after **14 days** giving the Defendant enough time to comply with this MOTION request.

The Plaintiff rests and ends this MOTION REQUEST TO SUBPOENA DUCES TECUM.

Respectfully submitted,

Samuel L. Clemmons
Plaintiff, Pro Se

**ATTACHMENTS:** Plaintiff's Sworn MOTION requests for summary judgement and judgement by Default.
                    Plaintiff's MOTION request to Enter Discovery

Sam L. Clemmons vs. American Postal Workers Union. AFL-CIO. United States