**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

MERIT SYSTEM PROTECTION BRD
CHICAGO REGIONAL
JOHN C. KLUCZYNSKI BLDG
230 SOUTH DEARBORN STREET
CHICAGO, IL 60604-1669

**RECEIVED**
DEC 4 1998
FBA-Midwest
Chicago, Illinois

4a. Article Number

P407 703 898

4b. Service Type

☐ Registered       ☑ Certified
☐ Express Mail     ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

12-3-98

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)

X _[signature]_

PS Form 3811, December 1994        102595-98-B-0229   **Domestic Return Receipt**

*Thank you for using Return Receipt Service.*

---

P 407 703 898

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to MERIT SYSTEM PROTECTION BD.
        CHICAGO REGIONAL OFFICE
Street & Number 230 SOUTH DEARBORN STREET
Post Office, State, & ZIP Code CHICAGO IL 60604-1669

| | | |
|---|---|---|
| Postage | $ | 3 00 |
| Certified Fee | | 135 |
| Special Delivery Fee | | |
| Restricted Delivery Fee | | |
| Return Receipt Showing to Whom & Date Delivered | | 1 10 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | | |
| TOTAL Postage & Fees | $ | 5 45 |
| Postmark or Date | | |

PS Form 3800, April 1995

OMB NO. 3124-48

# U.S. MERIT SYSTEMS PROTECTION BOARD



## APPEAL FORM

### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. 5 C.F.R. Parts 1201 and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. You must tell the Board if you are raising an affirmative defense (see Part IV), and you are responsible for proving each defense you raise.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area in which you are employed. See 5 C.F.R. Part 1201, Appendix II.

**WHEN TO FILE AN APPEAL:** Your appeal must be filed during the period beginning with the day after the effective date of the action you are appealing and ending on the 30th day after the effective date. You may not file your appeal before the effective date of the action you are appealing. If you are appealing from a decision which does not set an effective date, you must file within 35 days of the date of the decision you are appealing. If your appeal is late, it may be dismissed as untimely. The date of the filing is the

date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.

**WHISTLEBLOWING APPEAL/STAY REQUEST:** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete Part VII of this form. If you are requesting a stay, you must complete Part VIII of this form.

*Privacy Act Statement: This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.*

*The U.S. Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the U.S. Merit Systems Protec-*

*tion Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.*

*Public Reporting Burden: The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the Office of Planning and Resource Management Services, Merit Systems Protection Board, 1120 Vermont Ave., NW, Washington, DC 20419.*

**Part I. Appellant Identification**

**DEC 0 3 1998**

| | |
|---|---|
| **1. Name** (last, first, middle initial)<br><br>Clemmons,  Samuel L. | **2. Social Security Number**<br><br>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 |
| **3. Present address** (number and street, city, state, and ZIP code). Notify the Board of any change of address or telephone number while the appeal is pending with them.<br><br>3933 N. Clarendon Ave, #305<br>Chicago, IL 60613 | **4. Home phone** (include area code)<br>773-528-6208 |
| | **5. Office phone** (include area code)<br>1-888-974-0293 |
| **6.** I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief. | **Signature of appellant or designated representative**    **Date signed**<br><br>*[signature]* Samuel Clemmons    11/27/98 |

Previous editions possible

Optional Form 283 (Rev 10)
MS
5 CFR 1201 and 12
Page

## Part II Designation of Representative

7. You may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, but you must notify the Board promptly of any change. Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate **Myself (Samuel Clemmons)** to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| 8. Representative's address (number and street, city, state, and ZIP code). | 9. Representative's employer |
|---|---|
| 3933 N. Clarendon Ave #305<br>Chicago, IL 60613 | United Postal Service |
| | **10.a)** Representative's telephone number (include area code)<br>773-528-6208 |
| | **10.b)** Representative's facsimile number<br>773-528-6208, Press #2 |
| | **11.** Appellant's signature        Date<br>11/27/98 |

