# code of federal regulations

## Administrative Personnel

# 5

**PARTS 1200 – 1201 – 1209**

## MERIT SYSTEMS PROTECTION BOARD

SUBCHAPTER A—ORGANIZATION AND PROCEDURES

Part
1200    Board organization ..........................................
1201    Practices and procedures ..................................
1209    Practices and procedures for appeals and stay re-
        quests of personnel actions allegedly based on
        whistleblowing ..........................................

Published by
the Office of the Federal Register
National Archives and Records
Administration

as a Special Edition of
the Federal Register



**§ 1200.1**

# SUBCHAPTER A—ORGANIZATION AND PROCEDURES

## PART 1200—BOARD ORGANIZATION

### Subpart A—General

Sec.
1200.1  What is the Merit Systems Protection Board?
1200.2  Who is on the Board?

### Subpart B—Offices of the Board

1200.10  Who assists the Board?

SOURCE: 56 FR 41747, Aug. 23, 1991, unless otherwise noted.

## Subpart A—General

AUTHORITY: 5 U.S.C. 1201 et seq.

### § 1200.1  What is the Merit Systems Protection Board?

The Merit Systems Protection Board (the Board) is an independent Government agency that operates like a court. The Board was created to ensure that all Federal government agencies follow Federal merit systems practices. The Board does this by adjudicating Federal employee appeals of agency personnel actions, and by conducting special reviews and studies of Federal merit systems.

### § 1200.2  Who is on the Board?

(a) The Board has three members whom the President appoints and the Senate confirms. Members of the Board serve seven-year terms.

(b) The President appoints, with the Senate's consent, one member of the Board to serve as Chairman and chief executive officer of the Board. The President also appoints one member of the Board to serve as Vice Chairman. If the office of the Chairman is vacant or the Chairman cannot perform his or her duties, then the Vice Chairman performs the Chairman's duties. If both the Chairman and the Vice Chairman cannot perform their duties, then the remaining Board Member performs the Chairman's duties.

## Subpart B—Offices of the Board

AUTHORITY: 5 U.S.C. 1204(h) and (j).

### § 1200.10  Who assists the Board?

(a) A staff helps the Board carry out its work. The staff is organized into the following offices:

(1) Office of the Executive Director.
(2) Office of Equal Employment Opportunity.
(3) Office of the Inspector General.
(4) Office of Management Analysis.
(5) Office of Administration.
(6) Office of the Administrative Law Judge.
(7) Office of Appeals Counsel.
(8) Office of the Clerk of the Board.
(9) Office of the General Counsel.
(10) Office of Policy and Evaluation.
(11) Office of Regional Operations.
(12) Regional Offices.

(b) *Office of the Executive Director.* The Executive Director manages the operations and programs of the Board's headquarters and regional offices under the direction of the Chairman.

(c) *Office of Equal Employment Opportunity.* The Director, Office of Equal Employment Opportunity, manages the Board's equal employment programs and reports directly to the Chairman.

(d) *Office of the Inspector General.* The Inspector General is the Board's internal auditor and reports directly to the Chairman. The Inspector General plans and directs audits, investigations, and internal control evaluations.

(e) *Office of Management Analysis.* The Director, Office of Management Analysis, develops and coordinates internal management programs and projects, conducts agencywide management reviews, and manages the Board's public affairs program.

(f) *Office of Administration.* The Director, Office of Administration, manages the Board's three administrative divisions: Financial and Administrative Management; Information Resources Management; and Human Resources Management.

(g) *Office of the Administrative Law Judge.* The Administrative Law Judge hears Hatch Act cases, disciplinary and corrective action complaints brought by the Special Counsel, actions against administrative law judges, appeals of actions taken against MSPB employ-

**Merit Systems Protection Board**

ees, and other cases that the Board assigns.

(h) *Office of Appeals Counsel.* The Director, Office of Appeals Counsel, prepares proposed decisions that recommend appropriate action by the Board in petition for review cases and other cases assigned by the Board.

(i) *Office of the Clerk of the Board.* The Clerk of the Board enters petitions for review and original jurisdiction cases onto the Board's docket and monitors their processing. The Clerk of the Board also does the following:

(1) Gives information on the status of cases;

(2) Manages the Board's records, reports, and correspondence style and control programs; and

(3) Answers requests under the Freedom of Information and Privacy Acts at the Board's headquarters.

(j) *Office of the General Counsel.* The General Counsel provides legal advice to the Board and its headquarters and regional offices, represents the Board in court proceedings, manages legislative policy, and performs congressional liaison. The General Counsel reports directly to the Chairman.

(k) *Office of Policy and Evaluation.* The Director, Policy and Evaluation, conducts special reviews and studies of Federal merit systems, including actions of the Office of Personnel Management under 5 U.S.C. 1206.

(l) *Office of Regional Operations.* The Director, Office of Regional Operations, manages the appellate functions of the 11 MSPB regional offices.

(m) *Regional Offices.* The Board has 11 regional offices located throughout the country (See appendix II to 5 CFR part 1201 for a list of the regional offices). The regional offices enter initial appeals onto their dockets and decide these cases as provided for in the Board's regulations.

# PART 1201—PRACTICES AND PROCEDURES

## Subpart A—Jurisdiction and Definitions

Sec.
1201.1  General.
1201.2  Original jurisdiction.
1201.3  Appellate jurisdiction.
1201.4  General definitions.

## Subpart B—Procedures for Appellate Cases

### GENERAL

1201.11  Scope and policy.
1201.12  Revocation, amendment, or waiver of rules.
1201.13  Appeals by Board employees.

### APPEAL OF AGENCY ACTION; PLEADINGS

1201.21  Notice of appeal rights.
1201.22  Filing an appeal and responses to appeals.
1201.23  Computation of time.
1201.24  Content of an appeal; right to hearing.
1201.25  Content of agency response.
1201.26  Number of pleadings, service, and response.
1201.27  Class appeals.

### PARTIES, REPRESENTATIVES, AND WITNESSES

1201.31  Representatives.
1201.32  Witnesses; right to representation.
1201.33  Federal witnesses.
1201.34  Intervenors and amicus curiae.
1201.35  Substituting parties.
1201.36  Consolidating and joining appeals.
1201.37  Fees.

### JUDGES

1201.41  Judges.
1201.42  Disqualifying a judge.
1201.43  Sanctions.

### HEARINGS

1201.51  Scheduling the hearing.
1201.52  Public hearings.
1201.53  Verbatim record.
1201.54  Official record.
1201.55  Motions.
1201.56  Burden and degree of proof; affirmative defenses.
1201.57  Order of hearing.
1201.58  Closing the record.

### EVIDENCE

1201.61  Exclusion of evidence and testimony.
1201.62  Producing prior statements.
1201.63  Stipulations.
1201.64  Official notice.

### DISCOVERY

1201.71  Purpose of discovery.
1201.72  Explanation and scope of discovery.
1201.73  Discovery procedures.
1201.74  Orders for discovery.
1201.75  Taking depositions.

### SUBPOENAS

1201.81  Requests for subpoenas.
1201.82  Motions to quash subpoenas.
1201.83  Serving subpoenas.
1201.84  Proof of service.

1201.85  Enforcing subpoenas.

INTERLOCUTORY APPEALS

1201.91  Explanation.
1201.92  Criteria for certifying interlocutory appeals.
1201.93  Procedures.

EX PARTE COMMUNICATIONS

1201.101  Explanation and definitions.
1201.102  Prohibition on ex parte communications.
1201.103  Placing communications in the record; sanctions.

FINAL DECISIONS

1201.111  Initial decision by judge.
1201.112  Jurisdiction of judge.
1201.113  Finality of decision.

Subpart C—Petitions for Review of Initial Decisions

1201.114  Filing petition and cross petition for review.
1201.115  Contents of petition for review.
1201.116  Procedures for review or reopening.
1201.117  Board reopening of case and reconsideration of initial decision.
1201.118  OPM petition for reconsideration.
1201.119  Judicial review.

Subpart D—Procedures for Original Jurisdiction Cases

ACTIONS BROUGHT BY THE SPECIAL COUNSEL

1201.121  Scope of jurisdiction; compliance with subpart B.
1201.122  Filing complaints and requests; serving documents on parties.
1201.123  Contents of complaint.
1201.124  Rights of employees.
1201.125  Answer to complaint.
1201.126  Final orders of the Board.
1201.127  Requesting stay of personnel action; protective orders.
1201.128  Administrative appeal; judicial review.
1201.129  Judge; exceptions and replies to exceptions.

ACTIONS AGAINST ADMINISTRATIVE LAW JUDGES

1201.131  Procedures.
1201.132  Board jurisdiction.
1201.133  Filing a complaint.
1201.134  Answer to complaint.
1201.135  Judge; exceptions and replies to exceptions.
1201.136  Requirement for finding of good cause.

REMOVAL FROM THE SENIOR EXECUTIVE SERVICE

1201.141  Right to hearing.

1201.142  Hearing procedures; referring the record.
1201.143  Appeal.

Subpart E—Procedures for Cases Involving Allegations of Discrimination

1201.151  Scope and policy.
1201.152  Compliance with subpart B procedures.
1201.153  Contents of appeal.
1201.154  Time for filing appeal; closing record in cases involving grievance decisions.
1201.155  Remand of allegations of discrimination.
1201.156  Time for processing appeals involving allegations of discrimination.
1201.157  Notice of right to judicial review.

REVIEW OF BOARD DECISION

1201.161  Action by the Equal Employment Opportunity Commission; judicial review.
1201.162  Board action on the Commission decision; judicial review.
1201.163  Mixed cases governed by Reorganization Plan No. 1 of 1978.

SPECIAL PANEL

1201.171  Referral of case to Special Panel.
1201.172  Organization of Special Panel; designation of members.
1201.173  Practices and procedures of Special Panel.
1201.174  Enforcing the Special Panel decision.
1201.175  Judicial review of cases decided under 5 U.S.C. 7702.

Subpart F—Enforcement of Final Decisions and Orders

1201.181  Authority and explanation.
1201.182  Petition for enforcement.
1201.183  Procedures for processing petitions for enforcement.

Subpart G—Savings Provisions

1201.191  Savings provisions.

APPENDIX I TO PART 1201—MERIT SYSTEMS PROTECTION BOARD APPEAL FORM
APPENDIX II TO PART 1201—APPROPRIATE REGIONAL OFFICE FOR FILING APPEALS
APPENDIX III TO PART 1201—APPROVED HEARING LOCATIONS BY REGIONAL OFFICE
APPENDIX IV TO PART 1201—SAMPLE DECLARATION UNDER 28 U.S.C. 1746

AUTHORITY: 5 U.S.C. 1204, and 7701 unless otherwise noted.

SOURCE: 54 FR 53504, Dec. 29, 1989, unless otherwise noted.

**Merit Systems Protection Board**

## Subpart A—Jurisdiction and Definitions

### § 1201.1  General.

The Board has two types of jurisdiction, original and appellate.

### § 1201.2  Original jurisdiction.

The Board's original jurisdiction includes the following cases:

(a) Actions brought by the Special Counsel;

(b) Requests, by persons removed from the Senior Executive Service for performance deficiencies, for informal hearings; and

(c) Actions taken against administrative law judges under 5 U.S.C. 7521.

### § 1201.3  Appellate jurisdiction.

(a) *Generally.* The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from the following actions:

(1) Reduction in grade or removal for unacceptable performance (5 CFR part 432; 5 U.S.C. 4303(e));

(2) Removal, reduction in grade or pay, suspension for more than 14 days, or furlough for 30 days or less for cause that will promote the efficiency of the service. (5 CFR part 752, subparts C and D; 5 U.S.C. 7512);

(3) Removal, or suspension for more than 14 days, of a career appointee in the Senior Executive Service (5 CFR part 752, subparts E and F; 5 U.S.C. 7541–7543);

(4) Reduction-in-force action affecting a career appointee in the Senior Executive Service (5 U.S.C. 3595);

(5) Reconsideration decision sustaining a negative determination of competence for a general schedule employee (5 CFR 531.410; 5 U.S.C. 5335(c));

(6) Determinations affecting the rights or interests of an individual or of the United States under the Civil Service Retirement System or the Federal Employees' Retirement System (5 CFR parts 831 and 842; 5 U.S.C. 8347(d)(1)–(2) and 8461 (e)(1));

(7) Disqualification of an employee or applicant because of a suitability determination (5 CFR 731.401);

(8) Termination of employment during probation or the first year of a veterans readjustment appointment when:

(i) The employee alleges discrimination because of partisan political reasons or marital status; or

(ii) The termination was based on conditions arising before appointment and the employee alleges that the action is procedurally improper (5 CFR 315.806, 38 U.S.C. 2014(b)(1)(D));

(9) Termination of appointment during a managerial or supervisory probationary period when the employee alleges discrimination because of partisan political affiliation or marital status (5 CFR 315.908(b));

(10) Separation, reduction in grade, or furlough for more than 30 days, when the action was effected because of a reduction in force (5 CFR 351.901);

(11) Furlough of a career appointee in the Senior Executive Service (5 CFR 359.805);

(12) Failure to restore a former employee to employment following military service, or following partial or full recovery from a compensable injury (5 CFR 353.401);

(13) Employment of another applicant when the person who wishes to appeal to the Board is entitled to priority employment consideration after a reduction-in-force action, or after partial or full recovery from a compensable injury (5 CFR 302.501, 5 CFR 330.202);

(14) Failure to reinstate a former employee after service under the Foreign Assistance Act of 1961 (5 CFR 352.508);

(15) Failure to re-employ a former employee after movement between executive agencies during an emergency (5 CFR 352.209);

(16) Failure to re-employ a former employee after detail or transfer to an international organization (5 CFR 352.313);

(17) Failure to re-employ a former employee after service under the Indian Self-Determination Act (5 CFR 352.707);

(18) Failure to re-employ a former employee after service under the Taiwan Relations Act (5 CFR 352.807);

(19) Employment practices administered by the Office of Personnel Management to examine and evaluate the qualifications of applicants for appointment in the competitive service (5 CFR 300.104); and

(20) Removal of a career appointee from the Senior Executive Service for

failure to be recertified (5 U.S.C. 3592(a)(3), 5 CFR 359.304).

(b) *Appeals involving an allegation that the action was based on appellant's "whistleblowing."* Appeals of actions appealable to the Board under any law, rule, or regulation, in which the appellant alleges that the action was taken because of the appellant's "whistleblowing" [a violation of the prohibited personnel practice described in 5 U.S.C. 2302(b)(8)], are governed by part 1209 of this title. The provisions of subparts B, C, E, F, and G of part 1201 apply to appeals and stay requests governed by part 1209 unless other specific provisions are made in that part.

(c) *Limitations on appellate jurisdiction, collective bargaining agreements, and election of procedures:*

(1) For an employee covered by a collective bargaining agreement under 5 U.S.C. 7121, the negotiated grievance procedures contained in the agreement are the exclusive procedures for resolving any action that could otherwise be appealed to the Board, with the following exceptions:

(i) An appealable action involving discrimination under 5 U.S.C. 2302(b)(1), reduction in grade or removal under 5 U.S.C. 4303, or adverse action under 5 U.S.C. 7512, may be raised under the Board's appellate procedures, or under the negotiated grievance procedures, but not under both;

(ii) Any appealable action that is excluded from the application of the negotiated grievance procedures may be raised only under the Board's appellate procedures.

(2) *Choice of procedure.* When an employee has an option of pursuing an action under the Board's appeal procedures or under negotiated grievance procedures, the Board considers the choice between those procedures to have been made when the employee timely files an appeal with the Board or timely files a written grievance, whichever event occurs first.

(3) *Review of discrimination grievances.* If an employee chooses the negotiated grievance procedure under paragraph (c)(2) of this section and alleges discrimination as described at 5 U.S.C. 2302(b)(1), then the employee, after having obtained a final decision under the negotiated grievance procedure, may

ask the Board to review that final decision. The request must be filed with the Clerk of the Board in accordance with § 1201.154.

(d) *Appealability not affected by retirement status or election.* In determining the appealability of an action to the Board under any law, rule, or regulation, neither the status of the appellant under any retirement system established under a Federal statute nor any election made by the appellant under such system may be taken into account.

[54 FR 53504, Dec. 29, 1989, as amended at 56 FR 41748, Aug. 23, 1991]

§ 1201.4 General definitions.

(a) *Judge.* Any person authorized by the Board to hold a hearing or to decide a case without a hearing, including an attorney-examiner, an administrative judge, an administrative law judge, the Board, or any member of the Board.

(b) *Pleading.* Written submission setting out claims, allegations, arguments, or evidence. Pleadings include briefs, motions, petitions, attachments, and responses.

(c) *Motion.* A request that a judge take a particular action.

