UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0115 (RCL) |
| ) | |
| AMERICAN POSTAL ) | |
| WORKERS UNION, et al, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MOTION REQUEST NOT TO DISMISS BUT FOLLOWS WITH A CLEARER COMPLAINT"; AND REPLY IN SUPPORT OF MOTION TO DISMISS**

**Introduction**

Defendant, the United States Postal Service ("USPS"), hereby opposes "Plaintiff's Motion Request Not to Dismiss But Follows With a Clearer Complaint" (hereinafter "Plaintiff's Motion Request").  The Court should dismiss Plaintiff's case as he has neither amended his complaint nor stated a claim upon which relief can be granted.  As Defendant argued previously in its Motion to Dismiss or, in the Alternative, for a More Definite Statement (hereinafter "Defendant's Motion"), Plaintiff's filing is along the lines of a legal brief and obviously fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  Docket No. 17.  Since Plaintiff, despite being put on notice of the text of Rule 8(a) in Defendant's filings, has failed to set forth a short and plain statement of each of his claims, this case should be dismissed.  Even if the Court should find that Plaintiff has complied with Rule 8(a), his case should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

**Argument**

Defendant moved to dismiss Plaintiff's Complaint or in the alternative for a more definite statement.  Docket No. 17.  Plaintiff's Complaint sought to relitigate his departure from the USPS by claiming that the U.S. Merit System Protection Board "never had jurisdiction to hear such removal or to confirm termination as justifiable . . . " See Complaint at 2, lines 11-12.  In support of a more definite statement, Plaintiff provides the following: "**The Plaintiff's complaint and argument is concerning mistreatment, violation of federal rules and regulations, unnecessary harassment, unethical behavior conducted by all three agencies resulting in employment discrimination and violation of the Plaintiff's civil rights as a career verteran employee**."  See Plaintiff's Motion Request at 2, lines 15-20 (emphasis in original).  What follows is a laundry list of alleged "failures" by USPS during the settlement process, which Plaintiff claims demonstrates that "the MSPB never had jurisdiction."  See Plaintiff's Motion Request at 10, line 24 (emphasis in original).  Further, Plaintiff provides that he "was under the care of a medical physician and taking over the counter drugs or medication for a severed [sic] condition.  Therefore, making this unethical activity and conduct performed by the Board to be VOID according to the law."  See Plaintiff's Motion Request at 15, lines 22-25.

Clearly, Plaintiff's latest submission fails to comply with Fed. R. Civ. P. 8(a) because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  For this reason, the Court should strike Plaintiff's Complaint, and should dismiss this case.

I.      **Plaintiff has Failed to File a More Definite Statement**

It is clear from the Federal Rules of Civil Procedure that a civil lawsuit requires, as a prerequisite, the filing of a complaint. Fed. R. Civ. P. 3. Plaintiff's Motion Request fails to comply with the Federal Rules, and is prolix, vague and confusing. First, it is twenty pages of legal argument, and thus does not comply with Fed. R. Civ. P. 8(a), requiring a "a short and plain statement of the claim."

Under the Federal Rules, the principal function of the Complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. "The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Defendant's Memorandum carefully described the deficiencies in Plaintiff's Complaint. Plaintiff has had every opportunity to amend his Complaint so as to comply with the Federal Rules of Civil Procedure. Since Plaintiff has failed to do so, his lawsuit should be dismissed.

II.     **The Court Should Dismiss This Case Pursuant To 12(b)(1) And 12(b)(6)**

As Defendant argued in its motion to dismiss, Plaintiff's argument that he has a right to challenge in this Court, the exercise of jurisdiction of the MSPB and the Court of Appeals for the Federal Circuit, because of his rights under a collective-bargaining agreement, is unsupported by

relevant statutes.  A United States district court does not have jurisdiction to review final orders from the MSPB because, with very few exceptions, the Federal Circuit's jurisdiction is **exclusive.**  See 28 U.S.C. § 1295(a)(9)("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5.").

Further, courts have long held that while the rights of eligible Postal Service employees to appeal to the MSPB are not foreclosed by the availability of parallel remedies under a union contract, see Bacashihua v. Merit Systems Protection Board, 811 F.2d 1498, 1502 (Fed. Cir. 1987), a collective bargaining agreement "may provide that once an appeal to the Board is initiated, the right to elect the grievance procedure is waived."  Id.  In this case, "the national agreement between the agency and the American Postal Workers Union, [Plaintiff's] bargaining representative, provides in Section 9 of Article 16, that if an employee appeals pursuant to procedures set forth in the Veterans Preference Act, the employee waives access to any procedure under the collective agreement beyond step 3 of the grievance-arbitration procedure," Bacashihua, 811 F.2d at 1502, if an MSPB settlement agreement is reached.  See Exhibit 1 to Defendant's Motion.  Since Plaintiff entered into a settlement agreement, there is simply no basis for the assertion that his collective bargaining rights deprived the MSBP of jurisdiction.

In the alternative, to the extent this Court has jurisdiction, and Defendant does not concede that it does, Plaintiff's challenge to MSPB's dismissal of his case is barred by res judicata.  The doctrine of *res judicata* does not allow him a second chance to relitigate these same claims.  See Apotex, Inc. v. Food & Drug Admin., 393 F.3d at 210, 217 (D.C. Cir. 2004) (Whether two cases implicate the same cause of action turns on whether they share the same

nucleus of facts. In pursuing this inquiry, the court will consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.)) (citations omitted); L-Tec Electronics, Corp. v. Cougar Electronic Org., 198 F.3d 85, 88 (2d Cir. 1999) (claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.); Wise v. Gluckman, 257 F. Supp. 2d 123, 128 (D.D.C. 2003) (holding that doctrine of claim preclusion dictates that prior final judgment against parties to a lawsuit bars any further claim based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.)).

As Defendant provided in its motion to dismiss, the United States Court of Appeals for the Federal Circuit already affirmed the MSPB's dismissal of Plaintiff's claim, finding that the "board did not abuse its discretion by concluding that the matter of [Plaintiff's] dismissal was resolved by a valid settlement agreement, entered into voluntarily." Clemmons, 232 F.3d at 911. The Court further noted that "where, as here, the board's findings are supported by substantial evidence on the record as a whole, its decision will be upheld." Id. (citation omitted). Accordingly, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) & (6).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss this case.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of June, 2006, a true and correct copy of the foregoing Response was served by electronic mail and also by first class United States mail to:

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

/s/
KAREN L. MELNIK  D.C. Bar #436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338