UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 06-0115 (RCL) |
| AMERICAN POSTAL WORKERS UNION, et al | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant, the United States Postal Service, through counsel, the United States Attorney for the District of Columbia, respectfully moves this Court to stay discovery in this case pending resolution of Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement. The grounds for this motion are set forth in the attached supporting memorandum. A proposed order is also attached.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAM L. CLEMMONS,          )<br>                           )<br>     Plaintiff,           )<br>                           )<br>     v.                    ) Civ. Action No. 06-0115 (RCL)<br>                           )<br>AMERICAN POSTAL           )<br>WORKERS UNION, et al      )<br>                           )<br>     Defendants.           )<br>_____) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY**

Defendant, the United States Postal Service ("USPS"), through counsel, the United States Attorney for the District of Columbia, respectfully moves to stay discovery in this case pending resolution of its Motion to Dismiss or, in the Alternative, for a More Definite Statement ("Defendant's Motion"). Defendant submits that given the dispositive nature of the motion, a stay of discovery is warranted to prevent an unnecessary expenditure of the parties' resources, and potentially those of the Court, prior to a decision on Defendant's Motion.

**PROCEDURAL HISTORY**

On March 9, 2006, Plaintiff filed a Complaint alleging, among other things, that the Merit Systems Protection Board did not have jurisdiction to affirm the validity of his settlement agreement with the USPS. On May 8, 2006, Defendants filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement. On May 25, 2006, Plaintiff filed a "Motion Request Not to Dismiss But Follows With a More Clearer Complaint", as well as a "Motion Request to Subpoena Duces Tecum and a Motion for Discovery" ("Pl's Motions"). On June 1, 2006, Defendant filed their Opposition to Plaintiff's Motion Request Not to Dismiss But Follows with a Clearer Complaint, and Reply in Support of Motion to Dismiss.

Defendant has not propounded discovery or noticed depositions in this matter since a dispositive motion is pending and since it is not clear what the breadth of this action will be. If Defendant does not prevail on its pending dispositive Motion, however, Defendant would certainly seek to engage in discovery. Therefore, to preserve their rights and conserve the resources of both the Court and the parties, Defendant respectfully requests that this Court stay discovery pending resolution of Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement.

**DISCUSSION**

The D.C. Circuit has advised that this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Where, as here, one issue may be dispositive of a case, it is proper to stay discovery until the dispositive issue has been decided. See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of question of defendant's immunity, where discovery had no bearing on outcome of immunity issue); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction

resolved); Marshall v. Hartford Fire Ins. Co., 78 F.R.D. 97, 107 (D. Conn. 1978) (discovery stayed so parties could attempt to negotiate settlement); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal. 1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).  As the court noted in O'Brien v. Avco Corp., 309 F. Supp. 703 (S.D.N.Y. 1969):

> [W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

Id. at 705.

Here, Defendant has filed a dispositive motion because it does not appear that Plaintiff has filed a claim upon which relief can be granted.  Since a ruling favorable to Defendant will obviate the need for discovery, all future discovery taken will be a needless expenditure of resources for both parties, and the Court.

## **CONCLUSION**

WHEREFORE, Defendant respectfully submits that this Court should stay discovery in the instant action until ruling on Defendant's dispositive motion.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS D.C. BAR # 434122
Assistant United States Attorney

4

/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of June, 2006, I caused the foregoing Defendant's Motion to Stay Discovery and proposed order to be served on Plaintiff by first-class mail, postage prepaid, addressed as follows:

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

/s/
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

5