# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



|  |  |
|---|---|
| MR. SAM L. CLEMMONS<br>       PLAINTIFF, PRO SE<br><br>vs.<br><br>AMERICAN POSTAL WORKERS<br>UNION,AFL<br>       DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER: 1:06CV00115

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: EMPLOYMENT
        DISCRIMINATION
DATE STAMP: 01/18/2006

**May 18, 2006**

## 1st MOTION REQUEST NOT TO DISMISS BUT MOTION REQUEST FOR SUMMARY JUDGEMENT BY DEFAULT AGAINST THE USPS AND THE MSPB

### 2nd MOTION REQUEST TO ENTER DISCOVERY

Comes Sam L. Clemmons, Plaintiff Pro Se, file this MOTION in the District Court for the District of Columbia after receiving the Defendant's request MOTION to dismiss complaint by regular mail on May 18, 2006 and the court's electronic document stamped May 11, 2006 which was received through U.S. Mail on May 19, 2006 against the American Postal Worker Union, AFL.

The Plaintiff in this MOTION before the courts file this motion to deny such request to dismiss even though the Defendant should be in default. The Defendant was served properly through first class certified mail on March 9, 2006. The Plaintiff's certified tracking number as being **ED 973870753 US** and the Defendant submitting an untimely response to the courts on May 11, 2005 which is outside of the **60 days** window allowed to

**RECEIVED**

MAY 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

dispute such complaint filed by the Plaintiff. The Plaintiff is requesting the courts to deny such request submitted by the Defendant for the following reasons and they are as follow:

1. The Defendants and the Defendant's counsel have failed to justify accurate, true and correct reasons for such removal of the Plaintiff from his federal position.

2. The Defendants and the Defendant's counsel have failed to explain to the courts and prove to the courts what justifications were given when such MSPB never had jurisdiction while the Plaintiff was undergoing a collective bargaining grievance procedures with the Plaintiff's union officials.

3. The Defendants and the Defendant's counsel have failed to explain whom exactly does the Defendant's counsel represent in this matter before the courts. Does the Defendant's counsel represent the MSPB or the Untied States Postal Service? As so the Defendant expresses on page # 8, paragraph # 2.

4. The Defendants and the Defendant's counsel have failed to admit any wrong doing to substantiate any claim upon which relief may be granted.

5. The Defendants and Defendant's counsel have failed to provide to the court with copies of an appeal form or application showing an exact date the Plaintiff was

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

officially removed from his new promoted position as a mail processor and not a mail handler.

6. The Defendants and the Defendant's counsel have failed to produce to the courts one hard copy of facts or evidence to show the Plaintiff did not represent himself during such fraudulent process of the Merit System Protection Board.

7. The Defendants and the Defendant's counsel have failed to admit that such Plaintiff's submission to the MSPB was not legal, proper, and according to the standard policy and procedures of the Board; therefore, making such submission not justified, not legal and not correct according to 5 C.F.R. § 1201.

8. The Defendants and the Defendant's counsel have failed to explain to the courts why the Plaintiff's union representations were denied when the Plaintiff was a union-paying member? See attached Exhibit 2 (pay stubs).

9. The Defendants and the Defendant's counsel have failed to provide to the courts with any documentation to support their actions or stance on this matter before the courts. As so claimed and stated in their documentation to the court that such documentation was well in order before other fraudulent submission during the year of 1999 to 2000.

10.    The Defendants and the Defendant's counsel have failed
to explain to the courts where such fraudulent hearing
took place and failed to provide the courts with such
records such as transcripts, etc to support the
Defendant's argument to show the process were done
legally and correctly.

11.    The Defendants and the Defendant's counsel have failed
to provide correct, and accurate information to the
courts as expressed by the Defendants on page 3 paragraph
#2 which states "on February 4, 1999 after plaintiff
filed an appeal with the MSPB, he entered into a
settlement agreement with USPS". This statement is not
true, accurate nor correct. The Plaintiff cannot enter
into an appeal when such board does not have
jurisdiction. The Defendants have failed to produce any
documentation showing the courts or a jury legal and
binding documentation by the Defendant's designated
agency legal representative named **Barbara J. Singleton.**
This person name should appear on **all** documentation to
support the Defendant's fraudulent actions in this case
matter before the courts of Clemmons v. The United States
Postal Service.  If the Defendants cannot provide such
court with proof then such actions conducted during this
period of time is FRAUD.

