UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>AMERICAN POSTAL WORKERS UNION, )<br>AFL-CIO, ET. AL. )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No. 1:06cv00115 (RCL)<br>**VERIFIED ANSWER OF DEFENDANT<br>AMERICAN POSTAL WORKERS<br>UNION, AFL-CIO** |

## **VERIFIED ANSWER**

The American Postal Workers Union, AFL-CIO ("APWU") answers the unnumbered paragraphs of the Plaintiff's Complaint as follows:

1. Unnumbered Paragraph 1 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 1, and consequently those allegations are denied.

2. The APWU denies information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations contained in unnumbered paragraph 2, and consequently those allegations are denied.

3. Unnumbered Paragraph 3 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies the allegations contained in unnumbered paragraph 3 of the Complaint.

4. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 4, and consequently those allegations are denied.

5. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 5, and consequently those allegations are denied.

6. Unnumbered Paragraph 6 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 6, and consequently those allegations are denied.

7. The APWU denies information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations contained in unnumbered paragraph 7, and consequently those allegations are denied.

8. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 8, and consequently those allegations are denied.

9. Deny as to the first sentence of unnumbered paragraph 9. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the remainder of unnumbered paragraph 9, and consequently those allegations are denied.

10. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 10, and consequently those allegations are denied.

11. Unnumbered Paragraph 11 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 11, and consequently those allegations are denied.

12. Unnumbered Paragraph 12 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 12, and consequently those allegations are denied.

13. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 13, and consequently those allegations are denied.

14. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 14, and consequently those allegations are denied.

15. Unnumbered Paragraph 15 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 15, and consequently those allegations are denied.

16. Unnumbered Paragraph 16 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is

required, the APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 16, and consequently those allegations are denied.

17. Deny.

18. The APWU denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in unnumbered paragraph 18, and consequently those allegations are denied.

19. Unnumbered Paragraph 19 of the Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent that a response is required, the APWU denies the allegations contained in unnumbered paragraph 19 of the Complaint.

20. Unnumbered Paragraph 20 of the Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent that a response is required, the APWU denies the allegations contained in unnumbered paragraph 20 of the Complaint.

21. Unnumbered Paragraph 21 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies the allegations contained in unnumbered paragraph 21.

22. Unnumbered Paragraph 22 sets forth legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies the allegations contained in unnumbered paragraph 22.

23. Unnumbered Paragraph 23 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies the allegations contained in unnumbered paragraph 23.

24. Unnumbered Paragraph 24 sets forth plaintiff's characterization of the Complaint and legal conclusions to which no response is required. To the extent that an answer is required, the APWU denies the allegations contained in unnumbered paragraph 24.

25. The APWU denies each and every allegation requiring an answer not heretofore admitted or denied.

26. The APWU further denies that the plaintiff is entitled to the relief sought or any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

Samuel Anderson, Keith Robinson, and John Hall are not agents, employees or officers of the APWU.

**SECOND AFFIRMATIVE DEFENSE**

The APWU did not have knowledge of, nor did it acquiesce, approve or ratify any alleged wrongdoing by Samuel Anderson, Keith Robinson, and John Hall.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the APWU upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

The claims against the APWU should be dismissed because it did not violate any duty owed to the Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the damages he seeks as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Should Plaintiff be entitled to back pay, the United States Postal Service is liable for all the back pay.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorney's fees and costs, as a matter of law.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the APWU as the Plaintiff has failed to serve the APWU.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(5) for failure to serve the APWU.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to exhaust contractual remedies.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to exhaust administrative remedies.

WHEREFORE, the APWU requests of the Court that the Plaintiff have and recover nothing from the APWU, that the Complaint be dismissed, that the costs of this action be taxed against the Plaintiff and that as part of these costs there be included a reasonable attorney's fee for the APWU and that the Court grant such other and further relief as the Court deems just and

proper.


Dated: March 17, 2006               Respectfully submitted,

                                    O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                    By:    /s/ Peter J. Leff
                                           Peter J. Leff DC Bar # 457476
                                           1300 L Street NW Suite 1200
                                           Washington, DC 20005-4126
                                           (202)898-1707/FAX(202)682-9276

                                           Attorneys for American Postal
                                           Workers Union, AFL-CIO


## VERIFICATION

I declare under penalty of perjury that the foregoing Verified Answer is true and correct.


Executed on March 17, 2006          /s/ Greg Bell
                                    Greg Bell
                                    Director of Industrial Relations
                                    American Postal Workers Union, AFL-CIO

-9-

## Certificate of Service

I hereby certify that I have this day caused the following people to be served via electronic filing and first-class mail postage pre-paid with a copy of the foregoing Verified Answer of Defendant American Postal Workers Union, AFL-CIO:

        Sam L. Clemmons
        548 Saint Charles Place
        Brookhaven, MS 39601
        (866) 409-7758

Dated: March 17, 2006                    By:   /s/ Peter J. Leff