UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06cv00115 (RCL) |
| ) | |
| AMERICAN POSTAL WORKERS UNION, ) | |
| AFL-CIO, ET. AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO

Defendant American Postal Workers Union, AFL-CIO ("the APWU") respectfully requests that the Court dismiss it from this lawsuit pursuant to Rules 12(b)(5) and (6) of the Federal Rules of Civil Procedure ("FRCP") for insufficiency of process, and for failure to state a claim upon which relief can be granted.

In the alternative, summary judgment should be granted to the APWU pursuant to Fed.R.Civ.P. 56(c) because there is no genuine issue of material fact and judgment as a matter of law should be entered for the APWU.

This motion is supported by the Memorandum of Points and Authorities In Support of the American Postal Workers Union, AFL-CIO's Motion to Dismiss, or in the Alternative, for Summary Judgment, portions of the APWU's Collective Bargaining Agreement, the Declarations of Terry and John Hall and accompanying Exhibits attached thereto.

Dated: July 25, 2007

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By:    <u>/s/ Peter J. Leff</u>
       Peter J. Leff DC Bar # 457476
       1300 L Street NW Suite 1200
       Washington, DC 20005-4126
       (202)898-1707/FAX(202)682-9276

       Attorneys for the American Postal
       Workers Union, AFL-CIO

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL L. CLEMMONS,           )
                            )
        Plaintiff,           )
                            )
        v.                )     Civil Action No. 1:06cv00115 (RCL)
                            )
AMERICAN POSTAL WORKERS UNION,  )
AFL-CIO, ET. AL.               )
                            )
        Defendants.        )
                            )
                            )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
AMERICAN POSTAL WORKERS UNION, AFL-CIO'S MOTION TO DISMISS**

**I. INTRODUCTION**

      Proceeding pro se, Plaintiff Samuel L. Clemmons commenced the instant action on

January 18, 2006, against the American Postal Workers Union, AFL-CIO ("the APWU" or "the

National"), the United States Postal Service ("the USPS" or "Postal Service"), and the United

States Merit Systems Protection Board ("MSPB"). Mr. Clemmons alleges that he was

wrongfully terminated from his employment with the Postal Service without just cause for taking

three breaks to get fresh air. See Plaintiff's Complaint page 1, at unnumbered ¶1. He is suing

the APWU for allegedly failing to represent him at the hearing on his termination before the

MSPB. See Plaintiff's Complaint page 4, unnumbered ¶2. Specifically, Mr. Clemmons alleges

that John Hall, a shop steward for the Chicago Local, APWU ("Chicago Local" or "the Local"),

and Keith Robinson, the former Director of Industrial Relations for the Chicago Local, "failed to

1

appear" at the MSPB hearing. <u>Id.</u> As such, Mr. Clemmons is asserting a hybrid breach of

contract/breach of duty of fair representation claim.

By Order dated March 3, 2006, the Clerk of the Court entered default against the APWU

for failure to respond to the complaint. <u>See</u> Docket Entry #5. The APWU had not responded to

the complaint because it had never been served with the complaint. <u>See</u> Declaration of Terry

Stapleton, herein after "Stapleton Dec." at ¶ 6, attached hereto as Exhibit 1. On July 11, 2007,

the Court set aside the default. <u>See</u> Docket Entry #33. The APWU now moves to dismiss, or in

the alternative, seeks summary judgment.

There are numerous reasons Mr. Clemmons's claim against the APWU should be

dismissed. First of all, the APWU should be dismissed from this lawsuit pursuant to

Fed.R.Civ.P. 12(b)(5) because it has never been properly served in this action. To date, Mr.

Clemmons has not served any officer, employee, or agent of the National Union. He has only

sent a copy of the complaint and summons to officers of the Chicago Local. Because service on

officers of an autonomous local union does not effectuate service on the national union with

which it is affiliated, Mr. Clemmons's complaint should be dismissed for insufficiency of

service.

More fundamentally, the APWU should be dismissed from this lawsuit with prejudice

because Mr. Clemmons was not employed in a bargaining unit represented by the APWU. A

union of course owes no duty to individuals not employed in one of the bargaining units it

represents. Mr. Clemmons was employed by the United States Postal Service in the  mail

handler craft. Postal employees in the  mail handler craft are not represented by the APWU.

