H

Clemmons v. U.S. Postal Service
C.A.Fed.,2000.
NOTICE: THIS IS AN UNPUBLISHED OPINION.(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTAF Rule 47.6 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Federal Circuit.
Samuel L. CLEMMONS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
No. 99-3423.

April 7, 2000.

Before MAYER, Chief Judge, MICHEL and SCHALL, Circuit Judges.
PER CURIAM.

*1 Samuel L. Clemmons appeals the final order of the Merit Systems Protection Board, No. CH0752990118-I-1 (August 5, 1999), dismissing his case because the matter had been settled pursuant to an agreement. We *affirm.*

We review the board's decisions under a narrow standard. *See Hamel v. President's Comm'n on Executive Exchange, 987 F.2d 1561, 1564 (Fed.Cir.1993).* We must affirm absent a showing that a decision of the board is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *See* 5 U.S.C. § 7703(c) (1994).

Following the discovery of two unauthorized departures from work on July 14, 1998 and July 24, 1998, the United States Postal Service issued notice to and removed Clemmons from his position as a mail handler. The stated reason for his removal was unacceptable conduct.

On February 4, 1999, Clemmons entered into a settlement agreement with the Postal Service. In exchange for the sum of $3,089 and recording his dismissal as a resignation, Clemmons agreed, *inter alia,* to withdraw his appeal from the board and to never again seek employment with the Postal Service. Upon review of the settlement agreement, the administrative judge found it to be lawful and entered into freely by both parties.

"One who attacks a settlement [agreement] must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982)* (quoting *Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)).* "It is not for this court to reweigh the evidence before the Board." *Henry v.. Department of the Navy, 902 F.2d 949, 951 (Fed.Cir.1990).* The board did not abuse its discretion by concluding that the matter of appellant's dismissal was resolved by a valid settlement agreement, entered into voluntarily. Furthermore, where, as here, the board's findings are supported by substantial evidence on the record as a whole, its decision will be upheld. *Parker v. United States Postal Service, 819 F.2d 1113, 1116 (Fed.Cir.1987).*

C.A.Fed.,2000.
Clemmons v. U.S. Postal Service
232 F.3d 911, 2000 WL 366285 (C.A.Fed.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 2