# COLLECTIVE BARGAINING AGREEMENT

Between
**American Postal Workers Union, AFL-CIO**

And
**U.S. Postal Service**

**November 21, 2000**
**November 20, 2006**



Blumberg No. 5119   EXHIBIT 3

**Article 16.5**

action is sought to be initiated shall be served with a written notice of the charges against the employee and shall be further informed that he/she will be suspended after ten (10) calendar days during which ten-day period the employee shall remain on the job or on the clock (in pay status) at the option of the Employer. However, if a timely grievance is initiated, the effective date of the suspension will be delayed until disposition of the grievance, either by settlement or an arbitrator's final and binding decision. The employee shall remain on the job or on the clock (in pay status) at the option of the Employer.

**Section 5. Suspensions of More Than 14 Days or Discharge**

In the case of suspensions of more than fourteen (14) days, or of discharge, any employee shall, unless otherwise provided herein, be entitled to an advance written notice of the charges against him/her and shall remain either on the job or on the clock at the option of the Employer for a period of thirty (30) days. Thereafter, the employee shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement with the Union or through exhaustion of the grievance-arbitration procedure. A preference eligible who chooses to appeal a suspension of more than fourteen (14) days or his/her discharge to the Merit Systems Protection Board (MSPB) rather than through the grievance-arbitration procedure shall remain on the rolls (non-pay status) until disposition of the case has been had either by settlement or through exhaustion of his/her MSPB appeal. When there is reasonable cause to believe an employee is guilty of a crime for which a sentence of imprisonment can be imposed, the Employer is not required to give the employee the full thirty (30) days advance written notice in a discharge action, but shall give such lesser number of days advance written notice as under the circumstances is reasonable and can be justified. The employee is

111

**Article 16.6**

immediately removed from a pay status at the end of the notice period.

**Section 6. Indefinite Suspension Crime Situation**

    A. The Employer may indefinitely suspend an employee in those cases where the Employer has reasonable cause to believe an employee is guilty of a crime for which a sentence of imprisonment can be imposed. In such cases, the Employer is not required to give the employee the full thirty (30) days advance notice of indefinite suspension, but shall give such lesser number of days of advance written notice as under the circumstances is reasonable and can be justified. The employee is immediately removed from a pay status at the end of the notice period.

    B. The just cause of an indefinite suspension is grievable. The arbitrator shall have the authority to reinstate and make the employee whole for the entire period of the indefinite suspension.

    C. If after further investigation or after resolution of the criminal charges against the employee, the Employer determines to return the employee to a pay status, the employee shall be entitled to back pay for the period that the indefinite suspension exceeded seventy (70) days, if the employee was otherwise available for duty, and without prejudice to any grievance filed under B. above.

    D. The Employer may take action to discharge an employee during the period of an indefinite suspension whether or not the criminal charges have been resolved, and whether or not such charges have been resolved in favor of the employee. Such action must be for just cause, and is subject to the requirements of Section 5 of this Article.

112