IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA
COMPLAINT OF JUDICIAL MISCONDUCT OR DISABLITY

| | |
|---|---|
| SAM L. CLEMMONS<br>548 SAINT CHARLES PL<br>BROOKHAVEN, MS 39601<br><br>PLAINTIFF<br>vs.<br><br>1) UNITED STATES POSTAL<br>   SERVICE, et al<br>   Karen L. Melkik<br>   Assistant United States Attorney<br>   United States Attorney's Office<br>   Civil Division<br>   555 4th Street, N.W.<br>   Washington, DC 20530<br><br><br>2) AMERICAN POSTAL WORKER<br>   UNION, AFL<br>   **ATTORNEY OF RECORD**<br>   O'Donnell, Schwartz & Anderson, P.C.<br>   1300 L. Street, N.W., Suite 1200<br>   Washington, DC 20005<br><br><br>3) UNITED STATES MERIT SYSTEM<br>   PROTECTION BOARD<br>   Attn. Attorney Rosa M. Koppel<br>   Deputy General Counsel<br>   Office of the General Counsel<br>   1615 M. Street, N.W.<br>   Washington, DC 20419<br><br>DEFENDANTS | CIVIL ACTION NO:<br><br><br><br><br><br><br>1:06CV00115(RCL) |

**PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY**

# RECEIVED

JUL 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Come now the Plaintiff file his motion request to enter discovery now pending on the Court or Court of Appeal's ORDER to grant such motion for the Plaintiff to prove his points as so stated in the Plaintiff's entry before the Court upon receiving such Motion Request GRANTED the Plaintiff will enter valid proof of proper service upon the Defendant(s).

Respectfully Submitted,

CLEMMONS' ESTATE
C/o Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
866-409-7758

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-115 (RCL) |
| ) | |
| AMERICAN POSTAL WORKERS ) | |
| UNION, AFL, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

The complaint herein was filed on January 18, 2006, against three defendants–the American Postal Workers Union, the United States Postal Service, and the United States Merit Systems Protection Board.

Plaintiff filed an affidavit of service [3] on the American Postal Workers Union, and upon plaintiff's request, the Clerk entered a default [5] on March 3, 2006, against the Union. The Union filed a motion [6] on March 17, 2006, to set aside the default, and lodged with the Clerk an answer. The plaintiff's motion [12] to sustain the default is DENIED because of the legal preference for resolving disputes by adjudication rather than by default. The Union's motion [6] to set aside the default is GRANTED, and the default [5] is VACATED. The Union's answer shall be deemed filed this date. Any dispositive motion raising the Union's affirmative defenses shall be filed within 10 days of this date.

Plaintiff also moved [12] to enter discovery. That motion is DENIED. *See* Local Civil Rule 5.2(a).

The Postal Service and the Merit Systems Protection Board both filed motions [16, 17] to

dismiss on May 8, 2006, to which plaintiff responded with a motion for summary judgment by default [28] and a motion [21] not to dismiss, along with motions [22, 30] for subpoenas duces tecum, and to enter discovery. Plaintiff's foregoing motions are DENIED, and the motions of the USPS and MSPB are GRANTED.

Plaintiff was removed from his position as a mail handler after unauthorized departures from work. Plaintiff filed an appeal with the MSPB, and then entered into a settlement agreement with the USPS. An administrative judge of the MSPB found the settlement agreement to be lawful and entered into freely by the parties, and dismissed plaintiff's appeal. Plaintiff appealed the dismissal to the full MSPB, which on August 5, 1999, dismissed the appeal in a final order. Plaintiff appealed the MSPB to the United States Court of Appeals for the Federal Circuit, which affirmed the MSPB on April 7, 2000, finding that MSPB had not abused its discretion when it concluded that the matter of plaintiff's removal was resolved by a valid settlement agreement.

Clearly, this Court has no jurisdiction over the subject matter, and plaintiff has failed to state a claim upon which relief may be granted as to the USPS or MSPB. In any event, it is barred by the doctrine of *res judicata*.

Plaintiff has also filed a motion [32] for leave to file an untimely appeal, and lodged a notice of appeal. Plaintiff's motion is DENIED. This Court has not—until now—entered an appealable order. To the extent that plaintiff's motion for leave to file an appeal out of time might also be construed as a motion for recusal, plaintiff's motion for recusal is DENIED. This Order denying recusal may be subject to review on appeal or by mandamus if the plaintiff chooses to do so, but a timely-filed notice of appeal will deprive this Court of jurisdiction to proceed to act at all in this case.

[handwritten annotations in margin: "FRAUD NOT TRUE"; "FRAUD NOT TRUE"]

Still pending before this Court is the motion as to the claim against the American Postal Workers Union.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 11, 2007.