## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| Plaintiff | ) | |
| vs. | ) | 07-5230 |
| | ) | |
| AMERICAN POSTAL WORKER UNION, | ) | 07-25 |
| AFL, et al | ) | |
| | ) | **1:06CV00115** |
| U.S. DISTRICT COURT | ) | |
| ROYCE C. LAMBERTH | ) | |
| | ) | |
| Defendants | | |

## PLAINTIFF'S OPPOSITION, OBJECTIONS, REBUTTALS AGAINST DEFENDANT'S UNTIMELY MOTION REQUEST TO DISMISS WITHOUT PROPER CAUSE AND WITHOUT MERIT DUE TO VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURES, RULES 37 CAUSINNG SECOND DEFAULT INTO THE RECORD

Come now the Plaintiff files his opposition, rejection and appeal against the untimely filing of the Defendant's requested motion to dismiss such case without substantial justification, facts or reasoning. The Defendant responded to the Court's Orders and Instructions is late and well beyond the court's deadline date for responding. This tardiness is no different from pervious tardiness and others Defendants who too have been found guilty of such behavior.

On August 14, 2007 the Plaintiff received the Court's Order and instruction to response to an untimely dispositive motion filed by the Defendant on July 25, 2007 which is entirely late and corrupting the due process of law. Court's business should have closed on this particular Court's business on July 21, 2007 without any exception to the rule. This did not occurs which makes many wonder as to the facts in this case or cases that are really going on in order to prevent the Plaintiff from prevailing. Now with the

RECEIVED

AUG 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

date of receiving such Court's Order which was electronic dated as filed on August 8, 2007 and the Plaintiff received it on August 14, 2007 in which the Court must mandate by law by giving the Plaintiff at least seven to ten days to receive such notice if such notice to response was mail by first class mail. Therefore, 14 days from August 14, 2007 is **August 28, 2007**. The Plaintiff is now filing his answer to the Court prior to such deadline date making such answer and response as been filed timely and well within order without any exception to the rule which the Defendant wish to rebuttal.

Once again, on July 11, 2007 the court issued an ORDER advising and giving the Defendant 10 days and 10 days **only** to file such dispositive motion to defend their side before the Court. The Defendant's deadline date is or was set due on and no later than July 21, 2007. Anything submitted after July 21, 2007 is not acceptable and should be rejected and declared as **DEFAULT**. The Defendant submitted their untimely motion to dismiss such case on July 25, 2007 after the default date. The court's business and orders was closed on July 20, 2007 with the Defendant having electronic means access of filing a timely response to be dated as timely filing on July 21, 2007. There are no excuses to the rule and ignorance of the law is no excuse. There is no motion requested found or listed on the docket requesting for an enlargement of time. Therefore, **DEFAULT** should be granted in accordance with the Federal Rules of Civil Procedures and the Defendant's actions in refusing to comply with this Court's Order on July 11, 2007 should remain due to their negligence.

If one would place particular attention to an ORDER dated August 8, 2007 in document number 10 and 15 in Exhibit C the presiding judge wishes to state on the record in this case that "the Plaintiff now refuses to comply with this Court's Order of

2

July 11, 2007" which is not true. Such prefect service is now discovery since the presiding judge did not order it or request it around the time when such default was entered into the record or docket by the Office of the Clerk. In this case in which we have here the same apply since in pervious communication the Defendants wishes to use lack of service as one of its element or tactics in requesting such case be dismissed after the fact of proving proper service in this Court. Please review Defendant's last submission and review presiding judge's statements dated August 8, 2007 stating and expressing that Discovery cannot occur before service. Then why have we here allowed such Defendant's Discovery to occur before service? This is not in accordance with the Federal Rules of Civil Procedures. These are multiple statements that conflicts themselves and mislead any and all statements coming from the presiding judge that confuses the Plaintiff about this court and the presiding judge's actions and this is the reasons why the Plaintiff continue to stress and emphasizes default or change of venue to the United States Court of Appeals for proper due process of law in accordance with the United States Constitution.

It is known now that the presiding judge is making every effort to prevent proper justice and refuse to honor the United States Constitution.

The presiding judge failed to produce one order ordering the Plaintiff to produce proper service on the Defendant (s) in order for the Court's proceeding to move forward in accordance with the Federal Rules of Civil Procedures. This violation should automatic reverse itself in favor of the Plaintiff and not the Defendants since it appears that the presiding judge is favoring and protecting the Defendants.

The record shows in pervious matters before the court the Office of the Clerk had once placed the Defendant in default just as the Office of the Clerk placed others in default but the presiding judge wrongfully and illegal went in to remove the default and tried to give the Defendant another opportunity to redeem themselves and to justify why they should not be held liable for the lawsuit brought against them. On July 20th or July 23rd, the clerk may have been less prone to enter another DEFAULT due to pervious incidents of removing DEFAULTS without any facts or justification for removal by the presiding judge.

In review of the Defendant's untimely response, the Plaintiff too find and declared such statements, testimonies and declaration as being FRAUD just as well as the Plaintiff has stated in the Plaintiff's initial complaint before the court.

The presiding judge quote such Federal Rules of Civil Procedures, Rule 56 (e) just as it may or should apply to the Plaintiff when the presiding judge has showcased and proven that the United States Constitution does not comply with the Plaintiff. If Rule 37 and 38 does not comply what makes one think Rule 56 will comply? The presiding judge continue to illustrate in such paragraph that "Thus, parties such as Mr. Clemmons, who adverse to motion for summary judgment must rebut the moving party's affidavit with other affidavit or sworn statement; simple allegation that the moving party's affidavits are **incorrect** are **not sufficient**. For these purposes, a verified complaint shall serve as an affidavit." This is not true due to the fact that the Plaintiff had once entered such and such too was denied but the Plaintiff will continue to stress a few pointers and facts before and on the record that such statements made by all three Defendants are FRAUD.

