UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>548 SAINT CHARLES PL<br>BROOKHAVEN, MS 39601<br><br>    PLAINTIFF<br>vs.<br><br>1) UNITED STATES POSTAL<br>    SERVICE, et al<br>    Karen L. Melkik<br>    Assistant United States Attorney<br>    United States Attorney's Office<br>    Civil Division<br>    555 4th Street, N.W.<br>    Washington, DC 20530<br><br>2) AMERICAN POSTAL WORKER<br>    UNION, AFL<br>    **ATTORNEY OF RECORD**<br>    O'Donnell, Schwartz & Anderson, P.C.<br>    1300 L. Street, N.W., Suite 1200<br>    Washington, DC 20005<br><br>3) UNITED STATES MERIT SYSTEM<br>    PROTECTION BOARD<br>    Attn. Attorney Rosa M. Koppel<br>    Deputy General Counsel<br>    Office of the General Counsel<br>    1615 M. Street, N.W.<br>    Washington, DC 20419<br><br>4) U.S. DISTRICT COURT<br>    ROYCE C. LAMBERTH<br><br>    DEFENDANTS | CIVIL ACTION NO:<br><br>07-5230<br><br>07-25<br><br>1:06CV00115 (RCL) |

## PLAINTIFF'S MOTION REQUEST TO ENTER DEFAULT AND <u>SUMMARY JUDGMENT BY DEFAULT</u> DUE TO FAILURES TO COMPLY WITH ORDERS IN ACCORDANCE WITH FEDERAL RULES OF CIVIL PROCEDURES, RULE 37 (b)

RECEIVED
AUG 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Come now the Plaintiff file his motion request after filing motion request to enter discovery now pending on the Court or Court of Appeals' **ORDER** to grant such motion for the Plaintiff to prove his points as so stated in the Plaintiff's entry before the Court once again upon receiving such Motion Request being **GRANTED** the Plaintiff will enter valid proof of proper service upon the Defendant(s).

The Plaintiff now come and enter this motion into the record justifying **DEFAULT** against the Defendant due to (A) an order that the matter regarding which the order was made or any other designated facts shall be taken to be established for the purpose of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the <u>disobedient party</u> to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceeding until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35 (a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B) and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

In lieu of any of the forgoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court find that the failure was substantially justified or that other circumstances make an award of expenses unjust.

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

**(c) FAILURE TO DISCLOSE; FALSE OR MISLEADING DISCLOSURE; REFUSAL TO ADMIT.**

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) (1), or to amend a prior response to discovery as required by Rule 26(e) (2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, or motion and after affording an opportunity to be heard may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by failure, these sanctions may include any of the actions authorized under Rule 37 (b)(2)(A), (B) and (C) and may include informing the jury of the failure to make the disclosure.

(2) If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Due to these failures proven by the Plaintiff against the Defendants and the Court, The Plaintiff or Petitioner continue to exercise his seventh amendment to the United States Constitution which is a right supposedly be preserved but has been proven and continuously taken away from the Plaintiff in other cases before this court. Therefore, the Plaintiff continue to move in accordance with the Federal Rules of Civil Procedures, Rule 38 **DEMANDING** his rights to a trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statue of the United States shall be preserved to the parties inviolate.

The Federal Rules of Civil Procedures says and expresses in Rule 38 (b) that any party may demand a trial by jury or any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

This is now in affect as now the Plaintiff is continuous demanding such due to illegal activities and default activities into this record or docket.

In the lower court or presiding judge's communication dated or filed on August 8, 2007 stating and expressing that the only remaining defendant, American Postal Worker Union, filed motion to dismiss or for summary judgment on July 26, 2007 which is late and untimely to be granted or award such opportunity to file such therefore such should be Quashed from the record as stressed and proven by the Plaintiff as a second entry of default for the record.

If such lower court, the presiding judge or Defendant now wishes to move for a summary judgment, such summary judgment has to be in favor of the Plaintiff as due and explained by these motions or submission into the Court's record. If not then the presiding judge is trying to say or reveal to the courts that the Plaintiff submitted a fraudulent complaint before these courts and the Plaintiff never tried to contact any of the Defendants outside of these courts to resolve or eliminate any of the issues we are debating here in these courts and it should be the Plaintiff full responsibility to bear the burden and expenses in filing this complaint before these courts and should not be entitled to relief whatsoever after all motions filed by the Plaintiff in accordance with the Federal Rules of Civil Procedures were all **DENIED** for no or any reasons to support such **DENIALS** but in an attempt to mislead the appellant court into thinking otherwise therefore, any appeal would not be frivolous and it will be and shall be taken in good faith.

