# NEW DISCOVERY EXHIBIT / AFFIDAVIT

# FOR THE RECORD

# PRIOR TO JURY TRIAL OR SUMMARY JUDGMENT

# IN FAVOR OF PLAINTIFF

I pursuant to the Court laws and laws under the Civil Rules and Procedures and the 28 U.S.C. Sec. 1746, I declare under penalty of perjury, under the laws of the United States, that all the evidence, statements and submissions before this court and submitted into the record under the Plaintiff's Motion Request to Enter Discovery, Admission, Interrogatories, Subpoena Duce Tecum requests and any of the foregoing sworn statements made by me or any witness is true, accurate and correct. I agree for such complaint, summons and statements to be placed into the record as an Exhibit that will serve as evidence in case if this case should go before a jury trial. I signed these statements a certified legal notary witnessing me signing to make any but all statements as truthful, legal and binding under oath and making all submissions and any others statements, responses or submissions are sworn Affidavit under oath this date forth for the record. The Court can now verify such signing of documents is the same as pervious before without going before a notary again. In return upon the Defendants answering to such summons and complaint, etc. the Defendants should enter such statements under a sworn statement before a notary.

Respectfully submitted,

_Sam L. Clemmons_

Sam L. Clemmons
Plaintiff, *Pro Se*

_Jevesa B. Sprue_

Notary Signature

3/26/07

Notary Date and Seal

Notary Public ... County, Georgia
My Comm... 17, 2007

**Attachments:**
    Copies of Subpoena Served in a Civil Case Request
    Four Proposed Orders

# EXHIBIT A



**UNITED STATES POSTAL SERVICE**

## Notification of Personnel Action

| | | |
|---|---|---|
| 01 EFFECTIVE DATE | | 02 SOCIAL SECURITY NUMBER |
| 09-26-1998 | | |

### EMPLOYEE INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| 03 | EMPLOYEE NAME-LAST | CLEMMONS | 39 | FLSA STATUS | N - NON-EXEMPT |
| 04 | EMPLOYEE NAME-FIRST | SAMUEL | 40 | PAY LOCATION | 125 |
| 05 | EMPLOYEE NAME-MIDDLE | L | 41 | RURAL CARRIER-ROUTE | |
| 06 | MAILING ADDRESS | 3933 N CLARENDON AVE APT | 42 | RURAL CARR-L-RTE ID | |
| | STREET/BOX/APT | | 43 | RURAL CARR-PAY TYPE | |
| 07 | MAILING ADDRESS-CITY | CHICAGO | 44 | RURAL CARR-TRI-WEEKLY | |
| 08 | MAILING ADDRESS-STATE | IL | 45 | RURAL CARR-FLSA | |
| 09 | MAILING ADDRESS-ZIP+4 | 60613-3201 | 46 | RURAL CARR-COMMIT | |
| 10 | DATE OF BIRTH | 06-04-1965 | 47 | RURAL CARR-EMA | |
| 11 | VETERANS PREFERENCE | 2 - 5 POINTS | 48 | RURAL CARR-HOURS | 00 |
| 12 | SEX | M | 49 | RURAL CARR-MILES | 000 |
| 13 | MINORITY | C - BLACK, NON-HISPANIC | 50 | JOB SEQUENCE | 1 |
| 14 | DISABILITY | 05 | 51 | OCCUPATION CODE | 2315-55XX |
| 15 | LEAVE COMP DATE | 03-29-1994 | 52 | POSITION TITLE | MAIL PROCESSOR |
| 16 | ENTER ON DUTY DATE | 12-06-1997 | 53 | FUNCTIONAL OPER NBR | 1100 |
| 17 | RETIREMENT COMP DATE | 12-06-1997 | 54 | DESIGNATION/ACTIVITY | 41/0 |
| 18 | SERV ANNIVERSARY PPYR | 26-1997 | 55 | POSITION TYPE | 3 - PART TIME FLEXIBLE |
| 19 | TSP ELIGIBILITY | Y - ELIGIBLE WITH DEDUCT | 56 | LIMIT HOURS | 00 |
| 20 | TSP SERVICE COMP DATE | 12-06-1997 | 57 | ALLOWANCE CODE | |
| 21 | PRIOR CSRS SERVICE | N | 58 | EMPLOYMENT TYPE | |
| 22 | FROZEN CSRS TIME | | | **SALARY INFORMATION** | |
| 23 | LEAVE DATA-CATEGORY | 6 - HOURS/PP | 59 | PAY RATE CODE | H - HOURLY |
| 24 | LEAVE DATA-CHG PPYR | 09-2009 | 60 | RATE SCHEDULE CODE | P - PS |
| 25 | LEAVE DATA-TYPE | 2 - EARN AS YOU GO | 61 | GRADE/STEP | 04/A |
| 26 | CREDIT MILITARY SERV | | 62 | BASE SALARY | 12.87 |
| 27 | RETIRED MILITARY | | 63 | COLA | |
| 28 | RETIREMENT PLAN | 8 - FERS | 64 | COLA ROLL-IN IND | |
| 29 | EMPLOYEE STATUS | | 65 | NEXT STEP PPYR | 22-1999 |
| 30 | LIFE INSURANCE | Z - 10,000 + 5X PAY + FAM | 66 | MERIT ANNIV DATE | |
| 31 | SPECIAL BENEFITS | | 67 | MERIT LUMP SUM | |
| | **POSITION INFORMATION** | | 68 | SPECIAL SALARY CODE | |
| 32 | EMPLOY OFFICE-FIN NO | 16-3875 | 69 | PROTECTED RSC | |
| 33 | EMPLOY OFFICE-NAME | IRVING PARK ROAD PROC/DIS | 70 | PROTECTED GRADE/STEP | |
| | | | 71 | EXPIRATION PPYR | |
| 34 | EMPLOY OFFICE-ADDRESS | CHICAGO | 72 | PROTECTED RC HOURS | |
| | | IL   60607-9998 | 73 | PROTECTED RC MILES | |
| 35 | DUTY STATION-FIN NO | 16-3875 | 74 | RC GUARANTEED SALARY | |
| 36 | DUTY STATION-NAME | IRVING PARK ROAD PROC/DIS | 75 | ANNUITY AMOUNT | |
| 37 | APPT EXPIRATION DATE | | 76 | RED CIRCLE CODE | 0 |
| 38 | PROBATION EXPIR DATE | | | | |

