UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SAMUEL L. CLEMMONS,                  )
                                     )
              Plaintiff,             )
                                     )
        v.                           )        Civil Action No. 1:06cv00115 (RCL)
                                     )
AMERICAN POSTAL WORKERS UNION,       )
AFL-CIO, ET. AL.                     )
                                     )
              Defendants.            )
                                     )
_____  )

**REPLY BRIEF OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO, TO
PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

The Court has entered an order [document 41] directing the plaintiff to respond to the

motion of the American Postal Workers Union, AFL-CIO ("APWU") for summary judgment.

The plaintiff's opposition [document 42] attacks the Court's integrity but says little or nothing of

substance in opposition.  Assuming, without conceding, that the plaintiff created an issue of fact

as to whether he was a member of the bargaining unit represented by the APWU at the time of

his removal (but see document 33 and Clemmons v. United States Postal Service, 232 F.3d 911

(Fed. Cir. 2000) (Exh. 2), he failed to demonstrate that there were issues of material fact

preventing issuance of a judgment in the APWU's favor.  In support of the APWU's motion it

argued the following [document 36]:

1.  The APWU argued that it was never served with the complaint.  In his opposition, the

plaintiff failed to produce proof of service on the APWU.

2.  The APWU argued that a duty of fair representation action is barred by the six month statute of limitations governing such claims.  Although Clemmons says in his opposition (at 23) that he discovered the APWU's alleged breach of the duty of fair representation on August 5, 2005, he does not rebut the point that the alleged breach – failing to represent him before the Merit Systems Protection Board ("MSPB") – took place in1999.

3.  The APWU explained that it owed him no a legal duty to represent him before the MSPB because his access to the MSPB was not exclusively in the APWU's control.  Clemmons did not and cannot demonstrate otherwise.

4.  The APWU argued that no alleged misdeeds of the autonomous Chicago Local were attributable to the APWU.  Aside from rhetoric, Clemmons failed to prove that the Local was the APWU's agent in any manner he alleged to have been wrong.

Therefore, the APWU's motion for summary judgment should be granted.


Dated: August 28, 2007          Respectfully submitted,

                                O'DONNELL, SCHWARTZ & ANDERSON,  P.C.

                                By:      /s/Peter J. Leff
                                         Peter J. Leff DC Bar # 457476
                                         1300 L Street NW Suite 1200
                                         Washington, DC 20005-4126
                                         (202)898-1707/FAX(202)682-9276

                                         Attorney for the American Postal
                                         Workers Union, AFL-CIO

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Reply Brief of the American Postal Workers Union, AFL-CIO, to Plaintiff's Opposition to its Motion for Summary Judgement, and proposed order were sent by First Class Mail, postage prepaid, to:


Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601

Karen L. Melnik
U.S. Attorney's Office
555 Fourth Street, NW
Room E4112
Washington, DC 20530

Rosa M. Koppel
U.S. Merit System Protection Board
1615 M Street, NW
Washington, DC 20419


August 28, 2007                    __/s/Peter J. Leff_____
                                   Peter J. Leff