## Part III Appealed Action

12. Briefly describe the agency action you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's reconsideration decision. If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal. I hereby wish to appeal the United States Postal Service action which states removal due to **UNACCEPTABLE CONDUCT**. I would also like to appeal several request to the postal service for requesting adjustment in theft of of pay unnecessary documentation of Absence Without Pay (AWOLs) and others.

| 13. Name and address of the agency that took the action you are appealing (including bureau or other divisions, as well as street address, city, state and ZIP code) | 14. Your position title and duty station at the time of the action appealed |
|---|---|
| Manager of Operation<br>United States Postal Service<br>Irving Park Processing And Distribution Center<br>11560 W. Irving Park Rd., Chicago, IL 60701-9997 | Mail Processor (PTF) /04<br>Duty Station: Irving Park<br>Distribution Center |

| 15. Grade at time of the action appealed | 16. Salary at the time of the action appealed | 17. Are you a veteran and/or entitled to the employment rights of a veteran? |
|---|---|---|
| Part Time Flexible<br>04 | $12.87      per hour | ☒ Yes   ☐ No |

| 18. Employment status at the time of the action appealed | 19. If retired, date of retirement (month, day, year) | 20. Type of service |
|---|---|---|
| ☐ Temporary  ☐ Applicant  ☐ Retired<br>☒ Permanent  ☐ Term  ☐ Seasonal | | ☐ Competitive  ☐ SES<br>☐ Excepted  ☒ Postal Service<br>☐ Foreign Service |

| 21. Length of government service | 22. Length of service with acting agency | 23. Were you serving a probationary or trial period at the time of the action appealed? |
|---|---|---|
| 12 years | 11 Months | ☐ Yes   ☒ No |

| 24. Date you received written notice of the proposed action (month, day, year) (attach a copy) | 25. Date you received the final decision notice (month, day, year) (attach a copy) | 26. Effective date of the action appealed (month, day, year) |
|---|---|---|
| October 30, 1998 by certified mail | October 30, 1998 by certified mail | October 30, 1998 mail to agency by certified ma' #P407703904 on 11/2/98 |

Optional Form 283 (Rev 1/9/90)
MSPB
5 CFR 1201 and 1209

SA 18

**27. Explain briefly why you think the agency was wrong in taking this action.**

This is my first time of any agency actions against me. I had no idea or knowledge concerning the procedures of entering and exiting this facility. I was interviewed by the Postal Inspectors and clearly advised them of the same these charges, but in relations to something I had no clear knowledge as to what they wanted me to elaborate on. I clearly stated my reason to the postal matter and more to upper management, but nothing was known as to the postal

**28. Do you believe the penalty imposed by the agency was too harsh?**

☒ Yes   ☐ No

**29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)?** I would like for the board to request all evidence to be presented in this matter such as video surveillance of all allegation stated against me and

## Part IV Appellant's Defenses

**30.a) Do you believe the agency committed harmful procedural error(s)?**

☒ Yes   ☐ No

**30.b) If so, what is (are) the error(s)?** No warrants for probable cause for actions. No evidence presented within the reason- amount of time during this process, but the agency forward three different documents of charges with errors during this period.

**30.c) Explain how you were harmed by the error(s).**

Cause me mental and emotion distress because I had no idea as to what was been presented against me and why and what I was being charge for in this period of time.

**31.a) Do you believe that the action you are appealing violated the law?**

☒ Yes   ☐ No

**31.b) If so, what law?** My right to privacy. Why? Because what I have been charge with caused me to open up all my privacy rights to defend myself in this process. I feel that the question that was asked of me by the (over)

**31.c) How was it violated?**

See question #31 and back of this page. In addition, I would like to say that the overall charge is an attempt to link my behavior or action to that of other employees. Therefore, trying to convict me with guilty by association because of other behavior problems.

**32.a) If you believe you were discriminated against by the agency, in connection with the matter appealed, because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true.**

Now that my medical privacy rights had to be reveal to support my cause or reason as to support my defense of the charges against me. I feel that that the postal service might use the point that he has a profile that states no exposure to dust and the postal distribution is a fill environment They may think that there is no other position that I can perform while working for the postal service.