(d) *Appropriate regional office.* The regional office of the Board that has jurisdiction over the area where the appellant's duty station was located when the agency took the action. Appeals of Office of Personnel Management reconsideration decisions concerning retirement benefits, and appeals of adverse suitability determinations under 5 CFR part 731, must be filed with the regional office that has jurisdiction over the area where the appellant lives. Appendix II of these regulations lists the geographic areas over which each of the Board's regional offices has jurisdiction. Appeals, however, may be transferred from one regional office to another.

(e) *Party.* A person, an agency, or an intervenor, who is participating in a Board proceeding. This term applies to the Office of Personnel Management and to the Office of Special Counsel when those organizations are participating in a Board proceeding.

(f) *Appeal.* A request for review of an agency action.

## Merit Systems Protection Board

(g) *Petition for review.* A request for review of an initial decision of a judge.

(h) *Day.* Calendar day.

(i) *Service.* The process of furnishing a copy of any pleading to Board officials, other parties, or both, either by mail, by facsimile, by personal delivery, or by commercial overnight delivery.

(j) *Date of service.* The date on which documents are served on other parties.

(k) *Certificate of Service.* A document certifying that a party has served copies of pleadings on the other parties.

(l) *Date of filing.* A document that is filed with a Board office by personal delivery is considered filed on the date on which the Board office receives it. The date of filing by facsimile is the date of the facsimile. The date of filing by mail is determined by the postmark date; if no legible postmark date appears on the mailing, the submission is presumed to have been mailed five days (excluding days on which the Board is closed for business) before its receipt. The date of filing by commercial overnight delivery is the date the document was delivered to the commercial overnight delivery service.

[54 FR 53504, Dec. 29, 1989, as amended at 58 FR 36345, July 7, 1993]

## Subpart B—Procedures for Appellate Cases

### GENERAL

#### § 1201.11  Scope and policy.

The regulations in this subpart apply to Board appellate proceedings except as otherwise provided in § 1201.13. The regulations in this subpart apply also to appellate proceedings and stay requests covered by part 1209 unless other specific provisions are made in that part. These regulations also apply to original jurisdiction proceedings of the Board except as otherwise provided in subpart D. It is the Board's policy that these rules will be applied in a manner that expedites the processing of each case, with due regard to the rights of all parties.

#### § 1201.12  Revocation, amendment, or waiver of rules.

The Board may revoke, amend, or waive any of these regulations. A judge may, for good cause shown, waive a Board regulation unless a statute requires application of the regulation. The judge must give notice of the waiver to all parties, but is not required to give the parties an opportunity to respond.

#### § 1201.13  Appeals by Board employees.

Appeals by Board employees will be filed with the Clerk of the Board and will be assigned to an administrative law judge for adjudication under this subchapter. The Board's policy is to insulate the adjudication of its own employees' appeals from agency involvement as much as possible. Accordingly, the Board will not disturb initial decisions in those cases unless the party shows that there has been harmful procedural irregularity in the proceedings before the administrative law judge or a clear error of law. In addition, the Board, as a matter of policy, will not rule on any interlocutory appeals or motions to disqualify the administrative law judge assigned to those cases until the initial decision has been issued.

### APPEAL OF AGENCY ACTION; PLEADINGS

#### § 1201.21  Notice of appeal rights.

When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:

(a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c), and the address of the appropriate Board office for filing the appeal;

(b) A copy, or access to a copy, of the Board's regulations;

(c) A copy of the appeal form in appendix I of this part; and

(d) Notice of any right the employee has to file a grievance.

#### § 1201.22  Filing an appeal and responses to appeals.

(a) *Place of filing.* Appeals, and responses to those appeals, must be filed with the appropriate Board regional office. See § 1201.4(d) of this part.

(b) *Time of filing.* An appeal must be filed during the period beginning on the day after the effective date of the action being appealed and ending 30

days after the effective date. An appeal from a final or reconsideration decision that does not set an effective date must be filed within 35 days of the date of the issuance of the decision. (Paragraphs (a) (5), (6), (7), (12), (13), (14), (15), (16), (17), and (18) of §1201.3 of this part list actions covered by the latter rule.) A response to an appeal must be filed within 20 days of the date of the Board's acknowledgement order.

(c) *Timeliness of appeals.* If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely.

(d) *Method of filing.* Filing must be made with the appropriate Board office by personal delivery, by facsimile, by mail, or by commercial overnight delivery.

[54 FR 53504, Dec. 29, 1989, as amended at 58 FR 36345, July 7, 1993]

### § 1201.23 Computation of time.

In computing the number of days allowed for filing a submission, the first day counted is the day after the event from which the time period begins to run. If the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date.

EXAMPLE: If an employee receives a decision notice that is effective on July 1, the 30-day period for filing an appeal starts to run on July 2. The filing ordinarily would be timely only if it is made by July 31. If July 31 is a Saturday, however, the last day for filing would be Monday, August 2.

### § 1201.24 Content of an appeal; right to hearing.

(a) *Content.* Only an appellant, his or her designated representative, or a party properly substituted under §1201.35 may file an appeal. Appeals may be in any format, including letter form, but they must contain the following:

(1) The name, address, and telephone number of the appellant, and the name and address of the agency that took the action;

(2) A description of the action the agency took and its effective date;

(3) A request for hearing if the appellant wants one;

(4) A statement of the reasons why the appellant believes the agency action is wrong;

(5) A statement of the action the appellant would like the judge to order;

(6) The name, address, and telephone number of the appellant's representative, if the appellant has a representative;

(7) The notice of the decision to take the action being appealed, along with any relevant documents;

(8) A statement telling whether the appellant or anyone acting on his or her behalf has filed a grievance or a formal discrimination complaint with any agency regarding this matter; and

(9) The signature of the appellant or, if the appellant has a representative, of the representative.

(b) An appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown. However, a claim or defense not included in the appeal may be excluded if a party shows that including it would result in undue prejudice.

(c) *Use of Board form.* An appellant may comply with paragraph (a) of this section, and with §1201.31 of this part, by completing the form in Appendix I of this part.

(d) *Right to hearing.* Under 5 U.S.C. 7701, an appellant has a right to a hearing.

(e) *Timely request.* The appellant must submit any request for a hearing with the appeal, or within any other time period the judge sets for that purpose. If the appellant does not make a timely request for a hearing, the right to a hearing is waived.

### § 1201.25 Content of agency response.

The agency response to an appeal must contain the following:

(a) The name of the appellant and of the agency whose action the appellant is appealing;

(b) A statement identifying the agency action taken against the appellant

**Merit Systems Protection Board**

and stating the reasons for taking the action;

(c) All documents contained in the agency record of the action;

(d) Designation of and signature by the authorized agency representative; and

(e) Any other documents or responses requested by the Board.

**§ 1201.26  Number of pleadings, service, and response.**

(a) *Number.* The appellant must file two copies of both the appeal and all attachments with the appropriate Board office.

(b) *Service*—(1) *Service by the Board.* The appropriate office of the Board will mail a copy of the appeal to each party to the proceeding other than the appellant. It will attach to each copy a service list, consisting of a list of the names and addresses of the parties to the proceeding or their designated representatives.

(2) *Service by the parties.* The parties must serve on each other one copy of each pleading, as defined by § 1201.4(b), and all documents submitted with it, except for the initial appeal. They may do so by mail, by facsimile, by personal delivery, or by commercial overnight delivery to each party and to each representative. A certificate of service stating how and when service was made must accompany each pleading. The parties must notify the appropriate Board office and one another, in writing, of any changes in the names or addresses on the service list.

(c) *Paper size.* Pleadings and attachments must be filed on 8 1/2 by 11-inch paper, except for good cause shown. This requirement enables the Board to comply with standards established for U.S. courts.

[54 FR 53504, Dec. 29, 1989; 55 FR 548, Jan. 5, 1990, as amended at 58 FR 36345, July 7, 1993]

**§ 1201.27  Class appeals.**

(a) *Appeal.* One or more employees may file an appeal as representatives of a class of employees. The judge will hear the case as a class appeal if he or she finds that a class appeal is the fairest and most efficient way to adjudicate the appeal and that the representative of the parties will adequately protect the interests of all par-

ties. When a class appeal is filed, the time from the filing date until the judge issues his or her decision under paragraph (b) of this section is not counted in computing the time limit for individual members of the potential class to file individual appeals.

(b) *Procedure.* The judge will consider the appellant's request and any opposition to that request, and will issue an order within 30 days after the appeal is filed stating whether the appeal is to be heard as a class appeal. If the judge denies the request, the appellants affected by the decision may file individual appeals within 35 days after the denial. Each individual appellant is responsible for either filing an individual appeal within the original time limit, or keeping informed of the status of a class appeal and, if the class appeal is denied, filing an individual appeal within the additional 35-day period.

(c) *Standards.* In determining whether it is appropriate to treat an appeal as a class action, the judge will be guided but not controlled by the applicable provisions of the Federal Rules of Civil Procedure.

PARTIES, REPRESENTATIVES, AND WITNESSES

**§ 1201.31  Representatives.**

(a) A party to an appeal may be represented in any matter related to the appeal. The parties must designate their representatives, if any, in writing. Any change in representation, and any revocation of a designation of representative, also must be in writing. Notice of the change must be filed and served on the other parties in accordance with § 1201.26 of this part.

(b) A party may choose any representative as long as that person is willing and available to serve. The other party or parties may challenge the designation, however, on the ground that it involves a conflict of interest or a conflict of position. Any party who challenges the designation must do so by filing a motion with the judge within 15 days after the date of service of the notice of designation. The judge will rule on the motion before considering the merits of the appeal. These procedures apply equally to each designation of representative, re-

§ 1201.32

gardless of whether the representative was the first one designated by a party or a subsequently designated representative. If a representative is disqualified, the judge will give the party whose representative was disqualified a reasonable time to obtain another one.

(c) The judge, on his or her own motion, may disqualify a party's representative on the grounds described in paragraph (b) of this section.

### § 1201.32  Witnesses; right to representation.

Witnesses have the right to be represented when testifying. The representative of a nonparty witness has no right to examine the witness at the hearing or otherwise participate in the development of testimony.

### § 1201.33  Federal witnesses.

Every Federal agency or corporation must make its employees or personnel available to furnish sworn statements or to appear as witnesses at the hearing when ordered by the judge to do so. When providing those statements, or appearing at the hearing, Federal employee witnesses will be in official duty status (i.e., entitled to pay and benefits including travel and per diem, where appropriate).

### § 1201.34  Intervenors and amicus curiae.

(a) *Explanation of Intervention.* Intervenors are organizations or persons who want to participate in a proceeding because they believe the proceeding, or its outcome, may affect their rights or duties. Intervenors as a "matter of right" are those parties who have a statutory right to participate. "Permissive" intervenors are those parties who may be permitted to participate if the proceeding will affect them directly and if intervention is otherwise appropriate under law. A request to intervene may be made by motion filed with the judge.

(b) *Intervenors as a matter of right.* (1) The Director of the Office of Personnel Management may intervene as a matter of right under 5 U.S.C. 7701(d)(1). The motion to intervene must be filed at the earliest practicable time.

(2)(i) Except as provided in paragraph (b)(2)(ii) of this section, the Special

Counsel may intervene as a matter of right under 5 U.S.C. 1212(c). The motion to intervene must be filed at the earliest practicable time.

(ii) The Special Counsel may not intervene in an action brought by an individual under 5 U.S.C. 1221, or in an appeal brought by an individual under 5 U.S.C. 7701, without the consent of that individual. The Special Counsel must present evidence that the individual has consented to the intervention at the time the motion to intervene is filed.

(c) *Permissive intervenors.* (1) Any person, organization or agency may, by motion, ask the judge for permission to intervene. The motion must explain the reason why the person, organization or agency should be permitted to intervene.

(2) A motion for permission to intervene will be granted where the requester will be affected directly by the outcome of the proceeding. Any person alleged to have committed a prohibited personnel practice under 5 U.S.C. 2302(b) may request permission to intervene. A judge's denial of a motion for permissive intervention may be appealed to the Board under § 1201.91 of this part.

(d) *Role of intervenors.* Intervenors have the same rights and duties as parties, with the following two exceptions:

(1) Intervenors do not have an independent right to a hearing; and

(2) Permissive intervenors may participate only on the issues affecting them. The judge is responsible for determining the issues on which permissive intervenors may participate.

(e) *Amicus curiae.* An amicus curiae is a person or organization that, although not a party to an appeal, gives advice or suggestions by filing a brief with the judge regarding an appeal. Any person or organization, including those who do not qualify as intervenors, may, in the discretion of the judge, be granted permission to file an amicus curiae brief.

### § 1201.35  Substituting parties.

(a) If an appellant dies or is otherwise unable to pursue the appeal, the processing of the appeal will only be completed upon substitution of a proper party. Substitution will not be permitted where the interests of the ap-

**Merit Systems Protection Board**

pellant have terminated because of the appellant's death or other disability.

(b) The representative or proper party must file a motion for substitution within 90 days after the death or other disabling event, except for good cause shown.

(c) In the absence of a timely substitution of a party, the processing of the appeal may continue if the interests of the proper party will not be prejudiced.

### § 1201.36 Consolidating and joining appeals.

(a) *Explanation.* (1) Consolidation occurs when the appeals of two or more parties are united for consideration because they contain identical or similar issues. For example, individual appeals rising from a single reduction in force might be consolidated.

(2) Joinder occurs when one person has filed two or more appeals and they are united for consideration. For example, a judge might join an appeal challenging a 30-day suspension with a pending appeal challenging a subsequent appeal dismissal if the same appellant filed both appeals.

(b) *Action by judge.* A judge may consolidate or join cases on his or her own motion or on the motion of a party if doing so would:

(1) Expedite processing of the cases; and

(2) Not adversely affect the interests of the parties.

(c) Any objection to a motion for consolidation or joinder must be filed within 10 days of the date of service of the motion.

### § 1201.37 Fees.

(a) *Attorney fees.* Except as provided in paragraphs (a)(1) and (a)(2) of this section, the judge may require the agency to pay reasonable attorney fees if the appellant is the prevailing party and payment is warranted in the interest of justice.

(1) If an appellant is the prevailing party and the decision is based on a finding of discrimination prohibited under 5 U.S.C. 2302(b)(1), the motion for an attorney fee award will be considered under the standards of section 706(k) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–5(k)).

(2) If an appellant is the prevailing party in an appeal and the decision is based on the finding of any prohibited personnel practice under 5 U.S.C. 2302(b), as provided by 5 U.S.C. 1221(g) the agency shall be liable to the appellant for payment of reasonable attorney fees and any other reasonable costs incurred.

(3) Any request for payment of attorney fees must be made by motion. The motion must be filed with the judge within 30 days of the date on which an initial decision becomes final under § 1201.113 of this part or within 35 days of the date of issuance of a final decision under § 1201.116. The appellant must serve a copy of the motion on the agency. The agency may file a pleading responding to that motion within the time limit set by the judge. The motion must state why the appellant believes he or she is entitled to an award under the applicable statutory standard, and must be supported by evidence substantiating the amount of the request. That evidence must include, at a minimum:

(i) Accurate and current time records;

(ii) A copy of the terms of the fee agreement (if any); and

(iii) The attorney's customary billing rate for similar work if the attorney has a billing practice or, in the absence of that practice, other evidence of the prevailing community rate that will establish a market value for the attorney's services. A petition for Board review of the judge's decision on the motion must be filed within 35 days of the date of that decision, and must comply with § 1201.114 of this part.

(b) *Witness fees—*(1) *Federal employees.* Employees of a Federal agency or corporation testifying in any Board proceeding or making a statement for the record will be in official duty status and will not receive witness fees.

(2) *Other witnesses.* Other witnesses (whether appearing voluntarily or under subpoena) shall be paid the same fee and mileage allowances which are paid subpoenaed witnesses in the courts of the United States.

(3) *Payment of witness fees and travel costs.* The party requesting the presence of a witness must pay that witness' fees. Those fees must be paid or

§ 1201.41

offered to the witness at the time the subpoena is served, or, if the witness appears voluntarily, at the time of appearance. A Federal agency or corporation is not required to pay or offer witness fees in advance.

## JUDGES

### § 1201.41 Judges.

(a) *Exercise of authority.* Judges may exercise authority as provided in paragraphs (b) and (c) of this section on their own motion or on the motion of a party, as appropriate.