12.   The Defendants have failed to provide to the courts or a jury with any documentation showing a motion request to change designated agency legal representative as so claim that the Plaintiff's advance back pay in the amount of $3,089.00 is the Plaintiff's amount request to settled this matter.

13.   The Defendant's counsel failed to explain the amount stated in her response totaling $3,089.00. This amount was a portion of the back pay entitlement the Plaintiff was due as the Plaintiff was given specific but verbally instructions by his union representation (Mr. John Hall). Mr. Hall advised the Plaintiff to accept such amount as an advance until this matter has been proper and officially resolved before a court of competent jurisdiction.

14.   The Defendant's counsel failed to provide the courts with documentation of poof showing such settlement agreement bearing the name and signature of **Barbara J. Singleton.** Making it legal and binding.

15.   The Defendants or the Defendant's counsel failed to understand and provide the court with the complete understanding of the Board's regulations at 5 C.F.R. 1201.22 (b)(1994).

Due to these failures stated above by the MSPB. The Plaintiff expresses to the court and a jury that the MSPB never had jurisdiction. Therefore all jurisdictions rights rest on the shoulders of the United States District Court for the District of Columbia. All fraudulent actions conducted by the USPS and the MSPB and pervious court's records and fraudulent information given to the United States Postal Service's Office of Personnel Management should be compel and permanently removed from the record due to FRAUD.

## II

**ARGUMENT**

1. The Plaintiff add for the record and to this motion not to dismiss but add these documentation of proof to the court which will contradict the Defendant's argument that the USPS too argue that the MSPB lack jurisdiction. (See attached **Exhibit # 6**).

2. The Plaintiff have added to the record of the official removal notice by the United States Postal Service showing date stamp received by the MSPB on January 25, 1999. This document will show the court and a jury conflict in communication and improper removal notice and practice by the MSPB. The Plaintiff's application provided by the MSPB should too show dates stamped on February 24, 1999 to be accurate and in accordance with

the policy and procedures of the Board making any
communication by the Board to be legitimate, accurate and
correct. Any communication earlier then such date is not
appropriate and is not in accordance with the law.

3. The Plaintiff have added in the exhibits to the courts
that pursuant to the CSRA claim by the Defendants that
the Plaintiff's claim was **never** proper and accordance to
the law. Therefore any wrongful submission to the MSPB
and redundant paperwork submitted to the Federal Circuit
is not justified and should never have been accepted to
taint the law and interfere with the correct procedure
process. Thereby dismissing such arguments totally and
outright by the Defendant's counsel.

4. The Plaintiff have added proof to the record to discredit
the Defendant's counsel arguments concerning Equal
Employment Opportunity Commission complaint and such
outcome of such submission by the Plaintiff please review
the dates on such envelope, application and
correspondence from the EEOC's office (**See Exhibit # 8**).

5. The Plaintiff have added to the record to show proof to
the record that the Plaintiff was not the acting official
to represent himself at this time the Defendant wish to
add and state to the court. Such allegations that the
Plaintiff could have gone directly to district court

after the MSPB issued a decision. The MSPB never had
jurisdiction to be involved or get involved in the
administrative process of the Plaintiff's illegal
removal. The Defendants continues to states that the
Plaintiff would have had 30 days to do so after receiving
notice of the MSPB's final order. Once again the
Plaintiff contests the MSPB never had jurisdiction to
administrative anything on the Plaintiff therefore any
actions conducted by the MSPB were fraudulent ones and
such statements or instructions by the Defendant's
counsel argues hold no merit.

6. The Defendant provide such reference material to consider
such as 5 U.S.C. § 7702(a)(1), 7702(b)(1), (e)(1)(C),
(a)(3)(A) and 5 U.S.C. § 7703(b)(2), but failed to
consider such reference material when establishing
jurisdiction. See the Plaintiff complete tabs of Exhibits
and such documentation of proof will show the Defendant,
the Defendant's counsel, courts, and a jury that the
Plaintiff was working at the time such submission was
entered by the MSPB giving such matter a fraudulent
docket number. The Plaintiff was not removed as a mail
handler as stated on page 2 and 3. The Plaintiff was
promoted to a higher craft and was working under such
craft at the time of the Plaintiff's official removal

from his post resulting in wrongful termination or removal of employment without a proper but legal resignation in place.