Mail handlers are represented by the National Postal Mail Handlers Union, a division of

2

Laborers' International Union of North America ("National Postal Mail Handlers Union"), a labor organization separate and distinct from the APWU. Thus, as a mail handler, the APWU did not have a duty to represent Mr. Clemmons before the MSPB, or in any capacity, as it was not his exclusive bargaining representative.

Additionally, even if the APWU owed Mr. Clemmons a duty of representation, the APWU must be dismissed from this lawsuit with prejudice because any claim he could bring against the APWU would be time barred by the six month statute of limitations applicable to breach of the duty of fair representation claims. Mr. Clemmons alleges that the APWU breached its duty of fair representation by failing to represent him at an MSPB hearing that took place in 1999. The MSPB decision was rendered on August 5, 1999, and the MSPB's decision was affirmed by the Federal Circuit on April 7, 2000. Mr. Clemmons filed the instant suit on January 18, 2006, over six years from when he alleges the breach took place. Accordingly, , he is time barred from pursuing a breach of the duty of fair representation claim over any alleged failure to represent him in the 1999 MSPB hearing..

Furthermore, the APWU should be dismissed from this lawsuit because even if Mr. Clemmons was a member of a bargaining unit represented by the APWU, the APWU would not have had any obligation to represent Mr. Clemmons before the MSPB. A union only has a duty to fairly represent its bargaining unit members in forums in which the union is the bargaining unit member's exclusive representative, such as the grievance and arbitration procedure set forth in the collective bargaining agreement. As a matter of law, the APWU is not its bargaining unit members' exclusive representative in the MSPB forum.

Furthermore, if any representations were made to Mr. Clemmons regarding assisting him

3

with his MSPB hearing, they were made solely by officers of the Chicago Local, which cannot

be imputed to the APWU.. In making any alleged representations to Mr. Clemmons regarding

the MSPB, the Chicago Local was not acting as an agent of the APWU. If any representations

were made by the Chicago Local, the APWU had no knowledge of them. And, the APWU never

authorized the Chicago Local to represent Mr. Clemmons in any MSPB hearing and never

ratified any decision to represent him, if any such decision was made. In fact, it is the APWU's

policy not to represent individuals before the MSPB and certainly never to represent individuals

who are not members of the APWU's bargaining unit.

## II. STATEMENT OF FACTS

The Postal Service has over 800,000 employees that work in a number of different crafts.

Stapleton Dec. at ¶ 8. Four (4) of these crafts (Clerk, Maintenance, Motor Vehicles Services, and

Support Services) are represented by the APWU. Id. The Mail Handlers are a separate and

distinct craft. Id. The Mail Handlers are represented by a different union, and covered by a

different collective bargaining agreement ("CBA"). Id. The Mail Handlers are represented by

the National Postal Mail Handlers Union, a division of Laborers' International Union of North

America ("National Postal Mail Handlers Union"). Id.

Plaintiff was employed as a mail handler for the Postal Service. See Docket Entry #33;

Clemmons v. United States Postal Service, 232 F.3d 911 (Fed. Cir. 2000) (attached hereto as

Exhibit 2). During the time period Mr. Clemmons was employed as a mail handler, he was in a

bargaining unit represented by the National Postal Mail Handlers Union. Stapleton Dec. at ¶ 8.

Some time before 1999, Mr. Clemmons was removed from his position as a mail handler by the

Postal Service for unacceptable conduct. Clemmons v. United States Postal Service, supra. In

4

1999, Mr. Clemmons appealed his termination through the Merit Systems Protection Board ("MSPB"). Id. That same year, Mr. Clemmons's MSPB case was dismissed, and Mr. Clemmons appealed the final order to the Federal Circuit. Id. The Federal Circuit affirmed the MSPB's dismissal in 2000. Id.