The lower court, presiding judge cannot continue to use such statement as pervious quoted by the presiding judge as saying…on July 11, 2007 quoting as *"The law prefers disputes to be determined on the merits, precludes entry of default when a defendant is willing and able to appear and defend"* This or these Defendants are not willing and able to appear and defend. If they were then they will appear on time and too agree to a jury trial as demanded by such parties as well as the Plaintiff. The presiding judge is continuing allowing such Defendants to continue to enter fraudulent statements which they too are afraid of defending through Discovery.

The Plaintiff will list these points in showing fraud and proven factors why such summary judgment should be deem and declared in favor of the Plaintiff.

1. The Plaintiff was not terminated or removed from his post as a mail handler. The records clearly show that the Plaintiff was terminated and removed from his post as a **Clerk / Mail Processor**. This is clearly and certified as truthful with true errors being among the courts, MSPB, USPS and among all the Defendants in which the courts tries so hard to overlook and failed to correct the record.

2. The record too shows that such communication by the Defendant is not accurate or correct. The Plaintiff and the Defendant had many but multiple communication and the Defendant failed to honor the collective bargaining agreement.

3. The Defendant was listed as the Plaintiff's legal representation during the entire process or proceeding. The Plaintiff has provided such evidence showing and indicated such.

4.  The Defendant failed to enter and submit one page of evidence showing an intent to represent the Plaintiff when the Plaintiff has enter multiple pages to support and validate such complaint filed in this Court.

5.  The record too will show and reveal that each Defendant was served properly in a timely manner by a person of age who is over the age of 18 years old. The Defendant was served with both the original and the copy of the complaint in a timely manner. Just as the Defendant was instructed in a timely order to enter their response prior to such deadline date of July 21, 2007.

6.  One should also see that the MSPB never had jurisdiction or rights to do any of the things the board did. The board went above and beyond the Federal Regulation and the Rules of the Board. This too is FRAUD and is without merit or justification. Therefore, any submitted showing MSPB's actions or conduct is FRAUD.

7.  The Plaintiff was not removed from his post or assignment in July 1998 when such incidents occurred. The Plaintiff was removed from his craft as a **Clerk / Mail Processor** and not a mail handler on December 19, 1998 causing the MSPB to have no jurisdiction to perform any actions imposed on the Plaintiff after such date of removal this too is validated as FRAUD.

8.  The United States Postal Service never had any justification or rights to perform or conduct the act or activities they performed against the Plaintiff. This is job discrimination and acts of wrongful conduct by such

federal employees this too is fraudulent and misconduct by those who participated.

9. The Defendant had well over enough time to discuss settlement or to pay this debt that is now due. The Defendant failed in all efforts to prevent this therefore, interest should continue to occur from the first time of default and not after such hope or monitoring the presiding judge continuous actions of wrongdoing in this case. The Defendant has once again failed to defend this lawsuit.

The Plaintiff now rest and will wait for such pending motions to be accepted and granted to satisfy the Plaintiff's demands for a jury trial to address all points and opinions for the record so that a jury can be the overall deciding factor to enter a verdict in nature to the Plaintiff's claims and the Plaintiff's lawsuit.

Therefore, all statements made by the Defendants are misleading and are in violation of the Federal Rules of Civil Procedures and Rule 37 (a), (3), (b), (2)(c).

Now in accordance with Rule 56(e) as previously submitted before the court in line with the Federal Rules of Civil Procedures the Plaintiff has met all requirements in accordance with the law and has now justified by means of facts and evidence why such case should not be dismissed but should be completely removed from the presiding judge's chambers and placed in another judge's chamber either for a fair but justice ruling in favor of the Plaintiff or a jury trial as demanded by the Plaintiff in accordance with the Plaintiff's constitutional rights and the Due Process of Law.

**The Federal Rules of Civil Procedures, Rule 4, 6, 12, 37, 38, and 60 should all be used to comply against the presiding judge's favor rule, Rule 56 (e) in granting**

**the Plaintiff or Petitioner full relief in this Due Process of Law. Because each rules as stated above all comes before Rule 56 (e) and any kindergarten can tell anyone that something is wrong here.**

This case has been fully brief for some time and is pending Plaintiff's requests for a demand jury trial in accordance with the Federal Rules of Civil Procedures, Rule 26, 37, and 38.

Respectfully Submitted,

CLEMMONS ESTATE
C/o Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
866-409-7758

**I declare under a penalty of perjury that all the statements stated above and evidence submitted as affidavit is legally correct.**

**Attachments:**
Motion Request to Enter Discovery Pending

> **THEREFORE IN SUPPORT OF THE PLAINTIFF'S OPPOSITION, OBJECTION AND REBUTTAL AGAINST THE DEFENDANTS FACTS OR FRAUDULENT STATEMENT ENTERED INTO THE RECORD THE PLAINTIFF STATES AND STRESS THESE FACTS AND POINT FOR THE RECORD.**

In the Defendant's communication to the court tries to plea and justify why such case should be dismissed due to their fraudulent statement and comments the Plaintiff has taken such length and liberty to outline and point our references made throughout such statements as fraud.