The lower Court, presiding judge and Defendant cannot continue to try to ignore that in accordance with the standard for summary judgment it so clearly states and expresses that it has always been known when considering a motion for any summary judgment, it is known that the court must <u>examine all evidence</u> in the light most favorable to the plaintiff (nonmoving party). In this case, the Court has denied such evidence and is clearly showcase and revealing prejudice before this case and others. This paraphrase is a proceeding and should not be order when both parties are engaged litigation in proving their points or arguments. The Plaintiff or Petitioner would advised the defendants to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment <u>only</u> when the evidence indicates that no genuine issue of material fact exists. In this case before the court material fact and evidence does exist. See <u>Fed. Rules Civ.Proc. Rule 217k2406(2)</u>. *See case law*: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

trial, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. Therefore the Defendants have sustained no loss in this action, nor did the Plaintiff or Petitioner cause any hurt or harm to any of the Defendants. The Defendants caused this action or judgment upon self in either failing to response, failing to produce, failure to cooperate or failure to provide the court with substantial facts or any facts at all to justify dismissal but fail to obey the Court's rules, orders and instructions. By ignoring this standard all three (the Court, presiding judge and the Defendants are concealing the truth from the people (public) and the United States Courts of Appeals and such appeal before the United States Court of Appeal will not be in good faith as once quoted or claimed by the presiding judge to cover up true justice in accordance with the Due Process of law and the Declaration of Independence.

Therefore, the entire Defendants request should be **DENIED** and summary judgment by default has to be rendered in the most favor of the Plaintiff.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff provided no basis to deny defendant's motion the Plaintiff has provided such (See attached Exhibit and Discovery entered on April 11, 2006 [12] and Affidavit of Service submitted by the Plaintiff on April 24, 2006 [13].

The lower Court, presiding judge and Defendant cannot use parts or elements from the Plaintiff's Motion Request to Enter Discovery validating the Plaintiff or Petitioner reasoning for sustaining default and denying any motion requests by the Defendant filing such bogus motion request to dismiss which are all out of sequences and without any orders or instructions informing such Defendant's to enter such dispositive motion and giving them all a set amount of days to file such motions. This is not in accordance with the presiding judge's actions to find an instrument, tool or reason to use to provide relief upon the Defendants to dismiss such case without factual evidence to support such request, actions or cause for dismissal.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff did not state or express **FRAUD** statements provided by the Defendants. The Plaintiff or Petitioner has stated such. This whole process is **FRAUD** and should be seriously investigated of

wrongdoing by the court and wrongdoing by the Defendants. Fraud is Fraud and when one is tainted the others are tainted as well that are in connection.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff or Petitioner failed to properly oppose defendant's motion. This too will not be true the Plaintiff has opposed.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff failed to initiate or communicate with the Defendant at anytime after such illegal but wrongful removal. The Plaintiff has provided the court with over 200 pages of documentation proving such. Therefore the Defendant statement is FRAUD.

The lower Court, presiding judge and Defendant cannot use as an excuse the Plaintiff or Petitioner failed to submit any discovery to justify any wrongdoing by the Defendants. The Court received approximately 200 pages or more in Discovery to validate the Plaintiff or Petitioner's complaint but wish to deny such discovery from being apart of the public record in order for the United States Court of Appeals to be deprived from the truth but wish to state that any appeal by the Plaintiff would be frivolous and not taken in good faith which is totally misleading such court showing prejudice and strong signs or appearance of misconduct or disability.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff failed to comply with such Court's Order dated August 8, 2007. This cannot be true because this entry should have been entered on or around August 23rd, 2007.

The lower Court, presiding judge and Defendant cannot use as an excuse any appeal would be frivolous and not taken in good faith any appeal will be justified and within reasoning and too will be taken in good faith and any rebuttal by the Court or the Defendant will not be in good faith. Therefore, the Plaintiff or Petitioner has the rights to appeal any decision that is rendered less in favor of the Plaintiff or Petitioner.

The lower Court, presiding judge and Defendant can use as an excuse proper service was not verified in accordance with the Defendant's defense before this court and the United States Courts of Appeals in stating discovery, motion for dismissal and summary judgment cannot be used before service.