### NATURE OF PERSONNEL ACTION

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | NATURE OF ACTION CODE | 716 | 78 | AUTHORITY | | | 39-USC Sect 1001 | | | | | |
| 79 | DESCRIPTION | CHANGE TO PTF | 80 | CODE | 511 | 81 | CODE | 520 | 82 | CODE | | 83 | CODE |
| 84 | REMARKS | | | | | | | | | | | |

THIS ACTION DOES NOT CHANGE DUE DATE FOR ADVANCEMENT TO THE NEXT HIGHER STEP.
ACTION EFFECTED AT EMPLOYEES REQUEST.
JOB NO 7969456
CI 10/06/98

| | | | | |
|---|---|---|---|---|
| 85 | AUTHORIZATION | | 86 | PROCESSED DATE | 10-06-1998 |
| | JOHN T. WEEKER, VICE PRESIDENT | | 87 | PERSONNEL OFFICE ID | CP31 |
| | AREA OPERATIONS-GREAT LAKES | | 88 | OPF LOCATION | IRVING PARK ROAD PROC/DIS |

PS Form **50**, April 1994 (Exception to Standard Form 50)     **1 - EMPLOYEE COPY - RETAIN FOR FUTURE REFERENCE**

OPERATIONS MANAGER
IRVING PARK ROAD PROCESSING AND DISTRIBUTION CENTER



**UNITED STATES**
**POSTAL SERVICE**

November 5, 1998

Samuel L. Clemmons
3933 N. Clarendon
Apt. 305
Chicago, IL. 60613



Dear Mr. Clemmons

This is in reponse to the letter that was dated October 30, 1998 and received in my office on November 3, 1998 concerning the Letter of Decision that you received concerning your proposed Notice of Removal.

In your letter you stated that you have not seen any evidence of the charges that was levied against you. In particular, you requested that the video tapes of the alleged activities and the Postal Inspector's interview report be made available to you. This information should have been requested by your <u>union representative</u> <u>Keith Robinson</u>. If Mr. Robinson requested the information on your behalf, then the information would have been shared with you.

An appointment will be made on your behalf for you to view the video of your activities that led to your Notice of Removal. Also, you will be afforded the opportunity to review the Postal Inspector's interview report. Once the Postal Inspector's office have been notified of your request, you will be informed as to the time and date that you will report to my office. If you require union representation during this meeting, please let me know the name of the union steward that you have selected.

If you have any more questions or concerns, please call me at (773) 894-1111. After veiwing the information that you have requested, you will need to re-write another letter of appeal to me concerning your removal.

William Ochab
A/Operations Manager

11560 W. IRVING PARK ROAD
CHICAGO, IL. 60701-9996
(773) 894-1111
FAX: (773) 894-1105

# EXHIBIT B

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

MERIT SYSTEM PROTECTION BRD
CHICAGO REGIONAL
JOHN C. KLUCZYNSKI BLDG.
230 SOUTH DEARBORN ST
CHICAGO, IL 60604-1669

**RECEIVED**
**DEC 4 1998**
**FBA-Midwest**
**Chicago, Illinois**

4a. Article Number

P 407 703 898

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

12-3-98

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)

X _Jm Garvin_

PS Form **3811**, December 1994      102595-98-B-0229      **Domestic Return Receipt**

Thank you for using Return Receipt Service.

---

P 407 703 898

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to MERIT SYSTEM PROTECTION BD. CHICAGO REGIONAL OFFICE | |
| Street & Number 230 SOUTH DEARBORN STREET | |
| Post Office, State, & ZIP Code CHICAGO, IL 60604-1669 | |
| Postage | $ 3 00 |
| Certified Fee | 1 35 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1 10 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 5 45 |
| Postmark or Date | |

PS Form **3800**, April 1995

OMB NO. 3124-48

# ·U.S. MERIT SYSTEMS PROTECTION BOARD·

## APPEAL FORM

### INSTRUCTIONS

**GENERAL:** You do not have to use this form to file an appeal with the Board. However, if you do not, your appeal must still comply with the Board's regulations. 5 C.F.R. Parts 1201 and 1209. Your agency's personnel office will give you access to the regulations, and the Board will expect you to be familiar with them. You also should become familiar with the Board's key case law and controlling court decisions as they may affect your case. You must tell the Board if you are raising an affirmative defense (see Part IV), and you are responsible for proving each defense you raise.

**WHERE TO FILE AN APPEAL:** You must file your appeal with the Board's regional or field office which has responsibility for the geographic area in which you are employed. See 5 C.F.R. Part 1201, Appendix II.