**32.b) Have you filed a formal discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal?**

☐ Yes (attach a copy)   ☒ No

**32.c) If yes, place filed (agency, number and street, city, state, and ZIP code)**

NA

**32.d) Date filed (month, day, year)**

NA

**32.e) Has a decision been issued?**

☐ Yes (attach a copy)   ☐ No



(SA,B)

SA 19

**33.a)** Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?

[X] **Yes** *(attach a copy)*    [ ] **No**

**33.b)** Date filed *(month, day, year)* 9/18/98 &
10/8/98 (see sample of PS Form 7020 which state day an in dicussion with Union Rep) Note: We requested to have evidence presented but no one provided anything which supp allegations

**33.c)** If yes, place filed *(agency, number and street, city, state, and ZIP code)*

Clerk Union Stewart
United States Postal Service
Irving Park Processing and Distribution Center
11560 W. Irving Park Road
Chicago, IL 60701-9997

**33.d)** Has a decision been issued?

[ ] **Yes** *(attach a copy)*    [X] **No**

**33.e)** If yes, date issued *(month, day, year)*

Pending and still waiting up to this date.

## Part V Hearing

**34.** You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

Do you want a hearing?    [X] **Yes**    [ ] **No**

If you choose to have a hearing, the Board will notify you where and when it is to be held.

## Part VI Reduction In Force

### INSTRUCTIONS

Fill out this part only if you are appealing from a Reduction in Force. Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group | 36. Service computation date | 37.a) Has your agency offered you another position rather than separating you? |
|---|---|---|
| NA | NA | [ ] Yes    [ ] No |
| **37.b)** Title of position offered<br>NA | **37.c)** Grade of position offered<br>NA | **37.d)** Salary of position offered<br>$         per |
| **37.e)** Location of position offered<br>NA | | **37.f)** Did you accept this position?<br>[ ] Yes    [ ] No |

**38.** Explain why you think you should not have been affected by the Reduction In Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)*

Optional Form 283 (Rev 14/9
MSP
5 CFR 1201 and 1202

08-6671

## Part VII Whistleblowing Activity

### INSTRUCTIONS

**Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities.**

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety? | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
|---|---|
| ☐ *Yes (attach a copy or summary of disclosure)* ☒ *No* | |

39.c) Date the disclosure was made *(month, day, year)*

40. If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*          ☐ *Proposed*

☐ *Taken*               ☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence which supports your statement.

NA

SA 21

(SA a)

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

| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing? | 41.b) If yes, date(s) filed (month, day, year) |
|---|---|
| ☐ Yes (attach a copy of your request to the Office of Special Counsel for corrective action)   ☒ No | |

| 41.c) Place filed (location, number and street, city, state, and ZIP code) |
|---|
| |

| 42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel? |
|---|
| ☐ Yes (attach a copy)   ☐ No |

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal? | 43.b) If yes, date requested (month, day, year) |
|---|---|
| ☐ Yes (attach a copy)   ☐ No | |

| 43.c) Place filed (location, number and street, city, state, and ZIP code) | 43.d) Has there been a decision? |
|---|---|
| | ☐ Yes (attach a copy)   ☐ No |

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneously with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a

substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You may provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

THE BOARDS MAKES NO AUTHO- DISCOVERY #1 PROOF OF LACK OF... JURISDICTION

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## CENTRAL REGIONAL OFFICE

| | |
|---|---|
| SAMUEL L. CLEMMONS,<br>    Appellant, | DOCKET NUMBER<br>CH-0752-99-0118-I-1 |
|     v. | |
| UNITED STATES POSTAL SERVICE,<br>    Agency. | DATE: <u>December 4, 1998</u> |

### ACKNOWLEDGMENT ORDER

This office has received appellant's appeal. A copy of the appeal is being sent to the agency with this Order. I am the administrative judge assigned to this appeal.