(b) *Authority.* Judges will conduct fair and impartial hearings and will take all necessary action to avoid delay in all proceedings. They will have all powers necessary to that end unless those powers are otherwise limited by law. Judges' powers include, but are not limited to, the authority to:

(1) Administer oaths and affirmations;

(2) Issue subpoenas under § 1201.81 of this part;

(3) Rule on offers of proof and receive relevant evidence;

(4) Rule on discovery motions under § 1201.73 of this part;

(5) After notice to the parties, order a hearing on his or her own initiative if the judge determines that a hearing is necessary:

(i) To resolve an important issue of credibility;

(ii) To ensure that the record on significant issues is fully developed; or

(iii) To otherwise ensure a fair and just adjudication of the case;

(6) Convene a hearing as appropriate, regulate the course of the hearing, maintain decorum, and exclude any disruptive persons from the hearing;

(7) Exclude any person from the hearing for good reason;

(8) Rule on all motions, witness and exhibit lists, and proposed findings;

(9) Require the parties to file memoranda of law and to present oral argument with respect to any question of law;

(10) Order the production of evidence and the appearance of witnesses whose testimony would be relevant, material, and nonrepetitious;

(11) Impose sanctions as provided under § 1201.43 of this part;

(12) Hold prehearing conferences for the settlement and simplification of issues;

(13) Require that all persons who can be identified from the record as being clearly and directly affected by a pending retirement-related case be notified of the appeal and of their right to request intervention so that their interests can be considered in the adjudication;

(14) Issue any order that may be necessary to protect a witness or other individual from harassment and provide for enforcement of such order in accordance with subpart F;

(15) Issue initial decisions; and

(16) Determine, in decisions in which the appellant is the prevailing party, whether the granting of interim relief is appropriate.

(c) *Settlement*—(1) *Settlement discussion.* The judge may initiate attempts to settle the appeal informally at any time. The parties may agree to waive the prohibitions against *ex parte* communications during settlement discussions, and they may agree to any limits on the waiver.

(2) *Agreement.* If the parties agree to settle their dispute, the settlement agreement is the final and binding resolution of the appeal, and the judge will dismiss the appeal with prejudice.

(i) If the parties offer the agreement for inclusion in the record, and if the judge approves the agreement, it will be made a part of the record, and the Board will retain jurisdiction to ensure compliance with the agreement.

(ii) If the agreement is not entered into the record, the Board will not retain jurisdiction to ensure compliance.

### § 1201.42 Disqualifying a judge.

(a) If a judge considers himself or herself disqualified, he or she will withdraw from the case, state on the record the reasons for doing so, and immediately notify the Board of the withdrawal.

(b) A party may file a motion asking the judge to withdraw on the basis of personal bias or other disqualification. This motion must be filed as soon as the party has reason to believe there is a basis for disqualification. The reasons for the request must be set out in

**Merit Systems Protection Board**

an affidavit or sworn statement under 28 U.S.C. 1746. (See appendix IV.)

(c) If the judge denies the motion, the party requesting withdrawal may request certification of the issue to the Board as an interlocutory appeal under §1201.91 of this part. Failure to request certification is considered a waiver of the request for withdrawal.

**§1201.43  Sanctions.**

The judge may impose sanctions upon the parties as necessary to serve the ends of justice. This authority covers, but is not limited to, the circumstances set forth in paragraphs (a), (b), and (c) of this section.

(a) *Failure to comply with an order.* When a party fails to comply with an order, the judge may:

(1) Draw an inference in favor of the requesting party with regard to the information sought;

(2) Prohibit the party failing to comply with the order from introducing evidence concerning the information sought, or from otherwise relying upon testimony related to that information;

(3) Permit the requesting party to introduce secondary evidence concerning the information sought; and

(4) Eliminate from consideration any appropriate part of the pleadings or other submissions of the party that fails to comply with the order.

(b) *Failure to prosecute or defend appeal.* If a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant.

(c) *Failure to make timely filing.* The judge may refuse to consider any motion or other pleading that is not filed in a timely fashion in compliance with this subpart.

### HEARINGS

**§1201.51  Scheduling the hearing.**

(a) The hearing will be scheduled not earlier than 15 days after the date of the hearing notice unless the parties agree to an earlier date. The agency, upon request of the judge, must provide appropriate hearing space.

(b) The judge may change the time, date, or place of the hearing, or suspend, adjourn, or continue the hearing. The change will not require the 15-day

notice provided in paragraph (a) of this section.

(c) Either party may file a motion for postponement of the hearing. The motion must be made in writing and must either be accompanied by an affidavit or sworn statement under 28 U.S.C. 1746. (See appendix IV.) The affidavit or sworn statement must describe the reasons for the request. The judge will grant the request for postponement only upon a showing of good cause.

(d) The Board has established certain approved hearing locations, which are published as a Notice in the FEDERAL REGISTER. See appendix III. Parties, for good cause, may file motions requesting a different hearing location. Rulings on those motions will be based on a showing that a different location will be more advantageous to all parties and to the Board.

**§1201.52  Public hearings.**

Hearings are open to the public. The judge may order a hearing or any part of a hearing closed, however, when doing so would be in the best interests of the appellant, a witness, the public, or any other person affected by the proceeding. Any order closing the hearing will set out the reasons for the judge's decision. Any objections to the order will be made a part of the record.

**§1201.53  Verbatim record.**

(a) *Preparation.* A verbatim record of every hearing, made under the supervision of the judge, will be kept and will be the sole official record of the proceeding.

(b) *Copies.* Upon request, and upon payment of costs, a copy of a tape recording or transcript (if one is prepared) of the hearing will be made available to the parties. Parties must direct requests for copies of tape recordings or transcripts to the official hearing reporter.

(c) *Exceptions to payment of costs.* Exceptions to the payment requirement may be granted under extenuating circumstances for good cause shown. A motion for an exception must be filed with the judge. The reasons for the request must be set out in an affidavit or sworn statement under 28 U.S.C. 1746. (See appendix IV.)

## § 1201.54

(d) *Corrections.* Corrections of the official transcript may be permitted on motion by a party or on the judge's own motion. Motions for corrections must be filed within 10 days after the receipt of a transcript. Corrections of the official transcript will be permitted only when errors of substance are involved and only on approval of the judge.

### § 1201.54   Official record.

Exhibits and the verbatim record of testimony, if a hearing is held, together with all pleadings filed during the appellate proceedings, and all orders and decisions of the judge and the Board, constitute the exclusive and official record of the case.

### § 1201.55   Motions.

(a) *Form.* All motions, except those made during a prehearing conference or a hearing, must be in writing. All motions must include a statement of the reasons supporting them. Written motions must be filed with the judge or the Board, as appropriate, and must be served upon all other parties in accordance with § 1201.26(b)(2) of this part. A party filing a motion for extension of time, a motion for postponement of a hearing, or any other procedural motion must first contact the other party to determine whether there is any objection to the motion, and must state in the motion whether the other party has an objection.

(b) *Objection.* Unless the judge provides otherwise, and unless the motion is one for payment of attorney fees under § 1201.37(a) of this part, any objection to a written motion must be filed within 10 days from the date of service of the motion. Judges, in their discretion, may grant or deny motions for extensions of time to file pleadings without providing any opportunity to respond to the motions.

(c) *Motions for extension of time.* Motions for extension of time will be granted only on a showing of good cause.

(d) *Motions for protective orders.* A motion for an order under 5 U.S.C. 1204(e)(1)(B) to protect a witness or other individual from harassment must be filed as early in the proceeding as practicable. The party seeking a pro-

tective order must include a concise statement of reasons justifying the motion, together with any relevant documentary evidence. An agency, other than the Office of Special Counsel, may not request such an order with respect to an investigation by the Special Counsel during the Special Counsel's investigation. An order issued under this paragraph may be enforced in the same manner as provided under subpart F for Board final decisions and orders.

### § 1201.56   Burden and degree of proof; affirmative defenses.

(a) *Burden and degree of proof*—(1) *Agency:* Under 5 U.S.C. 7701(c)(1), and subject to the exceptions stated in paragraph (b) of this section, the agency action must be sustained if:

(i) It is brought under 5 U.S.C. 3592(a)(3), 5 U.S.C. 4303 or 5 U.S.C. 5335 and is supported by substantial evidence; or

(ii) It is brought under any other provision of law or regulation and is supported by a preponderance of the evidence.

(2) *Appellant.* The appellant has the burden of proof, by a preponderance of the evidence, with respect to:

(i) Issues of jurisdiction;

(ii) The timeliness of the appeal; and

(iii) Affirmative defenses.

In appeals from reconsideration decisions of the Office of Personnel Management involving retirement benefits, if the appellant filed the application, the appellant has the burden of proving, by a preponderance of the evidence, entitlement to the benefits. An appellant who has received an overpayment from the Civil Service Retirement and Disability Fund has the burden of proving, by substantial evidence, eligibility for waiver or adjustment.

(b) *Affirmative defenses of the appellant.* Under 5 U.S.C. 7701(c)(2), the Board is required to overturn the action of the agency, even where the agency has met the evidentiary standard stated in paragraph (a) of this section, if the appellant:

(1) Shows harmful error in the application of the agency's procedures in arriving at its decision;

(2) Shows that the decision was based on any prohibited personnel practice described in 5 U.S.C. 2302(b); or

(3) Shows that the decision was not in accordance with law.

(c) *Definitions.* The following definitions apply to this part:

(1) *Substantial evidence.* The degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence.

(2) *Preponderance of the evidence.* The degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.

(3) *Harmful error.* Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his or her rights.

[54 FR 53504, Dec. 29, 1989, as amended at 56 FR 41748, Aug. 23, 1991]

### § 1201.57  Order of hearing.

(a) In cases in which the agency has taken an action against an employee, the agency will present its case first.

(b) The appellant will proceed first at hearings convened on the issues of:

(1) Jurisdiction;

(2) Timeliness; or

(3) Office of Personnel Management disallowance of retirement benefits, when the appellant applied for those benefits.

(c) The judge may vary the normal order of presenting evidence.

### § 1201.58  Closing the record.

(a) When there is a hearing, the record ordinarily will close at the conclusion of the hearing. When the judge allows the parties to submit argument, briefs, or documents previously identified for introduction into evidence, however, the record will remain open for as much time as the judge grants for that purpose.

(b) If the appellant waives the right to a hearing, the record will close on the date the judge sets as the final date for the receipt or filing of submissions of the parties.

(c) Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed. The judge will include in the record, however, any supplemental citations received from the parties or approved corrections of the transcript, if one has been prepared.

### EVIDENCE

### § 1201.61  Exclusion of evidence and testimony.

Any evidence and testimony that is offered in the hearing and excluded by the judge will be described, and that description will be made a part of the record.

### § 1201.62  Producing prior statements.

After an individual has given evidence in a proceeding, any party may request a copy of any prior signed statement made by that individual that is relevant to the evidence given. If the party refuses to furnish the statement, the judge may exclude the evidence given.

### § 1201.63  Stipulations.

The parties may stipulate to any matter of fact. The stipulation will satisfy a party's burden of proving the fact alleged.

### § 1201.64  Official notice.

Official notice is the Board's or judge's recognition of certain facts without requiring evidence to be introduced establishing those facts. The judge, on his or her own motion or on the motion of a party, may take official notice of matters of common knowledge or matters that can be verified. The parties may be given an opportunity to object to the taking of official notice. The taking of official notice of any fact satisfies a party's burden of proving that fact.

§ 1201.71

## DISCOVERY

### § 1201.71  Purpose of discovery.

Proceedings before the Board will be conducted as expeditiously as possible with due regard to the rights of the parties. Discovery is designed to enable a party to obtain relevant information needed to prepare the party's case. These regulations are intended to provide a simple method of discovery. They will be interpreted and applied so as to avoid delay and to facilitate adjudication of the case. Parties are expected to start and complete discovery with a minimum of Board intervention.

### § 1201.72  Explanation and scope of discovery.

(a) *Explanation.* Discovery is the process, apart from the hearing, by which a party may obtain relevant information, including the identification of potential witnesses, from another person or a party, that the other person or party has not otherwise provided. Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence. This information is obtained to assist the parties in preparing and presenting their cases. The Federal Rules of Civil Procedure may be used as a general guide for discovery practices in proceedings before the Board. Those rules, however, are instructive rather than controlling.

(b) *Scope.* Discovery covers any nonprivileged matter that is relevant to the issues involved in the appeal, including the existence, description, nature, custody, condition, and location of documents or other tangible things, and the identity and location of persons with knowledge of relevant facts. Discovery requests that are directed to nonparties and nonparty Federal agencies and employees are limited to information that appears directly material to the issues involved in the appeal.

(c) *Methods.* Parties may use one or more of the methods provided under the Federal Rules of Civil Procedure. These methods include written interrogatories, depositions, requests for production of documents or things for inspection or copying, and requests for admission.

### § 1201.73  Discovery procedures.

(a) *Discovery from a party.* A party seeking discovery from another party must start the process by serving a request for discovery on the representative of the other party or the party if there is no representative. The request for discovery must state the time limit for responding, as prescribed in §1201.73(d), and must specify the time and place of the taking of the deposition, if applicable.

When a party directs a request for discovery to an officer or employee of a Federal agency that is a party, the agency must make the officer or employee available on official time to respond to the request, and must assist the officer or employee as necessary in providing relevant information that is available to the agency.

(b) *Discovery from a nonparty, including a nonparty Federal agency.* Parties should try to obtain voluntary discovery from nonparties whenever possible. A party seeking discovery from a nonparty Federal agency or employee must start the process by serving a request for discovery on the nonparty Federal agency or employee. A party may begin discovery from other nonparties by serving a request for discovery on the nonparty directly. If the party seeking the information does not make that request, or if it does so but fails to obtain voluntary cooperation, it may obtain discovery from a nonparty by filing a written motion with the judge, showing the relevance, scope, and materiality of the particular information sought. If the party seeks to take a deposition, it should state in the motion the date, time, and place of the proposed deposition. An authorized official of the Board will issue a ruling on the motion, and will serve the ruling on the moving party. That official also will provide that party with a subpoena, if approved, that is directed to the individual or entity from which discovery is sought. The subpoena will specify the manner in which the party may seek compliance with it, and it will specify the time limit for seeking compliance. The party seeking the information is responsible for serving any Board-approved discovery request and subpoena on the individual or entity, or for arranging for their service.

15

§1201.75

**Merit Systems Protection Board**

(c) *Responses to discovery requests.* (1) A party, or a Federal agency that is not a party, must answer a discovery request within the time provided under paragraph (d)(2) of this section, either by furnishing to the requesting party the information or testimony requested or agreeing to make deponents available to testify within a reasonable time, or by stating an objection to the particular request and the reasons for the objection.

(2) If a party fails or refuses to respond in full to a discovery request, or if a nonparty fails or refuses to respond in full to a Board-approved discovery order, the requesting party may file a motion to compel discovery. The requesting party must file the motion with the judge, and must serve a copy of the motion on the other party and on any nonparty entity or person from whom the discovery was sought. The motion must be accompanied by:

(i) A copy of the original request and a statement showing that the information sought is relevant and material; and

(ii) A copy of the response to the request (including the objections to discovery) or, where appropriate, a statement that no response has been received, along with an affidavit or sworn statement under 28 U.S.C. 1746 supporting the statement. (See appendix IV.)

(3) The other party and any other entity or person from whom discovery was sought may respond to the motion to compel discovery within the time limits stated in paragraph (d)(4) of this section.

(d) *Time limits.* (1) Parties who wish to make discovery requests or motions must serve their initial requests or motions within 25 days after the date on which the judge issues an order to the respondent agency to produce the agency file and response.

(2) A party or nonparty must file a response to a discovery request promptly, but not later than 20 days after the date of service of the request or order of the judge. Any discovery requests following the initial request must be served within 10 days of the date of service of the prior response, unless the parties are otherwise directed. Deposition witnesses must give their testimony at the time and place stated in the request for deposition or in the subpoena, unless the parties agree on another time or place.

(3) Any motion to depose a nonparty (along with a request for a subpoena) must be submitted to the judge within the time limits stated in paragraph (d)(1) of this section or as the judge otherwise directs.

(4) Any motion for an order to compel discovery must be filed with the judge within 10 days of the date of service of objections or, if no response is received, within 10 days after the time limit for response has expired. Any pleading in opposition to a motion to compel discovery must be filed with the judge within 10 days of the date of service of the motion.

(5) Discovery must be completed within the time the judge designates.

§1201.74 **Orders for discovery.**

(a) *Motion for an order compelling discovery.* Motions for orders compelling discovery and motions for the appearance of nonparties must be filed with the judge in accordance with §1201.73(c)(2) and (d)(4).

(b) *Content of order.* Any order issued will include, where appropriate:

(1) A provision that the person to be deposed must be notified of the time and place of the deposition;

(2) Any conditions or limits concerning the conduct or scope of the proceedings or the subject matter that may be necessary to prevent undue delay or to protect a party or other individual or entity from undue expense, embarrassment, or oppression;

(3) Limits on the time for conducting depositions, answering written interrogatories, or producing documentary evidence; and

(4) Other restrictions upon the discovery process that the judge sets.

(c) *Noncompliance.* The judge may impose sanctions under §1201.43 of this part for failure to comply with an order compelling discovery.

§1201.75 **Taking depositions.**

Depositions may be taken by any method agreed upon by the parties. The person providing information is subject to penalties for intentional false statements.