7. The Plaintiff adds to the record fraudulent communication from the MSPB dated December 4, 1998. This communication is called the Acknowledgement order with specific instructions as stated in the paragraphs ordering and giving instruction to the parties involved when such Board failed to prove to either party jurisdiction rights to act and administrative anything in relation to this unlawful removal. This communication should justify to the Defendant's counsel and the courts illegal actions conducted by the MSPB proven lack of jurisdiction when the Plaintiff was still working at his assigned new post after promoting as a mail processor and not a mail handler (**See Exhibit # 10**).

In closing, as the Defendants have so stated in their response to the courts that such claim should not be dismissed unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. The Plaintiff's claims against the MSPB arise out of MSPB's wrongful adjudication actions from USPS' decision to remove him from federal service. The Plaintiff has established grounds and proven that the Defendant and the Defendant's

1  counsel have no proven set of facts to support their claim and

2  relief should be granted as requested below in the following

3  paragraphs and exhibits tabs provided to the court for a judge,

4  jury to witness to the facts in accordance to the law.

5      The Plaintiff add to the above paragraph that according to

6  the standard summary judgement when considering a motion for

7  summary judgment, it is known that the court must examine **all**

8  evidence in the light most favorable to the Plaintiff (nonmoving

9  party). The Defendant must produce all written communication to

10 show that the union's representatives represented the Plaintiff

11 to its fullest and that all the MSPB documentation were in

12 accordance with the law through all phases of the grievance

13 process. The Plaintiff would like to advised the Defendant to

14 consider case laws *Langley v. Adams County*, Colorado, 987 F.2d

15 1473, 1476 (10th Cir.1933). When a moving party (the Defendant)

16 bears the burden of proof at trial is entitled to summary

17 judgment only when the evidence indicates that no genuine issue

18 of material fact exists. Fed.R.Civ.P.56(c); See case law:

19 *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If

20 the moving party (the Defendant) does not bear the burden of

21 proof at trial, it must show "that there is an absence of

22 evidence to support the nonmoving party's (the Plaintiff) case"

23 In this case the nonmoving party (the Plaintiff) has expressed

24 evidence and provided such evidence to support the Plaintiff's

1   claim (Please review all the Exhibits carefully); therefore,

2   case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317,

3   325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit

4   in this case matter.

5       Upon a judge and jury review, all will see that employer

6   and agency's dishonesty acts are in question and one should

7   apply case law of *McDonnell Douglas Corp. v. SCI Tech.*, Inc.,

8   933 F.Supp. 822(E.D.Mo.1996, Rule 8 and 9(b), Fed. R.Civ.P.8(a);

9   *Craighead v. E.F.Hutton & Co.,Inc.*, 899 F.2d 485, 491 (6th

10  Cir.1990); [United States ex rel.] O'Keefe [v. McDonnell Douglas

11  Corp.],918 F.Supp. [1338,] 1345 [(E.D.Mo.1966)] upon entering a

12  judgment.

13      Due to this proven intentional action by the Defendants

14  which has caused the Plaintiff a great deal of loss of income,

15  emotional distress, career setbacks, anxiety, etc., therefore,

16  making such Defendants to be fully liable for all the crimes and

17  damages sought.  This was intentional act to cause harm to the

18  Plaintiff, an intentional act to ruin the Plaintiff's careers

19  opportunities, an intentional act to cause hardships and due

20  stress upon the Plaintiff and the Plaintiff's family, etc.

21  The Plaintiff did everything possible to prevent such lawsuit.

22  The Plaintiff acted according to the law and the due process by

23  not being insubordinate to anyone. The Plaintiff was intentional

24  given the wrongful information to appeal his removal and the

25

Plaintiff acted in accordance to the instructions given even though such instructions were wrongful with a malice intent to mislead the Plaintiff. Therefore, all mistakes or intentional act falls on the Defendant for any and all damages done by using the government funds and time to perform an illegal act.

Therefore, the award amount the Plaintiff is requesting will cover **all** punitive damages and denial of Equal Employment Opportunity Commission claim resulting in more emotional distress, lost of career; tarnish of name, public embarrassment by illegally removing the Plaintiff from his post in the present of his peers as if the Plaintiff had done major harm to the effectiveness, efficient or service of the United States Postal Service. This should cover other scarifies the Plaintiff had to endure due to the Defendants' negligence acts.