On January 18, 2006, Mr. Clemmons filed the instant action. He alleges that he was terminated from his employment with the Postal Service without just cause. See Plaintiff's Complaint page 1, at unnumbered ¶ 1. He alleges that he appealed the Postal Service's termination action to the United States Merit Systems Protection Board and that the MSPB held a "mock or fraudulent hearing", apparently upholding his termination from the Postal Service.[1] See Plaintiff's Complaint page 4, unnumbered ¶ 2. Mr. Clemmons further alleges that John Hall and Keith Robinson of the Chicago Local, American Postal Workers Union, AFL-CIO ("Chicago Local") failed to appear before the MSPB to represent his interests in the hearing on his termination. Id. As a result, he is suing the APWU based on the alleged failure of Keith Robinson and John Hall to represent him before the MSPB. Id. John Hall is a shop steward for the Chicago Local. See Declaration of John Hall, herein after "Hall Dec." at ¶ 1, attached hereto as Exhibit 4. Keith Robinson is the former Director of Industrial Relations of the Chicago Local. Stapleton Dec. at ¶ 4.

On February 9, 2005, Sam Anderson, President of the Chicago Local, received an

---

[1]    For this Court's information, under Article 16, Section 5 of the APWU's collective bargaining agreement ("CBA"), preference eligible employees may upon their choosing appeal a suspension of more than fourteen days or a discharge to the Merit Systems Protection Board rather than through the grievance-arbitration procedure established under Article 15 of the CBA. (attached hereto as Exhibit 3). This CBA, however, by its terms, has no relevance to the bargaining unit to which presumably represented Mr. Clemmons.

5

Express Mail package containing a copy of the complaint and summons in the instant case. See Stapleton Dec. at ¶ 4. Keith Robinson also received a complaint from Plaintiff Mr. Clemmons sent to him by Express Mail at or about the same time. Id. at ¶ 5.

The Chicago Local is chartered by the APWU National pursuant to Article 16 of the APWU Constitution. See Stapleton Dec. at ¶ 2 and Exhibit A attached thereto. It is an autonomous unincorporated labor organization with its own bylaws and officers. Id. It is separate and distinct from the APWU with which it is affiliated. Id. The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. Id. Sam Anderson, President of the Chicago Local, is not an officer of the National. Id. at ¶ 3. Mr. Anderson is not authorized to accept service of process on behalf of the National. Id. Keith Robinson, the former Director of Industrial Relations for the Chicago Local is not an officer of the National and is not authorized to accept service on behalf of the National Union. Id. at ¶ 4.

Exactly 21 days after he sent his complaint to the officers of the Chicago Local by Express Mail, on March 2, 2006, Mr. Clemmons applied for entry of default. See Plaintiff's Letter of March 2, 2006 filed as Docket Entry #4. In his affidavit of service filed on March 2, 2006, accompanying his request for an entry of default against the APWU, Mr. Clemmons included only an affidavit of service as to Samuel Anderson, President of the Chicago Local, and Keith Robinson, former Director of Industrial Relations for the Chicago Local. See Plaintiff's affidavits of service. His affidavits of service include Express Mail receipts for Mr. Anderson and Mr. Robinson at the Chicago Local's office in Illinois and an Illinois address for Mr. Robinson. Id. To this day, Mr. Clemmons has not presented any evidence of service on the National Union at its headquarter offices in Washington, D.C. or upon any officer or agent of the

6

National Union. Id. In fact, to date, no officer or other individual authorized to accept service on behalf of the National has been served in this action. Id.

## III. ARGUMENT

### A.    The Complaint Must Be Dismissed for Insufficiency of Process.

The APWU should be dismissed from this lawsuit pursuant to Fed.R.Civ.P. 12(b)(5) because it has never been served in this action. Mr. Clemmons has failed to serve any officer, employee, or agent of the National Union. See Stapleton Dec. at ¶ 7. As the record attests, and Mr. Clemmons admits, the only persons served with a copy of the complaint and summons were Sam Anderson and Keith Robinson, officers with the Chicago Local. Id. at ¶¶ 4, 5; See Docket Entry #12. Mr. Anderson and Mr. Robinson are not officers of the National Union, and are not authorized to accept service of process on behalf of the National Union. See Stapleton Dec. at ¶¶ 4, 5.