In such communication to the court the Defendant stress on page # 2:

- The APWU had not responded to the complaint because it had never been served with the complaint. This is not true the APWU and the Chicago Local works in collaboration with each other. The employees of the Chicago Local did receive such original and copy of the summons and complaint. It's the job duties and responsibilities of the Chicago Local to contact such National office to advise and inform of such summons and complaint served upon them and it is the duty and responsibility of such Chicago Local to Express Mail such summons and complaint to an officer of such capacity in a timely manner. As for a back up and on the record, I (the Plaintiff) am not the sole party responsible for serving the summons and complaint. Such task has been and was subcontracted to the United States Postal Service to prefect service and to a third party venue to prefect service upon the Defendants. I know for a fact that such third parties perfect service upon the Defendants in a timely manner and such parties did perfect service upon the Chicago Local and the National Office local at 1300 L Street, NW, Washington, DC 20005. Any service by a third party is discovery material and such material will be used and presented at such pretrial conference. Therefore, such argument or bogus claim about not being properly served is without merit and is a clear sign of fraudulent activities into the record by trying to mislead the courts into thinking one thing over another. Therefore, such attempt made by the Defendant should be Quashed and not honored due to the facts now and know for the record that the Default entry and justification is valid. The APWU should not be dismissed from this lawsuit pursuant Fed.R.Civ.P. 12(b) (5) because proper service can be validated. However, the Defendant cannot produce one valid affidavit of service showing the Plaintiff was proper served their answer or response to the summons and complaint served upon them to valid their response to try to persuade the court to remove such default. If the Plaintiff served the Defendant properly should it be in the best interest of the Defendant to serve the Plaintiff the same?

- Second point of fraud…The Defendant so purposely claim on the record that the Plaintiff was not employed in a bargaining unit represented by the APWU. This is fraud. The Plaintiff was initial employed as a mail handler

and was promoted to the craft as a Clerk / Mail Processor and worked in this position for over five month before being illegal removed from his position for something that does not have any full justification behind such removal. Therefore, any and all statements or claims made on the record and into the record are fraudulent anyone can read the certified that <u>PS Form 50</u> say different one should careful review such Notification of Personnel Action showing an effective date of September 26, 1998 to see that any and all statements made by all these individuals are FRAUD. Even the United States Postal Service says your statements are fraudulent ones and has no merit whatsoever. For over 5 month the Plaintiff paid premium for union representation to the APWU for something the Plaintiff never received which is a violation of the lemon laws.

- The Defendant too claim that the MSPB decision was rendered on August 5, 1999 and the MSPB's decision was affirmed by the Federal Circuit on April 7, 2000 showing Mr. John Hall, Sr. as the Plaintiff representative. This too is FRAUD. Mr. John Hall was contacted and advised of such but too failed to initiate anything regarding this matter. Mr. John Hall, Sr. did contact me in Jackson, Mississippi and not Miami to advise me that we were going to just allow everything to play itself out due to the illegal events and activities that he too had witnessed. On many occasion throughout I made contact with the Chicago Local by means of telephone and by means of written communication. Most calls were never returned and most written communication went unanswered. Therefore, such bogus claim not contacting such Chicago Local, etc is too is FRAUD.

## STATEMENT OF FACTS:

1. The Defendant tries to continue to move continue validating fraudulent activities by pointing out in paragraph # 2 that the Plaintiff was employed as a mail handler for the Postal Service. See Docket Entry # 33; Clemmons v. United States Postal Service, 232 F. 3d 911 (Fed. Cir. 2000) (attached hereto as Exhibit 2) which is also FRAUD. The Plaintiff (Clemmons) may have been employed initially as a mail handler but at the time of removal or termination the Plaintiff was not a mail handler but was in a different craft / promotion as a clerk / mail processor. Therefore, such activities made or administrated by the MSPB is fraud as well as activities performed by the United States Postal Service is Fraud. Please review such attached documentation attached as evidence attacking such alleged agreement by bearing as quoted by the United States Court of Appeals stating that one must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by mutual mistake under which both parties acted" There is no where in any agreement that such individual signed any or such agreement while working in the capacity as a Clerk / mail processor and validating proper jurisdiction when the

MSPB never had such jurisdiction rights to impose anything upon the Plaintiff and the United States Postal Service never had such rights or claim to remove anyone for perfect attendance and good behavior but tries to constitute fraudulent paperwork stating otherwise. Such Westlaw document too state and stress that the United States Postal Service issued notice to and removed Clemmons from his position as a mail hander. The stated reason for his removal was unacceptable conduct in which they cannot claim or validate to this date. Therefore such statement quoted on such record is FRAUD and the Plaintiff is attacking such because the Plaintiff was not removed from his post as a mail handler. The Plaintiff was a Clerk / Mail Processor which is totally two different craft as so many times has been expressed by the Defendant in their fraudulent submission before this court. Therefore, these are true signs and elements why such case should not be dismissed but a summary judgment by default should be entered against the Defendants for failure to provide accurate and proper representation to attack such argument or bogus claims administrated against the Plaintiff. The Plaintiff was a full paying union member of such change craft to Mail Processor and should have been fully represented by such senior representing of such union. Therefore, anything used coming from the United States Court of Appeals is misleading and is not accurate or correct.

2. The MSPB never had jurisdiction and such board cannot prove and has not proven as of this date of having jurisdiction to intervene or administrative anything on the Plaintiff or against the Plaintiff. This too makes the Postal Union fully responsible for failure to act and administrative service upon and to the Plaintiff.