The Plaintiff or Petitioner served the Defendants in a timely manner seeking to prosecute in accordance with the Federal Rules of Civil Procedures and not within the presiding judge's rules of procedures which are not in accordance with the Rule Handbook and is completely out

of sequences for justice to prevail. Therefore, in this case it is known that the court or the presiding judge is abusing procedures in trying to protect the Defendant from being prosecuted. It does not take 17 months to now enter an order to work a case which is totally out of compliance and abuse of authority by the presiding judge or the Defendants. This is why such Plaintiff's motion request for mandamus and disqualification should apply.

The lower Court, presiding judge and Defendant cannot use or state that the Plaintiff or Petitioner did anything wrong by going outside on approved breaks on only two occasions in which the Plaintiff or Petitioner was later terminated five months later after such occurrence but the Court try to claim by releasing the other two Defendants that such release or termination was proper and allegedly claiming that the Plaintiff or Petitioner signed a fraudulent documentation claiming he was released as a mail handler when such Plaintiff was not release or terminated as a mail handler but was promoted for great behavior and conduct to another craft as a mail processor with other advancement pending and in the process. If this is not job discrimination then what is? If this is not in violation of the Civil Rights Acts than what is?

The lower Court, presiding judge and Defendant cannot use as an excuse lack of personal jurisdiction, since jurisdiction should have been established at the very initial stage when the Plaintiff file such complaint and paid such filing fees. If lack of jurisdiction is or was an issue then such fees should have not been accepted to bring us to this point of still arguing what is default and what is not and what is failure to honor and respect written instructions served upon such Defendant and what is failure to honor and respect written orders administrated upon such Defendant with the Defendant still failing to honor and respect such but now wishes and think that such made up rule of Rule 56 (e) is going to save such from Default and going to think that such Defendant is the movant party for a summary judgment in favor after filing such untimely and is late as well as in default.

The lower Court, presiding judge and Defendant cannot use as an excuse that the Plaintiff or Petitioner did not demand or requested a trial by jury after and answer or response in such case as the normal procedures is administrated by filing a "Motion to Set and Certificate of Readiness" or a demand request for a jury trial in accordance with the Federal Rules of Civil Procedures, Rule 38 in telling the court and the United States Court of Appeals that the Plaintiff or Petitioner wants to move forward with the trial as initial demanded in accordance to the docket report and that discovery will be done within 60 days as required in all civil cases and

Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.

after such parties as exchanged discoveries and submitted such copy to the court for the record while such discovery will be reviewed, rebuttal, objected and investigated within the six month time frame required to counterattack any discovery entered into the record or docket. There is no where in the record before this court that such proceeding was ordered, offered or instructed by the court or the presiding judge which are serious issues in which the United States Court of Appeals who administrated and address such since it appears that the presiding judge is leaning in favor of the Defendants after overlooking such prove factors of being in Default for a second time.

    The lower Court, presiding judge and Defendant cannot use that a dispositive motion was ordered upon all Defendants prior to such Defendants entering or filing an answer, response or motion for dismissal outside the normal realm of this judicial judge's actions in performing illegal tactics and patterns of misconduct before this court.

    The lower Court, presiding judge and Defendant cannot say or use as an excuse that such order was given to all the Defendant giving the Defendants <u>14 days</u> to enter such dispositive motion when written communication for the record indicated such order was given stating and expressing 10 days and **<u>10 days only</u>**. Anything after 10 days is proven signs of DEFAULT and failure to comply with written orders administrated upon such Defendants.

    The lower Court, presiding judge and Defendant cannot use as an excuse that the Defendant(s) can response to any notice or orders whenever they deem please and enter an appropriate response and enter an answer after such order deadline date.

    The lower Court, presiding judge and Defendant cannot say that the Plaintiff or Petitioner can response or answer to such 14 days order whenever he deem appropriate when he is ready to response. If the Plaintiff or Petitioner would have responded one day late such case would have been dismissed without question or doubts.

    Anyone can see that there is pattern or behavior by the Defendants' actions to do whatever they please and whenever they want which shows no respect upon this court whatsoever.