**WHEN TO FILE AN APPEAL:** Your appeal must be filed during the period beginning with the day after the effective date of the action you are appealing and ending on the 30th day after the effective date. You may not file your appeal before the effective date of the action you are appealing. If you are appealing from a decision which does not set an effective date, you must file within 35 days of the date of the decision you are appealing. If your appeal is late, it may be dismissed as untimely. The date of the filing is the

date your appeal is postmarked, the date of the facsimile transmission, the date it is delivered to a commercial overnight delivery service, or the date of receipt if you personally deliver it to the regional or field office.

**HOW TO FILE AN APPEAL:** You may file your appeal by mail, by facsimile, by commercial overnight delivery, or by personal delivery. You must submit two copies of both your appeal and all attachments. You may supplement your response to any question on separate sheets of paper, but if you do, please put your name and address at the top of each additional page. All of your submissions must be legible and on 8 1/2" x 11" paper. Your appeal must contain your or your representative's signature in block 6. If it does not, your appeal will be rejected and returned to you. If your representative signs block 6, you must sign block 11 or submit a separate written designation of representative.

**WHISTLEBLOWING APPEAL/STAY REQUEST:** If you believe the action you are appealing was threatened, proposed, taken, or not taken because of whistleblowing activities, you must complete Part VII of this form. If you are requesting a stay, you must complete Part VIII of this form.

*Privacy Act Statement: This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.*

*The U.S. Merit Systems Protection Board is authorized under provisions of Executive Order 9397, dated November 22, 1943, to request your Social Security number, but providing your Social Security number is voluntary and failure to provide it will not result in the rejection of your appeal. Your Social Security number will only be used for identification purposes in the processing of your appeal.*

*You should know that the decisions of the U.S. Merit Systems Protec-*

*tion Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.*

*Public Reporting Burden: The public reporting burden for this collection of information is estimated to vary from 20 minutes to 1 hour with an average of 30 minutes per response, including time for reviewing the form, searching existing data sources, gathering the data necessary and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the Office of Planning and Resource Management Services, Merit Systems Protection Board, 1120 Vermont Ave, NW, Washington, DC 20419.*

**Part I - Appellant Identification**

| 1. Name *(last, first, middle initial)*  Clemmons,  Samuel L. | 2. Social Security Number  DEC 03 1998 |
|---|---|
| 3. Present address *(number and street, city, state, and ZIP Code)* You must tell the Board of any change of address or telephone number while the appeal is pending with the Board.  3933 N. Clarendon Ave, #305  Chicago, IL 60613 | 4. Home phone *(include area code)*  773-528-6208 |
| | 5. Office phone *(include area code)*  1-888-974-0293 |
| 6. I certify that all of the statements made in this appeal are true, complete, and correct to the best of my knowledge and belief. | Signature of appellant or designated representative    Date signed  *Samuel Clemmons*    11/27/98 |

Optional Form 283 (Rev 10)
US
5 CFR 1201 and 12
Page

(SA, #A)                    SA 17

## Part II Designation of Representative

7. You may represent yourself in this appeal, or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, if you so desire, but you must notify the Board promptly of any change. Where circumstances require, a separate designation of representative may be submitted after the original filing. Include the information requested in blocks 7 through 11.

"I hereby designate _____ Myself (Samuel Clemmons) _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| 8. Representative's address *(number and street, city, state, and ZIP code)*. | 9. Representative's employer |
|---|---|
| 3933 N. Clarendon Ave #305<br>Chicago, IL 60613 | United Postal Service |
| | 10.a) Representative's telephone number *(include area code)*<br>773-528-6208 |
| | 10.b) Representative's facsimile number<br>773-528-6208, Press #2 |
| | 11. Appellant's signature                    Date<br>*[signature]*  11/27/98 |

## Part III Appealed Action

12. Briefly describe the agency action you wish to appeal and attach the proposal letter and decision letter. If you are appealing a decision relating to the denial of retirement benefits, attach a copy of OPM's reconsideration decision. If the relevant SF-50 or its equivalent is available, send it now; however, do NOT delay filing your appeal because of it. You may submit the SF-50 when it becomes available. Later in the proceeding, you will be afforded an opportunity to submit detailed evidence in support of your appeal. I hereby wish to appeal the United States Postal Service action which states removal due to **UNACCEPTABLE CONDUCT.** I would also like to appeal several request to the postal service for requesting adjustment in theft of of pay unnecessary documentation of Absence Without Pay (AWOLs) and others.

| 13. Name and address of the agency that took the action you are appealing *(including bureau or other divisions, as well as street address, city, state and ZIP code)* | 14. Your position title and duty station at the time of the action appealed |
|---|---|
| Manager of Operation<br>United States Postal Service<br>Irving Park Processing And Distribution Center<br>11560 W. Irving Park RD., Chicago, IL 60701-9997 | Mail Processor (PTF) /04<br>Duty Station: Irving Park<br>Distribution Center |

| 15. Grade at time of the action appealed | 16. Salary at the time of the action appealed | 17. Are you a veteran and/or entitled to the employment rights of a veteran? |
|---|---|---|
| Part Time Flexible<br>04 | $12.87        per hour | ☒ Yes        ☐ No |