I **ORDER** the parties to follow the procedures set out in the separate notices below. If <u>any party fails </u>to follow <u>my orders</u> or <u>the Board's regulations</u>, I may impose sanctions pursuant to 5 C.F.R. § 1201.43. If either party has a question regarding any aspect of the case processing instructions set forth in this order, he or she may seek clarification from me at the phone number listed at the end of this order.

### NOTICE TO APPELLANT

#### INTRODUCTION

If your appeal is timely filed, and within the Board's jurisdiction, you have the right to a hearing on the merits of your case. If you requested a hearing, I will schedule a hearing for you. If you did not request a hearing, you have 10 days from the date of this Order to file a written request for one. If you

2

do not request a hearing, you waive your right to one. In that event, you and the agency will be given an opportunity to make written submissions before the record on your appeal closes.

## DESIGNATION OF REPRESENTATIVE

You may name a representative. If you already have a representative, you must fill out the enclosed "Designation of Representative" form and file it with the Board and with the agency within 10 days of the date of this Order unless you have included your representative's name, address, telephone number, and signature in your appeal. If your representative has filed the appeal for you and you have not personally signed the appeal or submitted a signed "Designation of Representative" form, you also must file "Designation of Representative" form with the Board and with the agency within 10 days of the date of this Order. If you name a representative after receiving this Order, fill out the enclosed "Designation of Representative" form and file it with the Board and the agency **immediately** after obtaining your representative.

You must **immediately** notify the Board and the agency in writing of any changes in the name, address, or telephone number of your designated representative.

## SETTLEMENT

I have directed the agency to contact you within 35 days of the date of this Order to define the issues, agree to stipulations, and discuss the possibility of settlement. I am available to assist in the discussions. You must discuss concrete, specific settlement proposals with the agency unless either party concludes in good faith that no compromise of any kind is possible. You must also be prepared to discuss with me the status of your settlement discussions.

3

If you agree to settle your appeal, and you enter the agreement into the record, then the Board will retain the authority to enforce its terms. However, if you do not enter the agreement into the record, the Board will have no authority to enforce the agreement.

## DISCOVERY

Discovery is the procedure you may use to learn of any facts, documents, or other evidence the agency has that may be helpful to your case. If you wish to engage in discovery, initial requests or motions must be filed within 25 days of the date of this Order. Unless you are filing a motion to compel, you must not submit your discovery requests and responses to the Board. If you do, they will be rejected and returned to you. The procedures used for discovery are at 5 C.F.R. §§ 1201.71-.85.

It is the policy of the Board to decide an appeal within 120 days of receipt. The Board expects all parties to assist in the expeditious processing of this case by honoring requests for relevant documents and producing material witnesses without additional Board intervention.

## RESPONSE TO MOTIONS

You may file a response or objection to any motion filed by the agency. Unless otherwise specified by me or the Board's regulations, your response or objection must be filed with this office and served upon the agency within 10 days of the date that appears on the agency's certificate of service. I will reject any untimely response or objection unless you show good cause for the delay in filing.

## GENERAL INSTRUCTIONS

Pursuant to 5 C.F.R. § 1201.26, <u>all submissions filed with the Board must be</u>:

4

(1)   Legible and on  8 1/2- by 11-inch paper;

(2)   Served  upon  (personally delivered,  mailed, or  faxed) opposing parties and their representatives;

(3)   Filed  by the date set by me or the Board's regulations. The date  of filing  is the  date your  submission is  postmarked, faxed, or  the date of receipt if you personally deliver it to the Board's  regional  office.  *See* 5 C.F.R.  § 1201.26;  and

(4)   Accompanied by  a certificate of service stating (a) the names and addresses of the parties served; (b) whether service was by mail,  fax, or  by personal  delivery; and  (c) the date of service.

A certificate  of service is attached to this Order and lists the names  and addresses of the parties who must be served in this case.  The attached  certificate of  service  constitutes a  model which  you  may  follow in fashioning  your  own  certificate  of service.  The Board  may reject a  submission that does not have a certificate of service.