§ 1201.81

## SUBPOENAS

### § 1201.81  Requests for subpoenas.

(a) *Request.* Parties who wish to obtain subpoenas that would require the attendance and testimony of witnesses, or subpoenas that would require the production of documents or other evidence under 5 U.S.C. 1204(b)(2)(A), should file their motions for those subpoenas with the judge. Subpoenas are not ordinarily required to obtain the attendance of Federal employees as witnesses.

(b) *Form.* Parties requesting subpoenas must file their requests, in writing, with the judge. Each request must identify specifically the books, papers, or testimony desired.

(c) *Relevance.* The request must be supported by a showing that the evidence sought is relevant and that the scope of the request is reasonable.

(d) *Rulings.* Any judge who does not have the authority to issue subpoenas will refer the request to an official with authority to rule on the request, with a recommendation for decision. The official to whom the request is referred will rule on the request promptly. Judges who have the authority to rule on these requests themselves will do so directly.

### § 1201.82  Motions to quash subpoenas.

Any person to whom a subpoena is directed, or any party, may file a motion to quash or limit the subpoena. The motion must be filed with the judge, and it must include the reasons why compliance with the subpoena should not be required or the reasons why the subpoena's scope should be limited.

### § 1201.83  Serving subpoenas.

(a) Any person who is at least 18 years of age and who is not a party to the appeal may serve a subpoena. The means prescribed by applicable state law are sufficient. The party who requested the subpoena, and to whom the subpoena has been issued, is responsible for serving the subpoena.

(b) A subpoena directed to an individual outside the territorial jurisdiction of any court of the United States may be served in the manner described by the Federal Rules of Civil Procedure for service of a subpoena in a foreign country.

### § 1201.84  Proof of service.

The person who has served the subpoena must certify that he or she did so:

(a) By delivering it to the witness in person,

(b) By registered or certified mail, or

(c) By delivering the subpoena to a responsible person (named in the document certifying the delivery) at the residence or place of business (as appropriate) of the person for whom the subpoena was intended.

The document in which the party makes this certification also must include a statement that the prescribed fees have been paid or offered.

### § 1201.85  Enforcing subpoenas.

(a) If a person who has been served with a Board subpoena fails or refuses to comply with its terms, the party seeking compliance may file a written motion for enforcement with the judge or make an oral motion for enforcement while on the record at a hearing. That party must present the document certifying that the subpoena was served and, except where the witness was required to appear before the judge, must submit an affidavit or sworn statement under 28 U.S.C. 1746 (see appendix IV) describing the failure or refusal to obey the subpoena. The Board, in accordance with 5 U.S.C. 1204(c), may then ask the appropriate United States district court to enforce the subpoena. If the person who has failed or refused to comply with a Board subpoena is located in a foreign country, the U.S. District Court for the District of Columbia will have jurisdiction to enforce compliance, to the extent that a U.S. court can assert jurisdiction over an individual in the foreign country.

(b) Upon application by the Special Counsel, the Board may seek court enforcement of a subpoena issued by the Special Counsel in the same manner in which it seeks enforcement of Board subpoenas, in accordance with 5 U.S.C. 1212(b)(3).

Merit Systems Protection Board

## INTERLOCUTORY APPEALS

### §1201.91  Explanation.

An interlocutory appeal is an appeal to the Board of a ruling made by a judge during a proceeding. The judge may permit the appeal if he or she determines that the issue presented in it is of such importance to the proceeding that it requires the Board's immediate attention. Either party may make a motion for certification of an interlocutory appeal. In addition, the judge, on his or her own motion, may certify an interlocutory appeal to the Board. If the appeal is certified, the Board will decide the issue and the judge will act in accordance with the Board's decision.

### §1201.92  Criteria for certifying interlocutory appeals.

The judge will certify a ruling for review only if the record shows that:

(a) The ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and

(b) An immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public.

### §1201.93  Procedures.

(a) *Motion for certification.* A party seeking the certification of an interlocutory appeal must file a motion for certification within 10 days of the date of the ruling to be appealed. The motion must be filed with the judge, and must state why certification is appropriate and what the Board should do and why. The opposing party may file objections within 10 days of the date of service of the motion, or within any other time period that the judge may designate.

(b) *Certification and review.* The judge will grant or deny a motion for certification within five days after receiving all pleadings or, if no response is filed, within 10 days after receiving the motion. If the judge grants the motion for certification, he or she will refer the record to the Board. If the judge denies the motion, the party that sought certification may raise the matter at issue in a petition for review filed after

the initial decision is issued, in accordance with §§1201.113 and 1201.114 of this part.

(c) *Stay of hearing.* The judge has the authority to proceed with or to stay the hearing while an interlocutory appeal is pending with the Board. Despite this authority, however, the Board may stay a hearing on its own motion while an interlocutory appeal is pending with it.

## EX PARTE COMMUNICATIONS

### §1201.101  Explanation and definitions.

(a) *Explanation.* An ex parte communication is an oral or written communication between a decision-making official of the Board and an interested party to a proceeding, when that communication is made without providing the other parties to the appeal with a chance to participate. Not all ex parte communications are prohibited. Those that involve the merits of the case, or those that violate rules requiring submissions to be in writing, are prohibited. Accordingly, interested parties may ask about such matters as the status of a case, when it will be heard, and methods of submitting evidence to the Board. Parties may not ask about matters such as what defense they should use or whether their evidence is adequate, and they may not make a submission orally if that submission is required to be made in writing.

(b) *Definitions for purposes of this section.*

(1) *Interested party* includes:

(i) Any party or representative of a party involved in a proceeding before the Board; and

(ii) Any other person who might be affected by the outcome of a proceeding before the Board.

(2) *Decision-making official* means any judge, officer or other employee of the Board designated to hear and decide cases.

### §1201.102  Prohibition on ex parte communications.

Except as otherwise provided in §1201.41(c)(1) of this part, ex parte communications that concern the merits of any matter before the Board for adjudication, or that otherwise violate rules requiring written submissions,

18

§ 1201.103

are prohibited from the time the persons involved know that the Board may consider the matter until the time the Board has issued a final decision on the matter.

§ 1201.103 Placing communications in the record; sanctions.

(a) Any communication made in violation of § 1201.102 of this part will be made a part of the record. If the communication was oral, a memorandum stating the substance of the discussion will be placed in the record.

(b) If there has been a violation of § 1201.102 of this part, the judge or the Clerk of the Board, as appropriate, will notify the parties in writing that the regulation has been violated, and will give the parties 10 days to file a response.

(c) The following sanctions are available:

(1) *Parties.* The offending party may be required to show why, in the interest of justice, the claim or motion should not be dismissed, denied, or otherwise adversely affected.

(2) *Board personnel.* Offending Board personnel will be treated in accordance with the Board's standards of conduct.

(3) *Other persons.* The Board may invoke appropriate sanctions against other offending parties.

FINAL DECISIONS

§ 1201.111 Initial decision by judge.

(a) The judge will prepare an initial decision after the record closes, and will serve that decision on the Clerk of the Board, on the Director of the Office of Personnel Management, and on all parties to the appeal, including named parties, permissive intervenors, and intervenors of right.

(b) Each initial decision will contain:

(1) Findings of fact and conclusions of law upon all the material issues of fact and law presented on the record;

(2) The reasons or bases for those findings and conclusions;

(3) An order making final disposition of the case, including appropriate relief;

(4) A statement, if the appellant is the prevailing party, as to whether interim relief is provided effective upon the date of the decision, pending the outcome of any petition for review filed by another party under subpart C of this part;

(5) The date upon which the decision will become final (a date that, for purposes of this section, is 35 days after issuance); and

(6) A statement of any further process available, including, as appropriate, a petition for enforcement under § 1201.182 of this part, a petition for review under § 1201.114, and a petition for judicial review.

(c) *Interim relief.* Under 5 U.S.C. 7701(b)(2), if the appellant is the prevailing party, the initial decision will provide appropriate interim relief to the appellant effective upon the date of the initial decision and remaining in effect until the date of the final order of the Board on any petition for review, unless the judge determines that the granting of interim relief is not appropriate. The agency may decline to return the appellant to his or her place of employment if it determines that the return or presence of the appellant will be unduly disruptive to the work environment. However, pay and benefits must be provided.

§ 1201.112 Jurisdiction of judge.

After issuing the initial decision, the judge will retain jurisdiction over the case only to the extent necessary to correct the transcript, when one is obtained; to rule on motions for exceptions to the requirement that a party seeking a transcript must pay for it; to rule on a request by the appellant for attorney fees; and to process any petition for enforcement filed under subpart F of this part.

§ 1201.113 Finality of decision.

The initial decision of the judge will become final 35 days after issuance. Initial decisions are not precedential.

(a) *Exceptions.* The initial decision will not become final if, within 35 days after issuance of the decision, any party files a petition for review, or if the Board reopens the case on its own motion.

(b) *Petition for review denied.* If the Board denies all petitions for review, the initial decision will become final when the Board issues its last decision denying a petition for review.

**Merit Systems Protection Board**

§ 1201.114

(c) *Petition for review granted or case reopened.* If the Board grants a petition for review or a cross petition for review, or reopens or dismisses a case, the decision of the Board is final if it disposes of the entire action.

(d) *Extensions.* The Board may extend the 35-day time limit for filing a petition for good cause shown as specified in § 1201.114 of this part.

(e) *Exhaustion.* Administrative remedies are exhausted when a decision becomes final in accordance with this section.

## Subpart C—Petitions for Review of Initial Decisions

### § 1201.114  Filing petition and cross petition for review.

(a) *Who may file.* Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel may file a petition for review. The Director of OPM may request review only if he or she believes that the decision is erroneous and will have a substantial impact on any civil service law, rule, or regulation under OPM's jurisdiction. 5 U.S.C. 7701(e)(2). All submissions to the Board must contain the signature of the party or of the party's designated representative.

(b) *Cross petition for review.* If a party, the Director of OPM, or the Special Counsel files a timely petition for review, any other party, the Director of OPM, or the Special Counsel may file a timely cross petition for review. The Board normally will consider only issues raised in a timely filed petition for review or in a timely filed cross petition for review.

(c) *Place for filing.* A petition for review, cross petition for review, responses to those petitions, and all motions and pleadings associated with them must be filed with the Clerk of the Merit Systems Protection Board, Washington, DC 20419, by personal delivery, by facsimile, by mail, or by commercial overnight delivery.

(d) *Time for filing.* Any petition for review must be filed within 35 days after the initial decision is issued. A cross petition for review must be filed within 25 days of the date of service of the petition for review. Any response to a petition for review or to a cross petition for review must be filed within 25 days after the date of service of the petition or cross petition.

(e) *Extension of time to file.* The Board will grant a motion for extension of time to file a petition for review, a cross petition, or a response only if the party submitting the motion shows good cause. Motions for extensions must be filed with the Clerk of the Board before the date on which the petition or other pleading is due. The Board, in its discretion, may grant or deny those motions without providing the other parties the opportunity to comment on them. A motion for an extension must be accompanied by an affidavit or sworn statement under 28 U.S.C. 1746. (See appendix IV.) The affidavit or sworn statement must include a specific and detailed description of the circumstances alleged to constitute good cause, and it should be accompanied by any available documentation or other evidence supporting the matters asserted.

(f) *Late filings.* Any petition for review, cross petition for review, or response that is filed late must be accompanied by a motion that shows good cause for the untimely filing, unless the Board has specifically granted an extension of time under paragraph (e) of this section, or unless a motion for extension is pending before the Board. The motion must be accompanied by an affidavit or sworn statement under 28 U.S.C. 1746. (See appendix IV.) The affidavit or sworn statement must include:

(1) The reasons for failing to request an extension before the deadline for the submission; and

(2) A specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence.

Any response to the motion may be included in the response to the petition for review, the cross petition for review, or the response to the cross petition for review. The response will not extend the time provided by paragraph (d) of this section to file a cross petition for review or to respond to the petition or cross petition. In the absence of a motion, the Board may, in its discretion, determine on the basis of the

§ 1201.115

existing record whether there was good cause for the untimely filing, or it may provide the party that submitted the document with an opportunity to show why it should not be dismissed or excluded as untimely.

(g) *Intervention*—(1) *By Director of OPM.* The Director of OPM may intervene in a case before the Board under the standards stated in 5 U.S.C. 7701(d). The notice of intervention is timely if it is filed with the Clerk of the Board within 45 days of the date the petition for review was filed. If the Director requests additional time for filing a brief on intervention, the Board may, in its discretion, grant the request. A party may file a response to the Director's brief within 15 days of the date of service of that brief. The Director must serve the notice of intervention and the brief on all parties.

(2) *By Special Counsel.* (i) Under 5 U.S.C. 1212(c), the Special Counsel may intervene as a matter of right, except as provided in paragraph (g)(2)(ii) of this section. The notice of intervention is timely if it is filed with the Clerk of the Board within 45 days of the date the petition for review was filed. If the Special Counsel requests additional time for filing a brief on intervention, the Board may, in its discretion, grant the request. A party may file a response to the Special Counsel's brief within 15 days of the date of service. The Special Counsel must serve the notice of intervention and the brief on all parties.

(ii) The Special Counsel may not intervene in an action brought by an individual under 5 U.S.C. 1221, or in an appeal brought by an individual under 5 U.S.C. 7701, without the consent of that individual. The Special Counsel must present evidence that the individual has consented to the intervention at the time the motion to intervene is filed.

(3) *Permissive intervenors.* Any person, organization or agency, by motion made in a petition for review, may ask for permission to intervene. The motion must state in detail the reasons why the person, organization or agency should be permitted to intervene. A motion for permission to intervene will be granted if the requester shows that he or she will be affected directly by the outcome of the proceeding. Any person alleged to have committed a prohibited personnel practice under 5 U.S.C. 2302(b) may ask for permission to intervene.

(h) *Service.* A party submitting a pleading must serve a copy of it on each party and on each representative as provided in § 1201.26(b)(2).

(i) *Closing the record.* The record closes on expiration of the period for filing the response to the petition for review, or to the cross petition for review, or to the brief on intervention, if any, or on any other date the Board sets for this purpose. Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed.

[54 FR 53504, Dec. 29, 1989, as amended at 58 FR 36345, July 7, 1993]

### § 1201.115  Contents of petition for review.

(a) The petition for review must state objections to the initial decision that are supported by references to applicable laws or regulations and by specific references to the record.

(b)(1) If the appellant was the prevailing party in the initial decision, and that decision granted the appellant interim relief, any petition for review or cross petition for review filed by the agency must be accompanied by evidence that the agency has provided the interim relief required, except when the agency has made a determination as described in paragraph (b)(2) of this section.

(2) Under 5 U.S.C. 7701(b)(2), if the initial decision provides interim relief which requires that the appellant be returned to his or her place of employment pending the outcome of any petition for review and the agency determines that the return or presence of the appellant will be unduly disruptive to the work environment, the agency must notify both the appellant and the judge in writing. The agency must also provide evidence of such notification to the Board at the time of filing a petition or cross petition for review. The evidence must show that the agency has provided that the appellant will receive pay, compensation, and all other

**Merit Systems Protection Board**

benefits as terms and conditions of employment during the period a petition for review is pending.

(3) Nothing in paragraphs (b)(1) or (b)(2) of this section shall be construed to require any payment of back pay for the period preceding the date of the judge's initial decision or attorney fees before the decision of the Board becomes final.

(4) Failure of the agency to submit evidence that it has complied with the granting of interim relief in accordance with paragraph (b)(1) of this section, or that it has provided notification that interim relief will not be granted fully in accordance with paragraph (b)(2) of this section, will result in the dismissal of the agency's petition or cross petition for review.

(c) The Board, after providing the other parties with an opportunity to respond, may grant a petition for review when it is established that:

(1) New and material evidence is available that, despite due diligence, was not available when the record closed; or

(2) The decision of the judge is based on an erroneous interpretation of statute or regulation.

**§1201.116  Procedures for review or reopening.**

(a) In any case that is reopened or reviewed, the Board may:

(1) Issue a single decision that denies or grants a petition for review, reopens the appeal, and decides the case;

(2) Hear oral arguments;

(3) Require that briefs be filed;

(4) Remand the appeal so that the judge may take further testimony or evidence or make further findings or conclusions; or

(5) Take any other action necessary for final disposition of the case.

(b) The Board may affirm, reverse, modify, or vacate the decision of the judge, in whole or in part. Where appropriate, the Board will issue a final decision and order a date for compliance with that decision.

**§1201.117  Board reopening of case and reconsideration of initial decision.**

The Board may reopen an appeal and reconsider a decision of a judge on its own motion at any time, regardless of any other provisions of this part.

**§1201.118  OPM petition for reconsideration.**

(a) *Criteria.* Under 5 U.S.C. 7703(d), the Director of the Office of Personnel Management may file a petition for reconsideration of a Board final order if he or she determines:

(1) That the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management, and

(2) That the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive.