The award the Plaintiff seeks is a generous amount for full recovery totaling **$300,000.00 x 2 = $600,000.00 after taxes plus time and grade served should be corrected with Office of Personnel Management**. Since the actions of the MSPB seems to appear to represent the actions of the United States Postal Service. If such is not true the United States Postal Service stand alone as a independent federal government agency who is also now in default in this matter before the courts for failing to comply and response under a court order or instructions.

The Plaintiff rests and places this MOTION not to dismiss in the hands of the courts. After the court review the facts and the Plaintiff's defense, The Plaintiff feels the courts will make the proper and correct decision concerning the Defendant's request and the Plaintiff's request to deny the Defendant's request.

The award amount should be surrendered to the Plaintiff through the courts 20 days after the courts or judge have validated wrongdoing by the Defendants and have so stated such in the summary judgement award.

End of MOTION request not to dismiss:

**I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.**

Respectfully submitted,

*Sam L. Clemmons*
Samuel L. Clemmons
Plaintiff, Pro Se

_____        _____
Signature of Notary              Date Stamped of Notary

Attachments: Consent to Proceed before judge or jury trial
                **Exhibits 1 - 18**

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

13

the Plaintiff's defense, The Plaintiff feels the courts will make the proper and correct decision concerning the Defendant's request and the Plaintiff's request to deny the Defendant's request.

The award amount should be surrendered to the Plaintiff through the courts 20 days after the courts or judge have validated wrongdoing by the Defendants and have so stated such in the summary judgement award.

End of MOTION request not to dismiss:

**I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.**

Respectfully submitted,

Samuel L. Clemmons
Plaintiff, Pro Se

Tillmon Bishop, Chancery Clerk

By: Alisha McGehee          5-19-06
Signature of Notary         Date Stamped of Notary

Attachments: Consent to Proceed before judge or jury trial
**Exhibits 1 - 18**

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

1  **Exhibits for the Records:**

2      The Plaintiff add the following exhibits to counter attack
3  the Defendant's counsel argument of proper time in seeking
   relief from the fraudulent actions by the MSPB and the USPS.
4  These exhibits will justify that such argument is misleading and
   not appropriate according to the law.

5
       The Exhibits are as follows:
6
   **Exhibit # 1:** The Plaintiff's eleven pages of facts will show the
7  courts or a jury the plaintiff's attendance and pay records
   which will show the courts or a jury there was never any
8  problems in the Plaintiff attendance or whereabouts. This
   exhibit consists of 10 pages of facts against the Defendant's
9  counsel statements.

10 **Exhibit # 2:** Three pages in the exhibits that will show the
   courts or a jury proven facts of communication to the MSPB that
11 such actions by the Board was not proper, accurate and correct
   according to the law and the procedures of the Board. This
12 communication was faxed and mail to such Board resulting in a
   denial by the Board and the USPS thereby resulting in continuous
13 actions of fraud by others. The Board never had jurisdiction
   according to the law and the Board violated other rights to
14 force itself to have jurisdiction resulting in fraudulent
15 actions by others.

16 **Exhibit # 3:** Three pages in the exhibits will show the court or
   a jury that proper grievance procedures where in place at the
17 time the Plaintiff submitted such appeal application given to
   the Plaintiff by the United States Postal Service. Thereby
18 making such actions before the Board without jurisdiction and
19 fraudulently.

20 **Exhibit # 4:** Three pages in the exhibits will show the court or
   a jury the true name of the Agency (USPS) designated
21 representative. This person name should be logged in on every
   document to make all communication representing the USPS to be
22 legitimate, legal and binding.

23 **Exhibit # 5:** One page in the exhibits that will show the court
   or a jury very clear communication provided to the MSPB stating
24 that the Plaintiff will only represent himself for two or three
   weeks only. Starting from the date of December 9th, 1998 anytime
25 thereafter making the Plaintiff to be without representation
   according to the law and legal procedure of the Board.

1

2
**Exhibit # 6:** Five pages in the exhibits that will show and prove
to any court or a jury that even the United States Postal
3
Service were in disagreement with the MSPB policy and procedures
and such Board was not in accordance with the law. These
4
exhibits justify that accordance with the Defendant's counsel
arguments before the courts is not justified and is not accurate
5
and correct claim that such agency is apart of the MSPB's
actions. Resulting in misleading in a fraudulent response to the
6
courts.

7
**Exhibit # 7:** Two pages of facts in the exhibits that will show
and prove to any court or a jury the Plaintiff attempts to
8
resolve this misunderstanding, actions or illegal activity
imposed on the Plaintiff. The exhibit will show the court that
9
the Plaintiff was willing to pay back such time claim by the
Defendant even when such whereabouts by the Plaintiff was
10
justified by medical proof.