Title 39 U.S.C. § 1208(e)(2004), specifies who must be served to effect service of process on the APWU. A postal union may be served by serving "an officer or agent of a labor organization, in his capacity as such." 39 U.S.C. § 1208(e). The Chicago Local is an autonomous unincorporated labor organization with its own bylaws and officers. See Stapleton Dec. at ¶ 2. It is separate and distinct from the APWU with which it is affiliated. Id. The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall be fully autonomous. Id. This includes the unfettered right to self-govern its own affairs, including the election of its officers. Id. at ¶ 3. Courts have repeatedly held that service on an autonomous local union does not effectuate service on the national or international union with which it is affiliated. See Gray v. International Association of Heat & Frost Insulators & Asbestos Workers,

416 F.2d 313, 316 (6th Cir. 1969) (service of process on an agent of the local is not sufficient to

obtain service on the international); <u>Morgan Drive Away, Inc. v. Int'l Broth. of Teamsters,</u>

<u>Chauffers, Warehousement & Helpers of America</u>, 268 F.2d 871 (7th Cir. 1959) (same); <u>Wentz</u>

<u>v. Intern. Broth. Of Elec. Workers</u>, 578 F.2d 1271, 1272 (8th Cir.), <u>cert. denied</u>, 439 U.S. 983

(1978). Thus, sending copies of the complaint and summons to officers of the Chicago Local

does not effectuate service on the APWU National. <u>Id.</u> Because the APWU has never been

served, this Court does not have personal jurisdiction over the APWU and it must be dismissed

from the instant suit.

**B.      The Complaint Must Be Dismissed Because the APWU Has No Duty to Fairly
          Represent Individuals Who Are Not Employed in its Bargaining Unit.**

Mr. Clemmons's breach of the duty of fair representation claim against the APWU must

be dismissed with prejudice because the APWU does not have a duty to represent individuals

that are not members of its bargaining unit such as Mr. Clemmons. Mr. Clemmons is a mail

handler, and mail handlers are not members of any of the APWU's bargaining units. Mail

handlers are represented by a separate labor organization with a separate collective bargaining

agreement with the Postal Service. Therefore, the APWU did not have a duty to represent Mr.

Clemmons before the MSPB or in any capacity.

The union's duty of fair representation is limited to those employees employed within the

bargaining unit for which the union is recognized as the exclusive bargaining representative. <u>See</u>

<u>Allied Chemical and Alkali Workers v. Pittsburgh Plate Glass Co.</u>, 404 U.S. 157, 181 n. 20

(1971). A union owes no duty of fair representation to those individuals who are not in the

bargaining unit. <u>Schneider Moving & Storage Company v. Robbins</u>, 466 U.S. 364, 376, n.22

(1984) (citing <u>Vaca v. Sipes</u>, 386 U.S. 171, 182 (1967) and <u>Humphrey v. Moore</u>, 375 U.S. 335,

342 (1964)); <u>Walker v. Consolidated Freightways, Inc.</u>, 930 F.2d 376, 382 (4th Cir. 1991), <u>cert.</u>

<u>denied</u>, 502 U.S. 1004 (1991); <u>Karo v. San Diego Symphony Orchestra Association</u>, 762 F.2d

819, 821 (9th Cir. 1985) <u>(citing</u> <u>Allied Chemical</u>, 404 U.S. at 181 n.20); <u>Merk v. Jewel</u>

<u>Companies, Inc.</u>, 848 F.2d 761, 766 (7th Cir. 1988), <u>cert. denied</u>, 486 U.S. 956 (1989); <u>see</u> <u>also</u>

<u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 87 (3d Cir. 1982) (plaintiffs must show

that they belong to the bargaining unit in order to benefit from the union's duty of fair

representation). Moreover, a union owes no duty of fair representation to individuals not covered

by the collective bargaining agreement. <u>McTighe v. Mechanics Educ. Soc. of America</u>, 772 F.2d

210, 213 (6th Cir. 1985).

 The Postal Service has over 800,000 employees that work in a number of different crafts.