3. Page # 5, Clemmons appealed his termination through the Merit System Protection Board ("MSPB"). Id. That same year, Mr. Clemmons' MSPB case was dismissed, and Mr. Clemmons appealed the final order to the Federal Circuit. Id. The Federal Circuit affirmed the MSPB's dismissal in 2000. Id. Due to the facts of fraudulent activities performed against the Plaintiff that the Plaintiff has now justified through these submission and comments before this court and during such time of such process Mr. John Hall, Sr. is listed on the record as Representative which no one can produce one piece of documentation showing any submission on behalf of Clemmons. This too is misrepresentation and too is illegal to pretend to represent someone when such person is not doing anything for such person throughout such grievance processes.

4. On Page # 5 the Defendant state or stresses that the Mr. Clemmons further alleges that John Hall and Keith Robinson of the Chicago Local, American Postal Worker Union, AFL-CIO (Chicago Local) failed to appear before the MSPB to represent his interest in the hearing on his termination. Id. This is true, Mr. John Hall was listed as my Representative and such Plaintiff sought and seeks such representation in advising such Board the same. Therefore,

the Plaintiff is entitled to legal representation upon requesting and asking for it. This was sought from day one going through the collective grievance process and throughout. If such is not true. How and where did the Plaintiff ever come in contact with such individuals the Plaintiff has called out in this lawsuit? If such is not true how the Plaintiff can provide written communication showing the Defendants' signatures or names on and throughout communication provided by the MSPB and the United States Postal Service. Therefore, such statement or comments provided by the Defendants have no merit and is too fraudulent and very misleading. This is FRAUD.

5. Please review the footnote in which the Plaintiff wishes to attack. The Defendant claims and state "For this Court's information, under Article 16, Section 5 of the APWU's collective bargaining agreement ("CBA"), preference eligible employees may upon their choosing appeal a suspension of more than fourteen days or a discharge to the Merit Systems Protection Board rather than through the grievance-arbitration procedures established under Article 15 of the CBA. (attached hereto as Exhibit 3). This CBA, however, by its terms, has no relevance to the bargaining unit to which presumably represented Mr. Clemmons. Such is not true and is a fraudulent statement. The Plaintiff (Mr. Clemmons) was released or terminated on December 19, 1998 for such illegal claim of unacceptable conduct. The Plaintiff too had such collective bargaining agreement still pending in which such representative by the name of Keith Robinson was working. The MSPB claim such case number of CH0752990118-I-1 was docket and accepted as having jurisdiction on December 3, 1998 and if such is acceptable such is not legal and is not within the Federal Regulation and is totally without jurisdiction because how can such have or claim jurisdiction when such collective bargaining agreement is still pending and the Plaintiff (Mr. Clemmons) is still working and functioning well in his craft without any problems of conduct which they false claimed and administrated as unacceptable conduct. Mr. Clemmons was removed on December 19, 1998 what is 14 days after such date? And produce such documentation to show any appeal was filed to the MSPB after such date. This too is a indication of FRAUD performed by all three Defendants and should warrant a recall to rescind such order administrated by the presiding judge to dismissed the other two from this lawsuit.

6. On page # 6 the Defendant still wishes to continue to elaborate or claim illegal proper service or no service at all concerning the certified true seal complaint which is too FRAUD and very misleading in an attempt to get dismissed from this lawsuit. The Defendant claims that such Express Mail package containing a copy of the complaint and summons in the instant case. This is not true The Defendant was served properly by receiving such original and such copy by a third party. Rather it may have been by means of the United States Postal Service or by means of a third party server or

12

processor. Once again such third party will be validated upon the acceptance of the Plaintiff's Motion Request to Enter Discovery to validate proper service. If the Defendants were not served properly then how could the Defendant know about such complaint or lawsuit pending in the United States District Court? If this was an issue then the presiding judge should have issued an order demanding the Plaintiff or Petitioner to validate proper service in accordance with the Federal Rules of Civil Procedures, Rule 4. Immediately upon receiving such order the Plaintiff would have provided the court with the return of service validating proper service in addition to a Motion Request to Enter Summary Judgment by Default to seal such argument and any late response such as the Defendant has entered anyway after being in default twice on the record. There is no where in the record showing the Defendant filing a notice of appearance or filing an enlargement of time seeking such extension in time in responding or serving an answer to the complaint which was legally and professionally served upon the Defendants. The Defendant cannot say they are an infant or an incompetent person or human being without proper proof of documentation from a certified true physician. Therefore, such default should stand and should return back to the first default due to fraudulent activities is found and revealed in the record in accordance with the Federal Rules of Civil Procedures, Rule 26 (a).  Fraud is Fraud and there is no way of getting around it in attempts to cover up wrongdoing or bad behavior.

## III. ARGUMENT

- There are no argument due to Fraud located throughout the Defendants' submission to the lower court in accordance with Federal Rules of Civil Procedures, Rule 26 (a). There is no genuine reason to continue to debate such claim when other fraudulent activities have been proven.

## STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 7(h) OF THE AMERICAN POSTAL WORKER UNION, AFL-CIO

- Is too FRAUD (statements # 6, 7, 8, 9, 10, 13, 16, 18,

## DECLARATION OF TERRY STAPLETON (EXHIBIT # 1)

- Is too FRAUD
- Such office was perfected with service at the address of 1300 L. Street, N.W. Washington, DC 20005. If not then how did such APWU received such notice of summons and complaint?
- The Defendant states too the best of my knowledge, no officer or member of the National Union authorized to accept service of process on behalf the National has been served with a summons or complaint in this action. Then how can one say such when one has gone out and retained an attorney to represent such actions served upon them?