    The lower Court, presiding judge and Defendant cannot use or say that the Defendant is not obligated to represent a union paying member when such union has accepted such payments on a monthly basic as once proven by the Plaintiff or Petitioner's in the Plaintiff or Petitioner's Discovery which was accepted without denial until after 120 days after such discovery has been

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>

part of public record. The Defendant once claim they were not obligated to represent on the record which is totally a fraudulent statement into the record in which the Plaintiff once again stress and emphasizes as FRAUD.

The lower Court, presiding judge and Defendant cannot continue to use Rule 56 (e) as an excuse and misquoting it due to the facts that the Plaintiff is defending and proving his case as a *pro se*. Rule 56 (e) cannot be used prior to Rule 4 – 38 in any case presented before this court or the United States Court of Appeals. This is a serious problem that we now have before the United States Court of Appeals in justifying why this case should continue to be use as the basics for other cases now pending before the United States Court of Appeals justifying **DEFAULT** and Summary Judgment by Default in accordance with the United States Constitution.

The lower Court, presiding judge and Defendant cannot produce one order directing such party to validate proper service before other orders that are now documented on the record. This is a true element of foul play or wrongdoing and continuous issues of misconduct problem or issues by the presiding judge or the Defendants which now such case should now be presented before the United States Court of Appeals for matters of correction in accordance with the Federal Rules of Civil Procedures.

The lower Court, presiding judge and Defendant cannot continue to conceal wrongdoing by the Defendants, if such continue then wrongdoing is continued being validated by the presiding judge.

The lower Court, presiding judge and Defendant can use such denial of the Plaintiff's entry of Discovery and ordering or granting Stay Discovery as an excuse to conceal the truth from being told and reveal before the United States Court of Appeals and after such as witnessed such Discovery is truthful and well within reasoning of the Plaintiff filing such complaint against the Defendants.

Therefore, this case is fully briefed and is ready for a jury trial to rule base on the facts and evidence or the United States Court of Appeals to amend any decision less in favor of the Plaintiff. The Plaintiff has now responded and objected in accordance with the presiding judge's order dated August 8, 2007. Let the facts be known that all four Defendants are found guilty of administrating fraudulent statements before a court and all are found guilty in concealing valuable information in order a true verdict can be administrated throughout this case which all

Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.

further statements by either should not be acceptable at the next level if an appeal should be appropriate.

The lower Court, presiding judge and Defendant the must now produce all waiver forms, extensions requests or certificate signed by the Plaintiff expressing knowingly, intelligently and voluntarily waives his rights to a trial with or without a jury, his right to confront and cross-examine witnesses, his right to testify or remain silent and his right to present evidence and call his own witnesses in order to produce anything that is not in favor of the Plaintiff. Therefore, the court cannot continue to use these under the table type of tactics in trying to protect the Defendant when the court knows from the evidence and statements wrongdoing by the Defendants without any facts or substantial evidence disputing otherwise by the Plaintiff.

Once again a jury trial is being demand and now the Court and the presiding judge must grant such in order for the Plaintiff or Petitioner to prove his innocent in this court of law according to the United States Constitution and the Due Process of law and the Defendant must now prove and showcase before the court and a jury of wrongdoing as such so tried to claim in their bogus and unorthodox submission to the court.

The Federal Rules of Civil Procedures, Rule 4, 6, 12, 37, 38, and 60 should all be used to comply against the presiding judge's favor rule, Rule 56 (e) in granting the Plaintiff or Petitioner full relief in this Due Process of Law. Because each rules as stated above all comes before Rule 56 (e) and any kindergarten can tell anyone that something is wrong here.

Summary judgment by default should now be in favor of the Plaintiff or Petitioner and if such is not acceptable by the Defendant or the lower court then the Plaintiff or Petitioner continue to suppress according to his United States Constitution rights demanding and requesting such case to completely go before a jury trial in accordance to the Plaintiff or Petitioner's right of the Seven Amendment.

This case now is fully brief and continuous waiting rights to appeal and rights to a demand jury trial.

Respectfully Submitted,

CLEMMONS-ESTATE
C/o Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601
866-409-7758

Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.

**See Attachments:**

Continuous Motion Request to Enter Discovery

Plaintiff's Oppositions, Objections and Rebuttals against Defendants untimely Motion

# ATTACHED IS AFFIDAVITS CONTRIDICTING ALL DEFENDANT'S STATEMENT FOR THE RECORD.

<u>Clemmons' complaint to U.S. COURT OF APPEAL and U.S. DISTRICT COURT TO AMEND RECORD FOR ALTERNATIVE RESOLUTIONS.</u>