| 18. Employment status at the time of the action appealed | 19. If retired, date of retirement *(month, day, year)* | 20. Type of service |
|---|---|---|
| ☐ Temporary  ☐ Applicant  ☐ Retired<br>☒ Permanent  ☐ Term  ☐ Seasonal | | ☐ Competitive  ☐ SES<br>☐ Excepted  ☒ Postal Service<br>☐ Foreign Service |

| 21. Length of government service | 22. Length of service with acting agency | 23. Were you serving a probationary or trial period at the time of the action appealed? |
|---|---|---|
| 12 years | 11 Months | ☐ Yes  ☒ No |

| 24. Date you received written notice of the proposed action *(month, day, year) (attach a copy)* | 25. Date you received the final decision notice *(month, day, year) (attach a copy)* | 26. Effective date of the action appealed *(month, day, year)* |
|---|---|---|
| October 30, 1998 by certified mail | October 30, 1998 by certified mail | October 30, 1998 mail to agency by certified ma' #P407703904 on 11/2/98 |

Optional Form 283 (Rev 10/96)
MSPB
5 CFR 1201 and 1209

JA 18

**27. Explain briefly why you think the agency was wrong in taking this action.**

This is my first time of any agency actions against me. I had no idea or knowledge concerning the procedures of entering and exiting this facility. I was interviewed by the Postal Inspectors and clearly advised them of the same During the course of the interview their questions were not in relations to these charges, but in relations to something I had no clear knowledge as to what they wanted me to elaborate on; I clearly stated my reason to the postal matter and more to upper management; but nothing at anytime about the postal

| **28.** Do you believe the penalty imposed by the agency was too harsh? | **29.** What action would you like the Board to take on this case (i.e., what remedy are you asking for)? I would like for the board to request all evidence to be presented in this matter such as video surveillance of all allegation stated against me and |
|---|---|
| ☒ Yes   ☐ No | |

**Part IV Appellant's Defenses**

| **30.a)** Do you believe the agency committed harmful procedural error(s)? | **30.b)** If so, what is (are) the error(s)? No warrants for probable cause for actions. No evidence presented within the reason-amount of time during this process, but the agency forward three different documents of charges with errors during this period. |
|---|---|
| ☒ Yes   ☐ No | |

**30.c)** Explain how you were harmed by the error(s).

Cause me mental and emotion distress because I had no idea as to what was been presented against me and why and what I was being charge for in this period of time.

| **31.a)** Do you believe that the action you are appealing violated the law? | **31.b)** If so, what law? My right to privacy. Why? Because what I have been charge with caused me to open up all my privacy rights to defend myself in this process. I feel that the question that was asked of me by the [over] |
|---|---|
| ☒ Yes   ☐ No | |

**31.c)** How was it violated?

See question #31 and back of this page. In addition, I would like to say that the overall charge is an attempt to link my behavior or action to that of other employees. Therefore, trying to convict me with guilty by association because of other behavior problems.

**32.a)** If you believe you were discriminated against by the agency, in connection with the matter appealed, because of your race, color, religion, sex, national origin, marital status, political affiliation, disability, or age, indicate so and explain why you believe it to be true.

Now that my medical privacy rights had to be reveal to support my cause or reason as to support my defense of the charges against me. I feel that that the postal service might use the point that he has a profile that states no exposure to dust and the postal distribution is a fill environment They may think that there is no other position that I can perform while working for the postal service.

| **32.b)** Have you filed a formal discrimination complaint with your agency or any other agency concerning the matter which you are seeking to appeal? | ☐ Yes (attach a copy)   ☒ No |
|---|---|

| **32.c)** If yes, place filed (agency, number and street, city, state, and ZIP code) | **32.d)** Date filed (month, day, year) |
|---|---|
| NA | NA |
| | **32.e)** Has a decision been issued? |
| | ☐ Yes (attach a copy)   ☐ No |

Optional Form 283 (Rev 105)
MSP
5 CFR 120: and 120
Page


(SAB)

SA 19

| 33.a) Have you, or anyone in your behalf, filed a formal grievance with your agency concerning this matter, under a negotiated grievance procedure provided by a collective bargaining agreement? <br><br> ☒ *Yes (attach a copy)*    ☐ *No* | 33.b) Date filed *(month, day, year)* 9/18/98 & <br> 10/8/98 (see sample of PS-Form 7020 whith state day and in dicussion with Union Rep) <br> Note: We requested to have 1 evidence presented but no one provided anything which suppo all allegations |

| 33.c) If yes, place filed *(agency, number and street, city, state, and ZIP code)* <br><br> Clerk Union Stewart <br> United States Postal Service <br> Irving Park Processing and Distribution Center <br> 11560 W. Irving Park Road <br> Chicago, IL 60701-9997 | 33.d) Has a decision been issued? <br><br> ☐ *Yes (attach a copy)*    ☒ *No* <br><br> 33.e) If yes, date issued *(month, day, year)* <br><br> Pending and still waiting up to this date. |

## Part V Hearing

34. You may have a right to a hearing on this appeal. If you do not want a hearing, the Board will make its decision on the basis of the documents you and the agency submit, after providing you and the agency with an opportunity to submit additional documents.

Do you want a hearing?    ☒ *Yes*    ☐ *No*

If you choose to have a hearing, the Board will notify you where and when it is to be held.