Extensions of  filing dates will only be granted if requested in writing and if good cause is shown.  A continuance of a hearing date will  be granted  only if requested in writing and if you are able to show extraordinary circumstances.

### REGULATIONS

For more detailed information on these procedures, you should refer to  the Board's regulations in 5 C.F.R. Parts 1201 and 1209. The regulations  are available  for  review in  agency  personnel offices, law libraries, and some large public libraries.

### NOTICE TO AGENCY/INTERVENOR

### AGENCY RESPONSE

I **ORDER**  the  agency  to read,  comply  with, and/or  respond to any  and all  portions of  the "Notice to Appellant"  which are applicable  to  it.  I also  **ORDER** the  agency  to  serve  me,

## MSPB SCHEDULE 752

## REQUIREMENTS FOR AGENCY FILE

### General Information

All evidence submitted will be disclosed to the parties. Therefore, no classified document can be received in evidence unless accompanied by a statement that it is declassified and that full disclosure is permitted.

### Materials Required to Be Tabbed and Filed

1. A narrative response to the appeal and all material issues raised by appellant.
   [Indicate whether appellant is an "employee" as defined by 5 U.S.C. §7511(a)(1) or 39 U.S.C §1005(a)(4)(A)(ii). If appellant was barred from active duty during the notice period, explain the reasons and authority for that action.]

2. With the exception of Postal Service cases, a statement whether appellant is covered by a collective bargaining agreement and whether that agreement covers the action being appealed.
   [If so, provide a copy of the applicable provision(s) and state whether appellant has grieved the action. If appellant has, submit a copy of the grievance and indicate the date it was filed.]

3. A statement whether appellant has filed a formal complaint of discrimination on the action being appealed.  *YES*

   [If so, indicate its current status, provide a copy of the complaint, indicate the date the complaint was filed, and the agency's decision, if any.]

4. Copies of all other documents which are relevant and material to this appeal.

   [Provide copies of the notice of proposed action; appellant's written reply and summary of the oral reply, if any; the decision letter; the SF-50 (or other notification of personnel action) documenting the action; evidence supporting the action; and documentary evidence of any past record relied upon in taking the action.]

**MSPB SCHEDULE 752**

## Instructions for Assembly of the Agency File

The agency's file must be organized as described below.    Failure to do so will result in rejection of the submission.

All documents  submitted must be bound at the top (not the side) with a  two-hole fastening  device.  The holes must be 2 and 3/4 inches apart.  A cover is not required.

Documents in  item 4  must be  arranged by  date with  the  most recent on  top and  the oldest  on bottom.  Documents must be individually tabbed using the letters of the  alphabet, e.g., 4a, 4b, 4c, etc.

A Table  of Contents  is placed  on top of  the tabbed documents. Use the following headings for the Table:

> Location   Date  Document Description  Source
> [The "location"  is  tab number; the "date" is the date of  the  document;  the  "document  description"  fully identifies the  document; and  the "source"  indicates  the individual  or office who authored or otherwise produced the document.]

A completed  Designation of  Agency Representative  form must be placed on  top of  the Table.  A transmittal  letter, identifying the case by name and docket number, must be placed on top of the Designation.
A Certificate  of Service  must be inserted on the bottom of the tabbed file.

## PRIVACY ACT STATEMENT

During the course of processing the appeal which you or your representative has filed, it is necessary to collect personal information that is relevant and necessary to reaching a decision in your case. The Merit Systems Protection Board collects this information in order to process appeals under one or more of the following authorities: Title 5 U.S.C. §§ 1302, 1221, 3301, 3302, 4302, 5115, 5338, 5345, 5346, 7151, 7154, 7301, 7501, 7512, 7701, and 8347; as well as Executive Orders 9803, 11222, 11478, 11491, and 11787. Since your appeal is a voluntary action, you are not required to provide any personal information to the Merit Systems Protection Board in connection with your appeal. However, failure to provide all information essential to reaching a decision in your case could result in the cancellation of your appeal.