(b) *Time limit.* The Director must file the petition for reconsideration within 35 days after the date of service of the Board's final order.

(c) *Briefs.* After the petition is filed, the Board will make the official record relating to the petition for reconsideration available to the Director for review. The Director's brief in support of the petition for reconsideration must be filed within 20 days after the Board makes the record available for review. Any party's opposition to the petition for reconsideration must be filed within 25 days from the date of service of the Director's brief.

(d) *Stays.* If the Director of OPM files a petition for reconsideration, he or she also may ask the Board to stay its final order. An application for a stay, with a supporting memorandum, must be filed at the same time as the petition for reconsideration.

**§1201.119  Judicial review.**

Any employee or applicant for employment who is adversely affected by a final order or decision of the Board under the provisions of 5 U.S.C. 7703 may obtain judicial review in the United States Court of Appeals for the Federal Circuit. As §1201.175 of this part provides, an appropriate United States district court has jurisdiction over a request for judicial review of cases involving the kinds of discrimination issues described in 5 U.S.C. 7702.

§ 1201.121

## Subpart D—Procedures for Original Jurisdiction Cases

### ACTIONS BROUGHT BY THE SPECIAL COUNSEL

**§ 1201.121 Scope of jurisdiction; compliance with subpart B.**

(a) *Scope.* The Board has original jurisdiction over actions brought by the Special Counsel and over the Special Counsel's requests for stays of certain personnel actions.

(b) *Compliance with subpart B.* Except as otherwise expressly provided by this subpart, the Special Counsel will comply with the regulations regarding hearing procedures that are set out in subpart B of this part in connection with all complaints or requests he or she files with the Board.

**§ 1201.122 Filing complaints and requests; serving documents on parties.**

(a) *Initial filing.* The Special Counsel must file two copies of each complaint or request, together with numbered and tabbed exhibits or attachments, if any, with the Clerk of the Board. In addition, he or she must file with that office, for service by the Board in accordance with paragraph (b) of this section, a sufficient number of copies of complaints or requests, together with numbered and tabbed exhibits and a certified list of parties or their representatives. The list must show the last known address of each party or representative.

(b) *Service by the Board.* The Board will mail copies of complaints and requests to the parties to the proceeding, or their representatives, at their last known addresses. It also will mail them any exhibits or attachments to the complaints and requests, along with copies of the pertinent regulations of the Board.

(c) *Subsequent filings and service.* Each party must serve on every other party one copy of each of its pleadings, as defined by § 1201.4(b). Service may be by mail, by facsimile, or by personal delivery to each party on the service list previously provided by the Board. A certificate of service describing how and when service was made must accompany each pleading. All parties are

responsible for notifying the Board and one another in writing of any changes in the names or addresses on the service list.

**§ 1201.123 Contents of complaint.**

(a) If the Special Counsel determines that the Board should take any of the actions listed below, he or she must file a written complaint stating with particularity any alleged violations of law or regulation, along with the supporting facts.

(1) Action to require an agency to correct a prohibited personnel practice (or a pattern of prohibited personnel practices) under 5 U.S.C. 1214(b)(4);

(2) Action to discipline an employee under 5 U.S.C. 1215(a);

(3) Action with respect to other matters within the jurisdiction of the Special Counsel under 5 U.S.C. 1216; and

(4) Action to discipline an employee under the Federal Employees Flexible and Compressed Work Schedule Act, 5 U.S.C. 6101.

(b) The Board may order the Special Counsel and the responding party to file briefs, memoranda, or both in any action the Special Counsel brings before the Board.

(c) If the Special Counsel files a corrective action with the Board on behalf of an employee, former employee, or applicant for employment who has sought corrective action from the Board directly under 5 U.S.C. 1214(a)(3), the Special Counsel must provide evidence that the employee, former employee, or applicant has consented to the Special Counsel's seeking corrective action. 5 U.S.C. 1214(a)(4).

**§ 1201.124 Rights of employees.**

(a) When the Special Counsel files a complaint seeking corrective action under 5 U.S.C. 1214(b)(2)(B), the Board shall provide the individual alleged to have been the subject of the prohibited personnel practice the opportunity to make written comments.

(b) When the Special Counsel files a complaint proposing a disciplinary action against an employee under 5 U.S.C. 1215(a)(1), the employee has the right:

(1) To file an answer, supported by affidavits and documentary evidence;

(2) To be represented;

**Merit Systems Protection Board**

(3) To a hearing on the record before the Board or an administrative law judge;

(4) To a written Board decision, issued at the earliest practicable date, in which the Board states the reasons for its conclusion; and

(5) To a copy of any final order imposing disciplinary action.

**§ 1201.125  Answer to complaint.**

(a) *Filing and default.* A party named in a Special Counsel complaint may file an answer with the Clerk of the Board within 35 days of the date of service of the complaint. If a party fails to answer, and does not show good cause for that failure, the failure will constitute waiver of the right to contest the allegations in the complaint. Unanswered allegations are considered admitted and will form the basis of a recommended or final decision as appropriate.

(b) *Content.* An answer must contain a specific denial, admission, or explanation of each fact alleged in the complaint. If the respondent has no knowledge of a fact, he or she must say so. The respondent may include statements of fact and appropriate documentation to support each denial or defense. Allegations that are unanswered or admitted in the answer are considered true and may not be denied later.

**§ 1201.126  Final orders of the Board.**

(a) In any action seeking correction of a prohibited personnel practice, the Board may order the corrective actions it considers appropriate after providing an opportunity for the Special Counsel, the agency, and the Office of Personnel Management to comment. 5 U.S.C. 1214(b)(4)(A).

(b)(1) Subject to the provisions of paragraph (b)(2) of this section, in any case involving an alleged prohibited personnel practice described in 5 U.S.C. 2302(b)(8), the Board will order such corrective action as the Board considers appropriate if the Special Counsel demonstrates that a disclosure described under 5 U.S.C. 2302(b)(8) was a contributing factor in the personnel action that was taken or will be taken against the individual.

(2) Corrective action under paragraph (b)(1) of this section may not be or-

dered if the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure. 5 U.S.C. 1214(b)(4)(B).

(c) In any action to discipline an employee, except as provided in paragraphs (e) and (f) of this section, the Board may order a removal, a reduction in grade, a debarment (not to exceed five years), a suspension, a reprimand, or an assessment of civil penalty not to exceed $1,000. 5 U.S.C. 1215(a)(3).

(d) If a State or local agency fails to remove an employee whose removal is found to be warranted by the Board under 5 U.S.C. 1505, or if it reappoints such an employee within 18 months of a Board's final order finding that removal was warranted, the Board may order the Federal agency administering loans or grants to the State or local agency, to withhold money from the agency. The amount to be withheld will not exceed two years of the offending employee's pay at the rate he or she was being paid at the time of the violation. 5 U.S.C. 1506.

(e) In any action to discipline an employee under the Federal Employees Flexible and Compressed Work Schedule Act, 5 U.S.C. 6101, a final order of the Board may impose disciplinary action consisting of:

(1) Removal from Federal employment for any period of time the Board may prescribe;

(2) Suspension; or

(3) Other discipline that the Board considers appropriate.

(f) In any action in which the Board finds that an employee has violated 5 U.S.C. 7324, the Board will order the employee's removal, unless it finds by unanimous vote that the violation does not warrant removal and imposes instead a penalty of not less than 30 days suspension without pay.

**§ 1201.127  Requesting stay of personnel action; protective orders.**

Under 5 U.S.C. 1214(b)(1), the Special Counsel may ask a member of the Board to stay any personnel action if he or she determines that there are reasonable grounds to believe that the action was taken or will be taken as a

result of a prohibited personnel practice.

(a) *Content of request.* The Special Counsel, or that official's representative, must sign each request, and must include the following information in the request:

(1) The names of the parties;

(2) The agency and officials involved;

(3) The nature of the action to be stayed;

(4) A concise statement of facts justifying the charge that the personnel action was or will be the result of a prohibited personnel practice; and

(5) The laws or regulations that were violated, or that will be violated if the stay is not issued.

(b) *Filing and serving of request.* The request for a stay must be filed and served on all parties in accordance with § 1201.122 of this part.

(c) *Action on the request for stay—(1) Initial stay.* Within three days after the filing of a request, excluding Saturdays, Sundays, and Federal holidays, any member of the Board will grant a request for a stay of 45 days under 5 U.S.C. 1214(b)(1)(A) unless the Member determines that, under the facts and circumstances, the requested stay would not be appropriate. Unless the stay is denied within the 3-day period, it is considered granted by operation of law.

(2) *Extension of stay.* Upon the Special Counsel's request, the Board may extend any stay granted under 5 U.S.C. 1214(b)(1)(A) for whatever time it considers appropriate, but only after providing the Special Counsel and the agency with an opportunity to comment on the request, and only after the Board has concurred in the request of the Special Counsel. At the time he or she files a request for an extension of a stay under 5 U.S.C. 1214(b)(1)(B), the Special Counsel must also file a brief describing the facts and any relevant legal authority that the Board should consider. The agency must respond in accordance with any order of the Board.

(3) *Reports during pendency of a stay.* If the Board grants an extension of the initial stay, the Special Counsel must report to the Board, at intervals specified in the order granting extension of the stay, regarding the status of the

case. Such reports will continue to be required until the Special Counsel files a corrective action with the Board or requests termination of the stay, or until the stay expires according to its terms.

(4) *Termination of stay.* The Board may terminate a stay at any time, except it may not terminate a stay:

(i) On its own motion or on the motion of an agency without first providing notice and opportunity for oral or written comments to the Special Counsel and the individual on whose behalf the stay was ordered; or

(ii) On the motion of the Special Counsel without first providing notice and opportunity for oral or written comments to the individual on whose behalf the stay was ordered.

(d) *Additional information.* At any time, the Board or, where appropriate, a member of the Board may require the Special Counsel, the agency, or both to appear and present further information or explanation regarding a request for a stay, to file supplemental briefs or memoranda, or to supply factual information that the Board needs in order to make a decision regarding a stay.

(e) *Protective orders.* The Board, during an investigation by the Special Counsel or during the pendency of any Special Counsel proceeding before the Board, may issue any order that may be necessary to protect a witness or other individual from harassment. The Special Counsel must submit any motion for a protective order to the Clerk of the Board. The motion must include a concise statement of the reasons justifying the request, together with any relevant documentary evidence. An agency, other than the Office of the Special Counsel, may not request a protective order with respect to an investigation by the Special Counsel during such investigation. An order issued under this paragraph may be enforced in the same manner as provided under subpart F for Board final decisions and orders.

**§ 1201.128  Administrative appeal; judicial review.**

(a) A party in a Special Counsel complaint does not have the right to file an administrative appeal from an order of the Board.

**Merit Systems Protection Board**

(b) An employee, former employee, or applicant for employment who is adversely affected by an order of the Board resulting from a corrective action brought by the Special Counsel may obtain judicial review of the order of the Board in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. 1214(c).

(c) An employee subject to a final order imposing disciplinary action under 5 U.S.C. 1215 may obtain judicial review of the order of the Board in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. 1215(a)(4).

### §1201.129  Judge; exceptions and replies to exceptions.

(a) Except for requests for stays under 5 U.S.C. 1214(b)(1), and other matters specifically reserved for hearing by the Board, an action brought by the Special Counsel is heard by an administrative law judge, who will issue a recommended decision to the Board in accordance with 5 U.S.C. 557. Unless directed otherwise, the parties must file all pleadings with the Clerk of the Board.

(b) The parties may file with the Clerk of the Board any exceptions they may have to the recommended decision of the administrative law judge. Those exceptions must be filed within 35 days after the date of service of the recommended decision.

(c) The parties may file replies to exceptions within 25 days after the date of service of the exceptions, as that date is determined by the certificate of service.

(d) No additional evidence will be accepted with a party's exceptions or with a reply to exceptions unless the party submitting it shows that the evidence was not readily available before the administrative law judge closed the record.

### ACTIONS AGAINST ADMINISTRATIVE LAW JUDGES

### §1201.131  Procedures.

When an agency proposes an action against an administrative law judge, the procedures established under subpart B will apply to the hearing, unless these regulations expressly provide otherwise. Initial and subsequent

pleadings, however, must be filed and served in accordance with §1201.122 of this subpart.

### §1201.132  Board jurisdiction.

The jurisdiction of the Board under this section is limited to proposals to take the following actions:

(a) Removal;
(b) Suspension;
(c) Reduction in grade;
(d) Reduction in pay; and
(e) Furlough of 30 days or less.

### §1201.133  Filing a complaint.

To initiate an action against an administrative law judge, an agency must file a complaint with the Board describing with particularity the facts that support the proposed action.

### §1201.134  Answer to complaint.

The administrative law judge against whom the complaint is filed may file an answer to the complaint. The answer must comply with the timeliness and other requirements of §1201.125 of this subpart.

### §1201.135  Judge; exceptions and replies to exceptions.

(a) Unless it is specifically reserved for hearing by the Board, an action by an employing agency against an administrative law judge will be heard by an administrative law judge, who will issue a recommended decision in accordance with 5 U.S.C. 557. All pleadings in those actions must be filed with the Clerk of the Board.

(b) The parties may file with the Clerk of the Board any exceptions they have to the recommended decision of the administrative law judge. Those exceptions must be filed within 35 days after the date on which the administrative law judge issues the recommended decision.

(c) The parties may file replies to exceptions within 25 days from the date of service of the exceptions.

### §1201.136  Requirement for finding of good cause.

The Board will authorize the agency to take a disciplinary action, and will specify the penalty to be imposed, only after the Board has made a finding of good cause as required by 5 U.S.C. 7521.

## § 1201.141

### REMOVAL FROM THE SENIOR EXECUTIVE SERVICE

#### § 1201.141  Right to hearing.

If an agency proposes to remove a career appointee from the Senior Executive Service under 5 CFR 359.502, and to place that employee in another civil service position, the appointee may request an informal hearing before an official appointed by the Board. If the appointee files the request with the Office of the Clerk at least 15 days before the effective date of the proposed removal, the request will be granted.

#### § 1201.142  Hearing procedures; referring the record.

The appointee, the appointee's representative, or both may appear and present arguments in an informal hearing before the Board or its designee. A verbatim record of the proceeding will be made. The appointee has no other procedural rights before the Board. The Board will refer a copy of the record to the Special Counsel, the Office of Personnel Management, and the employing agency for whatever action may be appropriate.

#### § 1201.143  Appeal.

There is no right under 5 U.S.C. 7703 to appeal the agency's or Board's actions in cases arising under § 1201.141 of this part. The removal action will not be delayed as a result of the hearing.

### Subpart E—Procedures for Cases Involving Allegations of Discrimination

#### § 1201.151  Scope and policy.

(a) Scope. (1) The rules in this subpart implement 5 U.S.C. 7702. They apply to any case in which an employee or applicant for employment alleges that a personnel action appealable to the Board was based, in whole or in part, on prohibited discrimination.

(2) "Prohibited discrimination," as that term is used in this subpart, means discrimination prohibited by:

(i) Section 717 of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e–16(a));

(ii) Section 6(d) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 206(d));

(iii) Section 501 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 791);

(iv) Sections 12 and 15 of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. 631, 633a); or

(v) Any rule, regulation, or policy directive prescribed under any provision of law described in paragraphs (a)(2)(i) through (iv) of this section.

(b) Policy. The Board's policy is to adjudicate impartially, thoroughly, and fairly all issues raised under this subpart.

#### § 1201.152  Compliance with subpart B procedures.

Unless this subpart expressly provides otherwise, all actions involving allegations of prohibited discrimination must comply with the regulations that are included in subpart B of this part.

#### § 1201.153  Contents of appeal.

(a) Contents. An appeal raising issues of prohibited discrimination must comply with § 1201.24 of this part, with the following exceptions:

(1) The appeal must state that there was discrimination in connection with the matter appealed, and it must state specifically how the agency discriminated against the appellant; and

(2) The appeal must state whether the appellant has filed a formal discrimination complaint or a grievance with any agency. If he or she has done so, the appeal must state the date on which the appellant filed the complaint or grievance, and it must describe any action that the agency took in response to the complaint or grievance.

(b) Use of form. Completing the form in appendix I of these regulations constitutes compliance with paragraph (a) of this section.

#### § 1201.154  Time for filing appeal; closing record in cases involving grievance decisions.

Appellants who file appeals raising issues of prohibited discrimination in connection with a matter otherwise appealable to the Board must comply with the following time limits:

**Merit Systems Protection Board**

(a) Where the appellant has been subject to an action appealable to the Board, he or she may either file a timely complaint of discrimination with the agency or file an appeal with the Board within 30 days after the effective date of the agency action being appealed.