11
**Exhibit # 8:** Ten pages of facts in the exhibits that will show
and counter attack such Defendant's counsel claim or argument
12
concerning the Plaintiff Equal Employment Opportunity claim
which was denied by the Defendant.
13

14
**Exhibit # 9:** One page of fact in the exhibits that will show and
prove to the court or a jury the Plaintiff's interest in career
15
opportunities within the United States Postal Service and
federal employment.
16

17
**Exhibit # 10:** Sixteen pages of facts in the exhibits that will
show and prove to the court or a jury the date the Defendants
18
received such wrongful appeal application. The date stamped by
the MSPB on December 3rd, 1998 is not in accordance with the law.
19
The Plaintiff was still working at the time of such date stamped
on the application. Thereby making such entry an illegal docket.
20
Making the Board to be without jurisdiction to administrative
anything in relation to this matter before the courts.
21

22
**Exhibit # 11:** Five pages of facts in the exhibits that will show
and prove to the courts or a jury the Plaintiff's rights to all
23
entitlements of back pay and damages due to this wrongful action
by the MSPB and the United States Postal Service.

24
**Exhibit # 12:** Six pages of facts in the exhibits that will show
and prove to the court or a jury that such actions by the
25
Defendants were not proper and not accordance with the
Plaintiff's employee handbook. These documents will show proof

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States
Postal Service and The Merit System Protection Board.

of discrimination in the work place due to the Defendant's failure to follow and honor the proper procedures according to the hardcopy of facts according to the law. Resulting in an unjustified removal by the Defendant.

**Exhibit # 13:** Five pages of facts added to the exhibits provided by the Plaintiff to show any court or jury that proper attempts were performed to correct this fraudulent record according to the law. The Defendants refused to honor any submission entered by the Plaintiff or the Plaintiff's union representation. Resulting in fraudulent actions by the Defendant.

**Exhibit # 14:** Six pages of facts added to the exhibits that are in the record to show the courts or a jury that the Plaintiff's actions were justified, approved and should have been honored by the Defendant.

**Exhibit # 15:** Six pages of facts added to the exhibits that will show any court or a jury that every attempt was made by the Plaintiff, noble congressman, congresswoman to correct this illegal activity by the MSPB and the United States Postal Service. Communication received from the Defendant was fraudulent, misleading and is not justified according to the law in revealing the truth to a member of congress which make the Defendants to be in violation of many laws and ethical issues.

**Exhibit # 16:** One page of fact added to the exhibits that will show proof that such actions conducted by the MSPB and the USPS were not justified and has no merit.

**Exhibit # 17:** One page of fact added to the exhibits. These facts will show a change in the Plaintiff's craft and does not list the Plaintiff as such mail handler at the time of removal which should automatic justify that such action by the MSPB and the USPS is not proper and accordance with the law. The Plaintiff was promoted for good behavior and outstanding work performance but was still terminated from his post for reasons not justified.

**Exhibit # 18:** _____ pages of facts added to the exhibits. These pages of fact will show communication to the record to proven that such response to the courts by the Defendant's counsel is not justified, accurate or correct and such communication is misleading and should not hold any merit toward the Defendant's counsel request to dismiss such lawsuit. These pages will show every pervious attempt to resolve, solve and prevent this lawsuit in the District Court for the District of Columbia.

Sam L. Clemmons vs. American Postal Workers Union, AFL-CIO, United States Postal Service and The Merit System Protection Board.

(End of Exhibits) Total of _____ pages added to the record as
facts against the Defendant's counsel statements before the
courts or jury.




_____
Plaintiff's Signature

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May 2006 a copy of the foregoing has been served by first-class mail; and Express Mail to the following listed below.

### Express Mail

**Office of the Clerk**
UNITED STATES DISTRICT COURT
333 Constitution Ave, NW, Room 1225
Washington, DC 20001
**Fed Ex Express Delivery:**

### **** Regular Mail Services

### Defendant's Attorney

Rosa M. Koppel
Deputy General Counsel
U.S. Merit System Protection Board
Office of the General Counsel
1615 M. Street, N.W.
Washington, DC 20419

### Witness to the Records

Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

May 19, 2006
Date

Sam L. Clemmons,
Plaintiff, Pro Se