Stapleton Dec. at ¶ 8. There crafts are represented by several different unions. <u>Id.</u> Four (4) of

these crafts (Clerk, Maintenance, Motor Vehicles Services, and Support Services) are represented

by the APWU. <u>Id.</u> Postal Service employees employed as mail handlers are in a separate and

distinct craft. <u>Id.</u> Mail handlers are represented by a separate union, the National Postal Mail

Handlers Union, a division of Laborers' International Union of North America. <u>Id.</u> The

individuals in the crafts represented by the APWU are covered by its collective bargaining

agreement. Article 1, Section 1 of the CBA (attached hereto as Exhibit 5). The APWU

collective bargaining agreement does not cover mail handlers. Article 1, Section 2 of the CBA

(attached hereto as Exhibit 6). It is undisputed that Mr. Clemmons is a mail handler. <u>See</u> Docket

Entry #33; <u>Clemmons v. United States Postal Service, supra</u> (attached hereto as Exhibit 2). As

mail handlers are not members of the APWU bargaining unit and are not covered by the

9

APWU's collective bargaining agreement, mail handlers are not owed a duty of fair

representation from the APWU. As Mr. Clemmons was not employed by the Postal Service in

any bargaining unit represented by the APWU, the APWU did not owe any duty to represent

him before the MSPB or in any other capacity. Because Mr. Clemmons cannot maintain a claim

that the APWU breached a non-existent duty, his claim must be dismissed.

**C.     The Complaint is Time Barred by the Six Month Statute of Limitations.**

Even if Mr. Clemmons was a member of a bargaining unit represented by the APWU, his

breach of the duty of fair representation claim is time barred because he failed to bring his claim

within the applicable six month statute of limitations. DelCostello v. International Brotherhood

of Teamsters, 462 U.S. 151, 172 (1983). Mr. Clemmons alleges that the APWU breached its

duty of fair representation by failing to represent him at an MSPB hearing that took place in

1999. Complaint at page 4, unnumbered ¶ 2; Clemmons v. United States Postal Service, supra

(attached hereto as Exhibit 2). Mr. Clemmons did not file this lawsuit until January 18, 2006,

over six years from when Mr. Clemmons alleges the breach took place. Thus, Mr. Clemmons's

claim against the APWU must be dismissed because it is clearly time barred.

The six month statute of limitations period "begins to run when the claimant discovers, or

in the exercise of reasonable diligence should have discovered, the acts constituting the alleged

violation." Simmons v. Howard University, 157 F.3d 914, 916 (D.C. Cir. 1988). The MSPB

hearing in which Mr. Clemmons alleges that the Union failed to represent him, eventually led to

a dismissal of the case that was encompassed in the form of a final order of the MSPB on August

5, 1999. Clemmons v. United States Postal Service, supra (attached hereto as Exhibit 2). Mr.

Clemmons appealed the final order of the MSPB to the Federal Circuit, which affirmed the

10

MSPB's decision on April 7, 2000. Id. Thus, Mr. Clemmons was clearly aware of any alleged failure to represent him at the MSPB hearing before the final order was issued on August 5, 1999, or at the very latest when the Federal Circuit affirmed the MSPB order on April 7, 2000. As Mr. Clemmons did not file this lawsuit until well over the six months after the date in which he could have conceivably discovered the alleged breach by the APWU, he is time barred from pursuing a breach of the duty of fair representation claim against the APWU.

D.    **The Complaint Must Be Dismissed Because the APWU Had No Obligation to Represent Mr. Clemmons Before the MSPB.**

Additionally, even if Mr. Clemmons were in an APWU represented bargaining unit, the APWU has no obligation to represent its bargaining unit member before the MSPB because the APWU is not its bargaining unit members' exclusive representative in the MSPB forum.

The duty of fair representation is coextensive with a Union's authority to act as exclusive representative to all the employees in the bargaining union. Vaca v. Sipes, 386 U.S. 171 177 (1967); Kolinske v. Lubbers, 712 F.2d 471, 481 (D.C. Cir.1983). In other words, "if a union does not serve as the exclusive agent for the members of the bargaining unit with respect to a particular matter, there is no corresponding duty of fair representation." Freeman v. Local Union No. 135, Chauffeurs, Teamsters, Warehousemen and Helpers, 746 F.2d 1316, 1321 (7th Cir. 1984) (internal citations omitted).