- Point # 10, The APWU is not the exclusive bargaining representative and has no representation involvement of Postal Service employees that are employed as mail handlers. Mail handlers are represented in collective bargaining and with respect to disputes with the Postal Service by the National Postal Mail Handlers Union. The Plaintiff WAS NOT REMOVED AS A MAIL HANDLER the Plaintiff was removed as a union paid member as a Clerk / Mail Processor once again for the record which is FRAUD.
- Therefore, this entire submission is FRAUD and the Plaintiff is attacking such as FRAUD and for correction to the record or docket.

## WESTLAW (PAGE # 1) EXHIBIT # 2 IS FRAUD.

- The MSPB never had jurisdiction, claim or rights to administrated anything regarding the Plaintiff. The Plaintiff has United States Postal Service documentation stating such which make these actions imposed upon the Plaintiff to be FRAUD due to the face of <u>LACK OF PERSONAL JURISDICTION</u>. BUT IS TOO NEGLIENCE AND RESPONSIBLE FOR GOING OUTSIDE SUCH JURISDICITION TO PERFORM AN ILLEGAL ACT OR ACTIONS.

- Statements allegedly claiming that the United States Postal Service issued notice to and removed Clemmons from his position as a mail handler. The stated reason for his removal was unacceptable conduct. This statement too is FRAUD and the Plaintiff has validated such argument as being FRAUD by submitting substantial evidence proving such and records from the United States Postal Service stating FRAUD.
- The board's finding which were allegedly supported by substantial evidence on the record as a whole is too fraud because the Plaintiff was withheld until this point by submitting substantial evidence by and through means of the U.S. District Court for the District of Columbia showing fraudulent activity into the record or docket by the MSPB and the United States Postal Service for their fraudulent activities.

## COLLECTIVE BARGAINING AGREEMENT (EXHIBIT 3)
- TRUE
- THERE IS A BIG DIFFERENCE AS THE DEFENDANT HAS SO MANY TIMES EXPRESS THOUGHTOUT IT DOCUMENTS IN THE DIFFERENCE BETWEEN A CLERK / MAIL PROCESSOR & A MAIL HANDLER.
- THESE ARE ERRORS, MISTAKE AND ELEMENTS OF FRAUD FROM THE UNITED STATES POSTAL SERVICE AND NOT THE PLAINTIFF.

**DECLARATION OF JOHN HALL (EXHIBIT 4)**

- **Is too FRAUD**
- **Point # 2, Statements saying I never agreed to represent Mr. Clemmons before the MSPB or any forum for any reason. I was never aware of any pending hearing that Mr. Clemmons had before the MSPB this too is fraudulent actions on the part of the MSPB for falsifying documents and claiming that Mr. John Hall, Sr. was served papers when Mr. John Hall, Sr. was not served to be fully aware of this illegal activities imposed upon the Plaintiff this too should be ground for rescinding the presiding judge's orders dismissing the Defendant (MSPB) from this lawsuit. Because the Plaintiff has paperwork from the MSPB stating and indicating otherwise.**
- **Point # 3, Statement saying "As far as I am aware, Mr. Clemmons has never been a member of the Chicago Local. I believe at the time he called about his termination, he was calling from Miami. This too is FRAUD and for the record it shows that such Plaintiff was a member of the Chicago Local Union immediately after being promoted to a CLERK / MAIL PROCESSOR and paid membership due for five months until after being illegal removed.**

**COLLECTIVE BARGAINING AGREEMENT (EXHIBIT 5)**
- **TRUE**
- **THERE IS A BIG DIFFERENCE AS THE DEFENDANT HAS SO MANY TIMES EXPRESS THOUGHTOUT IT DOCUMENTS IN THE DIFFERENCE BETWEEN A CLERK / MAIL PROCESSOR & A MAIL HANDLER.**
- **THESE ARE ERRORS, MISTAKE AND ELEMENTS OF FRAUD FROM THE UNITED STATES POSTAL SERVICE AND NOT THE PLAINTIFF.**

**COLLECTIVE BARGAINING AGREEMENT (EXHIBIT 6)**
- **TRUE**
- **THERE IS A BIG DIFFERENCE AS THE DEFENDANT HAS SO MANY TIMES EXPRESS THOUGHTOUT IT DOCUMENTS IN THE DIFFERENCE BETWEEN A CLERK / MAIL PROCESSOR & A MAIL HANDLER.**
- **THESE ARE ERRORS, MISTAKE AND ELEMENTS OF FRAUD FROM THE UNITED STATES POSTAL SERVICE AND NOT THE PLAINTIFF.**

In accordance with other briefs and other related documents in nature to this case

if one should serious consider such case such as the Supreme Court of the United States

with Petitioner **Charles V. Bowen v. United States Postal Service**, et al, No. 81-825

which was argued on October 6, 1982 and Decided on January 11, 1983. One will first

have to serious and carefully study what is the true element of Fraud, Mistake, and

Condition of the Mind such as it relations to <u>Clemmons v. United States Postal Service,</u> et al. By definition of the law in accordance with the United States Code, Rule 9 in pleading special matters such as this one. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be averred generally which cause any human being to act or carry out abnormal behavior. In <u>Clemmons v. United States Postal Service, et al.</u> Clemmons only did what was advised and instructed upon him to do. Clemmons only carry out what was hand given to him even when such was not proper. It should not be Clemmons sole duty and responsibility for carrying out orders and instructions that are fraudulent. It should not be Clemmons sole duty and responsibility to carryout and suffer from someone intentional act to cause hurt or harm unto him for nothing that he was responsible for doing that was in violation of any work law or policy or procedures.