## Part VI Reduction In Force

### INSTRUCTIONS

Fill out this part only if you are appealing from a Reduction In Force. Your agency's personnel office can furnish you with most of the information requested below.

| 35. Retention group and sub-group <br><br> NA | 36. Service computation date <br><br> NA | 37.a) Has your agency offered you another position rather than separating you? <br><br> ☐ *Yes*    ☐ *No* |
| 37.b) Title of position offered <br><br> NA | 37.c) Grade of position offered <br><br> NA | 37.d) Salary of position offered <br><br> $        per |
| 37.e) Location of position offered <br><br> NA | | 37.f) Did you accept this position? <br><br> ☐ *Yes*    ☐ *No* |

38. Explain why you think you should not have been affected by the Reduction In Force. *(Explanations could include: you were placed in the wrong retention group or sub-group; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; the required number of days notice was not given; you believe you have assignment [bump or retreat] rights; or any other reasons. Please provide as much information as possible regarding each reason.)*

SA 20

Optional Form 283 (Rev 10/9 <br> MSP <br> 5 CFR 1201 and 120

## Part VII Whistleblowing Activity

### INSTRUCTIONS
**Complete Parts VII and VIII of this form only if you believe the action you are appealing is based on whistleblowing activities.**

| 39.a) Have you disclosed information that evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety? | 39.b) If yes, provide the name, title, and office address of the person to whom the disclosure was made |
|---|---|
| ☐ *Yes (attach a copy or summary of disclosure)*  ☒ *No* | |

39.c) Date the disclosure was made *(month, day, year)*

40. If you believe the action you are appealing was... *(please check appropriate box)*

☐ *Threatened*　　　☐ *Proposed*

☐ *Taken*　　　☐ *Not Taken*

...because of a disclosure evidencing a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety, provide:

a) a chronology of facts concerning the action appealed; and

b) explain why you believe the action was based on whistleblowing activity and attach a copy of any documentary evidence which supports your statement.

NA

SA 21

(SA B)

CJ ns, Samuel
27 06-0671

| 41.a) Have you sought corrective action from the Office of Special Counsel concerning the action which you are appealing? | 41.b) If yes, date(s) filed (month, day, year) |
|---|---|
| ☐ Yes (attach a copy of your request to the Office of Special Counsel for corrective action) ☒ No | |

| 41.c) Place filed (location, number and street, city, state, and ZIP code) |
|---|
| |

| 42. Have you received a written notice of your right to file this appeal from the Office of Special Counsel? ☐ Yes (attach a copy) ☐ No |
|---|

| 43.a) Have you already requested a stay from the Board of the action you are seeking to appeal? ☐ Yes (attach a copy) ☐ No | 43.b) If yes, date requested (month, day, year) |
|---|---|

| 43.c) Place filed (location, number and street, city, state, and ZIP code) | 43.d) Has there been a decision? ☐ Yes (attach a copy) ☐ No |
|---|---|

## Part VIII Stay Request

### INSTRUCTIONS

You may request a stay of a personnel action allegedly based on whistleblowing at any time after you become eligible to file an appeal with the Board under 5 C.F.R. 1209.5, but no later than the time limit set for the close of discovery in the appeal. The stay request may be filed prior to, simultaneous with, or after the filing of an appeal. When you file a stay request with the Board, you must simultaneously serve it upon the agency's local servicing personnel office or the agency's designated representative. 5 C.F.R 1209.8.

If your stay request is being filed prior to filing an appeal with the Board, you must complete Parts I and II and items 41 through 43 above.

44. On separate sheets of paper, please provide the following. Please put your name and address at the top of each page.

a. A chronology of facts, including a description of the disclosure and the action taken by the agency (unless you have already supplied this information in Part VII above).

b. Evidence and/or argument demonstrating that the:

(1) action threatened, proposed, taken, or not taken is a personnel action, as defined in 5 C.F.R. 1209.4(a); and

(2) action complained of was based on whistleblowing, as defined in 5 C.F.R. 1209.4(b) (unless you have already supplied this information in Part VII above).

c. Evidence and/or argument demonstrating that there is a

substantial likelihood that you will prevail on the merits of your appeal of the personnel action.

d. Documentary evidence that supports your stay request.

e. Evidence and/or argument addressing how long the stay should remain in effect.

f. Certificate of service specifying how and when the stay request was served on the agency.

g. You may provide evidence and/or argument concerning whether a stay would impose extreme hardship on the agency.

# EXHIBIT C

*(handwritten annotations at top of page:)* N) ANYTHING BEING DELAYED POINT BLANK ALL THE ERRORS IN RELATION TO THE CASE LAWS AND LABORS LAWS FOR THIS MATTER TO BECOME FINAL IT NEEDS TO BE HEARD AND ADM. IN A COURT OF LAW - WHERE ARE THE APPELLANT UNION REPS SUCH AS THE MAIL HANDLER UNI. THE MAIL PROCESSER UN

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### CHICAGO REGIONAL OFFICE

|  |  |
|---|---|
| SAMUEL L. CLEMMONS,<br>Appellant,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br>Agency | DOCKET NUMBER<br>CH-0752-99-0118-I-1<br><br>DATE: <u>December 22, 1998</u> |

## <u>Agency Response</u>

The Agency through its representative hereby responds to the order of December 4, 1998. All documents submitted in the Agency Response File are certified as being true copies.

The appellant did not file a formal complaint of discrimination in this matter.

The Agency submits that the Appellant's appeal, in the form of a letter dated October 27, 1998, is not within the Merit Systems Protection Board's jurisdiction. The Appellant was hired by the Postal Service on December 6, 1997, as a Part-Time Regular Mailhandler. The Appellant requested a change of craft to the position of Mail Processor, PTF. His request was approved, and he was reassigned/CAO to the position of Mail Processor, PTF at the Irving Park Road Facility effective September 26, 1998.