The appeal decisions of the Merit Systems Protection Board are final administrative decisions and as such are available to the public under the provisions of the Freedom of Information Act. Some information about the appeal is used in depersonalized form as a data base for program statistics. If there is a need to disclose information from your appeal file for reasons other than these and those cited in the Privacy Act (Title 5, United States Code, 552(a)(b)), your prior written consent will be solicited.

## MERIT SYSTEMS PROTECTION BOARD
### DESIGNATION OF APPELLANT'S REPRESENTATIVE

         Appellant:  Samuel L. Clemmons
            Agency:  United States Postal Service
    Docket Number:   CH-0752-99-0118-I-1
             Judge:  Scott D. Cooper

You are entitled to be represented in this appeal by an individual or
organization of your choice, unless your choice results in a conflict of
interest for the person or organization chosen. The Board does not
designate a representative for you. You must make all arrangements for a
representative. When you choose a representative, you should make sure
that he or she is able to proceed in your behalf. Continuances or
extensions of time will normally not be granted because you delayed in
seeking representation, because your representative cannot proceed in a
timely manner, or because you wish to change representatives.

A representative may assist and counsel you in the preparation and
presentation of your appeal and appear with you or for you at hearings or
other proceedings before the Board. The representative has the authority
to settle the appeal. Any limitation on this settlement authority must be
filed in writing with the Board. When you designate a representative you
give your consent to the Board to disclose all information concerning
your appeal to the person or organization whom you designate.
Representatives must be designated in writing. Failure to complete and
return this form, or a similar written statement, will preclude your
representative from participating in your case while it is pending before
the Board.

I hereby designate the individual or organization named below to represent
me in connection with my appeal to the Merit Systems Protection Board and
to receive all information concerning my appeal from the Board and the
other parties to the appeal. I recognize that I am still personally
responsible for prosecuting my case in a timely manner. I understand that
this designation may be cancelled by me or the individual or organization
that I have designated and I am responsible for notifying the Board and
other parties in writing of any change.

Name of Appellant's
Representative: _____
   Office & FAX
   Telephone Nos._____

   Address:     _____

                _____

                _____
                              City              State      Zip Code

_____
   Signature of Appellant:                    (Date)

_____
   Representative's Signature                 (Date)

**THIS FORM MUST BE PRINTED OR TYPED, SIGNED, AND RETURNED TO
THIS OFFICE.  A COPY MUST BE SERVED ON THE AGENCY.**

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail, unless otherwise indicated below, this day to each of the following:

### Appellant

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL  60613

### Agency Personnel Office

U. S. Postal Service
Appeals Processing Center
244 Knollwood Drive, Floor 2
Bloomingdale, IL  60117-3010

December 4, 1998

———————————
(Date)

Allison McKinley
Legal Assistant

— THE BOARD MAKES NO MISTAKES

— THE BOARD FAIL TO HONOR SUCH REG.

— THE AGENCY WAS LATE FELING PAPER WORK TIMELY VIOLATING SUCH RULES AND REGULATION.

— ANY OTHER MISTAKES. (THE AGENCY DOES NOT MAKE MISTAKE.

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### CENTRAL REGIONAL OFFICE

*handwritten: NOTE: I SHOW UP AT 9:45 AM. VERY WITNESS WALTER MAY THIS HEARING USED UNTIL APPEAR. 1:00 + FULL HEARING THIS ALL BEFORE QUESTION 47*

|  |  |
|---|---|
| SAMUEL L. CLEMMONS,<br>Appellant,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br>Agency. | DOCKET NUMBER<br>CH-0752-99-0118-I-1<br><br>DATE: <u>December 14, 1998</u> |

*handwritten: LACK OF JURISDICTION ✓ TO HEAR*

## ORDER AND NOTICE OF HEARING AND PREHEARING CONFERENCE

The hearing in this appeal will be held:

Date:     **February 4, 1999**

Time:     **9:30 a.m.**

Location:  U.S. Merit Systems Protection Board
           230 S. Dearborn Street, Suite 3176
           Chicago, IL  60604-1669

*handwritten: ACCORDING TO THE LAW I SHOULD HAVE BEEN ADVISED THAT I COULD FILE AN APPEAL WHEN I HAVE A BEEN REMOVED. REVIEW SUCH DATE WHEN SUCH APPEAR WAS ENTERED AND THE DATE THE REMOVAL WAS GIVEN BY THE AGENCY. THE DATE SUCH REMOVAL WAS NOT WAS FILED BY THE MSPB*

If the appellant fails to appear without good cause, the appeal will be decided without a hearing. If the agency representative fails to appear, the hearing will, absent extraordinary circumstances, proceed as scheduled.

## PREHEARING SUBMISSIONS

The agency and appellant are **ORDERED** to file the following to be received in this office on or before **January 20, 1999**:

(1)    A statement of facts and issues (appellant must include any and all
       defenses);

*handwritten: THE TIMELESS GIVE SUCH AGENCY LACK OF JURISDICTION THIS DOES NOT GIVE SUCH AGENCY CAUSE TO SUCH ACTION TO BE CLOSED OF FINAL IN ANY COURT OF LAW. DISMISSAL SUBMITTED TO THE MSPB OR APPELLANT BOARD. (3)*

(2)    A list of all agreed upon material facts;

(3)    A list of witnesses with a brief summary of the expected testimony of each witness; and

(4)    A copy of exhibits accompanied by an index identifying the documents. You must separately mark for identification each and every document. Appellant must mark exhibits by letter, the agency by number. Documents previously submitted to the Board by either party are already a part of the record and are not to be offered as exhibits. You must separately mark for identification each and every document in the lower right hand corner. **No binders or notebooks accepted.**

NOTE: In presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown. For example, an unlisted witness will usually not be permitted to testify, and hearing exhibits that were not reviewed during the prehearing conference will usually not be accepted into the record.

## WITNESSES

The agency must provide for the appearance of its employees who are approved as witnesses; thus no subpoenas for them are necessary. If a witness who is not a federal employee will not appear voluntarily, that person may be subpoenaed to appear and testify. To be timely, a motion for subpoena must be received in this office on or before **January 20, 1999**. The requesting party is responsible for serving the subpoena and for appropriate witness fees.

## BENCH DECISION

At the close of the hearing, if the AJ is confident in deciding the issues of the case without further review of the record, the AJ may announce findings and conclusions in a "Bench Decision." The AJ will explain the mechanics of such a decision. Either party can request such a decision.

## PREHEARING CONFERENCE

I will conduct a telephonic prehearing conference on **January 25, 1999**, at **11:00 a.m.** Witness requests and hearing exhibits will be reviewed in detail and the facts and



issues of the appeal that will be addressed at the hearing will be discussed. Unless otherwise specified, all discovery efforts will terminate on this date. The parties must be prepared, as appropriate, to discuss settlement, to define the issues, and to reach stipulations of uncontested facts. The parties must provide me with a telephone number for the conference call within five calendar days of receipt of this order, if a suitable number is not already included in the appeal record.

NOTE: Since I will discuss settlement options during this conference, representatives must have the authority to settle this appeal or be able to reach the person with that authority on short notice. We may include that person in the conference discussions if I deem it necessary.

FOR THE BOARD:

Scott D. Cooper
Administrative Judge



## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail this day to each of the following:

### Appellant

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL  60613

### Agency's Representative

U.S. Postal Service
Appeals Processing Center
244 Knollwood Drive, Floor 2
Bloomingdale, IL  60117-3010

### Court Reporter

Lee Associates

December 14, 1998

Allison Mckinley
Legal Assistant





```
Batch No.          : CH-98338-6
Docket No.         : CH-0752-99-0118-I-1
Participant Type   : PRIMARY APPELLANT
```

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL  60613