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or

(2) If the agency has not resolved the matter or issued a final decision on the formal complaint within 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 calendar days.

(c) If the appellant files an appeal prematurely under this subpart, the judge will dismiss the appeal without prejudice to its later refiling under § 1201.22 of this part. If holding the appeal for a short time would allow it to become timely, the judge may hold the appeal rather than dismiss it.

(d) If the appellant has filed a grievance with the agency under its negotiated grievance procedure in accordance with 5 U.S.C. 7121, he or she may ask the Board to review the final decision under 5 U.S.C. 7702 within 35 days of the date of issuance of that decision. The appellant must file the request with the Clerk of the Board, Merit Systems Protection Board, Washington, DC 20419. The request for review must contain:

(1) A statement of the grounds on which review is requested;

(2) References to evidence of record or rulings related to the issues before the Board;

(3) Arguments in support of the stated grounds that refer specifically to relevant documents, and that include relevant citations of authority; and

(4) Legible copies of the final grievance or arbitration decision, the agency decision to take the action, and other relevant documents. Those documents may include a transcript or tape recording of the hearing.

(e) The record will close upon expiration of the period for filing the response to the petition for review, or to the brief on intervention, if any, or on any other date the Board sets for this purpose. Once the record closes, no additional evidence or argument will be accepted unless the party submitting it shows that the evidence was not readily available before the record closed.

**§ 1201.155 Remand of allegations of discrimination.**

If the parties file a written agreement that the discrimination issue should be remanded to the agency for consideration, and if the judge determines that action would be in the interest of justice, the judge may take that action. The remand order will specify a time period within which the agency action must be completed. In no instance will that time period exceed 120 days. While the issue is pending with the agency, the judge will retain jurisdiction over the appeal.

**§ 1201.156 Time for processing appeals involving allegations of discrimination.**

(a) *Issue raised in appeal.* When an appellant alleges prohibited discrimination in the appeal, the judge will decide both the issue of discrimination and the appealable action within 120 days after the appeal is filed.

(b) *Issue not raised in appeal.* When an appellant has not alleged prohibited discrimination in the appeal, but has raised the issue later in the proceeding, the judge will decide both the issue of discrimination and the appealable action within 120 days after the issue is raised.

(c) *Discrimination issue remanded to agency.* When the judge remands an issue of discrimination to the agency, adjudication will be completed within 120 days after the agency completes its action and returns the case to the Board.

**§ 1201.157 Notice of right to judicial review.**

Any final decision of the Board under 5 U.S.C. 7702 will notify the appellant of his or her right, within 30 days after receiving the Board's final decision, to petition the Equal Employment Opportunity Commission to consider the Board's decision, or to file a civil action in an appropriate United States

§ 1201.161

district court. If an appellant elects to waive the discrimination issue, an appeal may be filed with the United States Court of Appeals for the Federal Circuit as stated in § 1201.119 of this part.

REVIEW OF BOARD DECISION

§ 1201.161 Action by the Equal Employment Opportunity Commission; judicial review.

(a) *Time limit for determination.* In cases in which an appellant petitions the Equal Employment Opportunity Commission (Commission) for consideration of the Board's decision under 5 U.S.C. 7702(b)(2), the Commission will determine, within 30 days after the date of the petition, whether it will consider the decision.

(b) *Judicial review.* The Board's decision will become judicially reviewable on:

(1) The date on which the decision is issued, if the appellant does not file a petition with the Commission under 5 U.S.C. 7702(b)(1); or

(2) The date of the Commission's decision that it will not consider the petition filed under 5 U.S.C. 7702(b)(2).

(c) *Commission processing and time limits.* If the Commission decides to consider the decision of the Board, within 60 days after making its decision it will complete its consideration and either:

(1) Concur in the decision of the Board; or

(2) Issue in writing and forward to the Board for its action under § 1201.162 of this subpart another decision, which differs from the decision of the Board to the extent that the Commission finds that, as a matter of law:

(i) The decision of the Board constitutes an incorrect interpretation of any provision of any law, rule, regulation, or policy directive related to prohibited discrimination; or

(ii) The evidence in the record as a whole does not support the decision involving that provision.

(d) *Transmittal of record.* The Board will transmit a copy of its record to the Commission upon request.

(e) *Development of additional evidence.* When asked by the Commission to do so, the Board or a judge will develop additional evidence necessary to supplement the record. This action will be completed within a period that will permit the Commission to make its decision within the statutory 60-day time limit referred to in paragraph (c) of this section. The Board or the judge may schedule additional proceedings if necessary in order to comply with the Commission's request.

(f) *Commission concurrence in Board decision.* If the Commission concurs in the decision of the Board under 5 U.S.C. 7702(b)(3)(A), the appellant may file suit in an appropriate United States district court.

§ 1201.162 Board action on the Commission decision; judicial review.

(a) *Board decision.* Within 30 days after receipt of a decision of the Commission issued under 1201.161(c)(2), the Board shall consider the decision and:

(1) Concur and adopt in whole the decision of the Commission; or

(2) To the extent that the Board finds that, as a matter of law:

(i) The Commission decision is based on an incorrect interpretation of any provision of any civil service law, rule, regulation, or policy directive, or

(ii) The evidence in the record as a whole does not support the Commission decision involving that provision, it may reaffirm the decision of the Board. In doing so, it may make revisions in the decision that it determines are appropriate.

(b) *Judicial review.* If the Board concurs in or adopts the decision of the Commission under paragraph (a)(1) of this section, the decision of the Board is a judicially reviewable action.

§ 1201.163 Mixed cases governed by Reorganization Plan No. 1 of 1978.

(a) *Definitions—*(1) *Prohibited discrimination* as used in this section means discrimination prohibited by section 717 of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e–16(c)); section 501 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 791); and sections 12 and 15 of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. 631, 633a).

(2) *Initial decision* as used in this section means a decision rendered by a judge of the MSPB pursuant to 29 CFR part 1613 or 5 CFR part 772 (as in effect prior to January 11, 1979) on an appeal

29

§ 1201.172

**Merit Systems Protection Board**

in which issues of prohibited discrimination have been raised.

(3) *Preliminary decision as used in this section means:* (i) An initial decision within the meaning of § 1201.163(a)(2) which has not been reopened by a Board member or as to which no petition to reopen was filed by a party within 35 days after issuance of the decision;

(ii) A decision by the Board itself pursuant to 29 CFR part 1613 or 5 CFR part 772, in which issues of prohibited discrimination are addressed, or a decision by the Board denying all petitions to reopen.

(b) *Contents of appeal.* An appeal raising issues of prohibited discrimination shall state there was discrimination in conjunction with the matter appealed and provide specific examples of how the appellant was discriminated against.

(c) *Procedures.* (1) Appeals under 29 CFR part 1613 shall be processed by the Board consistent with the provisions set forth in that part. Such appeals shall be filed in writing with the appropriate Board Regional Office.

(2) Appeals under the provisions of 5 CFR part 772 shall be processed as provided therein, except that under 5 CFR 772.306(b) the discrimination investigation shall be completed and the investigative file and report sent to the Board within 120 days. Except when this time has been extended upon a verified showing of good cause, the Board may impose the sanctions provided in 5 CFR 1201.43 if an agency fails to timely complete and file the result of such an investigation.

(3) An initial decision on an appeal which includes issues of prohibited personnel discrimination shall be rendered by an employee of the Board, pursuant to 29 CFR part 1613 or 5 CFR part 772, on all issues raised in the appeal.

(4) Unless a petition to reopen is filed with the Board or unless a Board member reopens on his/her own motion, within 35 days from issuance of an initial decision, the initial decision shall become the preliminary decision of the Board.

(d) *Review by Commission—*(1) *Time for filing.* A petition to review the preliminary decision of the Board on issues of prohibited discrimination shall be filed

with the Commission within 35 days after the initial decision of the Board becomes the preliminary decision.

(2) *Petition filed.* In the event a petition for review is filed with the Commission, the Board decision shall become final on all issues, other than issues of prohibited discrimination, on the date the Commission's decision on these issues becomes final.

(3) *Petition not filed.* If a petition for review is not filed with the Commission, the decision of the Board shall become final on all issues. (5 U.S.C. 1204(g)).

SPECIAL PANEL

**§ 1201.171  Referral of case to Special Panel.**

If the Board reaffirms its decision under § 1201.162(a)(2) of this part with or without modification, it will certify the matter immediately to a Special Panel established under 5 U.S.C. 7702(d). Upon certification, the Board, within 5 days (excluding Saturdays, Sundays, and Federal holidays), will transmit the administrative record in the proceeding to the Chairman of the Special Panel and to the Commission. That record will include the following:

(a) The factual record compiled under this section, which will include a transcript of any hearing;

(b) The decisions issued by the Board and the Commission under 5 U.S.C. 7702; and

(c) A transcript of oral arguments made, or legal briefs filed, before the Board or the Commission.

**§ 1201.172  Organization of Special Panel; designation of members.**

(a) A Special Panel is composed of:

(1) A Chairman, appointed by the President with the advice and consent of the Senate, whose term is six (6) years;

(2) One member of the Board, designated by the Chairman of the Board each time a Panel is convened;

(3) One member of the Commission, designated by the Chairman of the Commission each time a Panel is convened.

(b) *Designation of Special Panel members—*(1) *Time of designation.* Within 5 days of certification of a case to a Special Panel, the Chairman of Board and

30

§ 1201.173

the Chairman of the Commission each will designate one member from his or her agency to serve on the Special Panel.

(2) *Manner of designation.* Letters designating the Panel members will be served on the Chairman of the Panel and on the parties to the appeal.

§ 1201.173  Practices and procedures of Special Panel.

(a) *Scope.* The rules in this subpart apply to proceedings before a Special Panel.

(b) *Suspension of rules.* Unless a rule is required by statute, the Chairman of a Special Panel may suspend the rule, in the interest of expediting a decision or for other good cause shown, and may conduct the proceedings in a manner he or she directs. The Chairman may take this action at the request of a party, or on his or her own motion.

(c) *Time limit for proceedings.* In accordance with 5 U.S.C. 7702(d)(2)(A), the Special Panel will issue a decision within 45 days after a matter has been certified to it.

(d) *Administrative assistance to the Special Panel.* (1) The Board and the Commission will provide the Panel with the administrative resources that the Chairman of the Special Panel determines are reasonable and necessary.

(2) Assistance will include, but is not limited to, processing vouchers for pay and travel expenses.

(3) The Board and the Commission are responsible for all administrative costs the Special Panel incurs, and, to the extent practicable, they will divide equally the costs of providing administrative assistance. If the Board and the Commission disagree on the manner in which costs are to be divided, the Chairman of the Special Panel will resolve the disagreement.

(e) *Maintaining the official record.* The Board will maintain the official record of the appeal. It will transmit two copies of each submission that is filed to each member of the Special Panel in an expeditious manner.

(f) *Filing and service of pleadings.* (1) The parties must file the original and six copies of each submission with the Clerk, Merit Systems Protection Board, 1120 Vermont Avenue, NW., Washington, DC 20419. The Office of the

Clerk will serve one copy of each submission on the other parties.

(2) A certificate of service specifying how and when service was made must accompany all submissions of the parties.

(3) Service may be made by mail or by personal delivery during the Board's normal business hours (8:30 a.m. to 5:00 p.m.). Because of the short statutory time limit for processing these cases, parties must file their submissions by overnight Express Mail, provided by the U.S. Postal Service, if they file their submissions by mail.

(4) A submission filed by Express Mail is considered to have been filed on the date of the Express Mail Order. A submission that is delivered personally is considered to have been filed on the date the Office of the Clerk of the Board receives it.

(g) *Briefs and responsive pleadings.* If the parties wish to submit written argument, they may file briefs with the Special Panel within 15 days after the date of the Board's certification order. Because of the short statutory time limit for processing these cases, the Special Panel ordinarily will not permit responsive pleadings.

(h) *Oral argument.* The parties have the right to present oral argument. Parties wishing to exercise this right must indicate this desire when they file their briefs or, if no briefs are filed, within 15 days after the date of the Board's certification order. Upon receiving a request for argument, the Chairman of the Special Panel will determine the time and place for argument and the amount of time to be allowed each side, and he or she will provide this information to the parties.

(i) *Postargument submission.* Because of the short statutory time limit for processing these cases, the parties may not file postargument submissions unless the Chairman of the Special Panel permits those submissions.

(j) *Procedural matters.* Any procedural matters not addressed in these regulations will be resolved by written order of the Chairman of the Special Panel.

§ 1201.174  Enforcing the Special Panel decision.

The Board, upon receipt of the decision of the Special Panel, will order the

**Merit Systems Protection Board**

§ 1201.182

agency concerned to take any action appropriate to carry out the decision of the Panel. The Board's regulations regarding enforcement of a final order of the Board apply to this matter. These regulations are set out in subpart F of this part.

### § 1201.175 Judicial review of cases decided under 5 U.S.C. 7702.

(a) *Place and type of review.* The appropriate United States district court is authorized to conduct all judicial review of cases decided under 5 U.S.C. 7702. Those cases include appeals from actions taken under the following provisions: Section 717(c) of the Civil Rights Act of 1964, as amended (42 U.S.C. 2000e–16(c)); section 15(c) of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. 633a(c)); and section 15(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)).

(b) *Time for filing request.* Regardless of any other provision of law, requests for judicial review of all cases decided under 5 U.S.C. 7702 must be filed within 30 days after the appellant received notice of the judicially reviewable action.

## Subpart F—Enforcement of Final Decisions and Orders

### § 1201.181 Authority and explanation.

(a) Under 5 U.S.C. 1204(a)(2), the Board has the authority to order any Federal agency or employee to comply with decisions and orders issued under its jurisdiction, and the authority to enforce compliance with its orders and decisions. The parties are expected to cooperate fully with each other so that compliance with the Board's orders and decisions can be accomplished promptly and in accordance with the laws, rules, and regulations that apply to individual cases. The Board's decisions and orders will contain a notice of the Board's enforcement authority.

(b) In order to avoid unnecessary petitions under this subpart, the agency must inform the appellant promptly of the actions it takes to comply, and it must tell the appellant when it believes it has completed its compliance. The appellant must provide all necessary information that the agency requests in order to comply, and, if not

otherwise notified, he or she should, from time to time, ask the agency about its progress.

### § 1201.182 Petition for enforcement.

(a) *Appellate jurisdiction.* Any party may petition the Board for enforcement of a final decision issued under the Board's appellate jurisdiction. The petition must be filed promptly with the regional office that issued the initial decision; a copy of it must be served on the other party or that party's representative; and it must describe specifically the reasons the petitioning party believes there is noncompliance. The petition also must include the date and results of any communications regarding compliance. Any petition for enforcement that is filed more than 30 days after the date of service of the agency's notice that it has complied must contain a statement and evidence showing good cause for the delay and a request for an extension of time for filing the petition.

(b) *Original jurisdiction.* Any party seeking enforcement of a Board order issued under its original jurisdiction must file a petition for enforcement with the Clerk of the Board and must serve a copy of that petition on the other party or that party's representative. The petition must describe specifically the reasons why the petitioning party believes there is noncompliance.

(c) *Petition by an employee other than a party.* Under 5 U.S.C. 1204(e)(2)(B), any employee who is aggrieved by the failure of any other employee to comply with an order of the Board may petition the Board for enforcement. The Board will entertain a petition for enforcement from an aggrieved employee who is not a party only if the employee seeks and is granted party status as a permissive intervenor under § 1201.34(c) of this part. The employee must file a motion to intervene at the time of filing the petition for enforcement. The petition and motion to intervene must be filed promptly with the regional office that issued the order or, if the order was issued by the Board, with the Clerk of the Board. The petitioner must serve a copy of the petition and motion to intervene on each party or the party's representative. The peti-

§ 1201.183

tion for enforcement must describe specifically why the petitioner believes there is noncompliance and in what way the petitioner is aggrieved by the noncompliance. The motion to intervene will be considered in accordance with § 1201.34(c) of this part.

§ 1201.183 Procedures for processing petitions for enforcement.

(a) *Initial Processing.* (1) When a party has filed a petition for enforcement of a final decision, the alleged noncomplying party must file one of the following within 15 days of the date of service of the petition:

(i) Evidence of compliance, including a narrative explanation of the calculation of back pay and other benefits, and supporting documents;

(ii) Evidence as described in paragraph (a)(1)(i) of this section of the compliance actions that the party has completed, and a statement of the actions that are in process and the actions that remain to be taken, along with a reasonable schedule for full compliance; or

(iii) A statement showing good cause for the failure to comply completely with the decision of the Board.

The party that filed the petition may respond to that submission within 10 days after the date of service of the submission. The parties must serve copies of their pleadings on each other as required under § 1201.26(b)(2) of this part.