Unlike under the grievance-arbitration procedure set forth in the collective bargaining agreement, where the union is the exclusive representative of its bargaining unit members as only the Union can represent its bargaining unit members in the grievance-arbitration procedure, . an individual is free to select his or her own representative before the MSPB. Id. As the APWU is

11

not an individual employee's exclusive representative before the MSPB, it has no duty of fair representation to represent individuals in that forum. Freeman, 746 F.2d at 1320-22; Kuhn v. National Ass'n of Letter Carriers, Branch 5, 528 F.2d at 770; International Brotherhood of Teamsters, Local No. 310, 587 F.2d 1176, 1183 (D.C. Cir. 1978). Accordingly, Mr. Clemmons cannot sustain a claim that the APWU breached its duty of fair representation for failing to represent him before the MSPB, because the APWU had no duty to represent Mr. Clemmons before the MSPB.

E.    **The Complaint Must Be Dismissed Because the National Union Cannot Be Held Liable for the Alleged Wrongful Acts of the Local Union**

Even if Mr. Clemmons' claim is that the Chicago Local had assumed a duty to represent him before the MSPB by telling him that the Chicago local would represent him in that forum, Mr. Clemmons's complaint against the APWU would still have to be dismissed because the Chicago Local's action cannot be imputed to the APWU.. In any dealings with Mr. Clemmons, the Chicago Local was not acting as an agent of the APWU. The APWU had no knowledge of any dealings between the Chicago Local and Mr. Clemmons, if any such dealings did in fact occur. And, the APWU certainly did not authorize the Chicago Local to represent Mr. Clemmons before the MSPB or ratify that decision if it was made.

In analyzing the vicarious liability of a national or international union for the discriminatory actions of its local union affiliates, federal courts apply common law agency principles. Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1429 (D.C. Cir. 1988), cert. denied, 490 U.S. 1105 (1989) (noting that "common-law agency principles apply equally to determine an international union's liability under the civil rights laws as they do

12

in other contexts. . ."); see also, Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212 (1979)

(a national union, such as the APWU, cannot be held vicariously liable for the wrongful acts of

its affiliated unions or the officers or agents of its affiliated unions unless legal proof of agency

can be demonstrated). It is well settled that a principal-agent relationship may not be inferred

solely from affiliation between an international union and a local union. See, United Mine

Workers v. Coronado Coal Co., 259 U.S. 344, 395 (1922); Coronado Coal Co. v. United Mine

Workers, 268 U.S. 295, 304-05 (1925); Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212,

217 (1979). Proof of agency between a national union and its affiliated unions, or between a

national union and the officers or agents of its affiliated unions, can be established only if the

wrongful acts were "in accordance with their fundamental agreement," or the national union

"instigated, supported, ratified or encouraged" the wrongful acts. Carbon Fuel Co. v. United

Mine Workers, 444 U.S. 212, 217-18 (1979). There is no basis for holding a national or

international union liable for conduct it did not authorize, participate in or ratify. Id. at 96,

(citing Carbon Fuel Co. v. United Mine Workers, 444 U.S. 212 (1979)); see Berger v. Iron

Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1427 (D.C. Cir. 1988).

   The undisputed facts in this case clearly establish that the National Union and the

Chicago Local are not in an agency relationship. According to the APWU Constitution, the

Chicago Local is an entity that is completely self-governing and autonomous from the National

Union. Stapleton Dec. at ¶ 2 and Exhibit A attached thereto. The Chicago Local has complete

autonomy and sole responsibility to elect its officers, maintain its treasury, manage its

employees, select and certify its stewards, and discipline its stewards, officers and employees.

Id. at ¶ 3.    Because the Chicago Local enjoys such autonomy, it cannot be said to act as an

13

agent of the National Union.  Mr. Clemmons has alleged that the shop steward for the Chicago Local, Mr. Hall, and Chicago Local President, Mr. Robinson failed to represent him before an MSPB hearing regarding his termination.  Complaint at page 4, unnumbered ¶ 2.  Mr. Hall and Mr. Robinson are officers of the Chicago Local.