  In <u>Clemmons v. United States Postal Service</u> one will find that Clemmons was and exceptional worker and worked in such facility or establishment without any history or violation of any work rules and policy and procedures. Therefore, how can one come to such a statement to have entered into a public record claiming that Clemmons was released by the United States Postal Service for unacceptable conduct when such Defendant cannot validate such reasons for making such a bogus comment or statement? This is FRAUD. If one cannot validate why one wish to make such a statement one will have to say that such statement is fraud without question. But one should see and say if and without proper representation by the Union such Petitioner is affiliate with it is one jobs to defend such bogus statement made about such Petitioner and if such is not

defended after such Petitioner has paid union dues and is a part of such organization then this is clearly a beach in contract which too make the Union solely responsible for the damages incurred upon the Petitioner. In Clemmons v. United States Postal Service you have three arguments that are in dispute. One is the damages of actions cause or brought upon by the United States Postal Service due to their inability to defend such actions to justify their actions. On the other hand you have unprofessional conduct by the Merit System Protection Board which is totally out of compliance with the Code of Federal Regulations which should automatic make such agency fully responsible for their unethical activities by performing such illegal acts or activities outside their jurisdiction. This unethical conduct too added and caused more damages upon the Plaintiff or Petitioner. Third, the APWU and their duties to represent and failures to represent the Plaintiff or Petitioner throughout these proceeding are too negligence actions on part of the Defendant. The Plaintiff did not find out the all these failure and refuses to cooperate and aid the Plaintiff and the Petitioner until August 5, 2005 after a federal investigation was finally and officially released to the Plaintiff or Petitioner and the Petitioner or Plaintiff filed such lawsuit against the APWU until January 18, 2006; therefore, quashing any argument by the APWU alleging any statue of limitation claims. Such actions brought against the APWU was timely filed due to the facts in discovering that the Plaintiff or Petitioner was still missing from his post and there was nothing but good comments that could be added and quoted about the Plaintiff or Petitioner. It was or is the full duty and responsibility of the APWU to stay in contact with the union member and keep him posted in regarding that status of his collective bargaining agreement actions. Therefore, Clemmons gave everyone all his contact information and it was the

APWU who failed to work and represent Mr. Clemmons. Once again making them partial responsible for the damages that occurred due to this unethical and unjust removal.

Now in *Bowen v. The United States Postal Service*, one can examine that such postal service employee too brought suit against the Postal Service and union for damages arising out of his discharge. The United States District Court for the Western District of Virginia, Turk, Chief Judge, 470 F.Supp. 1127, ordered reinstatement, reimbursement for resulting loss of earnings and fringe benefits and assessed damages against both the postal service and the union. In this case before the United States District Court for the District of Columbia the MSPB should too be added for the assessment of damages. An appeal was taken. The Court of Appeals for the Fourth Circuit, 642 F. 2d 79, affirmed, except for the award of damage against the union, holding that the employee's compensation was payable only by the Postal Service. In this case before the court the Defendant (APWU) is in default. Certiorari was granted. The Supreme Court, Justice Powell, held that where the district court's findings established that the employee's damages were caused initially by the Postal Service's unlawful discharge and were increased by the union's breach of its duty of fair representation, apportionment of the damage was required. This is the same what Clemmons has been pleading and is still pleading. Where was the Union doing the Plaintiff or Petitioner's collective bargaining agreement? Where was the Union doing such illegal activities performed by the MSPB and the United States Postal Service? What documentation in writing was submitted to any dispute throughout these proceeding? If the Union cannot answer such questions but continue to state or claim that the Plaintiff or Petitioner was not a union member when the Plaintiff or Petitioner has proven otherwise and the Plaintiff or Petitioner's craft was a

**"Clerk / Mail Processor"** as indicated on multiple documentation provided by the
United States Postal Service then such is Fraud and those who are involved are
continuing making ongoing fraudulent statements which are causing ongoing fraudulent
activities. Correction to the records must be made and such correction must be made now
under the filing fees of Mr. Clemmons filing this lawsuit in the United States District
Court for the District of Columbia or before the United States Court of Appeal to validate
such issues of default for the second time in the record or docket and to rescind and bring
in the other two Defendants or Respondents holding them accountable for wrongdoing
and misconduct.

It is not the Plaintiff or Petitioner's fault for such Defendant processing the wrong
type of paperwork with the wrong type of information on such paperwork. Mr.
Clemmons worked as a Mail handler for eight months without any conduct problems.
During the month of September 1998, Mr. Clemmons was promoted to another but
higher craft entitled **Clerk / Mail Processor**. Mr. Clemmons worked in such position or
title for five month without any problems of misconduct. During the month of July 1998
when such Defendants allegedly claim such conduct problems occurred. Mr. Clemmons
was not removed from his assignment or position until December 18, 1998 which is five
months after the fact which is too unacceptable and is a serious violation for ongoing tort
damages. We are talking about five month of good behavior and the Defendant cannot
produce or provide anything negative against or about Clemmons when many are giving
probation of three months for unacceptable conduct. Mr. Clemmons was well beyond
such three months. Therefore, it is evident that more than what is being claim against Mr.
Clemmons was working against Clemmons; therefore, causing harassment upon

Clemmons in the work place. The evidence should show in Clemmons' favor that Clemmons did everything accordingly to address whatever issues there was to address but harassment continue through out.