U. S. Postal Inspectors received information concerning timekeeping irregularities associated with the Irving Park Road Processing and Distribution Center.

Beginning June 29, 1998, U. S. Postal Inspectors began observations, video surveillance of the employee entrance, video surveillance of timecard transactor and reviewing timekeeping and access control records. On approximately July 14, 1998, Postal Inspectors began focusing on the appellant and conducted an investigation concerning his conduct during this period. The results of this investigation was reported to the Plant Manager.

*(handwritten:)* ADMISSABLE (J)

2

By notice dated September 16, 1998, you were issued a Notice of Removal. The notice charged him with Unacceptable Conduct; and outlined the information contained in the Postal Inspector's investigation, which revealed that on at least three (3) occasions between July 14, 1998 and July 23, 1998, the Appellant had been out of the facility while on the clock a total of four (4) hours and eighteen (18) minutes. The Notice of Removal dated September 16, 1998, was rescinded by notice dated September 25, 1998. Thereafter, a Notice of Removal dated September 25, 1998, were re-issued to the appellant. The Notice of Removal dated September 25, 1998, was amended by Notice dated October 1, 1998. The Appellant was issued a Notice of Proposed Removal dated October 1, 1998.

By notice dated October 27, 1998, Appellant was issued a decision to remove him effective October 30, 1998. The notice gave the Appellant his right to appeal the decision to the Merit Systems Protection Board. Thereafter, the Appellant, by letter dated October 30, 1998, acknowledged receipt of the Letter of Decision and the information concerning the Merit Systems Protection Board. This notice also gave him his appeal rights to the Merit Systems Protection Board. However, the Appellant failed to file his appeal to the MSPB until December 3, 1998, which is well beyond the 30-day time limit.

Consequently, Appellant did not have the required one year of current-continuous service in a same or similar position when these actions were taken on September 25, 1998. **See White v. USPS, 34 MSPR 687 (1987).** Also, the Agency submits that the appellant's appeal to the board is untimely filed.

If the Postal Service employee is not a preference eligible, there is no appeal to the MSPB. Executive Order 11787 does not grant a Board appeal right to an individual who does not have that status.

The Board's regulations at 5 C. F. R. 1201.22 (b) (1994) require appeals to be filed within thirty (30) days of the effective date of an adverse action.. An untimely filing may be excused only if the appellant provides a reasonable excuse for the delay. **See Alonzo v. Dept. of the Air Force, 4 M.S.P.R.** There is nothing submitted in the appellant's record that would demonstrate that the appellant was so incapacitated that she could not prepare or mail her appeal or direct a third party to do so on her behalf. **See Juchert v. USPS, 2 MSPR 104, 2 MSPB 271 (1980).**



3

### 3.    CONCLUSION

The Agency submits that as a non-preference eligible employee in the Postal Service, the Appellant does not have right of appeal to the Merit Systems Protection Board under Chapter 75 procedures.  Such right is afforded only to preference eligible employees of the Postal Service.

The agency further submit this appeal is not within the jurisdiction of the Board due to untimeliness.  The Board permits an appeal to be filed within thirty (30) days of the effective date of the decision.  The effective dated of the appellant's decision was October 30, 1998, he did not appeal to the Board until December 3, 1998.

The Agency submits that the Appellant's appeal is not within the Appellant jurisdiction of the Merit Systems Protection Board, and should be dismissed.  We further submit that the removal of the appellant is for such cause to promote the efficiency of the service.


Barbara J. Singleton
Agency Representative
U. S. Postal Service

(L)

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### CHICAGO REGIONAL OFFICE

| | |
|---|---|
| **SAMUEL L. CLEMMONS,**<br>Appellant<br><br>vs.<br><br>**UNITED STATES POSTAL SERVICE,**<br>Agency | Docket Number<br>CH-0752-99-0118-I-1<br><br>Date:  January 26, 1999 |

## LACK OF JURISDICTION

The Agency contends that the MSPB lacks jurisdiction over this case.  According to MSPB regulations, a Postal Service employee who is a preferenced eligible must have completed one year of current continuous employment in the same or similar position at the time an action is issued to have appeal rights before the MSPB.  According to Wolff v. USPS, 37 MSPR 599 (1988), the agency action removing an employee commences with the issuance of the proposed notice, not when the agency issued its final decision.  Because the proposal notice was issued prior to the employee having a year of continous service, the Board did not have jurisdiction over the employee's appeal.  In McGinnis v. USPS, 49 MSPR 521 (1991), the Board also ruled that since the employee did not complete a year of continuous service until after the action was taken by the agency, the employee could not establish Board jurisdiction.  In addition, MSPB case law states that jurisdiction may be raised at any time during the proceeding (Meyers v. Dept. of Army, 35 MSPR 417, 420 n.3 (1987).



In this case, the appellant, Samuel Clemmons, was issued a Notice of Removal dated September 25, 1998, which was amended by letter dated October 1, 1998 (received by employee on October 5, 1998). His effective date of employment with the Postal Service was December 7, 1997, therefore he did not have a year of service at the time he was issued his proposed removal action. The Agency contends that since Mr. Clemmons was issued his proposed removal notice two months prior to having a year of continuous service, he does not have a statutory right to appeal and therefore, the Board does not have jurisdiction over his case. The Agency requests the appeal be dismissed.