(2) If the agency is the alleged noncomplying party, it shall submit the name and address of the agency official charged with complying with the Board's order, even if the agency asserts it has fully complied. In the absence of this information, the Board will presume that the highest ranking appropriate agency official who is not appointed by the President by and with the consent of the Senate is charged with compliance.

(3) The judge may convene a hearing if one is necessary to resolve matters at issue.

(4) If the judge finds that there has been compliance or a good faith effort to take all actions required to be in compliance with the final decision, he or she will state those findings in a decision. That decision will be subject to

the procedures for petitions for review by the Board under subpart C of this part, and subject to judicial review under § 1201.119 of this part.

(5) If the judge finds that:

(i) The alleged noncomplying party has not taken, or has not made a good faith effort to take, any action required to be in compliance with the final decision, or

(ii) The party has taken or made a good faith effort to take one or more, but not all, actions required to be in compliance with the final decision; he or she will issue a recommendation containing his or her findings, a statement of the actions required by the party to be in compliance with the final decision, and a recommendation that the Board enforce the final decision.

(6) If a recommendation described under paragraph (a)(5) of this section is issued, the alleged noncomplying party must do one of the following:

(i) If it decides to take the actions required by the recommendation, it must submit to the Clerk of the Board, within 15 days after the issuance of the recommendation, evidence that it has taken those actions.

(ii) If it decides not to take any of the actions required by the recommendation, it must file a brief supporting its nonconcurrence in the recommendation. The brief must be filed with the Clerk of the Board within 30 days after the recommendation is issued and, if it is filed by the agency, it must identify by name, title, and grade the agency official responsible for the failure to take the actions required by the recommendation for compliance.

(iii) If the party decides to take one or more, but not all, actions required by the recommendation, it must submit both evidence of the actions it has taken and, with respect to the actions that it has not taken, a brief supporting its disagreement with the recommendation. The evidence and brief must be filed with the Clerk of the Board within 30 days after issuance of the recommendation and, if it is filed by the agency, it must contain the identifying information required by paragraph (a)(6)(ii) of this section.

(7) The petitioner may file a brief that responds to the submission de-

scribed in paragraph (a)(6) of this section, and that asks the Board to review any finding in the recommendation, made under paragraph (a)(5)(ii) of this section, that the other party is in partial compliance with the final decision. The petitioner must file this brief with the Clerk of the Board within 20 days of the date of service of the submission described in paragraph (a)(6) of this section.

(b) *Consideration by the Board.* (1) The Board will consider the recommendation, along with the submissions of the parties, promptly. When appropriate, the Board may require the alleged noncomplying party, or that party's representative, to appear before the Board to show why sanctions should not be imposed under 5 U.S.C. 1204(a)(2) and 1204(e)(2)(A). The Board also may require the party or its representative to make this showing in writing, or to make it both personally and in writing.

(2) The Board may hold a hearing on an order to show cause, or it may issue a decision without a hearing.

(3) The Board's final decision on the issues of compliance is subject to judicial review under § 1201.119 of this part.

(c) *Certification to the Comptroller General.* When appropriate, the Board may certify to the Comptroller General of the United States, under 5 U.S.C. 1204(e)(2)(A), that no payment is to be made to a certain Federal employee. This order may apply to any Federal employee, other than a Presidential appointee subject to confirmation by the Senate, who is found to be in noncompliance with the Board's order.

(d) *Effect of Special Counsel's action or failure to act.* Failure by the Special Counsel to file a complaint under 5 U.S.C. 1215(a)(1)(C) and subpart D of this part will not preclude the Board from taking action under this subpart.

## Subpart G—Savings Provisions

### § 1201.191  Savings provisions.

(a) *Civil Service Reform Act of 1978 (Pub.L. 95-454)*—(1) *Scope.* All executive orders, rules and regulations relating to the Federal service that were in effect prior to the effective date of the Civil Service Reform Act shall continue in effect and be applied by the Board in its adjudications until modi-

fied, terminated, superseded, or repealed by the President, Office of Personnel Management, the Merit Systems Protection Board, the Equal Employment Opportunity Commission, or the Federal Labor Relations Authority, as appropriate.

(2) *Administrative proceedings and appeals therefrom.* No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, and appeals before the Board or its predecessor agencies, that were subject to judicial review or under judicial review on January 11, 1979, the date on which the Act became effective. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

(3) *Explanation.* Mr. X was advised of agency's intention to remove him for abandonment of position, effective December 29, 1978. Twenty days later Mr. X appealed the agency action to the Merit Systems Protection Board. The Merit Systems Protection Board docketed Mr. X's appeal as an "old system case," i.e., one to which the savings clause applied. The appropriate regional office processed the case, applying the substantive laws, rules and regulations in existence prior to the enactment of the Act. The decision, dated February 28, 1979, informed Mr. X that he is entitled to judicial review if he files a timely notice of appeal in the appropriate United States district court or the United States Court of Claims under the statute of limitations applicable when the adverse action was taken.

(b) *Whistleblower Protection Act of 1989 (Pub. L. 101-12)*—(1) *Scope.* All orders, rules, and regulations issued by the Board and the Special Counsel before the effective date of the Whistleblower Protection Act of 1989 shall continue in effect, according to their terms, until modified, terminated, superseded, or repealed by the Board or the Special Counsel, as appropriate.

(2) *Administrative proceedings and appeals therefrom.* No provision of the Whistleblower Protection Act of 1989 shall be applied by the Board in such a

**§ 1201.191**

way as to affect any administrative proceeding pending at the effective date of such provision. "Pending" is considered to encompass existing agency proceedings, including personnel actions that were proposed, threatened, or taken before July 9, 1989, the effec-

tive date of the Whistleblower Protection Act of 1989, and appeals before the Board or its predecessor agencies that were subject to judicial review on that date. An agency proceeding is considered to exist once the employee has received notice of the proposed action.

Merit Systems Protection Board

**Pt. 1201, App. I**

APPENDIX I TO PART 1201—MERIT SYSTEMS PROTECTION BOARD APPEAL FORM

## U.S. MERIT SYSTEMS PROTECTION BOARD



OMB NO. 3124-0009
Approved expires 3/31/94

### APPEAL FORM

#### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. 5 C.F.R. Parts 1201 and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. You must tell the Board if you are raising an affirmative defense (see Part IV), and you are responsible for proving each defense you raise.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional office which has responsibility for the geographic area in which you are employed. See 5 C.F.R. Part 1201, Appendix II.

**WHEN TO FILE AN APPEAL:** Your appeal must be filed during the period beginning with the day after the effective date of the action you are appealing and ending on the 30th day after the effective date. You may not file your appeal before the effective date of the action you are appealing. If you are appealing from a decision which does not set an effective date, you must file within 35 days of the date of the decision you are appealing. If your appeal

is late, it may be dismissed as untimely. The date of the filing is the date your appeal is postmarked, the date of the facsimile transmission, or the date of receipt if you personally deliver it to the regional office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.

**WHISTLEBLOWING APPEAL/STAY REQUEST:** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete Part VII of this form. If you are requesting a stay, you must complete Part VIII of this form.

*Privacy Act Statement: This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.*

*The U.S. Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the U.S. Merit Systems Protection Board on appeals are final administrative decisions and, as such, are*

*available to the public under the provisions of the Freedom of Information Act. It is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.*

*Public Reporting Burden: The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour, with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the Office of Management Analysis, Merit Systems Protection Board, 1120 Vermont Ave., NW., Washington, DC 20419, and to the Office of Management and Budget, Paperwork Reduction Project (3124-0009), Washington, DC 20503.*

### Part I Appellant Identification

| | |
|---|---|
| 1. Name *(last, first, middle initial)* | 2. Social Security Number |
| 3. Present address *(number and street, city, state, and ZIP code)* You must notify the Board of any change of address or telephone number while the appeal is pending with the MSPB. | 4. Home phone *(include area code)* |
| | 5. Office phone *(include area code)* |
| 6. I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief. | Signature of appellant or designated representative          Date signed |

NSN 7540-01-096-1230
Previous editions obsolete

50203-106

Optional Form 283 (Rev 7/81)
MSPB
5 CFR 1201 and 1209
Page 1

**5 CFR Ch. II (1-1-94 Edition)**

**Pt. 1201, App. I**

| Part II Designation of Representative |
|---|

7. You may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, but you must notify the Board promptly of any change. Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf."

| 8. Representative's address (number and street, city, state, and ZIP code). | 9. Representative's employer |
|---|---|
| | 10.a) Representative's telephone number (include area code) |
| | 10.b) Representative's facsimile number |
| | 11. Appellant's signature          Date |

| Part III Appealed Action |
|---|

12. Briefly describe the agency action you wish to appeal and attach any relevant documents, including the proposal letter, the decision letter, and the relevant SF 50 or its equivalent.

| 13. Name and address of the agency that took the action you are appealing (including bureau or other divisions, as well as street address, city, state and ZIP code) | 14. Your position title and duty station at the time of the action appealed |
|---|---|

| 15. Grade at time of the action appealed | 16. Salary at the time of the action appealed $          per | 17. Are you a veteran and/or entitled to the employment rights of a veteran? ☐ Yes   ☐ No |
|---|---|---|

| 18. Employment status at the time of the action appealed ☐ Temporary ☐ Applicant ☐ Retired ☐ Permanent ☐ Term ☐ Seasonal | 19. If retired, date of retirement (month, day, year) | 20. Type of service ☐ Competitive ☐ SES ☐ Excepted ☐ Postal Service |
|---|---|---|

| 21. Length of government service | 22. Length of service with acting agency | 23. Were you serving a probationary or trial period at the time of the action appealed? ☐ Yes   ☐ No |
|---|---|---|

| 24. Date you received written notice of the proposed action (month, day, year) (attach a copy) | 25. Date you received the final decision notice (month, day, year) (attach a copy) | 26. Effective date of the action appealed (month, day, year) |
|---|---|---|

Optional Form 283 (Rev 1/88)
NSN
5 CFR 1201 and 1209
Page 2

**Merit Systems Protection Board**

**27. Explain briefly why you think the agency was wrong in taking this action.**

| 28. Do you believe the penalty imposed by the agency was too harsh? ☐ Yes ☐ No | 29. What action would you like the Board to take on this case (i.e., what remedy are you asking for)? |
|---|---|

**Part IV Appellant's Defenses**

| 30.a) Do you believe the agency committed harmful procedural error(s)? ☐ Yes ☐ No | 30.b) If so, what is (are) the error(s)? |
|---|---|

**30.c) Explain how you were harmed by the error(s).**

| 31.a) Do you believe that the action you are appealing violated the law? ☐ Yes ☐ No | 31.b) If so, what law? |
|---|---|

**31.c) How was it violated?**

**32.a)** If you believe you were discriminated against by the agency, in connection with the matter appealed, because of either your race, color, religion, sex, national origin, marital status, political affiliation, handicapping condition, or age, indicate so and explain why you believe it to be true. You must indicate, by specific examples, how you were discriminated against.

**32.b)** Have you filed a formal discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal?     ☐ Yes (attach a copy)     ☐ No

| 32.c) If yes, place filed (agency, number and street, city, state, and ZIP code) | 32.d) Date filed (month, day, year) |
| | 32.e) Has a decision been issued? ☐ Yes (attach a copy) ☐ No |

Optional Form 283 (Rev. 7-89)
MSPB
5 CFR 1201 and 1209
Page 8

**Pt. 1201, App. I**                                    **5 CFR Ch. II (1-1-94 Edition)**

| 33.a) Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement?<br><br>☐ Yes *(attach a copy)*    ☐ No | 33.b) Date filed *(month, day, year)* |
|---|---|
| 33.c) If yes, place filed *(agency, number and street, city, state, and ZIP code)* | 33.d) Has a decision been issued?<br><br>☐ Yes *(attach a copy)*    ☐ No |
| | 33.e) If yes, date issued *(month, day, year)* |

### Part V Hearing

34. You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents. If neither box is checked, the Board will presume you do not want a hearing, and none will be scheduled.

Do you want a hearing?     ☐ Yes          ☐ No

If you choose to have a hearing, the Board will notify you where and when it is to be held.

### Part VI Reduction In Force

#### INSTRUCTIONS

Fill out this part only if you are appealing from a Reduction in Force. Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group | 36. Service computation date | 37.a) Has your agency offered you another position rather than separating you?<br><br>☐ Yes    ☐ No |
|---|---|---|
| 37.b) Title of position offered | 37.c) Grade of position offered | 37.d) Salary of position offered<br><br>$        per |
| 37.e) Location of position offered | | 37.f) Did you accept this position?<br><br>☐ Yes        ☐ No |

38. Explain why you think you should not have been affected by the Reduction in Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; full 30-day notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)*

Optional Form 283 (Rev 7-91)
MSPB
5 CFR 1201 and 1209
Page 4

**Merit Systems Protection Board**

Pt. 1201, App. I

| Part VII Whistleblowing Activity |
| --- |

**INSTRUCTIONS**

Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities.

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety? | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
| --- | --- |
| ☐ *Yes (attach a copy or summary of disclosure)* ☐ *No* | |

**39.c)** Date the disclosure was made *(month, day, year)*

**40.** If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*          ☐ *Proposed*

☐ *Taken*                  ☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence which supports your statement.

Optional Form 283 (Rev 1/01)
MSPB
5 CFR 1201 and 1209
Page 8

40

**Pt. 1201, App. I**                                    **5 CFR Ch. II (1-1-94 Edition)**

| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing? ☐ *Yes (attach a copy)*  ☐ *No* | 41.b) If yes, date(s) filed *(month, day, year)* |
|---|---|

| 41.c) Place filed *(location, number and street, city, state, and ZIP code)* |
|---|

| 42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel? ☐ *Yes (attach a copy)*  ☐ *No* |
|---|

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal? ☐ *Yes (attach a copy)*  ☐ *No* | 43.b) If yes, date requested *(month, day, year)* |
|---|---|

| 43.c) Place filed *(location, number and street, city, state, and ZIP code)* | 43.d) Has there been a decision? ☐ *Yes (attach a copy)*  ☐ *No* |
|---|---|

### Part VIII Stay Request

#### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a

substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You may provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

[56 FR 55599, Oct. 29, 1991]

Optional Form 283 (Rev. 7-91)
NSPB
5 CFR 1201 and 1209
Page 6

**Merit Systems Protection Board**

APPENDIX II TO PART 1201—APPRO-PRIATE REGIONAL OFFICE FOR FILING APPEALS

All submissions shall be addressed to the Regional Director, Merit Systems Protection Board, at the addresses listed below, according to geographic region of the employing agency or as required by §1201.4(d) of this part. Address of Appropriate Regional Office and Area Served:

1. Atlanta Regional Office, 401 W. Peachtree Street, NW., 10th floor, Atlanta, Georgia 30308, Facsimile No.: (404) 730-3767 (Alabama, Florida, Georgia, Mississippi, North Carolina, and South Carolina).

2. Boston Field Office, 99 Summer Street, suite 1810, Boston, Massachusetts 02110, Facsimile No.: (617) 424-5708 (Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont).

3. Chicago Regional Office, 230 South Dearborn Street, 31st floor, Chicago, Illinois 60604, Facsimile No.: (312) 886-4231 (Illinois (all locations north of Springfield), Indiana, Michigan, Minnesota, Ohio, and Wisconsin).

4. Dallas Regional Office, 1100 Commerce Street, room 6F20, Dallas, Texas 75242 Facsimile No.: (214) 767-0102 (Arkansas, Louisiana, Oklahoma, and Texas).

5. Denver Field Office, 730 Simms Street, suite 301, Denver, Colorado 80225, Facsimile No.: (303) 231-5205 (Arizona, Colorado, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, South Dakota, Utah, and Wyoming).

6. New York Field Office, 26 Federal Plaza, room 3137-A, New York, New York 10278, Facsimile No.: (212) 264-1417 (New York, Puerto Rico, Virgin Islands, and the following counties in New Jersey: Bergen, Essex, Hudson, Hunterdon, Morris, Passaic, Somerset, Sussex, Union, and Warren).

7. Philadelphia Regional Office, U.S. Customhouse, room 501, Second and Chestnut Streets, Philadelphia, Pennsylvania 19106, Facsimile No.: (215) 597-3456 (Delaware, Pennsylvania, Virginia—except cities and counties served by Washington Regional Office, West Virginia, and the following counties in New Jersey: Atlantic, Burlington, Camden, Cape May, Cumberland, Gloucester, Mercer, Middlesex, Monmouth, Ocean, and Salem).

8. St. Louis Field Office, 911 Washington Avenue, room 410, St. Louis, Missouri 63101, Facsimile No.: (314) 425-4294 (Illinois (Springfield and all locations south), Iowa, Kentucky, Missouri, and Tennessee).

9. San Francisco Regional Office, 525 Market Street, room 2800, San Francisco, California 94105, Facsimile No.: (415) 744-3194 (California).