Mr. Clemmons never contacted any officer, employee or agent of the National Union either orally or in writing to discuss his termination.  Stapleton Dec. at ¶ 11.  Furthermore, it is the policy of the APWU not to assist or represent individuals before the MSPB.  Id.  Mr. Clemmons cannot, and does not allege that the National Union authorized or ratified the conduct of John Hall or Keith Robinson, or any decisions made by the Chicago Local.  Thus, if Mr. Clemmons did in fact contact the Chicago Local to request assistance with his MSPB hearing, and if the Chicago Local did in fact inform Mr. Clemmons that it would assist him with his MSPB hearing, it was solely and exclusively the decision of the Chicago Local.  Id.  Therefore, as all of Mr. Clemmons's allegations of wrongful conduct involve activities solely within the purview of Local authority, the APWU, as a matter of law, cannot be held liable for any of Mr. Clemmons's claims of violation of the law against it.**IV.  CONCLUSION**

For the above stated reasons, the APWU respectfully requests that the Court dismiss the complaint against the APWU with prejudice or, in the alternative, grant summary judgment in favor of the APWU.

14

Dated: July 25, 2007                          Respectfully submitted,

                                              O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                              By:      /s/ Peter J. Leff_____
                                      Peter J. Leff DC Bar # 457476
                                      1300 L Street NW Suite 1200
                                      Washington, DC 20005-4126
                                      (202)898-1707/FAX(202)682-9276

                                      Attorneys for American Postal
                                      Workers Union, AFL-CIO

15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL L. CLEMMONS,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     Civil Action No. 1:06cv00115 (RCL)
                                       )
AMERICAN POSTAL WORKERS UNION,         )
AFL-CIO, ET. AL.                       )
                                       )
            Defendants.                )
                                       )
_____)

**STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE
7(h) OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO**

Pursuant to LcvR 7(h) of the United States District Court for the District of Columbia,

Defendant American Postal Workers Union respectfully submits the following Statement of

Undisputed Materal Facts in support of its Motion to Dismiss, or in the Alternative, for Summary

Judgment:

1.      The Postal Service has over 800,000 employees that work in a number of different crafts.

        (Declaration of Terry Stapleton, hereinafter "Stapleton Dec." attached as Exhibit 1 to

        Motion to Dismiss, or in the Alternative, for Summary Judgment of the American Postal

        Workers Union, AFL-CIO ("National Union" or "APWU"), ¶ 8).

2.      Four (4) of these crafts (Clerk, Maintenance, Motor Vehicles Services, and Support

        Services) are represented by the APWU. (Stapleton Dec. ¶ 8).

1

3.     The Mail Handlers are a separate and distinct craft. (Stapleton Dec. ¶ 8).

4.     The Mail Handlers are represented by a different union, and covered by a different

       collective bargaining agreement ("CBA"). (Stapleton Dec. ¶ 8).

5.     The Mail Handlers are represented by the National Postal Mail Handlers Union, a

       division of Laborers' International Union of North America ("National Postal Mail

       Handlers Union"). (Stapleton Dec. ¶ 8).

6.     Plaintiff was employed as a mail handler for the Postal Service. See Docket Entry #33;

       Clemmons v. United States Postal Service, 232 F.3d 911 (Fed. Cir. 2000) (attached as

       Exhibit 2 to Motion to Dismiss, or in the Alternative, for Summary Judgment of the

       APWU).

7.     During the time period Mr. Clemmons was employed as a mail handler, he was in a

       bargaining unit represented by the National Postal Mail Handlers Union. (Stapleton Dec.

       at ¶ 8.)

8.     Some time before 1999, Mr. Clemmons was removed from his position as a mail handler

       by the Postal Service for unacceptable conduct. Clemmons v. United States Postal

       Service, supra.

9.     In 1999, Mr. Clemmons appealed his termination through the Merit Systems Protection

       Board ("MSPB"). Clemmons v. United States Postal Service, supra.

10.    That same year, Mr. Clemmons's MSPB case was dismissed, and Mr. Clemmons

       appealed the final order to the Federal Circuit. Clemmons v. United States Postal

       Service, supra.

11.    The Federal Circuit affirmed the MSPB's dismissal in 2000. Clemmons v. United States

                                              2

Postal Service, supra.

12.   On January 18, 2006, Mr. Clemmons filed the instant action.  See Docket Entry #1.

13.   He alleges that he was terminated from his employment with the Postal Service without

just cause.  See Plaintiff's Complaint page 1, at unnumbered  ¶ 1.