To interpret the principle one must first find the APWU wrongdoing for failure to represent and one must find and located unethical documents and activities performed by the United States Postal Service, et al and one must continue to understand and state that the MSPB never had jurisdiction over the Plaintiff or Petitioner to perform the actions in which they performed under federal funds. All of these are serious violations of the 28 U.S.C. 2675 which are negligence or wrongful acts or omission of a federal employee acting within the scope of employment. Therefore, when employee proves that employer violated collective bargaining agreement and that union breached its duty of fair representation, liability is to be apportioned between employer and union according to damages caused by fault of each as requiring that employer be solely liable for damages resulting from wrongful discharge would be treat relationship between employer and employee, created by collective bargaining agreement, as if it were simple contract of hire governed by traditional common-law principles and fail to recognize that collective bargaining agreement is much more than traditional common-law employment terminable at will but, rather, it is agreement creating relationship and interests under federal common law of labor policy. One should witness this transmission or statement by reviewing what is the true Labor Management Relations Act, 1947, § 301, 29 U.S.C.A. § 185.

One should apply this same Labor Management Relations Act to consider when paramount importance is apportioning damages between employer and union after

employee has been wrongfully discharged on December 18, 1998 and the union has breached its duty of fair representation, is right of employee, who has been injured both by employer's and union's beach, to be made whole. Therefore, anything held against the employee, Plaintiff or Petitioner after December 18, 1998 is without merit and should be void and amend for correction due to the employer, union (Defendants) failure to provide substantial facts to justify otherwise.

The Labors Management Relations Acts continue to tell us in apportioning damages after employer's wrongful discharge and union's beach of its duty of fair representation, even though both employer and union have caused damage suffered by employee, union is responsible for increase in damages caused by union's breach of its duty and, as between the three wrongdoers, union should bear its portion of damages as so stated and provided by the laws of Labor Management Relation Act.

Therefore, by seeking an acquiring exclusive right and power to speak for group employees, union assumes correspondent duty to discharge that responsibility faithfully, a duty which it owes to the employee such as Clemmons with whom it was supposedly have represented and on which employer with whom it bargains may rely.

Also the laws clearly states when union, as exclusive agent of employee, waives arbitration or fails to seek review of adverse decision, employer should be in substantially the same position as if employee had had right to act on his own behalf and had done so as so express as stated by the labor laws.

In the absence of damages apportionment between employer and union where default of both parties contributes to employee's injury, incentives to comply with grievance procedures would be diminished and, to impose total liability solely on

employer could well affect willingness of employers to agree to arbitration clauses as they are customarily written.

The labor laws clearly states that the court can placed such an order to require union to pay damages for its share of employee's injuries after employee has been wrongfully discharged and union breached its duty of fair representation on December 18, 1998. It would not impose burden on union inconsistent with national labor policy but, instead, it would provide additional incentive for union to process its members' claims where warranted.

As such rule as well states under the Rule under Railway Labor Act that, assuming wrongful discharge by employer independent of any discriminatory conduct by union and subsequent discriminatory refusal by union to process grievance based upon discharge, damages against union for loss of employment are unrecoverable except to extent that its refusal to handle grievances added to difficulty and expense of collecting from employer, does not preclude apportionment of damages between union and employer in cases under Labor Management Relations Act when employer wrongfully discharge employee and union breaches its duty of fair representation.

In incidences where district court's finding established that employee's damages were caused initially by Postal Service's unlawful discharge and were increased by union's breach of its duty of fair representation, apportionment of damage between Postal Service and union was required.

After the petitioner employee such as Clemmons was discharged by the Respondent such as the Untied States Postal Service (USPS) as a result of a minor incident of going outside on approved break on two occasions in which such Respondent

22

was not hurt at all in which such time was taken back out of the Plaintiff or Petitioner's pay. There was not altercation with another employee or any such serious issues in which other were much more serious as Clemmons and such violators were never presented with such illegal or false papers in attempt to force resignation upon someone without good reasons or cause. Clemmons did filed a grievance with Respondent Union as provided by the applicable collective-bargaining agreement. When the Union declined to take his grievance to arbitration, petitioner sued respondent in United States District Court after finding out through an order federal investigation revealing that Clemmons' behavior was not unacceptable but was above average without any problems to prevent others from hiring Clemmons. This was discovered on August 5, 2005, prior to such time and after such period of discovery Clemmons continued to write such union keeping them update on his location and status pending their final resolutions to any and all the issues that existed with the employer (USPS). Clemmons filed such lawsuit actions timely after discovering and finding out the union had defaulted on its representation. Such lawsuit was filed in January of 2006 which is within five months after discovery making such lawsuit filed in a timely manner without any issues of statue of limitation.

The Plaintiff or Petitioner has filed such lawsuit against the respondents (Union, USPS and MSPB) in the United States District Court for the District of Columbia seeking full relief for the damages and injuries experienced from this unethical events or activities imposed upon the Plaintiff or Petitioner.

The Plaintiff or Petitioner is claiming that he been wrongfully discharged and seeking damages and injunctive relief and such allegedly claim settlement agreement is fraud and is not proper and such should be totally rescinded due to these proven factors of

fraud the Plaintiff or Petitioner has displayed in this response to the Court's order. As other cases have gone before a jury and facts does reveal that such cases were discharged with a judgment in favor of the Plaintiff or Petitioner and a verdict against both respondents but in this case three respondents, in these cases the District Court held that the USPS had discharged petitioner without just cause and that the Union had handled the Plaintiff or Petitioner's grievance in an arbitrary manner. Accordingly, the court upheld the jury's apportionment of damages between the USPS and the Union. In this case the Plaintiff or Petitioner is seeking such same or similar upheld to be against the USPS, Union and the MSPB. Similar cases went on to the United States Court of Appeals and such Court did affirmed except for the award of damages against the Union, holding that because petitioner's compensation was payable only by the USPS, reimbursement of his lost earning continued to be the USPS's exclusive obligation, and that hence no portion of the deprivations was chargeable to the Union.