As requested by Judge Scott Cooper on January 25, 1998, the appellant's clock rings indicating his last day in a pay status was December 17, 1998, are attached.

Respectfully submitted,

Cindy M. Wheeler
Cindy M. Wheeler
Sr. Labor Relations Specialist
433 W. Harrison St.
Chicago, IL  60607-9403
(312) 983-8632

# EXHIBIT D



3/3/99



## U.S. Merit Systems Protection Board
### Washington, D.C. 20419

### Clerk of the Board
### (202) 653 - 7200

Notice to:

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL 60613

Re:  SAMUEL L. CLEMMONS v.
     UNITED STATES POSTAL SERVICE
     MSPB Docket No. CH-0752-99-0118-I-1

We have received your petition for review.  The other parties
are informed by this Notice that they may respond or file a
cross petition for review within 25 days after the date of
service of the petition for review.  The date of service of
the petition for review in this case was February 23, 1999.
Therefore, the response or cross petition must be filed on or
before March 20, 1999.  If a cross petition for review is filed,
any response must be filed within 25 days after the date of
service of the cross petition.  The filing date is the date the
document is postmarked if it is mailed or the date it is received
by the Office of the Clerk of the Board if it is personally
delivered or sent by facsimile.

Any response or cross petition must be served on the other
parties and proof of service provided to the Board.  The
record will close when the period for filing the response to
the petition for review or any cross petition for review has
passed.  Once the record is closed, additional submissions
will be considered only if a showing is made that the submissions
were not readily available before the record closed.  5 C.F.R.
§ 1201.114(i).



2

It is the duty of each party to notify the Board and each other in writing of any changes in representation and/or address.

Robert E. Taylor

__MAR 0 3 1999__
_____
(Date)

_Venessa M. Gray_
Venessa M. Gray
Paralegal Specialist

CERTIFICATE OF SERVICE

| | |
|---|---|
| SAMUEL L. CLEMMONS | ) |
| v. | ) Docket No.  CH-0752-99 0118 |
| UNITED STATES POSTAL SERVICE | ) |

I hereby certify that a copy of the foregoing document was
sent by regular mail this date to each of the following:

**APPELLANT(S)**

Samuel L. Clemmons
438 N. Mill Street
Jackson, MS   39202

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL   60613

**APPELLANT'S REPRESENTATIVE(S)**

John Hall, Sr.
2118 South Michigan Avenue
Chicago, IL   60616

**AGENCY'S REPRESENTATIVE(S)**

Cindy M. Wheeler
United States Postal Service
433 W. Harrison Street
Room 40212-A
Chicago, IL   60607-9403

**OTHER**

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 E Street, NW
Room 7412
Washington, DC   20415

Dated: ___MAR 0 3 1999___

Washington, DC

Venessa M. Gray
Paralegal Specialist



# CERTIFICATE OF SERVICE

I certify that the attached documents were sent by certified mail this day to each of the following:

**Merit Systems Protection Board**
Administrative Judge Scott D. Cooper
230 South Dearborn St., Rm 3100
Chicago, IL 60604-1669

Marjorie Marks
U. S. Office of Personnel Management
1900 E Street, NW
Room 7412
Washington, DC 20415

Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW  Room 806
Washington, DC 20419

**Appellant's Representative**
John Hall Sr.
2118 South Michigan Avenue
Chicago, IL 60616

**Appellant**
Samuel L. Clemmons
438 N. Mill Street
Jackson, MS 39202

3- 16- 99
_____
Date

_____
Cheryl Branch
Human Resources Associate

## CERTIFICATE OF SERVICE

I certify that this ORDER was sent today:

By certified mail to:

John Hall, Sr.
2118 South Michigan Avenue
Chicago, IL  60616

Samuel L. Clemmons
438 N. Mill Street
Jackson, MS 39202

Samuel L. Clemmons
3933 N. Clarendon Avenue
Apt 305
Chicago, IL  60613

By regular mail to:

Cindy M. Wheeler
United States Postal Service
433 W. Harrison Street
Room 40212-A
Chicago, IL  60607-9403

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, N.W., Room 7412
Washington, DC  20415

Merit Systems Protection Board
Central Regional Office
230 S. Dearborn Street, Room 3100
Chicago, IL  60604-1669

By hand to:

Office of the Special Counsel
1730 M Street, N.W.
Suite 300
Washington, DC  20036-4505

August 5, 1999
_____
(Date)

Washington, DC

*Dorothy Plummer*
Dorothy Plummer
Legal Assistant

SA 8

# EXHIBIT E

erroneous docket entry, and the Court has not entered an appealable order. The Court explained

in the Order issued on January 25, 2007, that the return of service indicates that the plaintiff

effected service on the defendant, but Rule 4(c)(2) of the Federal Rules of Civil Procedure

provides that service may be effected by a person who is not a party. The Court therefore

quashed the improper service, but has expressly allowed the defendant to take steps to effect

proper service. Moreover, the Court stated that once proper service is effected, plaintiff can

again seek to have a default entered by the Clerk, and move for judgment on the default.

Defendant is not free to ignore proper service. Defendant is not, however, required to respond to

improper service which has been quashed by the Court.

The Court is well aware that plaintiff is proceeding pro se; that is why the Court specified

in such detail in its Order of January 25, 2007, exactly what plaintiff was expected to do next.