10. Seattle Field Office, 915 Second Avenue, suite 1840, Seattle, Washington 98174,

Facsimile No.: (206) 220-7982 (Alaska, Hawaii, Idaho, Oregon, Washington, and Pacific overseas areas).

11. Washington Regional Office, 5203 Leesburg Pike, suite 1109, Falls Church, Virginia 22041, Facsimile No.: (703) 756-7112 (Washington, DC, Maryland, all overseas areas not otherwise covered, and the following cities and counties in Virginia: Alexandria, Falls Church, Arlington, Fairfax City, Fairfax County, Loudoun, and Prince William).

[58 FR 28917, May 18, 1993; 58 FR 31234, June 1, 1993]

APPENDIX III TO PART 1201—APPROVED HEARING LOCATIONS BY REGIONAL OFFICE

*Atlanta Region*

Atlanta, Georgia
Augusta, Georgia
Macon, Georgia
Savannah, Georgia
Birmingham, Alabama
Huntsville, Alabama
Montgomery, Alabama
Jacksonville, Florida
Miami, Florida
Orlando, Florida
Pensacola, Florida
Tampa/St. Petersburg, Florida
Jackson, Mississippi
Asheville, North Carolina
Jacksonville, North Carolina
Raleigh, North Carolina
Columbia, South Carolina
Charleston, South Carolina

Boston Field Office

Boston, Massachusetts
Hartford, Connecticut
New Haven, Connecticut
Bangor, Maine
Portland, Maine
Manchester, New Hampshire
Portsmouth, New Hampshire
Providence, Rhode Island
Burlington, Vermont

*Chicago Region*

Chicago, Illinois
Davenport, Iowa/Rock Island, Illinois
Indianapolis, Indiana
Detroit, Michigan
Minneapolis/St. Paul, Minnesota
Cleveland, Ohio
Cincinnati, Ohio
Columbus, Ohio
Dayton, Ohio
Milwaukee, Wisconsin

*Dallas Region*

Dallas, Texas
Corpus Christi, Texas

**Pt. 1201, App. IV**

El Paso, Texas
Houston, Texas
San Antonio, Texas
Temple, Texas
Texarkana, Texas
Little Rock, Arkansas
Alexandria, Louisiana
New Orleans, Louisiana
Oklahoma City, Oklahoma
Tulsa, Oklahoma

### Denver Field Office

Denver, Colorado
Pueblo, Colorado
Phoenix, Arizona
Tucson, Arizona
Wichita, Kansas
Billings, Montana
Great Falls, Montana
Missoula, Montana
Omaha, Nebraska
Las Vegas, Nevada
Reno, Nevada
Albuquerque, New Mexico
Bismarck, North Dakota
Rapid City, South Dakota
Sioux Falls, South Dakota
Salt Lake City, Utah
Casper, Wyoming

### New York Field Office

Albany, New York
New York, New York
Buffalo, New York
Syracuse, New York
Newark, New Jersey

#### Philadelphia Region

Philadelphia, Pennsylvania
Harrisburg, Pennsylvania
Pittsburgh, Pennsylvania
Wilkes-Barre, Pennsylvania
Trenton, New Jersey
Dover, Delaware
Norfolk, Virginia
Richmond, Virginia
Roanoke, Virginia
Charleston, West Virginia
Morgantown, West Virginia

#### San Francisco Region

San Francisco, California
Fresno, California
Los Angeles, California
Sacramento, California
San Diego, California

### Seattle Field Office

Seattle, Washington
Spokane, Washington
Richland, Kennewick, and Pasco, Washington
Anchorage, Alaska
Honolulu, Hawaii
Boise, Idaho
Pocatello, Idaho

Medford, Oregon
Portland, Oregon

### St. Louis Field Office

St. Louis, Missouri
Kansas City, Missouri
Springfield, Missouri
Des Moines, Iowa
Lexington, Kentucky
Louisville, Kentucky
Knoxville, Tennessee
Nashville, Tennessee
Memphis, Tennessee

#### Washington Region

Bailey's Crossroads, Falls Church, Virginia
Washington, DC
Baltimore, Maryland

APPENDIX IV TO PART 1201—SAMPLE
DECLARATION UNDER 28 U.S.C. 1746

#### Declaration

I, _____, do hereby de-
clare:
  I declare under penalty of perjury under
the laws of the United States of America
that the foregoing is true and correct.

Executed on
_____

Date
_____

Signature

(END PART 1201)

§ 1209.1

# PART 1209—PRACTICES AND PROCEDURES FOR APPEALS AND STAY REQUESTS OF PERSONNEL ACTIONS ALLEGEDLY BASED ON WHISTLEBLOWING

### Subpart A—Jurisdiction and Definitions

Sec.
1209.1   Scope.
1209.2   Jurisdiction.
1209.3   Application of 5 CFR part 1201.
1209.4   Definitions.

### Subpart B—Appeals

1209.5   Time of filing.
1209.6   Content of appeal; right to hearing.
1209.7   Burden and degree of proof.

### Subpart C—Stay Requests

1209.8   Filing a request for a stay.
1209.9   Content of stay request and response.
1209.10  Hearing and order ruling on stay request.
1209.11  Duration of stay; interim compliance.

### Subpart D—Reports on Applications for Transfers

1209.12  Filing of agency reports.

AUTHORITY: 5 U.S.C. 1204, 1221, 2302(b)(8), and 7701.

SOURCE: 55 FR 28592, July 12, 1990, unless otherwise noted.

## Subpart A—Jurisdiction and Definitions

### § 1209.1   Scope.

This part governs any appeal or stay request filed with the Board by an employee, former employee, or applicant for employment where the appellant alleges that a personnel action defined in 5 U.S.C. 2302(a)(2) was threatened, proposed, taken, or not taken because of the appellant's whistleblowing activities. Included are individual right of action appeals authorized by 5 U.S.C. 1221(a), appeals of otherwise appealable actions allegedly based on the appel-lant's whistleblowing activities, and requests for stays of personnel actions allegedly based on whistleblowing.

### § 1209.2   Jurisdiction.

(a) Under 5 U.S.C. 1214(a)(3), an employee, former employee, or applicant for employment may appeal to the Board from agency personnel actions alleged to have been threatened, proposed, taken, or not taken because of the appellant's whistleblowing activities.

(b) The Board exercises jurisdiction over:

(1) *Individual right of action appeals.* These are authorized by 5 U.S.C. 1221(a) with respect to personnel actions listed in § 1209.4(a) of this part that are alleg-edly threatened, proposed, taken, or not taken because of the appellant's whistleblowing activities. If the action is not otherwise directly appealable to the Board, the appellant must seek corrective action from the Special Counsel before appealing to the Board.

*Example:* Agency A gives Mr. X a perform-ance evaluation under 5 U.S.C. chapter 43 that rates him as "minimally satisfactory." Mr. X believes that the agency has rated him "minimally satisfactory" because of his whistleblowing activities. Because a per-formance evaluation is not an otherwise ap-pealable action, Mr. X must seek corrective action from the Special Counsel before ap-pealing to the Board or before seeking a stay of the evaluation. If Mr. X appeals the eval-uation to the Board after the Special Coun-sel proceeding is terminated or exhausted, his appeal is an individual right of action ap-peal.

(2) *Otherwise appealable action appeals.* These are appeals to the Board under laws, rules, or regulations other than 5 U.S.C. 1221(a) that include an al-legation that the action was based on the appellant's whistleblowing activi-ties. The appellant may choose either to seek corrective action from the Spe-cial Counsel before appealing to the Board or to appeal directly to the Board. (Examples of such otherwise ap-pealable actions are listed in 5 CFR 1201.3 (a)(1) through (a)(19).)

*Example:* Agency B removes Ms. Y for al-leged misconduct under 5 U.S.C. 7513. Ms. Y believes that the agency removed her be-cause of her whistleblowing activities. Be-cause the removal action is appealable to the Board under some law, rule or regulation

**Merit Systems Protection Board**

other than 5 U.S.C. 1221(a), Ms. Y may choose to file an appeal with the Board without first seeking corrective action from the Special Counsel or to seek corrective action from the Special Counsel and then appeal to the Board.

(3) *Stays.* Where the appellant alleges that a personnel action was or will be based on whistleblowing, the Board may, upon the appellant's request, order an agency to suspend that action.

### § 1209.3  Application of 5 CFR part 1201.

Except as expressly provided in this part, the Board will apply subparts A, B, C, E, F, and G of 5 CFR part 1201 to appeals and stay requests governed by this part.

### § 1209.4  Definitions.

(a) *Personnel action* means, as to individuals and agencies covered by 5 U.S.C. 2302:

(1) An appointment;

(2) A promotion;

(3) An adverse action under chapter 75 of title 5, United States Code or other disciplinary or corrective action;

(4) A detail, transfer, or reassignment;

(5) A reinstatement;

(6) A restoration;

(7) A reemployment;

(8) A performance evaluation under chapter 43 of title 5, United States Code;

(9) A decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; or

(10) A significant change in duties or responsibilities that is inconsistent with the employee's salary or grade level.

(b) *Whistleblowing* is the disclosure of information by an employee, former employee, or applicant that the individual reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health or safety. It does not include a disclosure that is specifically prohibited by law or required by Executive order to be kept secret in the interest of national defense or foreign affairs, unless such information is disclosed to the Special Counsel, the Inspector General of an agency, or an employee designated by the head of the agency to receive it.

(c) *Contributing factor* means any disclosure that affects an agency's decision to threaten, propose, take, or not take a personnel action with respect to the individual making the disclosure.

(d) *Clear and convincing evidence* is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than "preponderance of the evidence" as defined in 5 CFR 1201.56(c)(2).

## Subpart B—Appeals

### § 1209.5  Time of filing.

(a) *Individual right of action appeals.* The appellant must seek corrective action from the Special Counsel before appealing to the Board. Where the appellant has sought corrective action, the time limit for filing an appeal with the Board is governed by 5 U.S.C. 1214(a)(3). Under that section, an appeal must be filed:

(1) No later than 65 days after the date of issuance of the Office of Special Counsel's written notification to the appellant that it was terminating its investigation of the appellant's allegations; or,

(2) If the Office of Special Counsel has not notified the appellant that it will seek corrective action on the appellant's behalf within 120 days of the date of filing of the request for corrective action, at any time after the expiration of 120 days.

(b) *Otherwise appealable action appeals.* The appellant may choose either to seek corrective action from the Special Counsel before appealing to the Board or to file the appeal directly with the Board. If the appellant seeks corrective action from the Special Counsel, the time limit for appealing is governed by paragraph (a) of this section. If the appellant appeals directly to the Board, the time limit for filing is governed by 5 CFR 1201.22(b).

(c) *Appeals after a stay request.* Where an appellant has filed a request for a stay with the Board without first filing an appeal of the action, the appeal must be filed within 30 days after the date of the order ruling on the stay request. Failure to timely file the appeal will result in the termination of any stay that has been granted unless a good reason for the delay is shown.

§ 1209.6  Content of appeal; right to hearing.

(a) *Content.* Only an appellant, his or her designated representative, or a party properly substituted under 5 CFR 1201.35 may file an appeal. Appeals may be in any format, including letter form, but must contain the following:

(1) The nine (9) items or types of information required in 5 CFR 1201.24 (a)(1) through (a)(9);

(2) Where the appellant first sought corrective action from the Special Counsel, evidence that the appeal is timely filed;

(3) The name(s) and position(s) held by the employee(s) who took the action(s), and a chronology of facts concerning the action(s);

(4) A description of the appellant's disclosure evidencing whistleblowing as defined in §1209.4(b) of this part; and

(5) Evidence or argument that:

(i) The appellant was or will be subject to a personnel action as defined in §1209.4(a) of this part, or that the agency has threatened to take or not to take such a personnel action, together with specific indications giving rise to the appellant's apprehensions; and

(ii) The personnel action was or will be based wholly or in part on the appellant's whistleblowing, as described in §1209.4(b) of this part.

(b) *Right to hearing.* An appellant has a right to a hearing.

(c) *Timely request.* The appellant must submit any request for a hearing with the appeal, or within any other time period the judge sets for that purpose. If the appellant does not make a timely request for a hearing, the right to a hearing is waived.

§ 1209.7  Burden and degree of proof.

(a) Subject to the exception stated in paragraph (b) of this section, in any case involving a prohibited personnel practice described in 5 U.S.C. 2302(b)(8), the Board will order appropriate corrective action if the appellant shows by a preponderance of the evidence that a disclosure described under 5 U.S.C. 2302(b)(8) was a contributing factor in the personnel action that was threatened, proposed, taken, or not taken against the appellant.

(b) However, even where the appellant meets the burden stated in paragraph (a) of this section, the Board will not order corrective action if the agency shows by clear and convincing evidence that it would have threatened, proposed, taken, or not taken the same personnel action in the absence of the disclosure.

## Subpart C—Stay Requests

§ 1209.8  Filing a request for a stay.

(a) *Time of filing.* An appellant may request a stay of a personnel action allegedly based on whistleblowing at any time after the appellant becomes eligible to file an appeal with the Board under §1209.5 of this part, but no later than the time limit set for the close of discovery in the appeal. It may be filed prior to, simultaneous with, or after the filing of an appeal.

(b) *Place of filing.* Requests must be filed with the appropriate Board regional office as set forth in 5 CFR 1201.4(d).

(c) *Service of stay request.* A stay request must be simultaneously served upon the Board's regional office and upon the agency's local servicing personnel office or the agency's designated representative, if any. A certificate of service stating how and when service was made must accompany the stay request.

(d) *Method of filing.* A stay request must be filed with the appropriate Board regional office by personal delivery, by facsimile, by mail, or by commercial overnight delivery.

[55 FR 28592, July 12, 1990, as amended at 58 FR 36345, July 7, 1993]

§ 1209.9  Content of stay request and response.

(a) Only an appellant, his or her designated representative, or a party properly substituted under 5 CFR 1201.35 may file a stay request. The request

may be in any format, and must contain the following:

(1) The name, address, and telephone number of the appellant, and the name and address of the acting agency;

(2) The name, address, and telephone number of the appellant's representative, if any;

(3) The signature of the appellant or, if the appellant has a representative, of the representative;

(4) A chronology of facts, including a description of the appellant's disclosure and the action that the agency has taken or intends to take;

(5) Where the appellant first sought corrective action from the Special Counsel, evidence that the stay request is timely filed;

(6) Evidence and/or argument showing that:

(i) The action threatened, proposed, taken, or not taken is a personnel action, as defined in § 1209.4(a) of this part;

(ii) The action complained of was based on whistleblowing, as defined in § 1209.4(b) of this part; and

(iii) There is a substantial likelihood that the appellant will prevail on the merits of the appeal;

(7) Evidence and/or argument addressing how long the stay should remain in effect; and

(8) Any documentary evidence that supports the stay request.

(b) An appellant may provide evidence and/or argument addressing the question of whether a stay would impose extreme hardship on the agency.

(c) *Agency response.* (1) The agency's response to the stay request must be received by the appropriate Board regional office within five days (excluding Saturdays, Sundays, and Federal holidays) of the date of service of the stay request on the agency.

(2) The agency's response must contain the following:

(i) Evidence and/or argument addressing whether there is a substantial likelihood that the appellant will prevail on the merits of the appeal;

(ii) Evidence and/or argument addressing whether the grant of a stay would result in extreme hardship to the agency; and

(iii) Any documentation relevant to the agency's position on these issues.

### § 1209.10  Hearing and order ruling on stay request.

(a) *Hearing.* The judge may hold a hearing on the stay request.

(b) *Order ruling on stay request.* (1) The judge must rule upon the stay request within 10 days (excluding Saturdays, Sundays, and Federal holidays) after the request is received by the appropriate Board regional office.

(2) The judge's ruling on the stay request must set forth the factual and legal bases for the decision. The judge must decide whether there is a substantial likelihood that the appellant will prevail on the merits of the appeal, and whether the stay would result in extreme hardship to the agency.

(3) If the judge grants a stay, the order must specify the effective date and duration of the stay.

### § 1209.11  Duration of stay; interim compliance.

(a) *Duration of stay.* A stay becomes effective on the date specified in the judge's order. The stay will remain in effect for the time period set forth in the order or until the Board issues a final decision on the appeal of the underlying personnel action that was stayed, or until the Board vacates or modifies the stay, whichever occurs first.

(b) *Interim compliance.* An agency must immediately comply with an order granting a stay request. Although the order granting a stay request is not a final order, petitions for enforcement of such orders are governed by 5 CFR part 1201, subpart F.

## Subpart D—Reports on Applications for Transfers

### § 1209.12  Filing of agency reports.

When an employee who has applied for a transfer to another position in an Executive agency under 5 U.S.C. 3352 asks the agency head to review a rejection of his or her application for transfer, the agency head must complete the review and provide a written statement of findings to the employee and the Clerk of the Board within 30 days after receiving the request.    ******END