14.   He alleges that he appealed the Postal Service's termination action to the United States

Merit Systems Protection Board and that the MSPB held a "mock or fraudulent hearing",

apparently upholding his termination from the Postal Service.  See Plaintiff's Complaint

page 4, unnumbered ¶ 2.

15.   Mr. Clemmons further alleges that John Hall and Keith Robinson of the Chicago Local,

American Postal Workers Union, AFL-CIO ("Chicago Local") failed to appear before the

MSPB to represent his interests in the hearing on his termination.  See Plaintiff's

Complaint page 4, unnumbered ¶ 2.

16.   John Hall is a shop steward for the Chicago Local.  (Declaration of John Hall, hereinafter

"Hall Dec." attached as Exhibit 4 to Motion to Dismiss, or in the Alternative, for

Summary Judgment of the APWU, ¶ 1).  See Declaration of John Hall, herein after "Hall

Dec." at ¶ 1, attached hereto as Exhibit 4.

17.   Keith Robinson is the former Director of Industrial Relations of the Chicago Local.

(Stapleton Dec. at ¶ 4).

18.   On February 9, 2005, Sam Anderson, President of the Chicago Local, received an

Express Mail package containing a copy of the complaint and summons in the instant

case.  (Stapleton Dec. at ¶ 4).

3

19.    Keith Robinson also received a complaint from Plaintiff Mr. Clemmons sent to him by

Express Mail at or about the same time. (Stapleton Dec. at ¶ 5).

20.    The Chicago Local is chartered by the APWU National pursuant to Article 16 of the

APWU Constitution. (Stapleton Dec. at ¶ 2).

21.    The Chicago Local is an autonomous unincorporated labor organization with its own

bylaws and officers. (Stapleton Dec. at ¶ 2).

22.    The Chicago Local is separate and distinct from the APWU with which it is affiliated.

(Stapleton Dec. at ¶ 2).

23.    The APWU Constitution provides at Article 16, Section 6(c) that all affiliated locals shall

be fully autonomous. (Stapleton Dec. at ¶ 2).

24.    Sam Anderson, President of the Chicago Local, is not an officer of the National.

(Stapleton Dec. at ¶ 4).

25.    Sam Anderson is not authorized to accept service of process on behalf of the National.

(Stapleton Dec. at ¶ 4).

26.    Keith Robinson, the former Director of Industrial Relations for the Chicago Local is not

an officer of the National and is not authorized to accept service on behalf of the National

Union. (Stapleton Dec. at ¶ 5).

27.    Exactly 21 days after he sent his complaint to the officers of the Chicago Local by

Express Mail, on March 2, 2006, Mr. Clemmons applied for entry of default. See

Plaintiff's Letter of March 2, 2006 filed as Docket Entry #4.

28.    In his affidavit of service filed on March 2, 2006, accompanying his request for an entry

of default against the APWU, Mr. Clemmons included only an affidavit of service as to

4

Samuel Anderson, President of the Chicago Local, and Keith Robinson, former Director

of Industrial Relations for the Chicago Local.  See Plaintiff's affidavits of service.

29.     His affidavits of service include Express Mail receipts for Mr. Anderson and Mr.

Robinson at the Chicago Local's office in Illinois and an Illinois address for Mr.

Robinson.  See Plaintiff's affidavits of service.


Dated: July 25, 2007                      Respectfully submitted,

                                          O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                             By:      /s/ Peter J. Leff
                                      Peter J. Leff DC Bar # 457476
                                      1300 L Street NW Suite 1200
                                      Washington, DC 20005-4126
                                      (202)898-1707/FAX(202)682-9276

                                      Attorneys for American Postal
                                      Workers Union, AFL-CIO

5

## Certificate of Service

I hereby certify that I have this day caused the following people to be served by Electronic Case Filing and first-class mail postage pre-paid with a copy of the Foregoing Motion to Dismiss, or in the Alternative, for Summary Judgment of the American Postal Workers Union, AFL-CIO and Memorandum of Points and Authorities in Support Thereof, the Declarations of Terry Stapleton and John Hall and accompanying Exhibits and the Proposed Order:

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601
(866) 409-7758

July 25, 2007                    /s/Peter J. Leff_____