Where the District Court's findings, acceptable by the Court of Appeals, established that petitioner's damages were caused initially by the USPS's unlawful discharge and were increased by the Union's breach of its duty of fair representation, apportionment of damages was required. *Vaca v. Sipes*, 386 U.S. 171, 87 S. Ct. 903, 17 L.Ed.2d842.

Therefore, in summary of all of this, the Plaintiff or Petitioner fight for the Union's Default should stand to grant and honor prosecution for the damages the Union has caused. The Plaintiff strike and demand under the Federal Rules of Civil Procedures, Rule 60 to rescind such dismissal of the United States Postal Service and the Merit System Protection Board for performing such illegal actions outside there jurisdiction

which counter attacks the Defendant or Respondent's motion for dismissal without an order on the record ordering such actions by the presiding judge.

Now for one to prove such wrongdoing is not fraudulent, the Defendants or Respondent must now prove for the record that the Plaintiff was not removed or terminated as a **Clerk / Mail Processor** but was removed and terminated as a Mail Handler and such removed took place immediately and after such occurrence of events which such Defendants so allegedly claim that took place in July of 1998 and not December 3, 1998 and such appeal to the MSPB was filed in a timely manner which should be January 4, 1999 fourteen days after being officially removed which was December 18, 1998 to make any claims or statements provided by both to be proper in accordance with the Codes of Federal Regulations.

This concludes my briefs in accordance with the presiding judge's order to response to the issues that are still in question regarding default issues, fraudulent submissions into the records and negligence or wrongdoing by all three Defendants or Respondents.

Therefore, with these states made for the record the Plaintiff or Petitioner moves forth requesting and demanding a jury trial in accordance with the Federal Rules of Civil Procedures, Rule 38. Such Rules clearly states:

The Plaintiff or Petitioner preserved such right in accordance with the Federal Rules of Civil Procedures, Rule 38 (a) which states the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statue of the United States shall be preserved to the parties inviolate.

Rule 38 (b) states and express in accordance with a demand jury trial request as the Plaintiff or Petitioner once requested in the very initial stage of these proceeding. Such rule clearly states for the record that any party and it says "any party" may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed so such issue, and (2)

filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party. This is not the first request served upon the Court or the Defendant requesting these rights.

This filing should override any pervious filing and now such trial by jury has to be granted or honored or someone has to take full responsibilities of these violations, damages and injuries imposed upon the Plaintiff in accordance with the Federal Rules of Civil Procedures if the Defendant needs to be served once again such service should now be performed by the Court and not the Plaintiff or Petitioner to validate proper service to answer or response to this debt that is now due in the courts.

This case has been fully briefed and still waits such dispositive motion to be granted or denied trial by jury according to the Plaintiff or Petitioner's constitutional rights is continuous the main focus in these proceeding. In this particular case either DEFAULT has to be entered or the Plaintiff or Petitioner has to be granted his Seven Amendment rights to a jury trial.

One should always keep the presiding judge's comments in mind in which such presiding judge quoted as saying *"Defendant is not free to ignore proper service. Defendant is not, however, required to respond to improper service which has been quashed by the Court"*.

## PLAINTIFF'S STATEMENTS AGAINST FACTS

All these exhibits as stated above should too be quashed from the record due to the facts that such are discovery and such Defendant did not file a motion for discovery to request for such to be entered into the record.

There is no order anywhere found or located in the record ordering or granting such discovery in which the Defendants now wishes to try to use to validate a bogus claim or not or should not be held responsible for the illegal activities imposed upon the Plaintiff.

If such Discovery is granted then the Plaintiff's Motion Request to Enter Discovery shall too be granted as the Plaintiff has entered such on April 12, 2006 [12] and May 25, 2006 [24]. Also there is no order directing or giving instructions to the United States Postal Service to file such dispositive motion within 10 to 14 days; therefore, any activities performed by the United States Postal Service is not proper and this is not within the Federal guidelines of the Federal Rules of Civil Procedures and therefore, such motion request should not have any merit whatsoever to be dismissed from this lawsuit. There is too no orders or directing the Plaintiff to response to such dispositive motion to dismiss by the United States Postal Service.

The United States Postal Service should be brought back into this for their illegal acts or activities in persuading or participation in aiding and abiding another to perform such illegal activities outside their jurisdiction after submitting documentation claiming and stating lack of jurisdiction in the record. This is true signs of fraudulent activities. How can one say lack of jurisdiction twice in two

separate communications and then turn around and submit fraudulent evidence in the record claiming other wises?

Therefore, no Defendants should be exempted or eliminated from these fraudulent activities confirmed and proven by the Plaintiff. Therefore, the Plaintiff rest by continuing attacking such records as FRAUD, now the Defendants must prove such is not FRAUD.

Respectfully submitted,

Sam L. Clemmons
Plaintiff, pro se
548 Saint Charles PL
Brookhaven, MS 39601


_____I declare under a penalty of perjury that all the statements stated above and evidence submitted as affidavit is legally correct.