Nowhere in plaintiff's 7-page motion attacking the Court does plaintiff indicate that he has ever

read the Court's January 25, 2007, Order. To the extent that plaintiff's motion for leave to file

appeal out of time might also be construed as a motion for recusal, plaintiff's motion for recusal

is DENIED. This Order denying recusal may be subject to review on appeal or by mandamus if

the plaintiff chooses to do so, but a timely-filed notice of appeal will deprive this Court of

jurisdiction to proceed to act at all in this case.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 9, 2007.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-115 (RCL) |
| | ) | |
| AMERICAN POSTAL WORKERS | ) | |
| UNION, AFL, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE TO PLAINTIFF

Upon consideration of the motion [40] to stay discovery, filed by the American Postal

Workers Union, AFL-CIO, and the memorandum in support thereof, it is hereby

ORDERED that the motion [40] to stay discovery is GRANTED; it is further

ORDERED that plaintiff's motion [38] for jury trial is DENIED.  Plaintiff's motion [39]   *? ?*

*UNCONSTITUTIONAL*

to enter discovery is also DENIED.

The only remaining defendant, American Postal Workers Union, filed a motion to dismiss

or for summary judgment, on July 26, 2007.  Plaintiff Samuel L. Clemmons is representing

himself, *pro se*.  In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held

that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to

respond to a dispositive motion.  "That notice . . . should include an explanation that the failure

to respond . . . may result in the district court granting the motion and dismissing the case."  *Id.* at

509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals

stated that the district court must inform *pro se* litigants that, on a motion for summary judgment,

"any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Under Rule 56(e) of the Federal Rules of Civil Procedure:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as Mr. Clemmons, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise Plaintiff that he must respond to Defendant's previously filed motion within fourteen days of the date of this Order. If Plaintiff does not respond, the Court will treat the motions as conceded and dismiss the complaint.

Signed by Royce C. Lamberth, United States District Judge, August 8, 2007.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA



|  |  |
|---|---|
| **Plaintiff,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| ) | |
| ( ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

In response to the Court's Order of July 9, 2007, plaintiff has filed a motion [12] to enter

discovery, and states that he will enter valid proof of service only after his motion to enter

discovery is granted. Plaintiff's motion is DENIED. Discovery cannot occur before service.

Plaintiff has been given additional time beyond the normal 120 days allowed by the Federal

Rules of Civil Procedure to effect service, and plaintiff now refuses to comply with this Court's

Order of July 11, 2007. Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE

for failure to timely affect service and comply with this Court's Order.

Plaintiff's motion [14] for jury trial, etc., is also DENIED.

This is a final, appealable Order.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 8, 2007.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-115 (RCL) |
| AMERICAN POSTAL WORKERS UNION, AFL, *et al.*, | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

The complaint herein was filed on January 18, 2006, against three defendants–the American Postal Workers Union, the United States Postal Service, and the United States Merit Systems Protection Board.

Plaintiff filed an affidavit of service [3] on the American Postal Workers Union, and upon plaintiff's request, the Clerk entered a default [5] on March 3, 2006, against the Union. The Union filed a motion [6] on March 17, 2006, to set aside the default, and lodged with the Clerk an answer. The plaintiff's motion [12] to sustain the default is DENIED because of the legal preference for resolving disputes by adjudication rather than by default. The Union's motion [6] to set aside the default is GRANTED, and the default [5] is VACATED. The Union's answer *FRAUD* shall be deemed filed this date. Any dispositive motion raising the Union's affirmative defenses shall be filed within 10 days of this date.

Plaintiff also moved [12] to enter discovery. That motion is DENIED. *See* Local Civil ? Rule 5.2(a).

The Postal Service and the Merit Systems Protection Board both filed motions [16, 17] to ?

dismiss on May 8, 2006, to which plaintiff responded with a motion for summary judgment by

default [28] and a motion [21] not to dismiss, along with motions [22, 30] for subpoenas duces

tecum, and to enter discovery. Plaintiff's foregoing motions are DENIED, and the motions of the

USPS and MSPB are GRANTED.

    Plaintiff was removed from his position as a mail handler after unauthorized departures

from work. Plaintiff filed an appeal with the MSPB, and then entered into a settlement

agreement with the USPS. An administrative judge of the MSPB found the settlement agreement

to be lawful and entered into freely by the parties, and dismissed plaintiff's appeal. Plaintiff

appealed the dismissal to the full MSPB, which on August 5, 1999, dismissed the appeal in a

final order. Plaintiff appealed the MSPB to the United States Court of Appeals for the Federal

Circuit, which affirmed the MSPB on April 7, 2000, finding that MSPB had not abused its

discretion when it concluded that the matter of plaintiff's removal was resolved by a valid

settlement agreement.

    Clearly, this Court has no jurisdiction over the subject matter, and plaintiff has failed to

state a claim upon which relief may be granted as to the USPS or MSPB. In any event, it is

barred by the doctrine of *res judicata*.

    Plaintiff has also filed a motion [32] for leave to file an untimely appeal, and lodged a

notice of appeal. Plaintiff's motion is DENIED. This Court has not–until now–entered an

appealable order. To the extent that plaintiff's motion for leave to file an appeal out of time

might also be construed as a motion for recusal, plaintiff's motion for recusal is DENIED. This

Order denying recusal may be subject to review on appeal or by mandamus if the plaintiff

chooses to do so, but a timely-filed notice of appeal will deprive this Court of jurisdiction to

proceed to act at all in this case.

Still pending before this Court is the motion as to the claim against the American Postal

Workers Union.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 11, 2007.

# EXHIBIT F